**FILED**

SEP 1 0 2024

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BM318, LLC,** | § | **CASE NO. 20-42789-mxm-11** |
| Debtor. | § | **CHAPTER 11** |
| | | |
| **BM318, LLC,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **ADVERSARY NO. 21-04051** |
| | § | |
| **DIXON WATER FOUNDATION,** | § | |
| Defendant. | § | |
| | § | |
| | | |
| **LUMAR LAND & CATTLE, LLC,** | § | |
| Plaintiff-in-Intervention | § | |
| | § | |
| v. | § | |
| | § | |
| **BM318, LLC,** | § | |
| Defendant-in-Intervention | § | |

## AMENDED NOTICE OF APPEAL

PLEASE TAKE NOTICE that Timothy Barton as President of BM318 LLC, Pro Se, hereby appeals to the United States District Court, Northern District of Texas, Fort Worth Division, from the *Final Agreed Judgment Dismissing the Adversary Proceeding* [Docket No. 142] entered on August 26, 2024.

    1.      The Appellant is Timothy Barton.

    2.      The Appellant is the President of the Plaintiff and Defendant-in-Intervention in the above-captioned adversary proceeding that is the subject of the appeal.

    3.      The Order appealed from is the Bankruptcy Court's *Final Agreed Judgment Dismissing the Adversary Proceeding* [Docket No. 142] entered on August 26, 2024.

4.    The other parties to this appeal are:

**BM318, LLC, Plaintiff and Defendant-in-Intervention:**

c/o Timothy Barton, President
P.O. Box 117625
Carrollton, TX 75007
Telephone: (214) 673-8714
Email: timothy.barton@proton.me

*Appellant*

**Cortney C. Thomas, Receiver, represented by:**

C. Alan Carrillo and
Charlene C. Koonce
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Telephone: (214) 327-5000
Email: alan@brownfoxlaw.com
       charlene@brownfoxlaw.com

*Appellee*

**The Dixon Water Foundation, Defendant, represented by:**

Deborah M. Perry
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, TX 75201
Telephone: (214) 855-7500
Email: dperry@munsch.com

*Appellee*

**Lumar Land and Cattle, LLC, Plaintiff-in-Intervention, represented by:**

J. Robert Forshey
Forshey & Prostok, LLP
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Email: bforshey@forsheyprostok.com

*Appellee*

Kimberly P. Harris and
Joshua L. Shepherd
Quilling, Selander, Lownds,
  Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 871-2100

*Appellee*

Email: kharris@qslwm.com
Jshepherd@qslwm.com


Dated: September 10, 2024.

Respectfully submitted,

Timothy Barton
P. O. Box 117625
Carrollton, TX 75007
Tel: (214) 673-8714
Email: timothy.barton@proton.me
PRO SE

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2024, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below:

J. Robert Forshey on behalf of Counter-Defendant Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Charlene Cantrell Koonce on behalf of Attorney Cortney C. Thomas
charlene@brownfoxlaw.com, rmelissa@brownfoxlaw.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Timothy Barton



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed August 26, 2024

United States Bankruptcy Judge

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| BM318, LLC, | § § | Case No. 20-42789-MXM |
| Debtor | § | |
| | § | |
| BM318, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § § § | |
| Defendant. | § § | |
| LUMAR LAND & CATTLE, LLC | § § | |
| Plaintiff-in-Intervention | § | |

## FINAL AGREED JUDGMENT DISMISSING THE ADVERSARY PROCEEDING

This adversary proceeding was commenced by BM318, LLC ("BM318"), as the plaintiff,

against The Dixon Water Foundation ("Dixon"), as the defendant.  Thereafter, Lumar Land &

1

Cattle, LLC ("Lumar") was granted leave to intervene in this adversary proceeding. Cortney C. Thomas ("Receiver") has been appointed as Receiver for BM318 through the following lawsuit ("Receivership Lawsuit"):

> *Securities and Exchange Commission v. Timothy Barton, et al.*, Case 3:22-cv-2118-X, in the United States District Court for the Northern District of Texas, Dallas Division.

The Receiver (acting on behalf of BM318) and Dixon have entered into a settlement agreement ("Dixon Settlement Agreement") which fully resolves all matters pending between them in this adversary proceeding. Lumar is not a party to the Dixon Settlement Agreement. The Dixon Settlement Agreement has been approved by this Court by Order entered as Docket No. 163 in the above-captioned chapter 11 bankruptcy case, and has been ratified by the district court in the Receivership Lawsuit [District Court Docket No. 550]. Pursuant to the Dixon Settlement Agreement, the Receiver and Dixon have agreed to entry of this Final Agreed Judgment fully and finally settling and dismissing all claims and disputes between them in this adversary proceeding.

The Receiver (acting on behalf of BM318) and Lumar have entered into a separate settlement agreement ("Lumar Settlement Agreement") which fully resolves all claims and disputes pending between them in this adversary proceeding. Dixon is not a party to the Lumar Settlement Agreement. The Lumar Settlement Agreement has been approved by this Court by Order entered as Docket No. 164 in the above-captioned chapter 11 bankruptcy case, and has been ratified by the district court in the Receivership Lawsuit [District Court Docket No. 550]. Pursuant to the Lumar Settlement Agreement, the Receiver and Lumar have agreed to the entry of this Final Agreed Judgment fully and finally settling and dismissing all claims and disputes between them in this adversary proceeding.

2

The Court's order approving the Dixon Settlement Agreement and Lumar Settlement Agreement is final and was not appealed. The Receivership Lawsuit defendant Timothy Barton filed a notice of interlocutory appeal of the district court's order ratifying the Dixon Settlement Agreement and Lumar Settlement Agreement, but Barton neither sought nor received a stay of the district court's ratification order pending the appeal [District Court Docket No. 554].[1]

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that:

1.      All claims, causes of action, or other claims for any form of relief asserted in this adversary proceeding by any party are hereby dismissed with prejudice to the refiling of the same. This dismissal with prejudice shall encompass not only the claims actually asserted by any party in this adversary proceeding, but also any claim, cause of action or claim for relief which could have been asserted based upon the transactions or occurrences which form the subject matter of this adversary proceeding.

2.      All attorney's fees and costs of court shall be borne by the party initially incurring the same.

3.      This judgment is a final judgment fully and finally disposing of all claims, causes of action, or claims for relief asserted by any party in this adversary proceeding.

4.      Upon the entry of this judgment, the lis pendens filed by BM318 and recorded under Instrument No. 202142097 in the official real property records of Parker County, Texas is hereby dissolved.

5.      Dixon's form of Release of Lis Pendens attached hereto as Exhibit 1 is confirmed, approved, and legally effective.

---

[1] *See* FED. R. CIV. P. 62(c)(1) (prescribing that "[u]nless the court orders otherwise," an "interlocutory or final judgment in an action for an injunction or receivership" are "not stayed after being entered"). Nor does jurisdiction exist for that interlocutory appeal. *See Netsphere, Inc. v. Baron,* 799 F.3d 327, 331-32 (5th Cir. 2015).

3

6.    Lumar's form of Release of Lis Pendens attached hereto as Exhibit 2 is confirmed, approved, and legally effective.

7.    All relief not specifically granted herein is denied.

8.    The Court retains jurisdiction to construe and enforce this Final Agreed Judgment.


### # # #  END OF ORDER  # # #

**Approved for Entry**:


*/s/ C. Alan Carrillo*
Charlene C. Koonce
State Bar No. 11672850
Email: charlene@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
Email: alan@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327-5001

**ATTORNEYS FOR CORTNEY C. THOMAS, RECEIVER FOR BM318, LLC, ET AL.**



*/s/ Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Email: dperry@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE DIXON WATER
FOUNDATION**

4878-7521-4554v.2

 */s/ J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
Email: bforshey@forsheyprostok.com
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

and

Kimberly P. Harris
Texas Bar No. 24002234
Email: kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
Email: jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER, PC**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

**ATTORNEYS FOR LUMAR LAND AND CATTLE, LLC**

5

## RELEASE OF LIS PENDENS

STATE OF TEXAS                          §
                                        §
COUNTY OF PARKER                        §

On October 27, 2021, BM318, LLC filed a Notice of Lis Pendens in the real property records of Parker County, Texas, in connection with an adversary proceeding filed in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") as a part of the Chapter 11 Case *In re BM318, LLC,* Case No. 20-42789 (the "Bankruptcy Case") with the adversary proceeding itself being styled *BM318, LLC v. Dixon Water Foundation* and numbered Adversary Proceeding 21-04051-MXM (the "Notice of Lis Pendens").

A.      The Notice of Lis Pendens was recorded under Instrument No. 202142097, in the official real property records of Parker County, Texas.

B.      The lawsuit described above has been settled, and the approval of the settlement pursuant to Bankruptcy Rule 9019 has been entered on the docket of the Bankruptcy Case by the Bankruptcy Court.

### RELEASE

NOW, THEREFORE, BM318, LLC, by and through its Receiver Cortney C. Thomas (appointed in the case of *Securities and Exchange Commission v. Timothy Barton, et al.*, Case No. 3:22-cv-2118-X (N.D. Tex.))[1] cancels and releases the Lis Pendens previously filed upon the property more particularly described as:

> 2055.70 acres of land situated in the JAMES BRADY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAM SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a

---

[1] A copy of the Order appointing the Receiver is attached hereto as Exhibit B.

**RELEASE OF LIS PENDENS - PAGE 1 OF 7**

portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, said 2055.70 acres being more particularly described as Tract 1 on the attached Exhibit A, and the access easement more particularly described as Tract 2 on the attached Exhibit A.

Witness my hand, this _____ day of _____, 2024.

### BM318, LLC

_____

Its Receiver Courtney C. Thomas

c/o Charlene C. Koonce
charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000

### ACKNOWLEDGMENT

STATE OF TEXAS       §
                     §
COUNTY OF DALLAS     §

This instrument was acknowledged before me on the _____ day of _____, 2024 by Courtney C. Thomas, Receiver for BM318, LLC.

_____

Name: _____

Notary Public, State of Texas

My commission expires: _____

Seal:

After Recording Return to:

Munsch Hardt Kopf & Harr, P.C.
c/o Deborah M. Perry
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
(214) 855-7500

**RELEASE OF LIS PENDENS - PAGE 2 OF 7**

4883-3651-4487v.3 018527.00001

EXHIBIT A

PROPERTY DESCRIPTION

**TRACT 1**

**2055.70 acres of land situated in the JAMES BRADY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT No. 195, J.H. REAM SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, said 2055.70 acres being more particularly described as follows:**

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of-Way varies), from which a 2" steel fence corner post found in the south line of said Bear Creek Road bears S 01°12'56" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2233063.538, for reference;

THENCE along Bear Creek Road, as follows:
S 67°36'03" E, a distance of 3869.57 feet to the most northerly northeast corner of said Parcel No. 2;
S 02°12'27" E, a distance of 1472.57 feet to a point;
S 55°59'27" E, a distance of 1165.45 feet to a point;
S 71°46'27" E, a distance of 801.00 feet to a point;
S 70°43'19" E, a distance of 221.91 feet to a point;
S 70°45'54 E, a distance of 1742.88 feet to a point for the most northerly northeast corner of the herein described 2055.70 acre tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 2017-02400, Official Public Records, Parker County, Texas, and continuing along the most west line of said Reeves tract, in all, a distance of 1186.42 feet to a point from which a 5/8" iron rod found bears N 60°42'50" W, a distance of 0.42 feet, for reference;

THENCE along the southwesterly lines of said Reeves tract as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;
S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;
N 72°21'34" E, a distance of 390.26 feet to a point from which a 3" steel pipe fence post bears N 06°43'26" W, a distance of 1.25 feet for reference;
S 00°10'37" W, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract, being in the north line of a Seventy (70) foot wide Transmission Easement and Right-of-Way recorded in Book 2684, Page 531 and Book 2734, Page 1161, Official Public Records, Parker County, Texas;

**RELEASE OF LIS PENDENS - PAGE 3 OF 7**

4883-3651-4487v.3 018527.00001

THENCE along the south line of said Reeves tract and the north line of said Transmission Easement and Right-of-Way, as follows:

N 89°17'27" E, a distance of 766.57 feet to a point;
S 87°58'20" E, a distance of 852.96 feet to a point;
S 87°37'59" E, a distance of 500.58 feet to a point in the west occupied line of said Bear Creek Road, at the southeast corner of said Reeves tract;

THENCE S 20°01'40" E, along the west occupied line of said Bear Creek Road, a distance of 75.70 feet to a 5/8" capped iron rod found stamped "Brooks Baker", being in the most easterly south line of said Parcel No. 2;

THENCE along the most easterly south line of said Parcel No. 2, as follows:

N 87°38'33" W, a distance of 529.23 feet to a point;
N 87°58'55" W, a distance of 851.08 feet to a point;
S 89°16'51" W, a distance of 765.97 feet to a point at the most southerly southwest corner of said Parcel No. 2 and being in the east line of said Parcel No. 1;

THENCE S 03°54'04" E, along the east line of said Parcel No. 1 and along the called east line of said BENDERMAN SURVEY, a distance of 10017.79 feet to a 2" pipe in concrete at the southeast corner of said Parcel No. 1 and being the called southeast corner of said BENDERMAN SURVEY;

THENCE S 89°26'10" W, along the south line of said Parcel No. 1 and along the called south line of said BENDERMAN SURVEY, a distance of 1606.98 feet to a 5/8" capped iron rod found stamped "Brooks Baker";

THENCE S 89°48'07" W, continuing along the south line of said Parcel No. 1 and continuing along the called south line of said BENDERMAN SURVEY, a distance of 3711.27 feet to a 2" pipe in concrete found at the most southerly southwest corner of said Parcel No. 1;

THENCE N 01°35'25" W, along the most southerly west line of said Parcel No. 1, a distance of 1216.91 feet to a 2" pipe in concrete found at an interior corner of said Parcel No. 1 and being in the called south line of said J.H. REAN SURVEY;

THENCE N 89°19'15" W, along the most westerly south line of said Parcel No. 1 and along the called south line of said J.H. REAN SURVEY, a distance of 660.00 feet to a 2" pipe in concrete found at the most westerly southwest corner of said Parcel No. 1 and being the called southwest corner of said J.H. REAN SURVEY;

THENCE along the west line of said Parcel No. 1 and along the called west line of said J.H. REAN SURVEY, as follows:

N 00°01'41" W, a distance of 2676.89 feet to a 5/8" iron rod found;
N 00°04'03" W, a distance of 1981.74 feet to a 5/8" iron rod found;

**RELEASE OF LIS PENDENS - PAGE 4 OF 7**

4883-3651-4487v.3 018527.00001

N 00°10'29" E, a distance of 1520.50 feet to a 5/8" iron rod found;

N 00°04'43" W, a distance of 1097.99 feet to a 5/8" iron rod found;

N 00°02'24" W, a distance of 901.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 00°25'07" W, a distance of 984.78 feet to a 2" pipe in concrete found at an interior corner of said Parcel No. 1;

THENCE N 89°37'52" W along the most northerly south line of said Parcel No. 1, a distance of 2013.88 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084, at the most westerly southwest corner of said Parcel No. 1;

THENCE N 00°45'08" W, along the most westerly west line of said Parcel No. 1, a distance of 1196.14 feet to a 5/8" rod found;

THENCE N 01°17'22" W, continuing along the most westerly west line of said Parcel No. 1, a distance of 1964.12 to a 5/8" capped iron rod found stamped "Brooks Baker" at the northwest corner of said Parcel No. 1 and being the southwest corner of said Parcel No. 2, from which a 5/8" capped iron rod found (not legible) bears S 88°46'12" E, a distance of 728.31 feet for reference;

THENCE N 01°17'05" W, along the west line of said Parcel 2, a distance of 3591.76 feet to the POINT OF BEGINNING and containing 2055.70 acres, more or less.

SAVE AND EXCEPT that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.

SAVE AND EXCEPT that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:

BEGINNING at a railroad spike set in Bear Creek Road, and being an internal corner of said 2055.70 acre tract, and being in the East line of a 381.66 acres tract of land that is described in a deed from BM 318, LLC to GH Lumar JV, dated September 11, 2019, recorded in Instrument No. 201924134, Official Public Records of Parker County, Texas, for the Northwest corner of this tract;

THENCE South 55 degrees 59 minutes 27 seconds East, 840.04 feet, along Bear Creek Road, with the North line of said 2055.70 acre tract, to a railroad spike set at the calculated Northeast corner of a 60 foot wide access easement that is described in deed to GH Lumar JV, for the Northeast corner of this tract;

**RELEASE OF LIS PENDENS - PAGE 5 OF 7**

THENCE South 33 degrees 46 minutes 16 seconds West, 811.29 feet, to a 1/2 inch iron rod set, South 09 degrees 44 minutes 07 seconds West, 103.49 feet to a 1/2 inch iron rod set, South 32 degrees 59 minutes 06 seconds East 349.92 feet, to a 1/2 inch iron rod set, South 09 degrees 47 minutes 14 seconds East, 797.08 feet, to a 1/2 inch iron rod set, and South 00 degrees 31 minutes 28 seconds East, 655.53 feet, to a 1/2 inch iron rod set, for the Southeast corner of this tract;

THENCE North 80 degrees 56 minutes 20 seconds West, 369.25 feet, to a 1/2 inch iron rod set in the East line of said 381.66 acre tract, for the Southwest corner of this tract;

THENCE with the East line of said 381.66 acre tract, as follows North 02 degrees 12 minutes 27 seconds West, 1405.48 feet, to a 1/2 inch iron rod set, North 69 degrees 20 minutes 36 seconds West, 89.55 feet, to a 1/2 inch iron rod set, and North 02 degrees 12 minutes 27 seconds West, 1487.68 feet, to the Point of Beginning and containing 23.95 acres of land.

## SAVE AND EXCEPT

BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of-Way varies), from which a 2" steel

fence corner post found in the south line of said Bear Creek Road bears S 01°12'56" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2233063.538, for reference;

THENCE S 67°36'03" E, along the approximate centerline of said Bear Creek Road and along the most north line of said Parcel No. 2, a distance of 2856.45 feet to a point for the northeast corner of the herein described 118.34 acre tract;

THENCE S 24°50'49" W, leaving the approximate centerline of said Bear Creek Road, and being along the west line of a Fifty (50) foot wide Right-of-Way Agreement to ONEOK Arbuckle Pipeline, L.L.C., recorded in Book 2651, Page 405, Official Public Records, Parker County, Texas, at a distance of 23.85 feet, passing a 1/2" capped iron rod set stamped "C.P. Stark RPLS 5084", and continuing, along the west line of said Fifty (50) foot wide Right-of-Way Agreement, in all, a distance of 205.78 feet to a 1/2" capped iron rod set stamped "C.P. Stark RPLS 5084";

THENCE S 04°46'43" W, continuing along the west line of said Fifty (50) foot wide Right-of-Way Agreement, a distance of 1684.81 feet to a point in the approximate centerline of Bear Creek for the southeast corner of the herein described 118.34 acre tract;

THENCE along the approximate centerline of said Bear Creek, as follows:

N 61°36'37" W, a distance of 807.44 feet to a point;

**RELEASE OF LIS PENDENS - PAGE 6 OF 7**

4883-3651-4487v.3 018527.00001

N 71°14'04" W, a distance of 217.93 feet to a point;

N 85°16'07" W, a distance of 121.44 feet to a point;

S 77°05'53" W, a distance of 141.91 feet to a point;

S 82°12'59" W a distance of 239.64 feet to a point;

S 49°32'26" W, a distance of 208.64 feet to a point;

N 86°11'59" W, a distance of 114.28 feet to a point;

N 53°45'49" W a distance of 175.97 feet to a point;

N 47°13'56" W, a distance of 200.18 feet to a point;

N 80°08'35" W, a distance of 392.40 feet to a point in the west line of said Parcel No. 2, for the southwest corner of the herein described 118.34 acre tract, from which a 5/8" capped iron rod found at the southwest corner of said Parcel No. 2 bears S 01°17'05" E, a distance of 1216.41 feet, for reference;

THENCE N 01°17'05" W, along the west line of said Parcel No. 2, a distance of 2375.35 to the POINT OF BEGINNING and containing 118.34 acres of land, more or less.

---

## TRACT 2

TOGETHER WITH ACCESS EASEMENT CREATED BY THAT CERTAIN ACCESS EASEMENT, FILED 02/06/2020, RECORDED IN CC#202003138, REAL PROPERTY RECORDS, PARKER COUNTY, TEXAS.

## RELEASE OF LIS PENDENS

### I.   **Parties**

A.      This Release of Lis Pendens, ("Release") is executed by Cortney C. Thomas, in his capacity as Receiver ("Second Receiver") pursuant to the Second Receiver Order entered in the Receiver Lawsuit (as both are defined below), to release the Lis Pendens (as defined below) and all other rights, title, interest, claims, and causes of action which encumber certain land owned by Lumar Land & Cattle, LLC ("Lumar"), a Texas limited liability company.

### II.   **Definitions**

B.      As used in this Partial Release, the following terms shall have the respective meanings set forth below:

    i.      The term "Adversary Proceeding" shall refer to the following adversary proceeding commenced by BM318 as a part of the Bankruptcy Case:

> *BM318, LLC, Plaintiff v. The Dixon Water Foundation, Defendant, Lumar Land & Cattle, LLC, Plaintiff-in-intervention*, Adv. No. 21-04051-mxm, United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

    ii.      The term "Bankruptcy Case" shall refer to the following bankruptcy case commenced by BM318:

> *In re BM318, LLC*, Case No. 20-4789-mxm, United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

    iii.      The term "BM318" shall mean BM318, LLC, a Texas limited liability company, the debtor in the Bankruptcy Case and the plaintiff in the Adversary Proceeding.

    iv.      The term "Dixon" shall mean The Dixon Water Foundation, f/k/a The Dixon Foundation, a non-profit foundation, the original defendant in the Adversary Proceeding.

    v.      The term "Lis Pendens" shall mean the Notice of Lis Pendens relating to BM318's claims in the Adversary Proceeding and filed by BM318 on October 27, 2021, as Document No. 202142097 in the Official Records of Parker County, Texas.

    vi.      The term "Lumar Deed" shall mean the Special Warranty Deed with Vendor's Lien executed by Dixon, as grantor, to Lumar, as grantee, covering the Lumar Land and recorded on April 23, 2021, as Document no. 202116538 in the Official Records of Parker County, Texas.

    vii.      The term "Lumar Land" shall refer to the 204.50-acre tract located in Parker County, Texas, which is more fully described in the Lumar Deed and in the attached **Exhibit "A."**

    viii.      The term "Original Tract" shall mean the 2,055.77-acre tract located in Parker County, Texas, which was sold by Dixon to BM318 in 2018.

ix.     The term "<u>Receiver Lawsuit</u>" shall refer to the following lawsuit in which the Receiver was appointed:

> *Securities and Exchange Commission v. Timothy Barton, et al.,* Case 3:22-CV-2118-X, in the United States District Court for the Northern District of Texas, Dallas Division.

x.     The term "<u>Second Receiver Order</u>" shall refer to an Order Appointing Receiver entered as Docket no. 417 in the Receiver Lawsuit on November 29, 2023, a true and accurate copy of which is attached hereto as **Exhibit "B"** appointing the Second Receiver.

xi.     The term "<u>Remaining Land</u>" shall mean the 1,531.75 acre tract of land located in Parker County, Texas, which is the subject of BM318's claims in the Adversary Proceeding but excluding therefrom the Lumar Land.

xii.     The term "<u>Special Warranty Deed</u>" shall mean the deed conveying the Remaining Land from BM318, as grantor, to Dixon, as grantee, and recorded on July 2, 2020 as Document no. 202019524 in the Official Records of Parker County, Texas.

## III.    Recitals

C.     Dixon sold the Original Tract to BM318 during 2018. The majority of the purchase price for the Original Tract was provided through owner financing by Dixon and secured by a deed of trust against most of the Original Tract. The Remaining Land constitutes a portion of the Original Tract. Dixon asserts that BM318 defaulted in the repayment of this debt. Ultimately, BM318 conveyed the Remaining Land to Dixon pursuant to the Special Warranty Deed which was recorded on July 2, 2020.

D.     On September 1, 2020, BM318 commenced the Bankruptcy Case and acted as a debtor-in-possession. The Bankruptcy Court ultimately confirmed a plan of reorganization proposed by BM318 in the Bankruptcy Case which became effective on August 2, 2021.

E.     On April 23, 2021, Dixon sold the Lumar Land to Lumar. The land was conveyed to Lumar pursuant to the Lumar Deed. The Lumar Land constitutes a part of the Remaining Land. Lumar financed a portion of the purchase price through loans from a third party lender.

F.     On August 10, 2021, BM318 commenced the Adversary Proceeding against Dixon seeking to avoid the transfer of the Remaining Land by BM318 to Dixon pursuant to the Special Warranty Deed as a preferential or fraudulent transfer pursuant to sections 547 and 548 of the Bankruptcy Code. Dixon asserts that these avoidance claims by BM318 are without merit.

G.     On October 27, 2021, BM318 filed the Lis Pendens which relates to its claims in the Adversary Proceeding against Dixon in relation to the Remaining Land.

H.     Lumar sought to intervene in the Adversary Proceeding based on the Lis Pendens, which burdens the Lumar Tract as a part of the Remaining Land. The Bankruptcy Court granted Lumar leave to intervene in the Adversary Proceeding. In the Adversary Proceeding, Lumar asserts that BM318's avoidance claims as to the Remaining Land are without merit, and further asserts that it is also entitled to the protections of section 550(b)(1) and (2) of the Bankruptcy Code. Lumar further asserts that, in addition to the lack of merit in BM318's avoidance claims,

the lender's rights in the Lumar Land pursuant to its deeds of trust are further protected by section 550(b)(2) of the Bankruptcy Code. BM318 contests Lumar's assertions.

I.     On September 23, 2022, the Receiver Lawsuit was filed. Thereafter, the Second Receiver was appointed to serve in such capacity through the Second Receiver Order. Based on the Second Receiver Order, further proceedings in the Adversary Proceeding are stayed.

J.     Pursuant to paragraph 1 of the Second Receiver Order, the Second Receiver is appointed as receiver for BM318, as one of the "Receivership Entities," with exclusive control and possession of the BM318 assets, of whatever kind and wherever located, including all tangible and intangible property, and which are included as part of the "Receivership Property". Paragraph 3 of the Second Receiver Order clothes the Second Receiver with all power, right and authority possessed by the officers, directors, and managers of each of the Receivership Entities, which includes BM318. Paragraph 6 grants the Second Receiver broad powers over the Receivership Property, including the right to take any action which, prior to the entry of the Second Receiver Order, could have been taken by the officers, directors, managers, and agent of any of the Receivership Entities.

K.     BM318's claims and rights in relation to the Adversary Proceeding, including in relation to the Lis Pendens, constitute Receivership Assets subject to the Second Receiver's control pursuant to the Second Receiver Order. This allows the Receiver to settle and resolve the Adversary Proceeding and release the Lis Pendens.

L.     The Second Receiver has executed this Release based on the provisions of the Second Receiver Order, his control of BM318 as one of the Receivership Entities, and his control of all property of BM318 as part of the Receivership Assets.

M.     The Second Receiver (acting on behalf of BM318) has entered into a Settlement and Release Agreement ("Settlement Agreement") with Lumar to settle and resolve all claims among them in the Adversary Proceeding. The Settlement Agreement is subject to the Agreement to Reaffirm and Adopt Settlement and Release Agreement ("Reaffirmation and Adoption Agreement") among the Second Receiver and Lumar. References herein to the Settlement Agreement refer to the Settlement Agreement subject to the Reaffirmation and Adoption Agreement.

N.     The District Court has entered an Order on April 15, 2024, as docket no. 486, modifying the litigation stay contained in the Second Receiver Order to allow the Parties to seek approval of the Settlement Agreement and the Reaffirmation and Adoption Agreement. This Settlement Agreement has been approved by the Bankruptcy Court pursuant to an order entered on May 28, 2024, as docket no. 164, and ratified by the Receivership Court pursuant to an order entered on August 18, 2024, as docket no. 550.

O.     This Release is executed and delivered by the Second Receiver pursuant to the Settlement Agreement.

### IV.   **Release of Lis Pendens**

FOR VALUE RECEIVED, pursuant to the terms of the Settlement Agreement, acting with regard to the Receivership Assets of BM318 as one of the Receivership Entities subject to the Second Receiver Order, the Second Receiver hereby releases the Lis Pendens as against the Lumar Land. By so releasing the Lis Pendens against the Lumar Land, the Second Receiver

also releases all rights, title, interest, claims, and causes of action against the Lumar Land, including all claims relating to the Lumar Land asserted or which could have been asserted in the Adversary Proceeding.

Any other term hereof notwithstanding, by this Release the Second Receiver does not release, impair or impact any right, title, interest, claims, and causes of action of or by BM318 against any portion of the Remaining Land.

Executed and effective as of this _____ day of _____, 2024.

**SECOND RECEIVER**:

_____
Cortney C. Thomas, as Second Receiver
Pursuant to the Second Receivership Order

**ACKNOWLEDGMENT**:

STATE OF TEXAS

COUNTY OF DALLAS

This instrument was acknowledged before me on the _____ day of _____, 2024, by Cortney C. Thomas, as Receiver for BM318, LLC.

My commission expires: _____

_____
Notary Public, State of Texas

**WHEN RECORDED, RETURN TO:**

J. Robert Forshey
Forshey & Prostok, LLP
777 Main Street, Suite 1550
Fort Worth, Texas 76102

L:\BFORSHEY\Lumar Land & Cattle, LLC (BM318)(non-bnkrptcy)#6323\Barton - SEC Civil Suit 22-cv-02118
(Receivership)\Release of Lis Pendens (Execution v) 8.20.24.docx

# Exhibit A

## EXHIBIT A

### THE LAND

BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

COMMENCING at a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of Bear Creek Road with the northwesterly line of Bear Creek Ranch Road (a 60' Dedicated Public Right-of-Way) and being the east corner of Lot 1, Block A, BEAR CREEK RANCH, an Addition to Parker County, Texas, according to the Plat recorded in Cabinet E, Slide 551, Plat Records, Parker County, Texas;

THENCE S 55°31'36" E, along the southwesterly line of said Bear Creek Road, a distance of 60.00 feet to a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of said Bear Creek Road with the southeasterly line of said Bear Creek Ranch Road;

THENCE N 33°46'16" E, a distance of 30.02 feet to a railroad spike found in Bear Creek Road for the POINT OF BEGINNING of the herein described tract, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6914862.12 and EAST: 2237394.23, for reference;

THENCE in and along said Bear Creek Road, as follows:

S 55°59'27" E, a distance of 325.40 feet to a point;

S 71°46'27" E, a distance of 801.00 feet to a point;

S 70°43'19" E, a distance of 221.91 feet to a 5/8" iron rod found;

S 70°45'54" E, a distance of 1742.88 feet to a 1/2" iron rod found at the most north, northeast corner of said Dixon Water Foundation tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, along a northerly east line of said Dixon Water Foundation tract, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 201702400, Official Public Records, Parker County, Texas, continuing along the common line of said Dixon Water Foundation tract and said Reeves tract, passing the north corner of that certain tract of land described in deed to Mike Wright and wife, Jamie Wright, recorded in Instrument Number 202021901, Official Public Records, Parker County, Texas and continuing along the common line of said Dixon Water Foundation tract and said Wright tract, in all, a distance of 1186.42 feet to a 5/8" iron rod found at an interior ell corner of said Dixon Water Foundation tract, being the most west corner of said Wright tract;

Special Warranty Deed – Exhibit A

THENCE along the common line of said Dixon Water Foundation tract and said Wright tract, as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;

S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;

N 72°21'34" E, a distance of 390.26 feet to a point in a southerly, west line of said Reeves tract, from which a 3" steel pipe fence post found bears N 06°43'26" W, a distance of 1.25 feet, for reference;

THENCE S 00°10' 37" W, along the common line of said Dixon Water Foundation tract and said Reeves tract, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract and being the southeast corner of the herein described tract;

THENCE N 85°12'57" W, across said Dixon Water Foundation tract, a distance of 3373.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" for the southwest corner of the herein described tract, from which a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of that certain tract of land described in deed to GH Lumar JV, recorded in Instrument Number 201924134, Official Public Records, Parker County, Texas, bears N 89°37'52" W, a distance of 266.86 feet, for reference;

THENCE continuing across said Dixon Water Foundation tract, as follows:

N 03°21'24" E, a distance of 330.89 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 01°38'28" E, a distance of 428.44 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 00° 12' 47" E, a distance of 95.78 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" in the south line of that certain remaining portion tract of land described in deed to GH Lumar JV, recorded in Instrument Number 202024136, Official Public Records, Parker County, Texas;

THENCE S 80°56'20" E, along the south line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 31.26 feet to a 1/2" capped iron rod set stamped "C.F. a the southeast corner of said GH Lumar JV tract (Instrument Number 202024136);

THENCE N 00°31'28" W, along the east line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 655.53 feet to a 1/2" iron rod found;

THENCE N 09°47'14" W, continuing along the east line of said GH Lumar JV tract (Instrument Number 202024136), at a distance of 741.92 feet passing a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of the Bear Creek Ranch Road Dedicated Public Right-of-Way as shown on said BEAR CREEK RANCH Plat, recorded in said Cabinet E, Slide 551, and continuing along the northeasterly line of said Bear Creek Ranch Road, in all, a distance of 797.08 feet to a 1/2" iron rod found;

Special Warranty Deed – Exhibit A

THENCE along the northeast, east and southeasterly line of said Bear Creek Ranch Road, as follows:

N 32°59' 06" W, a distance of 349.92 feet to a 1/2" iron rod found;

N 09°44'07" E, a distance of 103.49 feet to a 1/2" iron rod found;

N 33°46'16" E, a distance of 811.29 feet to the POINT OF BEGINNING and containing 204.50 acres (8,908,185 square feet) of land, more or less.

# Exhibit B

Case 21-04051-mxm   Doc 147-2   Filed 09/10/24   Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 1-3   Filed 09/10/24   Page 26 of 134   PageID 27

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 1 of 28   PageID 15209

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | Civil Action No. 3:22-cv-2118-X |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL. | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § § | |
| *Relief Defendants.* | § | |

**ORDER APPOINTING RECEIVER**

For the reasons set out in a memorandum opinion and order filed today, the Court enters the following order.

**WHEREAS** this matter has come before this Court upon motion of Plaintiff Securities and Exchange Commission ("SEC") to appoint a receiver in the above-captioned action; and,

1

Case 21-04051-mxm   Doc 147-2   Filed 09/18/24   Entered 09/18/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 1   Filed 09/20/24   Page 27 of 134   PageID 28
Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 2 of 28   PageID 15210

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities (defined below);

**WHEREAS** the Court finds that: (a) there is a clear necessity for the receivership to protect defrauded investors' interest in property; (b) legal and less drastic equitable remedies are inadequate; and (c) the benefits of a receivership outweigh the burdens on the affected parties.

**WHEREAS** the Court finds that: (a) a receiver is necessary to manage the Receivership Entities' properties to preserve and protect the value of such properties; (b) Defendant Timothy Barton ("Barton") has misused and mismanaged the Receivership Entities' properties and has, and is likely to continue to, misuse, dissipate and/or conceal investor funds and assets obtained with, or that otherwise benefited from, investor funds; (c) certain Receivership Entities and their assets are subject to liens, lawsuits, and foreclosures that threaten to further diminish their value without the protection of a receiver that would have the power to stay litigation and foreclosures, among other powers; (d) there is a substantial risk that Barton, the Receivership Entities, and other entities that Barton directly or indirectly controls do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors; (e) absent a receiver to manage, maximize, and protect the value of the Receivership Entities' assets, the investors' interest in these properties is at substantial risk; and (f) these benefits outweigh the burden on Barton.

**WHEREAS** the Court finds that each of the Receivership Entities received or

Case 21-04051-mxm   Doc 147-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document   Filed 09/28/52   Page 28 of 134   PageID 29

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 3 of 28   PageID 15211

benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Entities, and venue properly lies in this district.

**WHEREAS**, the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following entities, each of which received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation (collectively, "Receivership Entities"):

2.    126 Villita, LLC

3.    2999TC Acquisitions LLC

4.    2999TC JMJ CMGR, LLC (Delaware)

5.    AVG West, LLC

6.    BEE2019, LLC

3

Case 21-04051-mxm    Doc 147-2 Filed 09/10/24    Entered 09/10/24 14:31:58    Desc Main
Case 4:24-cv-00863-P    Document 1    Filed 09/20/24    Page 29 of 134    PageID 30

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 4 of 28    PageID 15212

7.    BM318. LLC

8.    Broadview Holdings Trust

9.    Carnegie Development. LLC

10.    D4DS LLC

11.    D4FR LLC

12.    D4IN, LLC (Texas)

13.    D4KL, LLC

14.    D4MC, LLC (Texas)

15.    D4OP. LLC

16.    DJD Land Partners. LLC

17.    Enoch Investments, LLC

18.    FHC Acquisition, LLC

19.    Gillespie Villas, LLC

20.    Goldmark Hospitality, LLC

21.    HR Sterling. LLC

22.    JMJ Acquisitions, LLC

23.    JMJ Development LLC (f/k/a JMJ Development, Inc.)

24.    JMJ Hospitality. LLC

25.    JMJ VC Management, LLC

26.    JMJAV, LLC

27.    JMJD4, LLC (Delaware)

28.    JMR100, LLC

29.    LaJolla Construction Management, LLC

4

Case 21-04051-mxm    Doc 147-2 Filed 09/10/24    Entered 09/10/24 14:31:58    Desc Main
Case 4:24-cv-00863-P    Document 1    Filed 09/10/24    Page 30 of 134    PageID 31

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 5 of 28    PageID 15213

30.    LC Aledo TX, LLC

31.    LDG001, LLC

32.    Lynco Ventures, LLC

33.    Mansions Apartment Homes at Marine Creek, LLC

34.    Marine Creek SP, LLC

35.    MO 2999TC, LLC

36.    Northstar PM, LLC (Texas)

37.    Orchard Farms Village, LLC

38.    Ridgeview Addition, LLC (Texas)

39.    Seagoville Farms, LLC

40.    SF Rock Creek, LLC

41.    TC Hall, LLC

42.    Titan Investments, LLC a/k/a Titan 2022 Investments, LLC

43.    Venus59, LLC

44.    Villita Development, LLC

45.    Villita Towers, LLC

46.    WALL007, LLC

47.    WALL009, LLC

48.    WALL010, LLC

49.    WALL011, LLC

50.    WALL012, LLC

51.    WALL016, LLC

52.    WALL017, LLC

Case 21-04051-mxm   Doc 142-2  Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Document    Page 31 of 52
Case 4:24-cv-00863-P   Document 1-8   Filed 09/10/24   Page 31 of 134   PageID 32

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 6 of 28   PageID 15214

53.   WALL018, LLC

54.   WALL019, LLC

55.   WRL2019, LLC (Texas)

2.   Until further Order of this Court, Cortney C. Thomas is hereby appointed to serve without bond as receiver (the "Receiver") of the Receivership Entities.

3.   The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Rule 66 of the Federal Rules of Civil Procedure.

I.   **GENERAL POWERS AND DUTIES OF RECEIVER**

4.   The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operations of the Receivership Entities and shall pursue and preserve all of their claims.

Case 21-04051-mxm   Doc 147-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 1 Filed 09/10/24   Page 32 of 134   PageID 33

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 7 of 28   PageID 15215

5.     No person holding or claiming any position of any sort with any of the

Receivership Entities shall possess any authority to act by or on behalf of any of the

Receivership Entities.

6.     Subject to the specific provisions in Sections II through XII below, the

Receiver shall have the following general powers and duties:

     A.     To use reasonable efforts to determine the nature, location, and
value of all property interests of the Receivership Entities, including, but not
limited to, monies, funds, securities, credits, effects, goods, chattels, lands,
premises, leases, claims, rights and other assets, together with all rents,
profits, dividends, interest or other income attributable thereto, of whatever
kind, which the Receivership Entities own, possess, have a beneficial interest
in, or control directly or indirectly ("Receivership Property" or, collectively, the
"Receivership Estates");

     B.     To take custody, control, and possession of all Receivership
Property and records relevant thereto from the Receivership Entities; to sue
for and collect, recover, receive, and take into possession from third parties all
Receivership Property and records relevant thereto;

     C.     To manage, control, operate, and maintain the Receivership
Estates and hold in his possession, custody, and control all Receivership
Property, pending further Order of this Court;

     D.     To use Receivership Property for the benefit of the Receivership
Estates, making payments and disbursements and incurring expenses as may
be necessary or advisable in the ordinary course of business in discharging his
duties as Receiver;

     E.     To take any action which, prior to the entry of this Order, could
have been taken by the officers, directors, partners, managers, trustees, and
agents of the Receivership Entities;

     F.     To engage and employ persons in his discretion to assist him in
carrying out his duties and responsibilities hereunder, including, but not
limited to, accountants, attorneys, securities traders, registered
representatives, financial or business advisers, liquidating agents, real estate
agents, forensic experts, brokers, traders, or auctioneers;

Case 21-04051-mxm    Doc 147-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P    Document    Filed 09/10/24   Page 33 of 134    PageID 34

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 8 of 28   PageID 15216

G.    To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation, concealment, or inequitable distribution of Receivership Property;

H.    Enter into and cancel contracts and purchase insurance as the Receiver deems necessary or advisable;

G.    The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I.    To bring such legal actions based in law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J.    To pursue, resist, defend, compromise or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Entities; and,

K.    To take such other action as may be approved by this Court.

## II.    ACCESS TO INFORMATION

7.    The individual Receivership Entities and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

8.    Within ten (10) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and

8

Case 21-04051-mxm   Doc 147-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document   Filed 09/24/24   Page 34 of 134   PageID 35

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 9 of 28   PageID 15217

any other agents or contractors of the Receivership Entities; and, (c) the names,

addresses, and amounts of claims of all known creditors of the Receivership Entities.

9.     Within twenty (20) days of the entry of this Order, the Receivership

Entities shall file with the Court and serve upon the Receiver and the SEC a sworn

statement and accounting, with complete documentation, covering the period from

January 1, 2017 to the present:

A.     Of all Receivership Property, wherever located, held by or in the
name of the Receivership Entities, or in which any of them, directly or
indirectly, has or had any beneficial interest, or over which any of them
maintained or maintains and/or exercised or exercises control, including, but
not limited to: (a) all securities, investments, funds, real estate, automobiles,
jewelry, and other assets, stating the location of each; and (b) any and all
accounts, including all funds held in such accounts, with any bank, brokerage,
or other financial institution held by, in the name of, or for the benefit of any
of them, directly or indirectly, or over which any of them maintained or
maintains and/or exercised or exercises any direct or indirect control, or in
which any of them had or has a direct or indirect beneficial interest, including
the account statements from each bank, brokerage, or other financial
institution;

B.     Identifying every account at every bank, brokerage, or other
financial institution: (a) over which Receivership Entities have signatory
authority; and (b) opened by, in the name of, or for the benefit of, or used by,
the Receivership Entities;

C.     Identifying all credit, bank, charge, debit, or other deferred
payment card issued to or used by each Receivership Defendant, including but
not limited to the issuing institution, the card or account number(s), all persons
or entities to which a card was issued and/or with authority to use a card, the
balance of each account and/or card as of the most recent billing statement,
and all statements for the last twelve (12) months;

D.     Of all assets received by any of them from any person or entity,
including the value, location, and disposition of any assets so received;

E.     Of all funds received by the Receivership Entities, and each of
them, in any way related, directly or indirectly, to the conduct alleged in the
SEC's Complaint. The submission must clearly identify, among other things,

9

Case 21-04051-mxm    Doc 147-2 Filed 09/10/24   Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P    Document    Filed 09/25/24    Page 35 of 134    PageID 36

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 10 of 28    PageID 15218

all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F.    Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G.    Of all transfers of assets made by any of them.

10.    Within thirty (30) days of the entry of this Order, the Receivership Entities shall provide to the Receiver and the SEC copies of the Receivership Entities' federal income tax returns for the years 2017 through 2021 with all relevant and necessary underlying documentation.

11.    The Receivership Entities and the Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.

12.    The Receivership Entities are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## III.    ACCESS TO BOOKS, RECORDS, AND ACCOUNTS

13.    The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Entities. All persons and entities having

Case 21-04051-mxm   Doc 147-2   Filed 09/10/24   Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document   Filed 09/30/24   Page 36 of 134   PageID 37
Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 11 of 28   PageID 15219

control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14.     The Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, email, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

15.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Entities that receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

A.     Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.     Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

11

Case 21-04051-mxm    Doc 1472-2 Filed 09/10/24 Entered 09/10/24 14:31:58    Desc Main
Case 4:24-cv-00863-P    Document    Filed 09/10/24    Page 37 of 134    PageID 38

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23    Page 12 of 28   PageID 15220

## IV.   ACCESS TO REAL AND PERSONAL PROPERTY

16.    The Receiver is authorized to take immediate possession of all personal property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

17.    The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, email, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.

18.    The Receivership Entities, all persons acting on behalf of any Receivership Defendant, and any person who receives actual or constructive notice of this Order who has or had possession or control over any Receivership Assets, is directed to:

A.    Hold and retain any such Receivership Assets that are within his or her control and prohibit any person or entity from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning,

12

Case 21-04051-mxm   Doc 147-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 1   Filed 09/10/24   Page 38 of 134   PageID 39

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 13 of 28   PageID 15221

pledging, selling, spending, transferring, or withdrawing any such Asset except:

    1.    As directed by further order of the Court; or

    2.    As directed in writing by the Receiver.

B.    Within five (5) business days after being served a copy of this Order, provide the Receiver a sworn statement setting forth:

    1.    The account number and other identifying information for any such Receivership Asset belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Defendant;

    2.    The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, on or after March 1, 2021, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted;

    3.    All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices;

    4.    The identification and location of any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity, and if the safe deposit box, storage facility, commercial mailbox, or storage facility has been closed or removed, the date closed or removed;

    5.    Within five (5) business days of a written request from the Receiver, provide the Receiver copies of all Documents relating to each Receivership Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

Case 21-04051-mxm   Doc 1472-2 Filed 09/16/24 Entered 09/16/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 14   Filed 09/30/24   Page 39 of 134   PageID 40

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 14 of 28   PageID 15222

19.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

20.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

21.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V.     REPATRIATION OF ASSETS AND DOCUMENTS

22.     Immediately upon service of this Order, any person or entity with possession or control over any Receivership Assets shall:

   A.     Take such steps as are necessary to transfer to the United States all Documents and Assets that are located outside the United States and belong to, are for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity; and

   B.     Hold and retain all repatriated Assets and prevent the disposition, transfer, or dissipation of such Assets except as required by this Order.

14

Case 21-04051-mxm   Doc 147-2   Filed 09/10/24   Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document   Filed 09/10/24   Page 40 of 134   PageID 41
          Document   Page 24 of 66
Exhibit 1

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 15 of 28   PageID 15223

23.     Receivership Entities, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

    A.     Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all Assets have been fully repatriated according to Section VIII of this Order; or

    B.     Notifying any trustee, protector, or other agent of any Defendant or Receivership Entity of the existence of this Order, or of the fact that repatriation is required under a court Order, until such time as all Assets have been fully repatriated according to Section VIII of this Order.

## VI.   NOTICE TO THIRD PARTIES

24.     Defendants and the Receivership Entities shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant or Receivership Defendant. Within ten (10) business days following service of this Order, Defendants and Receivership Entities shall serve on the Receiver a declaration identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants or Receivership Entities served with a copy of this Order in compliance with this provision.

Case 21-04051-mxm  Doc 142-2 Filed 09/10/24 Entered 09/10/24 14:31:58  Desc Main
Case 4:24-cv-00863-P  Document  Filed 05/11/24  Page 41 of 134  PageID 42
Case 3:22-cv-02118-X  Document 417  Filed 11/29/23  Page 16 of 28  PageID 15224

25.    Copies of this Order may be served by the Receiver by any means, including U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the Receiver, by any law enforcement agency, or by process server, upon any person, including financial institutions, that may have possession, custody, or control over any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Receivership Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall constitute service upon the entire financial institution.

26.    The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

27.    All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

28.    In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government

16

Case 21-04051-mxm   Doc 1472-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document Document   Filed 09/10/24   Page 42 of 134   PageID 43

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 17 of 28   PageID 15225

offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

29.     The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities.

30.     The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Entities, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

31.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership

17

Case 21-04051-mxm    Doc 1472-2    Filed 09/10/24    Entered 09/10/24 14:31:58    Desc Main
Case 4:24-cv-00863-P    Document 1    Filed 09/40/0452    Page 43 of 134    PageID 44

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 18 of 28    PageID 15226

Entities shall maintain such service and transfer any such accounts to the Receiver

unless instructed to the contrary by the Receiver.

## VII.    INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

32.    The Receivership Entities and all persons receiving notice of this Order

by personal service, email, facsimile or otherwise, are hereby restrained and enjoined

from directly or indirectly taking any action or causing any action to be taken, without

the express written agreement of the Receiver, which would:

A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.    Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;

C.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property;

D.    Create, operate, or exercise any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; or,

18

Case 21-04051-mxm Doc 47-2 Filed 09/10/24 Entered 09/10/24 14:31:58 Desc Main
Case 4:24-cv-00863-P Document 1 Filed 09/11/24 Page 44 of 134 PageID 45
Case 3:22-cv-02118-X Document 417 Filed 11/29/23 Page 19 of 28 PageID 15227

E.    Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

## VIII.  COOPERATION WITH THE RECEIVER

33.    Defendants and Receivership Entities, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, whether acting directly or indirectly and all persons who receive actual notice of this Order, shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities. This cooperation and assistance shall include, but is not limited to:

A.    Providing information to the Receiver as directed above or that the Receiver deems necessary to exercise the authority and discharge the responsibilities delegated to the Receiver under this Order;

B.    Advising all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver; and

C.    Transferring funds at the Receiver's direction and producing Documents related to the Assets and sales of the Receivership Entities. The entities obligated to cooperate with the Receiver under this provision include financial institutions and persons that have transacted business with the Receivership Entities. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX.  STAY OF LITIGATION

34.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:

Case 21-04051-mxm    Doc 1472-2 Filed 09/10/24 Entered 09/10/24 14:31:58    Desc Main
Case 4:24-cv-00863-P    Document 1    Filed 09/05/24    Page 45 of 134    PageID 46

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23    Page 20 of 28   PageID 15228

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35.    The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

36.    All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X.    MANAGING ASSETS

37.    For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

38.    The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Barton Companies" together with the name of the action.

39.    The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

40.    Subject to Paragraph 42 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

41.    Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

42.    The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

Case 21-04051-mxm   Doc 1472-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 1   Filed 09/07/05/52   Page 47 of 134   PageID 48
Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 22 of 28   PageID 15230

43.    The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

## XI.    INVESTIGATE AND PROSECUTE CLAIMS

44.    The Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

45.    Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the SEC before commencing investigations and/or actions.

46.    The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

22

Case 21-04051-mxm    Doc 1472-2 Filed 09/10/24 Entered 09/10/24 14:31:58    Desc Main
Case 4:24-cv-00863-P    Document    Filed 09/01/25    Page 48 of 134    PageID 49
Document    Page 49 of 52

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 23 of 28    PageID 15231

47.    The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII.    BANKRUPTCY FILING

48.    Effective immediately, the Receiver, as sole and exclusive officer, director and managing member of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC (collectively, "Wall Entities"), shall possess sole and exclusive authority and control over the Wall Entities, as debtors-in-possession, in their respective Chapter 11 cases titled *In re WALL007 LLC, et al.*, No. 22-41049 (Bankr. E.D. Tex.) (the "Bankruptcy Cases") pending in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"). The employment of any and all other officers, directors, managers or other employees of the Wall Entities is and are hereby terminated by the Court. All such persons shall comply with the applicable provisions of this Order.

49.    Within thirty (30) days of the entry of this Order, the Receiver shall report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership. The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order.

50.    The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for other Receivership Entities. If a Receivership Defendant is (or has been) placed in

bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 3 above, the Receiver is vested with management authority for all entity Receivership Entities and may therefore file and manage a Chapter 11 petition.

51.    All persons and entities, other than the Receiver, are barred from commencing any bankruptcy proceedings against any of the Receivership Entities.

### XIII.  LIABILITY OF RECEIVER

52.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

53.    The Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

54.    This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

55.    In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the

24

Case 21-04051-mxm   Doc 172-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document   Filed 09/01/62   Page 50 of 134   PageID 51

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 25 of 28   PageID 15233

resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIV.  RECOMMENDATIONS AND REPORTS

56.    The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

57.    Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

58.    Within thirty (30) days after the end of each subsequent calendar quarter following the date on which the Receiver files his Liquidation Plan, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

59.    The Quarterly Status Report shall contain the following:

A.    A summary of the operations of the Receiver;

B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

Case 21-04051-mxm   Doc 142-2 Filed 09/10/24 Entered 09/10/24 14:31:58   Desc Main
Case 4:24-cv-00863-P   Document 1 Filed 09/10/24   Page 51 of 134   PageID 52

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 26 of 28   PageID 15234

D.   A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.   A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.   A list of all known creditors with their addresses and the amounts of their claims;

G.   The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.   The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

60.   On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XV.   FEES, EXPENSES, AND ACCOUNTINGS

61.   Subject to the paragraphs below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

62.   Subject to the paragraph immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any

Case 21-04051-mxm   Doc 147-2  Filed 09/10/24   Entered 09/10/24 14:34:58   Desc Main
Case 4:24-cv-00863-P   Document 12   Filed 09/20/24   Page 52 of 134   PageID 53
Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 27 of 28   PageID 15235

Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

63. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the Court.

64. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

65. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

66. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BM318, LLC, | § | CASE NO. 20-42789-mxm-11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

| | | |
|---|---|---|
| BM318, LLC, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO. 21-04051 |
| | § | |
| DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| | § | |

| | | |
|---|---|---|
| LUMAR LAND & CATTLE, LLC, | § | |
| Plaintiff-in-Intervention | § | |
| | § | |
| v. | § | **FILED** |
| | § | |
| BM318, LLC, | § | SEP 06 2024 |
| Defendant-in-Intervention | § | CLERK, U.S. BANKRUPTCY COURT |
| | | NORTHERN DISTRICT OF TEXAS |

## NOTICE OF APPEAL

1.  PLEASE TAKE NOTICE that Timothy Barton as , Pro Se, hereby appeals to the United States District Court, Northern District of Texas, Fort Worth Division, from the Final Agreed Judgment Dismissing the Adversary Proceeding entered on August 26, 2024, dismissing the adversary proceeding.

Dated: September 6, 2024.

Respectfully submitted,

/s/Timothy Barton
Timothy Barton
P. O. Box 117625
Carrollton, TX 75007
Tel: (214) 673-8714

Email: Timothy.barton@proton.me
PRO SE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 6, 2024, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below:

J. Robert Forshey on behalf of Counter-Defendant Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;cal
endar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;cal
endar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Charlene Cantrell Koonce on behalf of Attorney Cortney C. Thomas
charlene@brownfoxlaw.com, rmelissa@brownfoxlaw.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation

jvasek@munsch.com, CourtMail@munsch.com

/s/Timothy Barton
Timothy Barton



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 26, 2024**

_Mark X. Mullin_
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| BM318, LLC, | § | Case No. 20-42789-MXM |
|  | § |  |
| Debtor | § |  |

|  |  |  |
|---|---|---|
| BM318, LLC, | § |  |
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | Adv. Pro. No. 21-04051-MXM |
|  | § |  |
| THE DIXON WATER FOUNDATION, | § |  |
|  | § |  |
| Defendant. | § |  |
|  | § |  |
| LUMAR LAND & CATTLE, LLC | § |  |
|  | § |  |
| Plaintiff-in-Intervention | § |  |

## FINAL AGREED JUDGMENT DISMISSING THE ADVERSARY PROCEEDING

This adversary proceeding was commenced by BM318, LLC ("BM318"), as the plaintiff,

against The Dixon Water Foundation ("Dixon"), as the defendant.  Thereafter, Lumar Land &

1

Cattle, LLC ("Lumar") was granted leave to intervene in this adversary proceeding.  Cortney C.

Thomas ("Receiver") has been appointed as Receiver for BM318 through the following lawsuit

("Receivership Lawsuit"):

> *Securities and Exchange Commission v. Timothy Barton, et al.*,
> Case 3:22-cv-2118-X, in the United States District Court for the
> Northern District of Texas, Dallas Division.

The Receiver (acting on behalf of BM318) and Dixon have entered into a settlement

agreement ("Dixon Settlement Agreement") which fully resolves all matters pending between

them in this adversary proceeding.  Lumar is not a party to the Dixon Settlement Agreement.

The Dixon Settlement Agreement has been approved by this Court by Order entered as Docket

No. 163 in the above-captioned chapter 11 bankruptcy case, and has been ratified by the district

court in the Receivership Lawsuit [District Court Docket No. 550].  Pursuant to the Dixon

Settlement Agreement, the Receiver and Dixon have agreed to entry of this Final Agreed

Judgment fully and finally settling and dismissing all claims and disputes between them in this

adversary proceeding.

The Receiver (acting on behalf of BM318) and Lumar have entered into a separate

settlement agreement ("Lumar Settlement Agreement") which fully resolves all claims and

disputes pending between them in this adversary proceeding.  Dixon is not a party to the Lumar

Settlement Agreement.  The Lumar Settlement Agreement has been approved by this Court by

Order entered as Docket No. 164 in the above-captioned chapter 11 bankruptcy case, and has

been ratified by the district court in the Receivership Lawsuit [District Court Docket No. 550].

Pursuant to the Lumar Settlement Agreement, the Receiver and Lumar have agreed to the entry

of this Final Agreed Judgment fully and finally settling and dismissing all claims and disputes

between them in this adversary proceeding.

The Court's order approving the Dixon Settlement Agreement and Lumar Settlement Agreement is final and was not appealed. The Receivership Lawsuit defendant Timothy Barton filed a notice of interlocutory appeal of the district court's order ratifying the Dixon Settlement Agreement and Lumar Settlement Agreement, but Barton neither sought nor received a stay of the district court's ratification order pending the appeal [District Court Docket No. 554].[1]

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that:

1.      All claims, causes of action, or other claims for any form of relief asserted in this adversary proceeding by any party are hereby dismissed with prejudice to the refiling of the same.  This dismissal with prejudice shall encompass not only the claims actually asserted by any party in this adversary proceeding, but also any claim, cause of action or claim for relief which could have been asserted based upon the transactions or occurrences which form the subject matter of this adversary proceeding.

2.      All attorney's fees and costs of court shall be borne by the party initially incurring the same.

3.      This judgment is a final judgment fully and finally disposing of all claims, causes of action, or claims for relief asserted by any party in this adversary proceeding.

4.      Upon the entry of this judgment, the lis pendens filed by BM318 and recorded under Instrument No. 202142097 in the official real property records of Parker County, Texas is hereby dissolved.

5.      Dixon's form of Release of Lis Pendens attached hereto as Exhibit 1 is confirmed, approved, and legally effective.

---

[1] *See* FED. R. CIV. P. 62(c)(1) (prescribing that "[u]nless the court orders otherwise," an "interlocutory or final judgment in an action for an injunction or receivership" are "not stayed after being entered"). Nor does jurisdiction exist for that interlocutory appeal. *See Netsphere, Inc. v. Baron,* 799 F.3d 327, 331-32 (5th Cir. 2015).

6.      Lumar's form of Release of Lis Pendens attached hereto as Exhibit 2 is confirmed, approved, and legally effective.

7.      All relief not specifically granted herein is denied.

8.      The Court retains jurisdiction to construe and enforce this Final Agreed Judgment.


### # # #  END OF ORDER  # # #

**Approved for Entry**:


 */s/ C. Alan Carrillo*
Charlene C. Koonce
State Bar No. 11672850
Email:  charlene@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
Email:  alan@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone:  (214) 327-5000
Facsimile:  (214) 327-5001

**ATTORNEYS FOR CORTNEY C. THOMAS, RECEIVER FOR BM318, LLC, ET AL.**



  */s/ Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Email:  dperry@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

  /s/ J. Robert Forshey
J. Robert Forshey
Texas Bar No. 07264200
Email:  bforshey@forsheyprostok.com
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone:  (817) 877-8855
Facsimile:  (817) 877-4151

and

Kimberly P. Harris
Texas Bar No. 24002234
Email: kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
Email: jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, PC**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

**ATTORNEYS FOR LUMAR LAND AND CATTLE, LLC**

## RELEASE OF LIS PENDENS

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF PARKER | § |

On October 27, 2021, BM318, LLC filed a Notice of Lis Pendens in the real property records of Parker County, Texas, in connection with an adversary proceeding filed in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") as a part of the Chapter 11 Case *In re BM318, LLC,* Case No. 20-42789 (the "Bankruptcy Case") with the adversary proceeding itself being styled *BM318, LLC v. Dixon Water Foundation* and numbered Adversary Proceeding 21-04051-MXM (the "Notice of Lis Pendens").

A.    The Notice of Lis Pendens was recorded under Instrument No. 202142097, in the official real property records of Parker County, Texas.

B.    The lawsuit described above has been settled, and the approval of the settlement pursuant to Bankruptcy Rule 9019 has been entered on the docket of the Bankruptcy Case by the Bankruptcy Court.

## RELEASE

NOW, THEREFORE, BM318, LLC, by and through its Receiver Cortney C. Thomas (appointed in the case of *Securities and Exchange Commission v. Timothy Barton, et al.*, Case No. 3:22-cv-2118-X (N.D. Tex.))[1] cancels and releases the Lis Pendens previously filed upon the property more particularly described as:

> 2055.70 acres of land situated in the JAMES BRADY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAM SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a

---

[1] A copy of the Order appointing the Receiver is attached hereto as Exhibit B.

**RELEASE OF LIS PENDENS - PAGE 1 OF 7**

portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, said 2055.70 acres being more particularly described as Tract 1 on the attached Exhibit A, and the access easement more particularly described as Tract 2 on the attached Exhibit A.

Witness my hand, this ____ day of _____, 2024.

**BM318, LLC**

_____
Its Receiver Courtney C. Thomas

c/o Charlene C. Koonce
charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000

## <u>ACKNOWLEDGMENT</u>

STATE OF TEXAS        §
                      §
COUNTY OF DALLAS      §

This instrument was acknowledged before me on the ____ day of _____, 2024 by Courtney C. Thomas, Receiver for BM318, LLC.

_____

Name: _____

Notary Public, State of Texas

My commission expires: _____

After Recording Return to:        Seal:

Munsch Hardt Kopf & Harr, P.C.
c/o Deborah M. Perry
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
(214) 855-7500

**RELEASE OF LIS PENDENS - PAGE 2 OF 7**

4883-3651-4487v.3 018527.00001

EXHIBIT A

PROPERTY DESCRIPTION

**TRACT 1**

**2055.70 acres of land situated in the JAMES BRADY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAM SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, said 2055.70 acres being more particularly described as follows:**

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of-Way varies), from which a 2" steel fence corner post found in the south line of said Bear Creek Road bears S 01°12'56" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2233063.538, for reference;

THENCE along Bear Creek Road, as follows:
S 67°36'03" E, a distance of 3869.57 feet to the most northerly northeast corner of said Parcel No. 2;
S 02°12'27" E, a distance of 1472.57 feet to a point;
S 55°59'27" E, a distance of 1165.45 feet to a point;
S 71°46'27" E, a distance of 801.00 feet to a point;
S 70°43'19" E, a distance of 221.91 feet to a point;
S 70°45'54 E, a distance of 1742.88 feet to a point for the most northerly northeast corner of the herein described 2055.70 acre tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 2017-02400, Official Public Records, Parker County, Texas, and continuing along the most west line of said Reeves tract, in all, a distance of 1186.42 feet to a point from which a 5/8" iron rod found bears N 60°42'50" W, a distance of 0.42 feet, for reference;

THENCE along the southwesterly lines of said Reeves tract as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;
S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;
N 72°21'34" W, a distance of 390.26 feet to a point from which a 3" steel pipe fence post bears N 06°43'26" W, a distance of 1.25 feet for reference;
S 00°10'37" W, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract, being in the north line of a Seventy (70) foot wide Transmission Easement and Right-of-Way recorded in Book 2684, Page 531 and Book 2734, Page 1161, Official Public Records, Parker County, Texas;

THENCE along the south line of said Reeves tract and the north line of said Transmission Easement and Right-of-Way, as follows:

N 89°17'27" E, a distance of 766.57 feet to a point;
S 87°58'20" E, a distance of 852.96 feet to a point;
S 87°37'59" E, a distance of 500.58 feet to a point in the west occupied line of said Bear Creek Road, at the southeast corner of said Reeves tract;

THENCE S 20°01'40" E, along the west occupied line of said Bear Creek Road, a distance of 75.70 feet to a 5/8" capped iron rod found stamped "Brooks Baker", being in the most easterly south line of said Parcel No. 2;

THENCE along the most easterly south line of said Parcel No. 2, as follows:

N 87°38'33" W, a distance of 529.23 feet to a point;
N 87°58'55" W, a distance of 851.08 feet to a point;
S 89°16'51" W, a distance of 765.97 feet to a point at the most southerly southwest corner of said Parcel No. 2 and being in the east line of said Parcel No. 1;

THENCE S 03°54'04" E, along the east line of said Parcel No. 1 and along the called east line of said BENDERMAN SURVEY, a distance of 10017.79 feet to a 2" pipe in concrete at the southeast corner of said Parcel No. 1 and being the called southeast corner of said BENDERMAN SURVEY;

THENCE S 89°26'10" W, along the south line of said Parcel No. 1 and along the called south line of said BENDERMAN SURVEY, a distance of 1606.98 feet to a 5/8" capped iron rod found stamped "Brooks Baker";

THENCE S 89°48'07" W, continuing along the south line of said Parcel No. 1 and continuing along the called south line of said BENDERMAN SURVEY, a distance of 3711.27 feet to a 2" pipe in concrete found at the most southerly southwest corner of said Parcel No. 1;

THENCE N 01°35'25" W, along the most southerly west line of said Parcel No. 1, a distance of 1216.91 feet to a 2" pipe in concrete found at an interior corner of said Parcel No. 1 and being in the called south line of said J.H. REAN SURVEY;

THENCE N 89°19'15" W, along the most westerly south line of said Parcel No. 1 and along the called south line of said J.H. REAN SURVEY, a distance of 660.00 feet to a 2" pipe in concrete found at the most westerly southwest corner of said Parcel No. 1 and being the called southwest corner of said J.H. REAN SURVEY;

THENCE along the west line of said Parcel No. 1 and along the called west line of said J.H. REAN SURVEY, as follows:

N 00°01'41" W, a distance of 2676.89 feet to a 5/8" iron rod found;
N 00°04'03" W, a distance of 1981.74 feet to a 5/8" iron rod found;



N 00°10'29" E, a distance of 1520.50 feet to a 5/8" iron rod found;

N 00°04'43" W, a distance of 1097.99 feet to a 5/8" iron rod found;

N 00°02'24" W, a distance of 901.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 00°25'07" W, a distance of 984.78 feet to a 2" pipe in concrete found at an interior corner of said Parcel No. 1;

THENCE N 89°37'52" W along the most northerly south line of said Parcel No. 1, a distance of 2013.88 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084, at the most westerly southwest corner of said Parcel No. 1;

THENCE N 00°45'08" W, along the most westerly west line of said Parcel No. 1, a distance of 1196.14 feet to a 5/8" rod found;

THENCE N 01°17'22" W, continuing along the most westerly west line of said Parcel No. 1, a distance of 1964.12 to a 5/8" capped iron rod found stamped "Brooks Baker" at the northwest corner of said Parcel No. 1 and being the southwest corner of said Parcel No. 2, from which a 5/8" capped iron rod found (not legible) bears S 88°46'12" E, a distance of 728.31 feet for reference;

THENCE N 01°17'05" W, along the west line of said Parcel 2, a distance of 3591.76 feet to the POINT OF BEGINNING and containing 2055.70 acres, more or less.

**SAVE AND EXCEPT** that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.

**SAVE AND EXCEPT** that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:

BEGINNING at a railroad spike set in Bear Creek Road, and being an internal corner of said 2055.70 acre tract, and being in the East line of a 381.66 acres tract of land that is described in a deed from BM 318, LLC to GH Lumar JV, dated September 11, 2019, recorded in Instrument No. 201924134, Official Public Records of Parker County, Texas, for the Northwest corner of this tract;

THENCE South 55 degrees 59 minutes 27 seconds East, 840.04 feet, along Bear Creek Road, with the North line of said 2055.70 acre tract, to a railroad spike set at the calculated Northeast corner of a 60 foot wide access easement that is described in deed to GH Lumar JV, for the Northeast corner of this tract;

THENCE South 33 degrees 46 minutes 16 seconds West, 811.29 feet, to a 1/2 inch iron rod set, South 09 degrees 44 minutes 07 seconds West, 103.49 feet to a 1/2 inch iron rod set, South 32 degrees 59 minutes 06 seconds East 349.92 feet, to a 1/2 inch iron rod set, South 09 degrees 47 minutes 14 seconds East, 797.08 feet, to a 1/2 inch iron rod set, and South 00 degrees 31 minutes 28 seconds East, 655.53 feet, to a 1/2 inch iron rod set, for the Southeast corner of this tract;

THENCE North 80 degrees 56 minutes 20 seconds West, 369.25 feet, to a 1/2 inch iron rod set in the East line of said 381.66 acre tract, for the Southwest corner of this tract;

THENCE with the East line of said 381.66 acre tract, as follows North 02 degrees 12 minutes 27 seconds West, 1405.48 feet, to a 1/2 inch iron rod set, North 69 degrees 20 minutes 36 seconds West, 89.55 feet, to a 1/2 inch iron rod set, and North 02 degrees 12 minutes 27 seconds West, 1487.68 feet, to the Point of Beginning and containing 23.95 acres of land.

## SAVE AND EXCEPT

BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of-Way varies), from which a 2" steel

fence corner post found in the south line of said Bear Creek Road bears S 01°12'56" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2233063.538, for reference;

THENCE S 67°36'03" E, along the approximate centerline of said Bear Creek Road and along the most north line of said Parcel No. 2, a distance of 2856.45 feet to a point for the northeast corner of the herein described 118.34 acre tract;

THENCE S 24°50'49" W, leaving the approximate centerline of said Bear Creek Road, and being along the west line of a Fifty (50) foot wide Right-of-Way Agreement to ONEOK Arbuckle Pipeline, L.L.C., recorded in Book 2651, Page 405, Official Public Records, Parker County, Texas, at a distance of 23.85 feet, passing a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084", and continuing, along the west line of said Fifty (50) foot wide Right-of-Way Agreement, in all, a distance of 205.78 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

THENCE S 04°46'43" W, continuing along the west line of said Fifty (50) foot wide Right-of-Way Agreement, a distance of 1684.81 feet to a point in the approximate centerline of Bear Creek for the southeast corner of the herein described 118.34 acre tract;

THENCE along the approximate centerline of said Bear Creek, as follows:

N 61°36'37" W, a distance of 807.44 feet to a point;

N 71°14'04" W, a distance of 217.93 feet to a point;

N 85°16'07" W, a distance of 121.44 feet to a point;

S 77°05'53" W, a distance of 141.01 feet to a point;

S 82°12'59" W a distance of 239.64 feet to a point;

S 49°32'26" W, a distance of 208.64 feet to a point;

N 86°11'59" W, a distance of 114.28 feet to a point;

N 53°45'49" W a distance of 175.97 feet to a point;

N 47°13'56" W, a distance of 200.18 feet to a point;

N 80°08'35" W, a distance of 392.40 feet to a point in the west line of said Parcel No. 2, for the southwest corner of the herein described 118.34 acre tract, from which a 5/8" capped iron rod found at the southwest corner of said Parcel No. 2 bears S 01°17'05" E, a distance of 1216.41 feet, for reference;

THENCE N 01°17'05" W, along the west line of said Parcel No. 2, a distance of 2375.35 to the POINT OF BEGINNING and containing 118.34 acres of land, more or less.

---

## TRACT 2

TOGETHER WITH ACCESS EASEMENT CREATED BY THAT CERTAIN ACCESS EASEMENT, FILED 02/06/2020, RECORDED IN CC#202003138, REAL PROPERTY RECORDS, PARKER COUNTY, TEXAS.

## <u>RELEASE OF LIS PENDENS</u>

### I.    <u>Parties</u>

A.      This Release of Lis Pendens, ("<u>Release</u>") is executed by Cortney C. Thomas, in his capacity as Receiver ("<u>Second Receiver</u>") pursuant to the Second Receiver Order entered in the Receiver Lawsuit (as both are defined below), to release the Lis Pendens (as defined below) and all other rights, title, interest, claims, and causes of action which encumber certain land owned by Lumar Land & Cattle, LLC ("<u>Lumar</u>"), a Texas limited liability company.

### II.    <u>Definitions</u>

B.      As used in this Partial Release, the following terms shall have the respective meanings set forth below:

    i.        The term "<u>Adversary Proceeding</u>" shall refer to the following adversary proceeding commenced by BM318 as a part of the Bankruptcy Case:

> *BM318, LLC, Plaintiff v. The Dixon Water Foundation, Defendant, Lumar Land & Cattle, LLC, Plaintiff-in-intervention*, Adv. No. 21-04051-mxm, United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

    ii.       The term "<u>Bankruptcy Case</u>" shall refer to the following bankruptcy case commenced by BM318:

> *In re BM318, LLC*, Case No. 20-4789-mxm, United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

    iii.      The term "<u>BM318</u>" shall mean BM318, LLC, a Texas limited liability company, the debtor in the Bankruptcy Case and the plaintiff in the Adversary Proceeding.

    iv.      The term "<u>Dixon</u>" shall mean The Dixon Water Foundation, f/k/a The Dixon Foundation, a non-profit foundation, the original defendant in the Adversary Proceeding.

    v.       The term "<u>Lis Pendens</u>" shall mean the Notice of Lis Pendens relating to BM318's claims in the Adversary Proceeding and filed by BM318 on October 27, 2021, as Document No. 202142097 in the Official Records of Parker County, Texas.

    vi.      The term "<u>Lumar Deed</u>" shall mean the Special Warranty Deed with Vendor's Lien executed by Dixon, as grantor, to Lumar, as grantee, covering the Lumar Land and recorded on April 23, 2021, as Document no. 202116538 in the Official Records of Parker County, Texas.

    vii.     The term "<u>Lumar Land"</u> shall refer to the 204.50-acre tract located in Parker County, Texas, which is more fully described in the Lumar Deed and in the attached **<u>Exhibit "A."</u>**

    viii.    The term "<u>Original Tract</u>" shall mean the 2,055.77-acre tract located in Parker County, Texas, which was sold by Dixon to BM318 in 2018.

ix.      The term "<u>Receiver Lawsuit</u>" shall refer to the following lawsuit in which the Receiver was appointed:

> *Securities and Exchange Commission v. Timothy Barton, et al.,*
> Case 3:22-CV-2118-X, in the United States District Court for the
> Northern District of Texas, Dallas Division.

x.      The term "<u>Second Receiver Order</u>" shall refer to an Order Appointing Receiver entered as Docket no. 417 in the Receiver Lawsuit on November 29, 2023, a true and accurate copy of which is attached hereto as **<u>Exhibit "B"</u>** appointing the Second Receiver.

xi.      The term "<u>Remaining Land</u>" shall mean the 1,531.75 acre tract of land located in Parker County, Texas, which is the subject of BM318's claims in the Adversary Proceeding but excluding therefrom the Lumar Land.

xii.      The term "<u>Special Warranty Deed</u>" shall mean the deed conveying the Remaining Land from BM318, as grantor, to Dixon, as grantee, and recorded on July 2, 2020 as Document no. 202019524 in the Official Records of Parker County, Texas.

## III.    <u>Recitals</u>

C.      Dixon sold the Original Tract to BM318 during 2018.  The majority of the purchase price for the Original Tract was provided through owner financing by Dixon and secured by a deed of trust against most of the Original Tract.  The Remaining Land constitutes a portion of the Original Tract.  Dixon asserts that BM318 defaulted in the repayment of this debt.  Ultimately, BM318 conveyed the Remaining Land to Dixon pursuant to the Special Warranty Deed which was recorded on July 2, 2020.

D.      On September 1, 2020, BM318 commenced the Bankruptcy Case and acted as a debtor-in-possession.  The Bankruptcy Court ultimately confirmed a plan of reorganization proposed by BM318 in the Bankruptcy Case which became effective on August 2, 2021.

E.      On April 23, 2021, Dixon sold the Lumar Land to Lumar.  The land was conveyed to Lumar pursuant to the Lumar Deed.  The Lumar Land constitutes a part of the Remaining Land. Lumar financed a portion of the purchase price through loans from a third party lender.

F.      On August 10, 2021, BM318 commenced the Adversary Proceeding against Dixon seeking to avoid the transfer of the Remaining Land by BM318 to Dixon pursuant to the Special Warranty Deed as a preferential or fraudulent transfer pursuant to sections 547 and 548 of the Bankruptcy Code.  Dixon asserts that these avoidance claims by BM318 are without merit.

G.      On October 27, 2021, BM318 filed the Lis Pendens which relates to its claims in the Adversary Proceeding against Dixon in relation to the Remaining Land.

H.      Lumar sought to intervene in the Adversary Proceeding based on the Lis Pendens, which burdens the Lumar Tract as a part of the Remaining Land.  The Bankruptcy Court granted Lumar leave to intervene in the Adversary Proceeding.  In the Adversary Proceeding, Lumar asserts that BM318's avoidance claims as to the Remaining Land are without merit, and further asserts that it is also entitled to the protections of section 550(b)(1) and (2) of the Bankruptcy Code.  Lumar further asserts that, in addition to the lack of merit in BM318's avoidance claims,

the lender's rights in the Lumar Land pursuant to its deeds of trust are further protected by section 550(b)(2) of the Bankruptcy Code. BM318 contests Lumar's assertions.

I.      On September 23, 2022, the Receiver Lawsuit was filed. Thereafter, the Second Receiver was appointed to serve in such capacity through the Second Receiver Order. Based on the Second Receiver Order, further proceedings in the Adversary Proceeding are stayed.

J.      Pursuant to paragraph 1 of the Second Receiver Order, the Second Receiver is appointed as receiver for BM318, as one of the "Receivership Entities," with exclusive control and possession of the BM318 assets, of whatever kind and wherever located, including all tangible and intangible property, and which are included as part of the "Receivership Property". Paragraph 3 of the Second Receiver Order clothes the Second Receiver with all power, right and authority possessed by the officers, directors, and managers of each of the Receivership Entities, which includes BM318. Paragraph 6 grants the Second Receiver broad powers over the Receivership Property, including the right to take any action which, prior to the entry of the Second Receiver Order, could have been taken by the officers, directors, managers, and agent of any of the Receivership Entities.

K.      BM318's claims and rights in relation to the Adversary Proceeding, including in relation to the Lis Pendens, constitute Receivership Assets subject to the Second Receiver's control pursuant to the Second Receiver Order. This allows the Receiver to settle and resolve the Adversary Proceeding and release the Lis Pendens.

L.      The Second Receiver has executed this Release based on the provisions of the Second Receiver Order, his control of BM318 as one of the Receivership Entities, and his control of all property of BM318 as part of the Receivership Assets.

M.      The Second Receiver (acting on behalf of BM318) has entered into a Settlement and Release Agreement ("Settlement Agreement") with Lumar to settle and resolve all claims among them in the Adversary Proceeding. The Settlement Agreement is subject to the Agreement to Reaffirm and Adopt Settlement and Release Agreement ("Reaffirmation and Adoption Agreement") among the Second Receiver and Lumar. References herein to the Settlement Agreement refer to the Settlement Agreement subject to the Reaffirmation and Adoption Agreement.

N.      The District Court has entered an Order on April 15, 2024, as docket no. 486, modifying the litigation stay contained in the Second Receiver Order to allow the Parties to seek approval of the Settlement Agreement and the Reaffirmation and Adoption Agreement. This Settlement Agreement has been approved by the Bankruptcy Court pursuant to an order entered on May 28, 2024, as docket no. 164, and ratified by the Receivership Court pursuant to an order entered on August 18, 2024, as docket no. 550.

O.      This Release is executed and delivered by the Second Receiver pursuant to the Settlement Agreement.

### IV.      Release of Lis Pendens

FOR VALUE RECEIVED, pursuant to the terms of the Settlement Agreement, acting with regard to the Receivership Assets of BM318 as one of the Receivership Entities subject to the Second Receiver Order, the Second Receiver hereby releases the Lis Pendens as against the Lumar Land. By so releasing the Lis Pendens against the Lumar Land, the Second Receiver

**EXECUTION COPY**

also releases all rights, title, interest, claims, and causes of action against the Lumar Land, including all claims relating to the Lumar Land asserted or which could have been asserted in the Adversary Proceeding.

Any other term hereof notwithstanding, by this Release the Second Receiver does not release, impair or impact any right, title, interest, claims, and causes of action of or by BM318 against any portion of the Remaining Land.

Executed and effective as of this _____ day of _____, 2024.

**SECOND RECEIVER**:


_____
Cortney C. Thomas, as Second Receiver
Pursuant to the Second Receivership Order

**ACKNOWLEDGMENT**:


STATE OF TEXAS

COUNTY OF DALLAS


This instrument was acknowledged before me on the _____ day of _____, 2024, by Cortney C. Thomas, as Receiver for BM318, LLC.

My commission expires:  _____

_____
Notary Public, State of Texas

**WHEN RECORDED, RETURN TO:**

J. Robert Forshey
Forshey & Prostok, LLP
777 Main Street, Suite 1550
Fort Worth, Texas 76102

L:\BFORSHEY\Lumar Land & Cattle, LLC (BM318)(non-bnkrptcy)#6323\Barton - SEC Civil Suit 22-cv-02118 (Receivership)\Release of Lis Pendens (Execution v) 8.20.24.docx

# Exhibit A

## EXHIBIT A

## THE LAND

BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

COMMENCING at a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of Bear Creek Road with the northwesterly line of Bear Creek Ranch Road (a 60' Dedicated Public Right-of-Way) and being the east corner of Lot 1, Block A, BEAR CREEK RANCH, an Addition to Parker County, Texas, according to the Plat recorded in Cabinet E, Slide 551, Plat Records, Parker County, Texas;

THENCE S 55°31'36" E, along the southwesterly line of said Bear Creek Road, a distance of 60.00 feet to a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of said Bear Creek Road with the southeasterly line of said Bear Creek Ranch Road;

THENCE N 33°46'16" E, a distance of 30.02 feet to a railroad spike found in Bear Creek Road for the POINT OF BEGINNING of the herein described tract, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6914862.12 and EAST: 2237394.23, for reference;

THENCE in and along said Bear Creek Road, as follows:

S 55°59'27" E, a distance of 325.40 feet to a point;

S 71°46'27" E, a distance of 801.00 feet to a point;

S 70°43'19" E, a distance of 221.91 feet to a 5/8" iron rod found;

S 70°45'54" E, a distance of 1742.88 feet to a 1/2" iron rod found at the most north, northeast corner of said Dixon Water Foundation tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, along a northerly east line of said Dixon Water Foundation tract, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 201702400, Official Public Records, Parker County, Texas, continuing along the common line of said Dixon Water Foundation tract and said Reeves tract, passing the north corner of that certain tract of land described in deed to Mike Wright and wife, Jamie Wright, recorded in Instrument Number 202021901, Official Public Records, Parker County, Texas and continuing along the common line of said Dixon Water Foundation tract and said Wright tract, in all, a distance of 1186.42 feet to a 5/8" iron rod found at an interior ell corner of said Dixon Water Foundation tract, being the most west corner of said Wright tract;

THENCE along the common line of said Dixon Water Foundation tract and said Wright tract, as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;

S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;

N 72°21'34" E, a distance of 390.26 feet to a point in a southerly, west line of said Reeves tract, from which a 3" steel pipe fence post found bears N 06°43'26" W, a distance of 1.25 feet, for reference;

THENCE S 00°10'37" W, along the common line of said Dixon Water Foundation tract and said Reeves tract, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract and being the southeast corner of the herein described tract;

THENCE N 85°12'57" W, across said Dixon Water Foundation tract, a distance of 3373.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" for the southwest corner of the herein described tract, from which a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of that certain tract of land described in deed to GH Lumar JV, recorded in Instrument Number 201924134, Official Public Records, Parker County, Texas, bears N 89°37'52" W, a distance of 266.86 feet, for reference;

THENCE continuing across said Dixon Water Foundation tract, as follows:

N 03°21'24" E, a distance of 330.89 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 01°38'28" E, a distance of 428.44 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 00°12'47" E, a distance of 95.78 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" in the south line of that certain remaining portion tract of land described in deed to GH Lumar JV, recorded in Instrument Number 202024136, Official Public Records, Parker County, Texas;

THENCE S 80°56'20" E, along the south line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 31.26 feet to a 1/2" capped iron rod set stamped "C.F. a the southeast corner of said GH Lumar JV tract (Instrument Number 202024136);

THENCE N 00°31'28" W, along the east line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 655.53 feet to a 1/2" iron rod found;

THENCE N 09°47'14" W, continuing along the east line of said GH Lumar JV tract (Instrument Number 202024136), at a distance of 741.92 feet passing a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of the Bear Creek Ranch Road Dedicated Public Right-of-Way as shown on said BEAR CREEK RANCH Plat, recorded in said Cabinet E, Slide 551, and continuing along the northeasterly line of said Bear Creek Ranch Road, in all, a distance of 797.08 feet to a 1/2" iron rod found;

THENCE along the northeast, east and southeasterly line of said Bear Creek Ranch Road, as follows:

N 32°59′ 06″ W, a distance of 349.92 feet to a 1/2″ iron rod found;

N 09°44′07″ E, a distance of 103.49 feet to a 1/2″ iron rod found;

N 33°46′16″ E, a distance of 811.29 feet to the POINT OF BEGINNING and containing 204.50 acres (8,908,185 square feet) of land, more or less.

# Exhibit B

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-2   Filed 09/10/24   Page 77 of 134   PageID 78

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 1 of 28   PageID 15209

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | Civil Action No. 3:22-cv-2118-x |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § | |
| *Defendants*, | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § | |

## ORDER APPOINTING RECEIVER

For the reasons set out in a memorandum opinion and order filed today, the

Court enters the following order.

**WHEREAS** this matter has come before this Court upon motion of Plaintiff

Securities and Exchange Commission ("SEC") to appoint a receiver in the above-

captioned action; and,

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Filed 09/10/24    Page 78 of 134    PageID 79
Exhibit 2    Page 77 of 26

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 2 of 28    PageID 15210

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities (defined below);

**WHEREAS** the Court finds that: (a) there is a clear necessity for the receivership to protect defrauded investors' interest in property; (b) legal and less drastic equitable remedies are inadequate; and (c) the benefits of a receivership outweigh the burdens on the affected parties.

**WHEREAS** the Court finds that: (a) a receiver is necessary to manage the Receivership Entities' properties to preserve and protect the value of such properties; (b) Defendant Timothy Barton ("Barton") has misused and mismanaged the Receivership Entities' properties and has, and is likely to continue to, misuse, dissipate and/or conceal investor funds and assets obtained with, or that otherwise benefited from, investor funds; (c) certain Receivership Entities and their assets are subject to liens, lawsuits, and foreclosures that threaten to further diminish their value without the protection of a receiver that would have the power to stay litigation and foreclosures, among other powers; (d) there is a substantial risk that Barton, the Receivership Entities, and other entities that Barton directly or indirectly controls do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors; (e) absent a receiver to manage, maximize, and protect the value of the Receivership Entities' assets, the investors' interest in these properties is at substantial risk; and (f) these benefits outweigh the burden on Barton.

**WHEREAS** the Court finds that each of the Receivership Entities received or

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-12    Filed 09/10/24    Page 79 of 134    PageID 80

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 3 of 28    PageID 15211

benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Entities, and venue properly lies in this district.

**WHEREAS**, the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following entities, each of which received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation (collectively, "Receivership Entities"):

2.    126 Villita, LLC

3.    2999TC Acquisitions LLC

4.    2999TC JMJ CMGR, LLC (Delaware)

5.    AVG West, LLC

6.    BEE2019, LLC

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-2   Filed 09/31/24   Page 80 of 134   PageID 81

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 4 of 28   PageID 15212

7.   BM318, LLC

8.   Broadview Holdings Trust

9.   Carnegie Development, LLC

10.   D4DS LLC

11.   D4FR LLC

12.   D4IN, LLC (Texas)

13.   D4KL, LLC

14.   D4MC, LLC (Texas)

15.   D4OP, LLC

16.   DJD Land Partners, LLC

17.   Enoch Investments, LLC

18.   FHC Acquisition, LLC

19.   Gillespie Villas, LLC

20.   Goldmark Hospitality, LLC

21.   HR Sterling, LLC

22.   JMJ Acquisitions, LLC

23.   JMJ Development LLC (f/k/a JMJ Development, Inc.)

24.   JMJ Hospitality, LLC

25.   JMJ VC Management, LLC

26.   JMJAV, LLC

27.   JMJD4, LLC (Delaware)

28.   JMR100, LLC

29.   LaJolla Construction Management, LLC

4

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-2   Filed 09/10/24   Page 81 of 134   PageID 82
Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 5 of 28   PageID 15213

30. LC Aledo TX, LLC

31. LDG001, LLC

32. Lynco Ventures, LLC

33. Mansions Apartment Homes at Marine Creek, LLC

34. Marine Creek SP, LLC

35. MO 2999TC, LLC

36. Northstar PM, LLC (Texas)

37. Orchard Farms Village, LLC

38. Ridgeview Addition, LLC (Texas)

39. Seagoville Farms, LLC

40. SF Rock Creek, LLC

41. TC Hall, LLC

42. Titan Investments, LLC a/k/a Titan 2022 Investments, LLC

43. Venus59, LLC

44. Villita Development, LLC

45. Villita Towers, LLC

46. WALL007, LLC

47. WALL009, LLC

48. WALL010, LLC

49. WALL011, LLC

50. WALL012, LLC

51. WALL016, LLC

52. WALL017, LLC

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 11-2   Filed 09/10/24   Page 82 of 134   PageID 83
Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 6 of 28   PageID 15214

53.   WALL018, LLC

54.   WALL019, LLC

55.   WRL2019, LLC (Texas)

2.   Until further Order of this Court, Cortney C. Thomas is hereby appointed to serve without bond as receiver (the "Receiver") of the Receivership Entities.

3.   The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Rule 66 of the Federal Rules of Civil Procedure.

## I.   GENERAL POWERS AND DUTIES OF RECEIVER

4.   The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operations of the Receivership Entities and shall pursue and preserve all of their claims.

Case 21-04051-mxmm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Filed 09/10/24    Page 83 of 134    PageID 84

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 7 of 28    PageID 15215

5.      No person holding or claiming any position of any sort with any of the
Receivership Entities shall possess any authority to act by or on behalf of any of the
Receivership Entities.

6.      Subject to the specific provisions in Sections II through XII below, the
Receiver shall have the following general powers and duties:

 A.      To use reasonable efforts to determine the nature, location, and
value of all property interests of the Receivership Entities, including, but not
limited to, monies, funds, securities, credits, effects, goods, chattels, lands,
premises, leases, claims, rights and other assets, together with all rents,
profits, dividends, interest or other income attributable thereto, of whatever
kind, which the Receivership Entities own, possess, have a beneficial interest
in, or control directly or indirectly ("Receivership Property" or, collectively, the
"Receivership Estates");

 B.      To take custody, control, and possession of all Receivership
Property and records relevant thereto from the Receivership Entities; to sue
for and collect, recover, receive, and take into possession from third parties all
Receivership Property and records relevant thereto;

 C.      To manage, control, operate, and maintain the Receivership
Estates and hold in his possession, custody, and control all Receivership
Property, pending further Order of this Court;

 D.      To use Receivership Property for the benefit of the Receivership
Estates, making payments and disbursements and incurring expenses as may
be necessary or advisable in the ordinary course of business in discharging his
duties as Receiver;

 E.      To take any action which, prior to the entry of this Order, could
have been taken by the officers, directors, partners, managers, trustees, and
agents of the Receivership Entities;

 F.      To engage and employ persons in his discretion to assist him in
carrying out his duties and responsibilities hereunder, including, but not
limited to, accountants, attorneys, securities traders, registered
representatives, financial or business advisers, liquidating agents, real estate
agents, forensic experts, brokers, traders, or auctioneers;

7

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Exhibit 12    Filed 09/10/24    Page 84 of 134    PageID 85

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 8 of 28    PageID 15216

  G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation, concealment, or inequitable distribution of Receivership Property;

  H. Enter into and cancel contracts and purchase insurance as the Receiver deems necessary or advisable;

  G. The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

  I. To bring such legal actions based in law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

  J. To pursue, resist, defend, compromise or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Entities; and,

  K. To take such other action as may be approved by this Court.

## II. ACCESS TO INFORMATION

7. The individual Receivership Entities and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

8. Within ten (10) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 12    Exhibit 2    Page 08/10/26    Page 85 of 134    PageID 86

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 9 of 28    PageID 15217

any other agents or contractors of the Receivership Entities; and, (c) the names,
addresses, and amounts of claims of all known creditors of the Receivership Entities.

9.    Within twenty (20) days of the entry of this Order, the Receivership
Entities shall file with the Court and serve upon the Receiver and the SEC a sworn
statement and accounting, with complete documentation, covering the period from
January 1, 2017 to the present:

A.    Of all Receivership Property, wherever located, held by or in the
name of the Receivership Entities, or in which any of them, directly or
indirectly, has or had any beneficial interest, or over which any of them
maintained or maintains and/or exercised or exercises control, including, but
not limited to: (a) all securities, investments, funds, real estate, automobiles,
jewelry, and other assets, stating the location of each; and (b) any and all
accounts, including all funds held in such accounts, with any bank, brokerage,
or other financial institution held by, in the name of, or for the benefit of any
of them, directly or indirectly, or over which any of them maintained or
maintains and/or exercised or exercises any direct or indirect control, or in
which any of them had or has a direct or indirect beneficial interest, including
the account statements from each bank, brokerage, or other financial
institution;

B.    Identifying every account at every bank, brokerage, or other
financial institution: (a) over which Receivership Entities have signatory
authority; and (b) opened by, in the name of, or for the benefit of, or used by,
the Receivership Entities;

C.    Identifying all credit, bank, charge, debit, or other deferred
payment card issued to or used by each Receivership Defendant, including but
not limited to the issuing institution, the card or account number(s), all persons
or entities to which a card was issued and/or with authority to use a card, the
balance of each account and/or card as of the most recent billing statement,
and all statements for the last twelve (12) months;

D.    Of all assets received by any of them from any person or entity,
including the value, location, and disposition of any assets so received;

E.    Of all funds received by the Receivership Entities, and each of
them, in any way related, directly or indirectly, to the conduct alleged in the
SEC's Complaint. The submission must clearly identify, among other things,

9

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-2   Filed 09/10/24   Page 86 of 134   PageID 87

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 10 of 28   PageID 15218

all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

      F.    Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

      G.    Of all transfers of assets made by any of them.

10.    Within thirty (30) days of the entry of this Order, the Receivership Entities shall provide to the Receiver and the SEC copies of the Receivership Entities' federal income tax returns for the years 2017 through 2021 with all relevant and necessary underlying documentation.

11.    The Receivership Entities and the Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.

12.    The Receivership Entities are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## III.   ACCESS TO BOOKS, RECORDS, AND ACCOUNTS

13.    The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Entities. All persons and entities having

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-12   Filed 09/10/24   Page 87 of 134   PageID 88
Exhibit 12   Page 201 of 36

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 11 of 28   PageID 15219

control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14.     The Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, email, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

15.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Entities that receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

> A.     Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;
>
> B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;
>
> C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,
>
> D.     Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-12    Filed 09/11/24    Page 88 of 134    PageID 89
Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 12 of 28    PageID 15220

## IV.    ACCESS TO REAL AND PERSONAL PROPERTY

16.    The Receiver is authorized to take immediate possession of all personal property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

17.    The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, email, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.

18.    The Receivership Entities, all persons acting on behalf of any Receivership Defendant, and any person who receives actual or constructive notice of this Order who has or had possession or control over any Receivership Assets, is directed to:

> A.    Hold and retain any such Receivership Assets that are within his or her control and prohibit any person or entity from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning,

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 12   Filed 09/21/24   Page 89 of 134   PageID 90

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 13 of 28   PageID 15221

pledging, selling, spending, transferring, or withdrawing any such Asset except:

     1.    As directed by further order of the Court; or

     2.    As directed in writing by the Receiver.

B.    Within five (5) business days after being served a copy of this Order, provide the Receiver a sworn statement setting forth:

     1.    The account number and other identifying information for any such Receivership Asset belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Defendant;

     2.    The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, on or after March 1, 2021, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted;

     3.    All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices;

     4.    The identification and location of any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity, and if the safe deposit box, storage facility, commercial mailbox, or storage facility has been closed or removed, the date closed or removed;

     5.    Within five (5) business days of a written request from the Receiver, provide the Receiver copies of all Documents relating to each Receivership Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 12    Filed 09/30/24    Page 90 of 134    PageID 91

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 14 of 28    PageID 15222

19.    In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

20.    The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

21.    Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V.    REPATRIATION OF ASSETS AND DOCUMENTS

22.    Immediately upon service of this Order, any person or entity with possession or control over any Receivership Assets shall:

A.    Take such steps as are necessary to transfer to the United States all Documents and Assets that are located outside the United States and belong to, are for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity; and

B.    Hold and retain all repatriated Assets and prevent the disposition, transfer, or dissipation of such Assets except as required by this Order.

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Exhibit 2    Filed 09/14/24    Page 91 of 134    PageID 92

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 15 of 28    PageID 15223

23.     Receivership Entities, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

> A.     Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all Assets have been fully repatriated according to Section VIII of this Order; or

> B.     Notifying any trustee, protector, or other agent of any Defendant or Receivership Entity of the existence of this Order, or of the fact that repatriation is required under a court Order, until such time as all Assets have been fully repatriated according to Section VIII of this Order.

## VI.    NOTICE TO THIRD PARTIES

24.     Defendants and the Receivership Entities shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant or Receivership Defendant. Within ten (10) business days following service of this Order, Defendants and Receivership Entities shall serve on the Receiver a declaration identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants or Receivership Entities served with a copy of this Order in compliance with this provision.

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Filed 09/10/24    Page 92 of 134    PageID 93

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 16 of 28    PageID 15224

25.     Copies of this Order may be served by the Receiver by any means, including U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the Receiver, by any law enforcement agency, or by process server, upon any person, including financial institutions, that may have possession, custody, or control over any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Receivership Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall constitute service upon the entire financial institution.

26.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

27.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

28.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Filed 09/16/24    Page 93 of 134    PageID 94

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 17 of 28    PageID 15225

offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

29.    The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities.

30.    The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Entities, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

31.    Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-2   Exhibit 1   Filed 02/10/24   Page 94 of 134   PageID 95

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 18 of 28   PageID 15226

Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII.   INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

32.   The Receivership Entities and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.   Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;

C.   Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property;

D.   Create, operate, or exercise any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; or,

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Filed 09/10/24    Page 95 of 134    PageID 96
Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 19 of 28    PageID 15227

       E.     Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

## VIII.  COOPERATION WITH THE RECEIVER

33.    Defendants and Receivership Entities, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, whether acting directly or indirectly and all persons who receive actual notice of this Order, shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities. This cooperation and assistance shall include, but is not limited to:

       A.     Providing information to the Receiver as directed above or that the Receiver deems necessary to exercise the authority and discharge the responsibilities delegated to the Receiver under this Order;

       B.     Advising all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver; and

       C.     Transferring funds at the Receiver's direction and producing Documents related to the Assets and sales of the Receivership Entities. The entities obligated to cooperate with the Receiver under this provision include financial institutions and persons that have transacted business with the Receivership Entities. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX.  STAY OF LITIGATION

34.    As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-2    Filed 09/10/24    Page 96 of 134    PageID 97

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 20 of 28    PageID 15228

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35.    The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

36.    All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X.    MANAGING ASSETS

37.    For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

38.    The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Barton Companies" together with the name of the action.

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-12   Filed 09/10/24   Page 97 of 134   PageID 98

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 21 of 28   PageID 15229

39. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

40. Subject to Paragraph 42 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

41. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

42. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-12   Filed 09/10/24   Page 98 of 134   PageID 99

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 22 of 28   PageID 15230

43.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

## XI.   INVESTIGATE AND PROSECUTE CLAIMS

44.     The Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

45.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the SEC before commencing investigations and/or actions.

46.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-1    Exhibit 2    Filed 09/21/24    Page 99 of 134    PageID 100
Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 23 of 28    PageID 15231

47.    The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII.    BANKRUPTCY FILING

48.    Effective immediately, the Receiver, as sole and exclusive officer, director and managing member of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC (collectively, "Wall Entities"), shall possess sole and exclusive authority and control over the Wall Entities, as debtors-in-possession, in their respective Chapter 11 cases titled *In re WALL007 LLC, et al.*, No. 22-41049 (Bankr. E.D. Tex.) (the "Bankruptcy Cases") pending in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"). The employment of any and all other officers, directors, managers or other employees of the Wall Entities is and are hereby terminated by the Court. All such persons shall comply with the applicable provisions of this Order.

49.    Within thirty (30) days of the entry of this Order, the Receiver shall report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership. The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order.

50.    The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for other Receivership Entities. If a Receivership Defendant is (or has been) placed in

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-1   Filed 09/23/24   Page 100 of 134   PageID 101

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 24 of 28   PageID 15232

bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 3 above, the Receiver is vested with management authority for all entity Receivership Entities and may therefore file and manage a Chapter 11 petition.

51.   All persons and entities, other than the Receiver, are barred from commencing any bankruptcy proceedings against any of the Receivership Entities.

### XIII.  LIABILITY OF RECEIVER

52.   Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

53.   The Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

54.   This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

55.   In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the

Case 21-04051-mxm   Doc 142-2   Filed 08/26/24   Entered 08/26/24 14:12:21   Desc
Case 4:24-cv-00863-P   Document 1-1   Filed 09/24/24   Page 101 of 134   PageID 102
                                    Exhibit 2   Page 934 of 86

Case 3:22-cv-02118-X   Document 417   Filed 11/29/23   Page 25 of 28   PageID 15233

resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

### XIV.  RECOMMENDATIONS AND REPORTS

56.    The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

57.    Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

58.    Within thirty (30) days after the end of each subsequent calendar quarter following the date on which the Receiver files his Liquidation Plan, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

59.    The Quarterly Status Report shall contain the following:

A.    A summary of the operations of the Receiver;

B.    The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.    A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-1    Filed 09/25/24    Page 102 of 134    PageID 103
Exhibit 2    Page 35 of 48

Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 26 of 28    PageID 15234

D.    A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.    A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.    A list of all known creditors with their addresses and the amounts of their claims;

G.    The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.    The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

60.    On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XV.    FEES, EXPENSES, AND ACCOUNTINGS

61.    Subject to the paragraphs below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

62.    Subject to the paragraph immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any

Case 21-04051-mxm    Doc 142-2    Filed 08/26/24    Entered 08/26/24 14:12:21    Desc
Case 4:24-cv-00863-P    Document 1-1    Filed 09/26/24    Page 103 of 134    PageID 104
Case 3:22-cv-02118-X    Document 417    Filed 11/29/23    Page 27 of 28    PageID 15235

Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

63.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the Court.

64.    Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

65.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

66.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

# U.S. Bankruptcy Court
# Northern District of Texas (Ft. Worth)
# Adversary Proceeding #: 21-04051-mxm
### Internal Use Only

*Assigned to:* Mark X. Mullin                                      *Date Filed:* 08/10/21
*Lead BK Case:* 20-42789
*Lead BK Title:* BM318, LLC
*Lead BK Chapter:* 11
*Demand:*

*Nature[s] of Suit:*  12 Recovery of money/property - 547 preference
                      13 Recovery of money/property - 548 fraudulent transfer
                      14 Recovery of money/property - other


## Plaintiff
----------------------
**BM318, LLC**                          represented by **Joyce W. Lindauer**
13901 Midway Road                                       Joyce W. Lindauer Attorney, PLLC
Suite 102                                               1412 Main Street
Dallas, TX 75244                                        Suite 500
Tax ID / EIN: 85-0835862                                Dallas, TX 75202
                                                        (972) 503-4033
                                                        Fax : (972) 503-4034
                                                        Email: joyce@joycelindauer.com
                                                        *LEAD ATTORNEY*

                                                        **Khudabuksh K Walji**
                                                        Law Office of K. Walji
                                                        10701 Corporate Drive, Ste 350
                                                        Stafford, TX 77477
                                                        281-401-9672
                                                        Email: k.walji@waljilaw.com


V.


## Defendant
----------------------
**The Dixon Water Foundation**          represented by **Jay Ong**
                                                        Munsch Hardt Kopf & Harr, P.C.
                                                        1717 West 6th Street
                                                        Suite 250
                                                        Austin, TX 78703
                                                        (512) 391-6124
                                                        Fax : (512) 226-7105
                                                        Email: jong@munsch.com

                                                        **Deborah M. Perry**

Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6659
214-855-7565
Fax : 214-978-5335
Email: dperry@munsch.com

**Julian Preston Vasek**
Munsch Hardt Kopf and Harr
500 N. Akard Street
Suite 4000
Dallas, TX 75201
214-855-7528
Email: jvasek@munsch.com

*Intervenor-Plaintiff*
-----------------------
**Lumar Land & Cattle, LLC**                    represented by **J. Robert Forshey**
c/o Quilling, Selander, Lownds, et al.          Forshey & Prostok, LLP
Attn: Kimberly P. Harris                        777 Main St., Suite 1550
2001 Bryan Street                               Ft. Worth, TX 76102
Suite 1800                                      817-877-8855
Dallas, TX 75201                                Email: bforshey@forsheyprostok.com
2148712100
                                                **Kimberly Paige Harris**
                                                Quilling, Selander, Lownds, et al.
                                                2001 Bryan Street, Suite 1800
                                                Dallas, TX 75201
                                                (214) 871-2100
                                                Fax : (214) 871-2111
                                                Email: kharris@qslwm.com

                                                **Joshua Lee Shepherd**
                                                Quilling, Selander, Lownds, Winslett & M
                                                2001 Bryan Street, Suite 1800
                                                Dallas, TX 75201
                                                (214) 871-2100
                                                Fax : (214) 871-2111
                                                Email: jshepherd@qslwm.com

*Counter-Claimant*
-----------------------
**The Dixon Water Foundation**                  represented by **Deborah M. Perry**
                                                (See above for address)

                                                **Julian Preston Vasek**
                                                (See above for address)

V.

*Counter-Defendant*
-----------------------
**BM318, LLC**
13901 Midway Road
Suite 102
Dallas, TX 75244


*Counter-Claimant*
-----------------------
**BM318, LLC**
13901 Midway Road
Suite 102
Dallas, TX 75244


V.


*Counter-Defendant*
-----------------------
**Lumar Land & Cattle, LLC**                    represented by **J. Robert Forshey**
c/o Quilling, Selander, Lownds, et al.                    (See above for address)
Attn: Kimberly P. Harris
2001 Bryan Street
Suite 1800
Dallas, TX 75201
2148712100

| Filing Date | Docket Text |
|---|---|
| 08/10/2021 | 1 (9 pgs) Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). (Lindauer, Joyce) |
| 08/10/2021 | 2 (2 pgs) Adversary proceeding cover sheet filed by Plaintiff BM318, LLC (RE: related document(s)1 Complaint). (Lindauer, Joyce) |
| 08/10/2021 | Receipt of filing fee for Complaint(21-04051-mxm) [cmp,cmp] ( 350.00). Receipt number 28908896, amount $ 350.00 (re: Doc# 1). (U.S. Treasury) |
| 08/11/2021 | (private) Case checked for completeness (Almaraz, Jeanette) |
| 08/11/2021 | 3 (2 pgs) Scheduling order setting deadlines. Discovery and all exhibits except impeachment documents: 45 days prior to Docket Call, pre-trial order: 7 calendar days prior to Docket Call, proposed findings of fact and conclusions of law: 7 days prior to first scheduled docket call (RE: related document(s)1 Complaint filed by Plaintiff BM318, LLC). Trial Docket Call date set for 1/27/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 8/11/2021 (Calfee, J.) |
| 08/11/2021 | 4 (2 pgs) Summons issued on The Dixon Water Foundation Answer Due 9/10/2021 (Calfee, J.) |
| 08/12/2021 | 5 (2 pgs) Summons service executed on The Dixon Water Foundation 8/12/2021 (Lindauer, Joyce) |

| | |
|---|---|
| 09/27/2021 | [6](#) (3 pgs) Agreed Scheduling Order (RE: related document(s)[1](#) Complaint filed by Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 9/27/2021 (Chambers, Deanna) |
| 09/29/2021 | [7](#) (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[6](#) Agreed Scheduling Order (RE: related document(s)[1](#) Complaint filed by Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 9/27/2021) No. of Notices: 2. Notice Date 09/29/2021. (Admin.) |
| 09/30/2021 | [8](#) (15 pgs) Answer to complaint , Counterclaim by The Dixon Water Foundation against BM318, LLC filed by The Dixon Water Foundation. (Perry, Deborah) |
| 10/22/2021 | [9](#) (5 pgs) Answer to counterclaim filed by BM318, LLC. (Lindauer, Joyce) |
| 12/27/2021 | [10](#) (3 pgs) INCORRECT ENTRY. Amended Agreed Scheduling Order (RE: related document(s)[6](#) Order to set hearing). Entered on 12/27/2021 (Almaraz, Jeanette) MODIFIED on 12/28/2021 (Almaraz, Jeanette). |
| 12/27/2021 | [11](#) (3 pgs) Amended Agreed Scheduling Order setting hearing (RE: related document(s)[1](#) Complaint filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 12/27/2021 (Almaraz, Jeanette) (Entered: 12/28/2021) |
| 12/29/2021 | [12](#) (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[10](#) INCORRECT ENTRY. Amended Agreed Scheduling Order (RE: related document(s)[6](#) Order to set hearing). Entered on 12/27/2021 (Almaraz, Jeanette) MODIFIED on 12/28/2021 .) No. of Notices: 0. Notice Date 12/29/2021. (Admin.) |
| 12/30/2021 | [13](#) (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[11](#) Amended Agreed Scheduling Order setting hearing (RE: related document(s)[1](#) Complaint filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 12/27/2021) No. of Notices: 0. Notice Date 12/30/2021. (Admin.) |
| 01/14/2022 | [14](#) (15 pgs; 3 docs) Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC (Attachments: # [1](#) Exhibit A # [2](#) Proposed Order) (Harris, Kimberly) |
| 01/19/2022 | [15](#) (4 pgs) Notice of hearing filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)[14](#) Motion to intervene filed by Interested Party Lumar Land & Cattle, LLC). Hearing to be held on 2/10/2022 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for [14](#), (Shepherd, Joshua) |
| 01/27/2022 | [16](#) (8 pgs; 2 docs) Agreed Motion to continue hearing on (related documents [1](#) Complaint)*(Joint Agreed Motion for Entry of Second Amended Agreed Scheduling Order)* filed by Defendant The Dixon Water Foundation (Attachments: # [1](#) Proposed Order) (Perry, Deborah) |
| 01/28/2022 | [17](#) (5 pgs) Objection to (related document(s): [14](#) Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 02/07/2022 | [18](#) (20 pgs; 3 docs) Witness and Exhibit List filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)[14](#) Motion to intervene *and Brief in Support*). (Attachments: # [1](#) Exhibit A # [2](#) Exhibit B) (Shepherd, Joshua) |
| 02/07/2022 | [19](#) (2 pgs) Witness and Exhibit List filed by Defendant The Dixon Water Foundation (RE: related document(s)[14](#) Motion to intervene *and Brief in Support*). (Perry, Deborah) |

| | |
|---|---|
| 02/07/2022 | 20 (78 pgs; 10 docs) Witness and Exhibit List filed by Plaintiff BM318, LLC (RE: related document(s)14 Motion to intervene *and Brief in Support*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9) (Lindauer, Joyce) |
| 02/07/2022 | 21 (4 pgs; 2 docs) Motion to continue hearing on (related documents 14 Motion to intervene) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 02/08/2022 | 22 (3 pgs) Notice of hearing filed by Plaintiff BM318, LLC (RE: related document(s)21 Motion to continue filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 2/10/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 21, (Lindauer, Joyce) |
| 02/08/2022 | 23 (55 pgs; 2 docs) Response unopposed to (related document(s): 14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC) filed by Defendant The Dixon Water Foundation. (Attachments: # 1 Exhibit A) (Ong, Jay) |
| 02/09/2022 | 24 (3 pgs) Objection to (related document(s): 21 Motion to continue hearing on (related documents 14 Motion to intervene) filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) filed by Interested Party Lumar Land & Cattle, LLC. (Shepherd, Joshua) |
| 02/09/2022 | 25 (4 pgs) Reply to (related document(s): 24 Objection filed by Interested Party Lumar Land & Cattle, LLC) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 02/10/2022 | 26 (2 pgs) Notice of Appearance and Request for Notice *for Khudabuksh Walji* by Joyce W. Lindauer filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 02/10/2022 | 27 (4 pgs; 2 docs) Support/supplemental document/*Supplement to Exhibit List* filed by Plaintiff BM318, LLC (RE: related document(s)20 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit 11) (Lindauer, Joyce) |
| 02/10/2022 | 28 Hearing held on 2/10/2022. (RE: related document(s)21 Motion to continue hearing on (related documents 14 Motion to intervene) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***DENIED*** (Almaraz, Jeanette) |
| 02/10/2022 | 29 Hearing held on 2/10/2022. (RE: related document(s)14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC (Attachments: # 1 Exhibit A # 2 Proposed Order) filed by Interested Party Lumar Land & Cattle, LLC) ***GRANTED*** (Almaraz, Jeanette) |
| 02/10/2022 | 30 (1 pg) Court admitted exhibits date of hearing 02/10/2022 (RE: related document(s)14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC (Attachments: # 1 Exhibit A # 2 Proposed Order) filed by Interested Party Lumar Land & Cattle, LLC, 21 Motion to continue hearing on (related documents 14 Motion to intervene) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) |
| 02/14/2022 | 31 (2 pgs) Order denying motion to continue hearing on (related document # 21) Entered on 2/14/2022. (Chambers, Deanna) |
| 02/14/2022 | 32 (2 pgs) Order granting motion to intervene (related document # 14) Entered on 2/14/2022. (Chambers, Deanna) |
| 02/16/2022 | 33 (8 pgs; 2 docs) Intervenor complaint by Lumar Land & Cattle, LLC against BM318, LLC. (Attachments: # 1 Cover Sheet) (Harris, Kimberly) |

| | |
|---|---|
| 02/16/2022 | 34 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)32 Order granting motion to intervene (related document 14) Entered on 2/14/2022.) No. of Notices: 1. Notice Date 02/16/2022. (Admin.) |
| 02/16/2022 | 35 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)31 Order denying motion to continue hearing on (related document 21) Entered on 2/14/2022.) No. of Notices: 1. Notice Date 02/16/2022. (Admin.) |
| 02/17/2022 | 36 (2 pgs) Intervenor summons issued on BM318, LLC Date Issued 2/17/2022, Answer Due 3/21/2022 (Calfee, J.) |
| 02/17/2022 | 37 (4 pgs) Second Amended Agreed Order granting motion to continue hearing on (related document # 16) (related documents Complaint) Trial Docket Call date set for 6/23/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 2/17/2022. (Chambers, Deanna) |
| 02/19/2022 | 38 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)37 Second Amended Agreed Order granting motion to continue hearing on (related document 16) (related documents Complaint) Trial Docket Call date set for 6/23/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 2/17/2022.) No. of Notices: 1. Notice Date 02/19/2022. (Admin.) |
| 02/21/2022 | 39 (1 pg) Summons service executed on BM318, LLC 2/21/2022 (Shepherd, Joshua) |
| 03/21/2022 | 40 (24 pgs) Answer to complaint , Counterclaim by BM318, LLC against Lumar Land & Cattle, LLC filed by BM318, LLC. (Lindauer, Joyce) |
| 03/21/2022 | 41 (2 pgs) Notice (Corporate Disclosure) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC. (Harris, Kimberly) |
| 04/11/2022 | 42 (13 pgs) Intervenor's answer to complaint (Plaintiff-in-Intervention's Answer to Plaintiff's Counterclaims) |
| 04/11/2022 | 43 (3 pgs) Notice /Plaintiff's Expert Disclosures filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 04/13/2022 | 44 (10 pgs; 2 docs) Agreed Motion to continue hearing on (related documents 1 Complaint) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 04/14/2022 | 45 (4 pgs) Withdrawal - Notice of Withdrawal of Docket No. 44 filed by Defendant The Dixon Water Foundation (RE: related document(s)44 Agreed Motion to continue hearing on (related documents 1 Complaint)). (Perry, Deborah) |
| 04/14/2022 | (private) Documents terminated. WITHDRAWN per 45 (RE: related document(s)44 Agreed Motion to continue hearing on (related documents 1 Complaint) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order)) (Hartogh, Kristina) |
| 04/20/2022 | 46 (10 pgs; 2 docs) Agreed Motion to continue hearing on (related documents 1 Complaint) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 04/21/2022 | 47 (2 pgs) Notice of Appearance and Request for Notice by J. Robert Forshey filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC. (Forshey, J.) |
| 04/26/2022 | 48 (4 pgs) Third Amended Agreed Order granting motion to continue hearing on (related document # 46) (related documents Complaint) Trial Docket Call date set for 10/27/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Trial date set for 11/14/2022 & 11/15/2022 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 4/26/2022. (Chambers, Deanna) |

| | |
|---|---|
| 04/28/2022 | [49](6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)[48] Third Amended Agreed Order granting motion to continue hearing on (related document [46]) (related documents Complaint) Trial Docket Call date set for 10/27/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Trial date set for 11/14/2022 & 11/15/2022 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 4/26/2022.) No. of Notices: 3. Notice Date 04/28/2022. (Admin.) |
| 05/09/2022 | [50](45 pgs) Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. (Lindauer, Joyce) |
| 05/23/2022 | [51](4 pgs) Notice of hearing filed by Plaintiff BM318, LLC (RE: related document(s)[50] Motion for leave filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 6/15/2022 at 02:30 PM at https://us-courts.webex.com/meet/mullin for [50], (Lindauer, Joyce) |
| 05/24/2022 | [52](2 pgs) Stipulation by The Dixon Water Foundation and BM318, LLC. filed by Defendant The Dixon Water Foundation (RE: related document(s)[50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint)). (Perry, Deborah) |
| 05/31/2022 | [53](21 pgs) Objection to (related document(s): [50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint) filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC. (Harris, Kimberly) |
| 06/03/2022 | [54](48 pgs; 4 docs) Motion for leave *(to Amend its Original Complaint in Intervention for Declaratory Judgment and its Original Answer to Counterclaims)* filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (Attachments: # [1] Exhibit A # [2] Exhibit B # [3] Proposed Order) (Harris, Kimberly) |
| 06/03/2022 | [55](28 pgs) Objection to (related document(s): [50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint) filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) filed by Defendant The Dixon Water Foundation, Counter-Claimant The Dixon Water Foundation. (Vasek, Julian) |
| 06/10/2022 | [56](154 pgs; 11 docs) Witness and Exhibit List filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)[50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint)). (Attachments: # [1] Exhibit 1 # [2] Exhibit 2 # [3] Exhibit 3 # [4] Exhibit 4 # [5] Exhibit 5 # [6] Exhibit 6 # [7] Exhibit 7 # [8] Exhibit 8 # [9] Exhibit 9 # [10] Exhibit 10) (Harris, Kimberly) |
| 06/10/2022 | [57](117 pgs; 6 docs) Witness and Exhibit List filed by Defendant The Dixon Water Foundation (RE: related document(s)[50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint)). (Attachments: # [1] Exhibit A (Debtor's First Amended Plan) # [2] Exhibit B (Debtor's Second Amended Disclosure Statement) # [3] Exhibit C (First Modification to Debtor's First Amended Plan # [4] Exhibit D (Third Modification to Debtor's First Amended Plan) # [5] Exhibit E (SI Restructuring Plan of Liquidation)) (Nguyen, Thanhan) |
| 06/10/2022 | [58](259 pgs; 16 docs) Witness and Exhibit List filed by Plaintiff BM318, LLC (RE: related document(s)[50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint)). (Attachments: # [1] Exhibit 1 # [2] Exhibit 2 # [3] Exhibit 3 # [4] Exhibit 4 # [5] Exhibit 5 # [6] Exhibit 6 # [7] Exhibit 7 # [8] Exhibit 8 # [9] Exhibit 9 # [10] Exhibit 10 # [11] Exhibit 11 # [12] Exhibit 12 # [13] Exhibit 13 # [14] Exhibit 14 # [15] Exhibit 15) (Lindauer, Joyce) |
| 06/14/2022 | [59](8 pgs) Response opposed to (related document(s): [53] Objection filed by Counter-Defendant Lumar Land & Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC, [55] Objection filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 06/15/2022 | 60 Hearing held on 6/15/2022. (RE: related document(s)[50] Motion for leave *to File Amended Complaint* (related document(s) [1] Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) |

UNDER ADVISEMENT*** (Almaraz, Jeanette) (Entered: 06/16/2022)

| | |
|---|---|
| 06/15/2022 | 61 (1 pg) Court admitted exhibits date of hearing 6/15/2022 (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) (Almaraz, Jeanette) (Entered: 06/16/2022) |
| 06/16/2022 | 62 (1 pg) Request for transcript regarding a hearing held on 6/15/2022. The requested turn-around time is daily (Almaraz, Jeanette) |
| 06/21/2022 | 63 (93 pgs) Transcript regarding Hearing Held 6/15/22 RE: Motion For Leave To File Amended Complaint. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/19/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Dipti Patel/LibertyTranscripts, Telephone number 847-848-4907. (RE: related document(s) 60 Hearing held on 6/15/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) ***UNDER ADVISEMENT***). Transcript to be made available to the public on 09/19/2022. (Patel, Dipti) |
| 06/23/2022 | 64 (3 pgs) Notice of hearing filed by Plaintiff BM318, LLC (RE: related document(s)50 Motion for leave filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 6/30/2022 at 02:30 PM at https://us-courts.webex.com/meet/mullin for 50, (Lindauer, Joyce) |
| 06/27/2022 | 65 (379 pgs; 19 docs) Amended Witness and Exhibit List - *Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Amended Witness and Exhibit List in Connection With Hearing set for June 30, 2022* filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)56 List (witness/exhibit/generic)). (Attachments: # 1 Exh. 1 # 2 Exh. 2 # 3 Exh. 3 # 4 Exh. 4 # 5 Exh. 5 # 6 Exh. 6 # 7 Exh. 7 # 8 Exh. 8 # 9 Exh. 9 # 10 Exh. 10 # 11 Exh. 11 # 12 Exh. 12 # 13 Exh. 13 # 14 Exh. 14 # 15 Exh. 15 # 16 Exh. 16 # 17 Exh. 17 # 18 Exh. 18) (Forshey, J.) |
| 06/29/2022 | 66 (7 pgs) Supplemental Response opposed to (related document(s): 53 Objection filed by Counter-Defendant Lumar Land & Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC, 55 Objection filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 06/30/2022 | 69 Hearing held on 6/30/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) - UNDER ADVISEMENT - (Calfee, Jennifer) (Entered: 07/06/2022) |
| 06/30/2022 | 70 (1 pg) Court admitted exhibits date of hearing June 30, 2022 (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Calfee, Jennifer) (Entered: 07/06/2022) |
| 07/01/2022 | 67 (2 pgs) Certificate of No Objection filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)54 Motion for leave *(to Amend its Original Complaint in Intervention for Declaratory Judgment and its Original Answer to Counterclaims)*). (Shepherd, Joshua) |
| 07/05/2022 | 68 (2 pgs) Order granting motion for leave to amend (related document # 54) Entered on 7/5/2022. (Warren, Shelley) |
| 07/07/2022 | 71 (27 pgs; 2 docs) Amended Intervenor complaint by Lumar Land & Cattle, LLC against BM318, LLC, The Dixon Water Foundation. (RE: related document(s)33 Intervenor complaint by Lumar Land & Cattle, LLC against BM318, LLC. (Attachments: # 1 Cover Sheet) filed by Counter-Defendant Lumar Land & |

| | |
|---|---|
| | Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC). (Attachments: # 1 Cover Sheet)(Harris, Kimberly) |
| 07/07/2022 | 72 (13 pgs) Intervenor's answer to complaint *(Amended Answer to Plaintiff's Counterclaims)* |
| 07/07/2022 | 73 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)68 Order granting motion for leave to amend (related document 54) Entered on 7/5/2022.) No. of Notices: 0. Notice Date 07/07/2022. (Admin.) |
| 07/08/2022 | 74 (2 pgs) Intervenor summons issued on BM318, LLC Date Issued 7/8/2022, Answer Due 8/8/2022 (Calfee, Jennifer) |
| 07/08/2022 | 75 (1 pg) Summons service executed on BM318, LLC 7/8/2022 (Shepherd, Joshua) |
| 07/15/2022 | 76 (276 pgs; 2 docs) Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) (Vasek, Julian) |
| 07/15/2022 | 77 (3 pgs) Motion for expedited hearing(related documents 76 Motion to compel re: discovery) filed by Defendant The Dixon Water Foundation (Vasek, Julian) |
| 07/18/2022 | 78 Hearing to render ruling set (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Ruling to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 50, (Calfee, Jennifer) |
| 07/18/2022 | 79 (5 pgs) Objection to (related document(s): 77 Motion for expedited hearing(related documents 76 Motion to compel re: discovery) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 07/19/2022 | 80 (2 pgs) Order granting motion for expedited hearing (Related Doc77)(document set for hearing: 76 Motion to compel re: discovery) Hearing to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 76, Entered on 7/19/2022. (Chambers, Deanna) MODIFIED location to mullin on 7/20/2022 (Calfee, Jennifer). |
| 07/20/2022 | 81 (2 pgs) Notice of hearing filed by Defendant The Dixon Water Foundation (RE: related document(s)76 Motion to compel re: discovery filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation). Hearing to be held on 7/27/2022 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 76, (Vasek, Julian) |
| 07/21/2022 | 82 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)80 Order granting motion for expedited hearing (Related Doc77)(document set for hearing: 76 Motion to compel re: discovery) Hearing to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 76, Entered on 7/19/2022. (Chambers, Deanna) MODIFIED location to mullin on 7/20/2022 .) No. of Notices: 0. Notice Date 07/21/2022. (Admin.) |
| 07/22/2022 | 83 (9 pgs) Answer to complaint *Response to Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Amended Complaint in Intervention for Declaratory Judgment* filed by BM318, LLC. (Lindauer, Joyce) |
| 07/26/2022 | 84 (258 pgs; 2 docs) Witness and Exhibit List filed by Defendant The Dixon Water Foundation (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents). (Attachments: # 1 Appendix) (Vasek, Julian) |

| | |
|---|---|
| 07/26/2022 | 85 (22 pgs) Objection to (related document(s): 76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 07/26/2022 | 86 (126 pgs; 9 docs) Witness and Exhibit List filed by Plaintiff BM318, LLC (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Lindauer, Joyce) |
| 07/27/2022 | 87 Hearing held on 7/27/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***ORAL RULING - MOTION DENIED*** (Almaraz, Jeanette) |
| 07/27/2022 | 88 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/1/2022 at 01:00 PM at https://us-courts.webex.com/meet/mullin for 76, (Almaraz, Jeanette) |
| 07/27/2022 | 89 (1 pg) Request for transcript (ruling only) regarding a hearing held on 7/27/2022. The requested turn-around time is 7-day expedited (Almaraz, Jeanette) |
| 07/27/2022 | 93 (1 pg) Court admitted exhibits date of hearing 7/27/2022 (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) (Almaraz, Jeanette) (Entered: 08/02/2022) |
| 07/28/2022 | 90 (1 pg) Request for transcript regarding a hearing held on 6/30/2022. The requested turn-around time is 7-day expedited on witness testimony only (Almaraz, Jeanette) (Entered: 07/29/2022) |
| 08/01/2022 | 91 (7 pgs) Brief in support filed by Plaintiff BM318, LLC (RE: related document(s)85 Objection). (Lindauer, Joyce) |
| 08/01/2022 | 92 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix)) Hearing to be held on 8/11/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76, (Calfee, Jennifer) |
| 08/04/2022 | 94 (20 pgs) Transcript regarding Hearing Held 07/27/22 RE: Oral Ruling. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/2/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription, Telephone number Kelli Ray/833-800-5288. (RE: related document(s) 87 Hearing held on 7/27/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***ORAL RULING - MOTION DENIED***). Transcript to be made available to the public on 11/2/2022. (Ray, Kelli) |
| 08/04/2022 | 95 (1 pg) Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) Responses due by 8/11/2022. (Nunns, Tracy) |

| | |
|---|---|
| 08/06/2022 | 96 (56 pgs) Transcript regarding Hearing Held 06/30/2022 RE: Witness Testimony Only. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/4/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription & Video, LLC, Telephone number 833-800-5288. (RE: related document(s) 69 Hearing held on 6/30/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) - UNDER ADVISEMENT -). Transcript to be made available to the public on 11/4/2022. (Lawrence, Gillian) |
| 08/09/2022 | 97 (1 pg) Request for transcript regarding a hearing held on 8/1/2022. The requested turn-around time is daily (Calfee, Jennifer) |
| 08/10/2022 | 98 (80 pgs) Transcript regarding Hearing Held 08/01/22 RE: MOTION TO COMPEL (76). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/8/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Transcripts Plus, Inc., Telephone number 215-862-1115 (CourtTranscripts@aol.com). (RE: related document(s) 92 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix)) Hearing to be held on 8/11/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76,). Transcript to be made available to the public on 11/8/2022. (Hartmann, Karen) |
| 08/11/2022 | 99 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/29/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76, (Almaraz, Jeanette) |
| 08/11/2022 | 100 (5 pgs) Order denying motion for leave to File Amended Complaint ( (related document # 50) Entered on 8/11/2022. (Chambers, Deanna) |
| 08/12/2022 | 101 (1 pg) Request for transcript regarding a hearing held on 6/30/2022 - Entire Hearing. The requested turn-around time is 7-day expedited (Almaraz, Jeanette) |
| 08/13/2022 | 102 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)100 Order denying motion for leave to File Amended Complaint ( (related document 50) Entered on 8/11/2022.) No. of Notices: 1. Notice Date 08/13/2022. (Admin.) |
| 08/17/2022 | 103 (1 pg) Request for transcript regarding a hearing held on 8/11/2022. The requested turn-around time is 3-day expedited (Almaraz, Jeanette) |
| 08/19/2022 | 104 (100 pgs) Transcript regarding Hearing Held 06/30/22 RE: Motion for Leave to Amend. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/17/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription, Telephone number 8338005288. (RE: related document(s) 69 Hearing held on 6/30/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) - UNDER ADVISEMENT -). Transcript to be made available to the public on 11/17/2022. (Lawrence, Gillian) |

| | |
|---|---|
| 08/23/2022 | <u>105</u>  (3 pgs) Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)<u>100</u> Order on motion for leave). Appellant Designation due by 09/6/2022. (Lindauer, Joyce) |
| 08/23/2022 | <u>106</u>  (11 pgs; 2 docs) Motion for leave *to File Interlocutory Appeal* (related document(s) <u>100</u> Order on motion for leave) filed by Plaintiff BM318, LLC (Attachments: # <u>1</u> Proposed Order) (Lindauer, Joyce) |
| 08/23/2022 | Receipt of filing fee for Notice of appeal( <u>21-04051-mxm</u>) [appeal,ntcapl] ( 298.00). Receipt number A29767160, amount $ 298.00 (re: Doc# <u>105</u>). (U.S. Treasury) |
| 08/23/2022 | <u>107</u>  (7 pgs; 3 docs) (private) Forms (misc) (Almaraz, Jeanette) |
| 08/23/2022 | <u>108</u>  (8 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)<u>105</u> Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)<u>100</u> Order on motion for leave). Appellant Designation due by 9/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Attachments: # <u>1</u> Service List) (Almaraz, Jeanette) |
| 08/23/2022 | <u>109</u>  (2 pgs) Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>105</u> Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)<u>100</u> Order on motion for leave). Appellant Designation due by 9/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) |
| 08/23/2022 | <u>110</u>  (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 08/23/2022 | <u>111</u>  (1 pg) Notice of docketing notice of appeal. Civil Action Number: 4:22-cv-00740-O. (RE: related document(s)<u>105</u> Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)<u>100</u> Order on motion for leave). Appellant Designation due by 9/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Entered: 08/24/2022) |
| 08/25/2022 | <u>112</u>  (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 08/25/2022 | <u>113</u>  (4 pgs) BNC certificate of mailing. (RE: related document(s)<u>109</u> Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)<u>105</u> Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)<u>100</u> Order on motion for leave). Appellant Designation due by 9/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC)) No. of Notices: 1. Notice Date 08/25/2022. (Admin.) |
| 08/25/2022 | <u>114</u>  (1 pg) Notice of docketing Motion for leave to file Interlocutory Appeal. Civil Action Number: 4:22-cv-00740-O. (RE: related document(s)<u>105</u> Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)<u>100</u> Order on motion for leave). Appellant Designation due by 9/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) (Entered: 08/26/2022) |
| 08/29/2022 | 115 Hearing reset (RE: related document(s)<u>76</u> Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 9/1/2022 at 10:30 AM at https://us-courts.webex.com/meet/mullin for <u>76</u>, (Calfee, Jennifer) |
| 08/31/2022 | <u>116</u>  (1 pg) Request for transcript regarding a hearing held on 7/27/2022. The requested turn-around time is 3-day expedited (Almaraz, Jeanette) |
| 09/01/2022 | 117 Hearing NOT held on 9/1/2022 (RE: related document(s)<u>76</u> Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water |

Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) - RESOLVED - (Calfee, Jennifer).

| 09/02/2022 | 118  (63 pgs) Transcript regarding Hearing Held 07/27/22 RE: Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 12/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription, Telephone number 833-800-5288. (RE: related document(s) 87 Hearing held on 7/27/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***ORAL RULING - MOTION DENIED***, 88 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/1/2022 at 01:00 PM at https://us-courts.webex.com/meet/mullin for 76,). Transcript to be made available to the public on 12/1/2022. (Lawrence, Gillian) |
|---|---|
| 09/06/2022 | 119  (5 pgs) Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Plaintiff BM318, LLC (RE: related document(s)105 Notice of appeal). Appellee designation due by 09/20/2022. (Lindauer, Joyce) |
| 09/07/2022 | 120  (2 pgs) Certificate of service re: Designation of Record and Statement of Issues on Appeal filed by Plaintiff BM318, LLC (RE: related document(s)119 Appellant designation). (Lindauer, Joyce) |
| 09/08/2022 | 121  (57 pgs) Transcript regarding Hearing Held 8/11/22 RE: HEARING ON MOTION TO COMPEL RE: DISCOVERY FILED BY COUNTER-CLAIMANT THE DIXON WATER FOUNDATION (76). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 12/7/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Dipti Patel/Liberty Transcripts, Telephone number 847-848-4907. (RE: related document(s) 99 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/29/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76,). Transcript to be made available to the public on 12/7/2022. (Patel, Dipti) |
| 09/20/2022 | 122  (9 pgs; 2 docs) Motion to abate *Interlocutory Appeal Pending Ruling on BM318 LLCs (BM318) Motion for Leave to File Interlocutory Appeal and Brief in Support.* (related document(s)119 Appellant designation) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC, Counter-Defendant Lumar Land & Cattle, LLC (Attachments: # 1 Proposed Order) (Forshey, J.) |
| 09/20/2022 | 123  (9 pgs; 2 docs) Motion to abate *Interlocutory Appeal, or Alternatively to Extend Deadline for Dixon to Designate Additional Items to be Included in Record on Appeal* (related document(s)119 Appellant designation) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 09/20/2022 | 124  (3 pgs) Appellee designation of contents for inclusion in record of appeal *made subject to relief requested in Motion to Abate [Adv. Pro. Docket No. 123, Dist. Ct. Docket No. 7]* filed by Defendant The Dixon Water Foundation (RE: related document(s)105 Notice of appeal). (Perry, Deborah) |
| 09/26/2022 | 125  (9 pgs; 2 docs) Final order and judgment from District court Judge Reed O'Connor, re: appeal on Civil Action number:4:22-cv-00740, BM318 LLC's Motion for Leave to File Interlocutory Appeal is DENIED. Entered on 9/26/2022 (Almaraz, Jeanette) Additional attachment(s) added on 9/26/2022 (Almaraz, Jeanette). |

| | |
|---|---|
| 10/03/2022 | 126 (3 pgs) Notice of hearing*(Status Conference)* filed by Defendant The Dixon Water Foundation (RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Status Conference to be held on 10/6/2022 at 09:30 AM Ft. Worth, Judge Mullin's Ctrm.. (Perry, Deborah) |
| 10/04/2022 | 127 (3 pgs) Withdrawal filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)122 Motion to abate *Interlocutory Appeal Pending Ruling on BM318 LLCs (BM318) Motion for Leave to File Interlocutory Appeal and Brief in Support.* (related document(s)119 Appellant designation)). (Shepherd, Joshua) |
| 10/04/2022 | (private) Motions terminated. W/D 127 (RE: related document(s)122 Motion to abate *Interlocutory Appeal Pending Ruling on BM318 LLCs (BM318) Motion for Leave to File Interlocutory Appeal and Brief in Support.* (related document(s)119 Appellant designation) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC, Counter-Defendant Lumar Land & Cattle, LLC (Attachments: # 1 Proposed Order) (Forshey, J.) filed by Counter-Defendant Lumar Land & Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC) (Kerr, S.) |
| 10/05/2022 | 128 (3 pgs) Withdrawal filed by Defendant The Dixon Water Foundation (RE: related document(s)123 Motion to abate *Interlocutory Appeal, or Alternatively to Extend Deadline for Dixon to Designate Additional Items to be Included in Record on Appeal* (related document(s)119 Appellant designation)). (Perry, Deborah) |
| 10/06/2022 | 129 Hearing held on 10/6/2022. (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***STATUS CONFERENCE HELD - SCHEDULING ORDER TO BE UPLOADED WITH TRIAL DOCKET CALL DATE (3/23/23) AND DEADLINES*** (Almaraz, Jeanette) |
| 10/06/2022 | (private) Motions terminated. WITHDRAWN by Defendant #128. (RE: related document(s)123 Motion to abate *Interlocutory Appeal, or Alternatively to Extend Deadline for Dixon to Designate Additional Items to be Included in Record on Appeal* (related document(s)119 Appellant designation) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) (Hyden, Kara) |
| 10/06/2022 | 130 (3 pgs) Fourth Amended Scheduling Order (RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 3/23/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 10/6/2022 (Chambers, Deanna) |
| 10/08/2022 | 131 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)130 Fourth Amended Scheduling Order (RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 3/23/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 10/6/2022) No. of Notices: 1. Notice Date 10/08/2022. (Admin.) |
| 10/12/2022 | (private) Motion terminated per 125 Final Order and Judgment from District Court Judge Reed O'Connor. (RE: related document(s)106 Motion for leave *to File Interlocutory Appeal* (related document(s) 100 Order on motion for leave) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order)) (Nunns, Tracy) |
| 11/02/2022 | 132 (29 pgs; 2 docs) Notice *Receiver's Notice of Stay* filed by Attorney Cortney C. Thomas. (Attachments: # 1 Exhibit A - Order Appointing Receiver)(Koonce, Charlene) |
| 03/23/2023 | 133 Hearing held ***NO PARTY APPEARED-COURT WILL RESET TRIAL DOCKET CALL*** (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 |

| | |
|---|---|
| | (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Trial Docket Call date set for 4/27/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 04/18/2023 | 134  (1 pg) Notice of STATUS CONFERENCE Filed by Court(RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 4/27/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin for 1, (Calfee, Jennifer) |
| 04/20/2023 | 135  (3 pgs) BNC certificate of mailing - hearing. (RE: related document(s)134 Notice of STATUS CONFERENCE Filed by Court(RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 4/27/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin for 1,) No. of Notices: 3. Notice Date 04/20/2023. (Admin.) |
| 04/27/2023 | 136 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other).) Status Conference to be held on 6/22/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 06/22/2023 | 137 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other).) Status Conference to be held on 8/24/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 08/24/2023 | 138 Status Conference held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Status Conference to be held on 11/21/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Calfee, Jennifer) |
| 11/21/2023 | 139 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Status Conference to be held on 1/25/2024 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 01/25/2024 | 140 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other).) Status Conference to be held on 3/28/2024 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 03/28/2024 | 141 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Status Conference to be held on 9/26/2024 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 08/26/2024 | 142  (48 pgs; 3 docs) Final Agreed Judgment. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) Entered on 8/26/2024 (Chambers, Deanna) |

| | |
|---|---|
| 08/28/2024 | 143  (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)142 Final Agreed Judgment. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) Entered on 8/26/2024) No. of Notices: 3. Notice Date 08/28/2024. (Admin.) |
| 09/06/2024 | 144  (3 pgs) Notice of appeal . Fee Amount $298 filed by Interested Party, Timothy Barton (RE: related document(s)142 Judgment). Appellant Designation due by 9/20/2024. (Chambers, Deanna) Modified filer type/name on 9/6/2024 (Almaraz, Jeanette). |
| 09/06/2024 | Receipt of Adversary Direct Appeal Filing Fee - $298.00 by DC. Receipt Number 4000382. (admin) |
| 09/09/2024 | 145  (1 pg) Clerk's correspondence requesting amended notice of appeal from interested party, Timothy Barton. (RE: related document(s)144 Notice of appeal . Fee Amount $298 filed by Interested Party, Timothy Barton (RE: related document(s)142 Judgment). Appellant Designation due by 9/20/2024. (Chambers, Deanna) Modified filer type/name on 9/6/2024 . filed by Interested Party Timothy Barton) Responses due by 9/11/2024.Court Services review on 9/12/2024. (Almaraz, Jeanette) |
| 09/09/2024 | 146  (2 pgs; 2 docs) Certificate of service re: Clerk's Correspondence requesting amended notice of appeal (RE: related document(s)145 Clerk's correspondence). (Attachments: # 1 Clerk's correspondence) (Almaraz, Jeanette) |
| 09/09/2024 | (private) Clerk Entry: Called appellant re: email sent re: clerks correspondence to amend notice of appeal. No response, left voicemail. (Almaraz, Jeanette) (Entered: 09/10/2024) |
| 09/10/2024 | 147  (52 pgs) Amended notice of appeal filed by Interested Party Timothy Barton (RE: related document(s) 144 Notice of appeal). (Nunns, Tracy) |
| 09/10/2024 | 148  (7 pgs; 3 docs) (private) Forms (misc) (Almaraz, Jeanette) |
| 09/10/2024 | 149  (56 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)147 Amended notice of appeal filed by Interested Party Timothy Barton (RE: related document(s) 144 Notice of appeal). filed by Interested Party Timothy Barton) (Attachments: # 1 Service List) (Almaraz, Jeanette) |
| 09/11/2024 | 150  (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 09/11/2024 | 151  (2 pgs) Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)144 Notice of appeal) (Almaraz, Jeanette) |

# U.S. Bankruptcy Court
## Northern District of Texas (Ft. Worth)
## Bankruptcy Petition #: 20-42789-mxm11
### Internal Use Only

|  |  |
|---|---|
| *Assigned to:* Mark X. Mullin | *Date filed:* 09/01/2020 |
| Chapter 11 | *Date Plan Confirmed:* 08/02/2021 |
| Voluntary | *Plan confirmed:* 08/02/2021 |
| Asset | *341 meeting:* 10/02/2020 |
|  | *Deadline for filing claims:* 12/31/2020 |
|  | *Deadline for filing claims (govt.):* 03/31/2021 |

| | |
|---|---|
| ***Debtor*** | represented by **Joyce W. Lindauer** |
| **BM318, LLC** | Joyce W. Lindauer Attorney, PLLC |
| 13901 Midway Road | 1412 Main Street |
| Suite 102 | Suite 500 |
| Dallas, TX 75244 | Dallas, TX 75202 |
| PARKER-TX | (972) 503-4033 |
| Tax ID / EIN: 85-0835862 | Fax : (972) 503-4034 |
| | Email: joyce@joycelindauer.com |
| | |
| ***U.S. Trustee*** | represented by **Elizabeth Ziegler Young** |
| **United States Trustee** | U.S. Trustee Office |
| 1100 Commerce Street | 1100 Commerce Street, Room 976 |
| Room 976 | Dallas, TX 75242 |
| Dallas, TX 75202 | (214) 767-8967 |
| 214-767-8967 | Fax : (214) 767-8971 |
| | Email: elizabeth.a.young@usdoj.gov |

| Filing Date | Docket Text |
|---|---|
| 09/01/2020 | 1  (5 pgs) Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC (Lindauer, Joyce) |
| 09/01/2020 | Receipt of filing fee for Voluntary petition (chapter 11)(20-42789-11) [misc,volp11a] (1717.00). Receipt number 28063279, amount $1717.00 (re: Doc# 1). (U.S. Treasury) |
| 09/01/2020 | 2  (2 pgs) Notice of Appearance and Request for Notice by Robert W. Buchholz filed by Creditor Southern Star Capital, LLC. (Buchholz, Robert) |
| 09/01/2020 | 3  (2 pgs) Notice of deficiency. Schedule A/B due 9/15/2020. Schedule D due 9/15/2020. Schedule E/F due 9/15/2020. Schedule G due 9/15/2020. Schedule H due 9/15/2020. Declaration Under Penalty of Perjury for Non-individual Debtors due 9/15/2020. Summary of Assets and Liabilities and Certain Statistical Information due 9/15/2020. Statement of Financial Affairs due 9/15/2020. Creditor matrix due 9/3/2020. 20 Largest Unsecured Creditors due 9/3/2020. (Dugan, S.) |
| 09/02/2020 | 4  (1 pg) Notice of Appearance and Request for Notice by Laurie A. Spindler filed by Creditor Parker CAD. (Spindler, Laurie) |

| | |
|---|---|
| 09/02/2020 | 5 (3 pgs; 2 docs) INCORRECT ENTRY: WRONG EVENT USED. Motion to extend time to File Creditor Matrix and List of Twenty Largest Unsecured Creditors Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) MODIFIED on 10/20/2020 (Whitaker, Sherri). |
| 09/03/2020 | 6 (3 pgs) BNC certificate of mailing. (RE: related document(s)3 Notice of deficiency. Schedule A/B due 9/15/2020. Schedule D due 9/15/2020. Schedule E/F due 9/15/2020. Schedule G due 9/15/2020. Schedule H due 9/15/2020. Declaration Under Penalty of Perjury for Non-individual Debtors due 9/15/2020. Summary of Assets and Liabilities and Certain Statistical Information due 9/15/2020. Statement of Financial Affairs due 9/15/2020. Creditor matrix due 9/3/2020. 20 Largest Unsecured Creditors due 9/3/2020. (Dugan, S.)) No. of Notices: 1. Notice Date 09/03/2020. (Admin.) |
| 09/04/2020 | 7 (3 pgs) Creditor matrix . Filed by Debtor BM318, LLC (RE: related document(s)3 Notice of deficiency). (Lindauer, Joyce) |
| 09/04/2020 | 8 (3 pgs) Meeting of creditors 341(a) meeting to be held on 10/2/2020 at 10:30 AM by TELEPHONE. Proofs of Claims due by 12/31/2020. Government Proof of Claim due by 3/31/2021. (Neary, William) |
| 09/04/2020 | 9 (2 pgs) Chapter 11 or Chapter 9 Cases Non- Individual List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders . Filed by Debtor BM318, LLC (RE: related document(s)3 Notice of deficiency). (Lindauer, Joyce) |
| 09/10/2020 | 10 (1 pg) (private) Declaration for electronic filing of Petition and Matrix filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 09/11/2020 | 11 (3 pgs) Certificate of service re: Meeting of Creditors filed by Debtor BM318, LLC (RE: related document(s)8 Meeting of creditors Chapter 11). (Lindauer, Joyce) |
| 09/11/2020 | 12 (4 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)8 Meeting of creditors 341(a) meeting to be held on 10/2/2020 at 10:30 AM by TELEPHONE. Proofs of Claims due by 12/31/2020. Government Proof of Claim due by 3/31/2021.) No. of Notices: 1. Notice Date 09/11/2020. (Admin.) |
| 09/15/2020 | 13 (4 pgs; 2 docs) Motion to extend time to file schedules or new case deficiencies, excluding matrix Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 09/16/2020 | 14 (3 pgs) Certificate of Conference - Amended filed by Debtor BM318, LLC (RE: related document(s)13 Motion to extend time to file schedules or new case deficiencies, excluding matrix). (Lindauer, Joyce) |
| 09/17/2020 | 15 (21 pgs; 2 docs) Application to employ Joyce W. Lindauer Attorney, PLLC as Attorney Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 09/18/2020 | 16 (1 pg) Order granting 13 Motion to extend time. (Re: related document(s) 3 Notice of deficiency) Schedule A/B due 9/22/2020 for 3, Schedule D due 9/22/2020 for 3, Schedule E/F due 9/22/2020 for 3, Schedule G due 9/22/2020 for 3, Schedule H due 9/22/2020 for 3, Statement of Financial Affairs due 9/22/2020 for 3, Summary of Assets and Liabilities and Certain Statistical Information due 9/22/2020 for 3, Declaration Under Penalty of Perjury for Non-individual Debtors due 9/22/2020 for 3, Entered on 9/18/2020. (Chambers, Deanna) |
| 09/21/2020 | 17 (30 pgs; 6 docs) Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit) (Buchholz, Robert) |

| | |
|---|---|
| 09/21/2020 | [18](#) (2 pgs) Notice of hearing filed by Creditor Southern Star Capital, LLC (RE: related document(s)[17](#) Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit)). Preliminary hearing to be held on 10/8/2020 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Buchholz, Robert) |
| 09/21/2020 | Receipt of filing fee for Motion for relief from stay(20-42789-mxm11) [motion,mrlfsty] ( 181.00). Receipt number 28117026, amount $ 181.00 (re: Doc# [17](#)). (U.S. Treasury) |
| 09/21/2020 | [19](#) (2 pgs) Amended Notice of hearing filed by Creditor Southern Star Capital, LLC (RE: related document(s)[17](#) Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit)). Preliminary hearing to be held on 10/8/2020 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Buchholz, Robert) |
| 09/22/2020 | [20](#) (18 pgs) Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC (RE: related document(s)[3](#) Notice of deficiency). (Lindauer, Joyce) |
| 09/22/2020 | [21](#) (7 pgs) Statement of financial affairs for a non-individual . Filed by Debtor BM318, LLC (RE: related document(s)[3](#) Notice of deficiency). (Lindauer, Joyce) |
| 09/22/2020 | [22](#) (1 pg) (private) Declaration for electronic filing of *Schedules and Statement of Financial Affairs* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 09/24/2020 | [23](#) (2 pgs) Notice of Appearance and Request for Notice by Scott A. Ritcheson filed by Creditor Citizens Bank. (Ritcheson, Scott) |
| 10/02/2020 | Trustee's initial report of meeting of creditors held on 10/2/2020 (RE: related document(s)[8](#) Meeting of creditors Chapter 11) (Young, Elizabeth) |
| 10/02/2020 | [24](#) (7 pgs) Objection to (related document(s): [17](#) Motion for relief from stay Fee amount $181, filed by Creditor Southern Star Capital, LLC) filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 10/05/2020 | [25](#) (2 pgs) Notice of hearing filed by Creditor Citizens Bank (RE: related document(s)[17](#) Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit)). Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for [17](#), (Buchholz, Robert) |
| 10/08/2020 | [26](#) (2 pgs) Disclosure of compensation of attorney for debtor . Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 10/09/2020 | [27](#) (2 pgs) Certificate of No Objection filed by Debtor BM318, LLC (RE: related document(s)[15](#) Application to employ Joyce W. Lindauer Attorney, PLLC as Attorney ). (Lindauer, Joyce) |
| 10/13/2020 | [28](#) (2 pgs) Order granting application to employ Joyce Lindauer as Attorney (related document # [15](#)) Entered on 10/13/2020. (Chambers, Deanna) |
| 10/21/2020 | [29](#) (10 pgs) Debtor-in-possession monthly operating report for filing period September 1, 2020 to September 30, 2020 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/02/2020 | [30](#) (30 pgs; 6 docs) Amended Motion for relief from stay (related document: [17](#)) Filed by Creditor Southern Star Capital, LLC (Attachments: # [1](#) Exhibit 1. Legal Description # [2](#) Exhibit 2. Promissory Note |

| | # 2 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit of Al Keller) (Buchholz, Robert) |
|---|---|
| 11/02/2020 | 31 (2 pgs) Amended Notice of hearing filed by Creditor Southern Star Capital, LLC (RE: related document(s)17 Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit), 30 Amended Motion for relief from stay (related document: 17) Filed by Creditor Southern Star Capital, LLC (Attachments: # 1 Exhibit 1. Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit of Al Keller)). Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 30 and for 17, (Buchholz, Robert) |
| 11/04/2020 | 32 (7 pgs) Objection to (related document(s): 30 Amended Motion for relief from stay (related document: 17) filed by Creditor Southern Star Capital, LLC) filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/10/2020 | 33 (1 pg) Notice of Telephone/Video information for November 16, 2020 at 1:30 PM (RE: related document(s)30 Motion for relief from stay filed by Creditor Southern Star Capital, LLC). (Calfee, J.) |
| 11/10/2020 | 34 (89 pgs; 12 docs) Witness and Exhibit List filed by Creditor Southern Star Capital, LLC (RE: related document(s)30 Amended Motion for relief from stay (related document: 17)). (Attachments: # 1 Exhibit 1. # 2 Exhibit 2. # 3 Exhibit 3. # 4 Exhibit 4. # 5 Exhibit 5. # 6 Exhibit 6. # 7 Exhibit 7. # 8 Exhibit 8. # 9 Exhibit 9. # 10 Exhibit 10. # 11 Exhibit 11.) (Buchholz, Robert) |
| 11/11/2020 | 35 (157 pgs; 9 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)30 Amended Motion for relief from stay (related document: 17)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Lindauer, Joyce) |
| 11/13/2020 | 36 (16 pgs) Chapter 11 plan filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/13/2020 | 37 (54 pgs) Disclosure statement filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/16/2020 | 38 (1 pg) Court admitted exhibits date of hearing 11/16/2020 (RE: related document(s)30 Amended Motion for relief from stay (related document: 17) Filed by Creditor Southern Star Capital, LLC (Attachments: # 1 Exhibit 1. Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit of Al Keller)) (Calfee, J.) (Entered: 11/19/2020) |
| 11/19/2020 | 39 (16 pgs) Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan). (Lindauer, Joyce) |
| 11/19/2020 | 40 (54 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement). (Lindauer, Joyce) |
| 11/23/2020 | 41 (11 pgs) Debtor-in-possession monthly operating report for filing period October 1, 2020 to October 31, 2020 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/24/2020 | 42 (2 pgs) Order Setting hearing (RE: related document(s)40 Disclosure statement filed by Debtor BM318, LLC). Hearing to be held on 12/29/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 40, Entered on 11/24/2020 (Chambers, Deanna) |
| 11/25/2020 | 43 (1 pg) Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)40 Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement).). Hearing to be held on 12/29/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 40, (Lindauer, Joyce) |

| | |
|---|---|
| 12/01/2020 | 44 (2 pgs) Order conditioning motion for relief from stay by Creditor Southern Star Capital, LLC (related document # 30) Entered on 12/1/2020. (Chambers, Deanna) |
| 12/03/2020 | 45 (3 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan, 40 Disclosure statement, 42 Order to set hearing, 43 Notice of hearing). (Lindauer, Joyce) |
| 12/03/2020 | 46 (2 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)43 Notice of hearing). (Lindauer, Joyce) |
| 12/22/2020 | 47 (10 pgs) INCORRECT ENTRY: Missing case number. Debtor-in-possession monthly operating report for filing period to filed by Debtor BM318, LLC. (Lindauer, Joyce) MODIFIED on 12/22/2020 (Munoz, Kristina). |
| 12/22/2020 | 48 (11 pgs) Objection to disclosure statement (RE: related document(s)40 Disclosure statement) filed by Creditor Southern Star Capital, LLC. (Buchholz, Robert) |
| 12/22/2020 | 49 (10 pgs) Debtor-in-possession monthly operating report for filing period to filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 12/23/2020 | 50 (147 pgs; 16 docs) Witness and Exhibit List filed by Creditor Southern Star Capital, LLC (RE: related document(s)40 Disclosure statement). (Attachments: # 1 Exhibit No. 1 # 2 Exhibit No. 2 # 3 Exhibit No. 3 # 4 Exhibit No. 4 # 5 Exhibit No. 5 # 6 Exhibit No. 6 # 7 Exhibit No. 7 # 8 Exhibit No. 8 # 9 Exhibit No. 9 # 10 Exhibit No. 10 # 11 Exhibit No. 11 # 12 Exhibit No. 12 # 13 Exhibit No. 13 # 14 Exhibit No. 14 # 15 Exhibit No. 15) (Buchholz, Robert) |
| 12/23/2020 | 51 (108 pgs; 8 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)40 Disclosure statement). (Attachments: # 1 Exhibit A-Docket Sheet # 2 Exhibit B-First Amended Plan # 3 Exhibit C-First Amended Disclosure Statement # 4 Exhibit D-Schedules # 5 Exhibit E- Statement of Financial Affairs # 6 Exhibit F-Claims Register # 7 Exhibit G-Order Conditioning the Stay) (Lindauer, Joyce) |
| 12/28/2020 | 52 (5 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)40 Disclosure statement). (Lindauer, Joyce) |
| 12/29/2020 | 53 Hearing held on 12/29/2020 (RE: related document(s) 40 Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement). Filed by Debtor BM318, LLC) ***ORDER TO BE UPLOADED*** (Rueter, Karyn) |
| 01/04/2021 | 54 (9 pgs) Amended Schedules: A/B, G, (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 01/04/2021 | 55 (8 pgs) Statement of financial affairs for a non-individual -*AMENDED*. Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 01/04/2021 | 56 (67 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement). (Lindauer, Joyce) |
| 01/05/2021 | 57 (2 pgs) Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)36 Chapter 11 plan filed by Debtor BM318, LLC). Confirmation hearing to be held on 2/10/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. Last day to Object to Confirmation 2/3/2021. Ballots due 2/5/2021. Entered on 1/5/2021 (Chambers, Deanna) |
| 01/08/2021 | 58 (1 pg) Notice of hearing/*Notice of Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC |

| | (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 2/10/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. (Lindauer, Joyce) |
|---|---|
| 01/08/2021 | 59 (3 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan, 56 Disclosure statement, 57 Order approving disclosure statement, 58 Notice of hearing). (Lindauer, Joyce) |
| 01/20/2021 | 60 (11 pgs) Debtor-in-possession monthly operating report for filing period December 1, 2020 to December 31, 2020 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/01/2021 | 61 (1 pg) Notice of WebEx Instructions for February 10th at 1:30 pm(RE: related document(s)58 Notice of hearing*Notice of Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 2/10/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm..). (Calfee, J.) |
| 02/01/2021 | 62 (4 pgs; 2 docs) Motion to continue hearing on (related documents 39 Chapter 11 plan) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 02/03/2021 | 63 (1 pg) Order granting motion to continue hearing on (related document # 62) (related documents Chapter 11 plan) Confirmation hearing to be held on 3/18/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 2/3/2021. (Chambers, Deanna) |
| 02/03/2021 | 64 (4 pgs) Objection to confirmation of plan (RE: related document(s)39 Chapter 11 plan) filed by Creditor Parker CAD. (Spindler, Laurie) |
| 02/22/2021 | 65 (11 pgs) Debtor-in-possession monthly operating report for filing period 1/1/21 to 1/31/21 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/28/2021 | 66 (3 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)63 Order on motion to continue hearing). (Lindauer, Joyce) |
| 03/11/2021 | 67 (4 pgs) Notice of hearing*Notice of Rescheduled Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 4/14/2021 at 09:30 AM at https://us-courts.webex.com/meet/mullin. (Lindauer, Joyce) |
| 03/12/2021 | 68 (4 pgs) Objection to confirmation of plan (RE: related document(s)39 Chapter 11 plan) filed by Creditor Parker CAD. (Spindler, Laurie) |
| 03/23/2021 | 69 (6 pgs) Debtor-in-possession monthly operating report for filing period February 1, 2021 to February 28, 2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 04/06/2021 | 70 (25 pgs; 2 docs) Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, Filed by Debtor BM318, LLC Objections due by 4/27/2021. (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 04/06/2021 | Receipt of filing fee for Motion to Sell(20-42789-mxm11) [motion,msell] ( 188.00). Receipt number 28618662, amount $ 188.00 (re: Doc# 70). (U.S. Treasury) |
| 04/06/2021 | 71 (3 pgs) Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)70 Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, Filed by Debtor BM318, LLC Objections due by 4/27/2021. (Attachments: # 1 Proposed Order)). Hearing to be held on 4/29/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 70, (Lindauer, Joyce) |

| | |
|---|---|
| 04/06/2021 | <u>72</u> (4 pgs) Amended Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)<u>70</u> Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, Filed by Debtor BM318, LLC Objections due by 4/27/2021. (Attachments: # 1 Proposed Order)). Hearing to be held on 4/29/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for <u>70</u>, (Lindauer, Joyce) |
| 04/12/2021 | <u>73</u> (2 pgs) Notice of hearing/*Notice of Rescheduled Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)<u>39</u> Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)<u>36</u> Chapter 11 plan).). Confirmation hearing to be held on 5/12/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin. (Lindauer, Joyce) |
| 04/22/2021 | <u>74</u> (11 pgs; 2 docs) Objection to (related document(s): <u>70</u> Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, filed by Debtor BM318, LLC) filed by Debtor Citizens Bank (Attachments: # <u>1</u> Mail Matrix) (Ritcheson, Scott) MODIFIED to correct filed by party on 4/27/2021 (Calfee, J.). |
| 04/26/2021 | <u>75</u> (66 pgs; 4 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)<u>70</u> Motion to sell property free and clear of liens under Section 363(f) Fee amount $188,). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3) (Lindauer, Joyce) |
| 04/27/2021 | <u>76</u> (4 pgs) Objection to (related document(s): <u>70</u> Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, filed by Debtor BM318, LLC) filed by Creditor Parker CAD. (Spindler, Laurie) |
| 04/28/2021 | <u>77</u> (8 pgs) Debtor-in-possession monthly operating report for filing period March 1, 2021 to March 31, 2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 04/29/2021 | <u>78</u> (10 pgs) Agreed Order granting motion to sell (related document # <u>70</u>) Entered on 4/29/2021. (Chambers, Deanna) |
| 05/05/2021 | <u>79</u> (6 pgs) Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)<u>39</u> Chapter 11 plan). (Lindauer, Joyce) |
| 05/05/2021 | <u>80</u> (7 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)<u>56</u> Disclosure statement). (Lindauer, Joyce) |
| 05/07/2021 | <u>81</u> (178 pgs; 8 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)<u>39</u> Chapter 11 plan). (Attachments: # <u>1</u> Exhibit 1 # <u>2</u> Exhibit 2 # <u>3</u> Exhibit 3 # <u>4</u> Exhibit 4 # <u>5</u> Exhibit 5 # <u>6</u> Exhibit 6 # <u>7</u> Exhibit 7) (Lindauer, Joyce) |
| 05/10/2021 | <u>82</u> (16 pgs) Amended Schedules: A/B, with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/10/2021 | <u>83</u> (7 pgs) Amended Schedules: E/F, with Summary of Assets and Liabilities (Adding additional creditor or creditors) fee Amount $32 (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/10/2021 | <u>84</u> (1 pg) (private) Declaration for electronic filing *of Amended Schedules A/B and E/F* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/10/2021 | Receipt of filing fee for Schedules(20-42789-mxm11) [misc,schedall] ( 32.00). Receipt number 28700422, amount $ 32.00 (re: Doc# <u>83</u>). (U.S. Treasury) |
| 05/10/2021 | <u>85</u> (4 pgs) Notice *of Comment Regarding Confirmation of Amended Plan* filed by Creditor Citizens Bank (RE: related document(s)<u>39</u> Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related |

| | document(s)36 Chapter 11 plan)., 79 Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan).). (Ritcheson, Scott) |
|---|---|
| 05/11/2021 | 86  (2 pgs) Witness and Exhibit List filed by Interested Party Dixon Water Foundation (RE: related document(s)39 Chapter 11 plan, 79 Chapter 11 plan). (Perry, Deborah) |
| 05/11/2021 | 87  (6 pgs) Objection to confirmation of plan (RE: related document(s)39 Chapter 11 plan, 79 Chapter 11 plan) filed by Interested Party Dixon Water Foundation. (Perry, Deborah) |
| 05/11/2021 | 88  (2 pgs) Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan). (Lindauer, Joyce) |
| 05/11/2021 | 89  (3 pgs) Chapter 11 ballot summary filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 90  (3 pgs) Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation (Perry, Deborah) |
| 05/12/2021 | 91  (3 pgs) Motion for expedited hearing(related documents 90 Motion to continue) Filed by Interested Party Dixon Water Foundation (Perry, Deborah) |
| 05/12/2021 | 92 Hearing set - expedited request granted (RE: related document(s)90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation) Hearing to be held on 5/12/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 90, (Calfee, J.) |
| 05/12/2021 | 93  (9 pgs) Amended Schedules: A/B, with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 94  (4 pgs) Objection to (related document(s): 90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) filed by Interested Party Dixon Water Foundation) filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 95  (2 pgs) Notice of hearing filed by Interested Party Dixon Water Foundation (RE: related document(s)90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation). Hearing to be held on 5/12/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 90, (Perry, Deborah) |
| 05/12/2021 | 96  (1 pg) (private) Declaration for electronic filing *of Amended Schedules A/B* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 97 Hearing held on 5/12/2021. (RE: related document(s)90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation) ***GRANTED*** (Rueter, Karyn) |
| 05/12/2021 | 98 Hearing reset (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).) Confirmation hearing to be held on 5/26/2021 at 09:30 AM at https://us-courts.webex.com/meet/mullin. (Rueter, Karyn) |
| 05/25/2021 | 99  (2 pgs) Withdrawal *of Second Modification to Debtor's First Amended Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)88 Chapter 11 plan). (Lindauer, Joyce) |
| 05/25/2021 | 100  (4 pgs) Third Modified to debtor's first amended chapter 11 plan of reorganization filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan). (Lindauer, Joyce) Modified on 5/25/2021 (Cumby, C). |

| | |
|---|---|
| 05/25/2021 | (private) Documents terminated per withdrawal document number 99. (RE: related document(s)88 Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan).) (Cumby, C) |
| 05/26/2021 | 101 Hearing held on 5/26/2021. (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).) ***CONFIRMED*** (Rueter, Karyn) |
| 05/26/2021 | 102  (1 pg) Court admitted exhibits date of hearing 5/26/2021 (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).) (Rueter, Karyn) |
| 05/28/2021 | 103  (8 pgs) Debtor-in-possession monthly operating report for filing period April 1, 2021 to April 30, 2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 06/21/2021 | 104  (8 pgs) Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 07/30/2021 | 105  (4 pgs) Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 08/02/2021 | 106  (3 pgs) Order confirming chapter 11 plan (RE: related document(s)36 Chapter 11 plan filed by Debtor BM318, LLC, 100 Chapter 11 plan filed by Debtor BM318, LLC). Entered on 8/2/2021 (Chambers, Deanna) |
| 08/04/2021 | 107  (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)106 Order confirming chapter 11 plan (RE: related document(s)36 Chapter 11 plan filed by Debtor BM318, LLC, 100 Chapter 11 plan filed by Debtor BM318, LLC). Entered on 8/2/2021) No. of Notices: 1. Notice Date 08/04/2021. (Admin.) |
| 08/10/2021 | 108  (9 pgs) Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). (Lindauer, Joyce) |
| 11/19/2021 | 109  (3 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 09/30/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 01/18/2022 | 110  (20 pgs; 2 docs) Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 01/18/2022 | 111  (4 pgs) Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order)). Hearing to be held on 2/24/2022 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 110, (Lindauer, Joyce) |
| 01/27/2022 | 112  (10 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 12/31/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/04/2022 | 113  (10 pgs) Objection to (related document(s): 110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. filed by Debtor BM318, LLC) filed by U.S. Trustee United States Trustee. (Young, Elizabeth) |
| 02/07/2022 | 114  (6 pgs; 2 docs) Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed |

Order) (Lindauer, Joyce)

| | |
|---|---|
| 02/07/2022 | 115 (4 pgs; 2 docs) Motion for expedited hearing(related documents 114 Motion to extend/shorten time) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 02/09/2022 | 116 (2 pgs) Order granting motion for expedited hearing (Related Doc# 115)(document set for hearing: 114 Motion to extend/shorten time) Hearing to be held on 2/24/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 114, Entered on 2/9/2022. (Chambers, Deanna) |
| 02/10/2022 | 117 (3 pgs) Notice of Appearance and Request for Notice *for Khudabuksh Walji* by Joyce W. Lindauer filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/10/2022 | 118 (4 pgs) Support/supplemental document*Supplement to the United States Trustees Objection to First and Final Application to Approve Payment of Fees and Expenses to Debtors Counsel* filed by U.S. Trustee United States Trustee (RE: related document(s)113 Objection). (Young, Elizabeth) |
| 02/16/2022 | 119 (7 pgs) Objection to (related document(s): 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) filed by Debtor BM318, LLC) filed by U.S. Trustee United States Trustee. (Young, Elizabeth) |
| 02/16/2022 | 120 (15 pgs) Support/supplemental document*Revised Exhibit "A" to First and Final Application to Approve Payment of Fees and Expenses of Debtor's Counsel* filed by Debtor BM318, LLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16.). (Lindauer, Joyce) |
| 02/18/2022 | 121 (121 pgs; 14 docs) Witness and Exhibit List filed by U.S. Trustee United States Trustee (RE: related document(s)113 Objection, 119 Objection). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M) (Young, Elizabeth) |
| 02/18/2022 | 122 (5 pgs) Response opposed to (related document(s): 119 Objection filed by U.S. Trustee United States Trustee) filed by Attorney Joyce Lindauer. (Lindauer, Joyce) |
| 02/18/2022 | 123 (25 pgs) Response opposed to (related document(s): 113 Objection filed by U.S. Trustee United States Trustee) filed by Attorney Joyce Lindauer. (Lindauer, Joyce) |
| 02/21/2022 | 124 (5 pgs) Notice of Appearance and Request for Notice by Frances Anne Smith filed by Interested Party Joyce W. Lindauer Attorney, PLLC. (Smith, Frances) |
| 02/21/2022 | 125 (171 pgs; 19 docs) Witness and Exhibit List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16.). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18) (Smith, Frances) |
| 02/21/2022 | 126 (3 pgs) Amended Witness List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)125 List (witness/exhibit/generic)). (Smith, Frances) |
| 02/22/2022 | 127 (5 pgs; 2 docs) Notice of hearing filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order), 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order)). Hearing to be held on 3/31/2022 at 02:30 PM at |

https://us.courts.wcex.com/meet-mullin-for _109_ and for _114_, (Attachments: # _1_ Exhibit A)(Smith, Frances)

| | |
|---|---|
| 03/28/2022 | _128_  (165 pgs; 18 docs) Witness and Exhibit List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)_110_ Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16., _114_ Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)_110_ Application for compensation)). (Attachments: # _1_ Exhibit 1 - Docket Sheet # _2_ Exhibit 3 - Disclosure of Compensation # _3_ Exhibit 4 - Order Granting Application to Employ # _4_ Exhibit 5 - First Amended Plan # _5_ Exhibit 6 - Order Confirming First Amended Plan # _6_ Exhibit 7 - Fee Application # _7_ Exhibit 8 - UST Objection to Fee Application # _8_ Exhibit 9 - Motion to Extend Time to File Fee Application # _9_ Exhibit 10 - Supplement to Objection to Fee Application # _10_ Exhibit 11 - Objection to Motion to Extend Deadline # _11_ Exhibit 12 - Revised Exhibit A to Fee Application # _12_ Exhibit 13 - Response to Objection to Motion to Extend Deadline # _13_ Exhibit 14 - Response to Objection to Fee Application # _14_ Exhibit 15 - Joyce W. Lindauer Attorney PLLC Website # _15_ Exhibit 16 - Geilich Fees all Chapter 11 Cases # _16_ Exhibit 17 - Geilich State Bar Bio # _17_ Exhibit 2 - Application to Employ) (Smith, Frances) |
| 03/30/2022 | _129_  (2 pgs) Amended Witness List *amending Witness List only to add Timothy Barton* filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)_128_ List (witness/exhibit/generic)). (Smith, Frances) |
| 03/31/2022 | _130_  (27 pgs; 3 docs) Notice *of Filing of Amended Exhibits for Hearing Scheduled for March 31, 2022* filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)_128_ Witness and Exhibit List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)_110_ Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16., _114_ Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)_110_ Application for compensation). (Attachments: # 1 Exhibit 1 - Docket Sheet # 2 Exhibit 3 - Disclosure of Compensation # 3 Exhibit 4 - Order Granting Application to Employ # 4 Exhibit 5 - First Amended Plan # 5 Exhibit 6 - Order Confirming First Amended Plan # 6 Exhibit 7 - Fee Application # 7 Exhibit 8 - UST Objection to Fee Application # 8 Exhibit 9 - Motion to Extend Time to File Fee Application # 9 Exhibit 10 - Supplement to Objection to Fee Application # 10 Exhibit 11 - Objection to Motion to Extend Deadline # 11 Exhibit 12 - Revised Exhibit A to Fee Application # 12 Exhibit 13 - Response to Objection to Motion to Extend Deadline # 13 Exhibit 14 - Response to Objection to Fee Application # 14 Exhibit 15 - Joyce W. Lindauer Attorney PLLC Website # 15 Exhibit 16 - Geilich Fees all Chapter 11 Cases # 16 Exhibit 17 - Geilich State Bar Bio # 17 Exhibit 2 - Application to Employ)). (Attachments: # _1_ Amended Exhibit 5 # _2_ Amended Exhibit 16) (Smith, Frances) |
| 03/31/2022 | 131 Hearing held on 3/31/2022. (RE: related document(s)_114_ Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)_110_ Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order)) ***GRANTED*** (Almaraz, Jeanette) (Entered: 04/01/2022) |
| 03/31/2022 | 132 Hearing held on 3/31/2022. (RE: related document(s)_110_ Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order)) ***GRANTED IN PART, DENIED IN PART*** (Almaraz, Jeanette) (Entered: 04/01/2022) |
| 03/31/2022 | _133_  (1 pg) Court admitted exhibits date of hearing 3/31/2022 (RE: related document(s)_110_ Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order), _114_ Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)_110_ Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order)) (Almaraz, Jeanette) (Entered: 04/01/2022) |
| 04/05/2022 | _134_  (2 pgs) Order granting _114_ Motion to extend time for Debtor's Counsel to file Fee Application to January 18, 2022. Entered on 4/5/2022. (Chambers, Deanna) |

| | |
|---|---|
| 04/05/2022 | [135](#) (2 pgs) Order granting in part, denying in part application for compensation (related document # [110](#)) granting in part, denying in part for Joyce W. Lindauer, fees awarded: $31869.25, expenses awarded: $2457.16 Entered on 4/5/2022. (Chambers, Deanna) |
| 05/03/2022 | [136](#) (3 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/2022 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/31/2022 | [137](#) (10 pgs) Amended Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/2022 filed by Debtor BM318, LLC (RE: related document(s)[136](#) Chapter 11 Post-Confirmation Report). (Lindauer, Joyce) |
| 08/01/2022 | [138](#) (10 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 06/30/2022 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 08/24/2022 | (private) Flags set: ADVAPL (Almaraz, Jeanette) |
| 09/26/2022 | (private) Flags cleared: ADVAPL (Almaraz, Jeanette) |
| 10/21/2022 | [139](#) (28 pgs; 2 docs) Notice *of Receiver's Notice of Stay* filed by Attorney Cortney C Thomas. (Attachments: # [1](#) Exhibit A) (Koonce, Charlene) |
| 01/27/2023 | [140](#) (2 pgs) Notice of firm name change from Ross & Smith, PC to Ross, Smith & Binford, PC. (Smith, Frances) |
| 03/10/2023 | [141](#) (1 pg) Notice of Appearance and Request for Notice by John Kendrick Turner filed by Creditor Parker CAD. (Turner, John) |
| 07/09/2023 | (private) No Docket Activity Within the Last 120 Days (admin) |
| 08/28/2023 | [142](#) (1 pg) Clerk's correspondence requesting Case Status from attorney for debtor. (RE: related document(s)[1](#) Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC, [139](#) Notice *of Receiver's Notice of Stay* filed by Attorney Cortney C Thomas. (Attachments: # 1 Exhibit A)) Responses due by 9/7/2023. (Nunns, Tracy) |
| 10/12/2023 | [143](#) (1 pg) Second Clerk's correspondence requesting case status from attorney for debtor. (RE: related document(s)[1](#) Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC, [139](#) Notice of Receiver's Notice of Stay) Responses due by 10/19/2023. (Nunns, Tracy). |
| 10/14/2023 | [144](#) (3 pgs) BNC certificate of mailing. (RE: related document(s)[143](#) Second Clerk's correspondence requesting case status from attorney for debtor. (RE: related document(s)[1](#) Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC, [139](#) Notice of Receiver's Notice of Stay) Responses due by 10/19/2023. .) No. of Notices: 0. Notice Date 10/14/2023. (Admin.) |
| 12/28/2023 | [145](#) (1 pg) Clerk's correspondence requesting case status from attorney for receiver (RE: related document(s) [139](#) Notice *of Receiver's Notice of Stay* filed by Attorney Cortney C Thomas. (Attachments: # 1 Exhibit A)) Responses due by 1/11/2024. (Nunns, Tracy) |
| 01/30/2024 | [146](#) (3 pgs) Notice of Appearance and Request for Notice by Mark Joseph Petrocchi filed by Creditor First Bank Texas. (Petrocchi, Mark) |

| | |
|---|---|
| 04/25/2024 | 147 (60 pgs; 6 docs) Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List) (Perry, Deborah) |
| 04/25/2024 | 148 (6 pgs; 3 docs) Notice of hearing filed by Interested Party Dixon Water Foundation (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List)). Hearing to be held on 5/20/2024 at 09:30 AM Ft. Worth, Judge Mullin's Ctrm. for 147, (Attachments: # 1 Webex Instructions # 2 Service List) (Perry, Deborah) |
| 04/25/2024 | 149 (64 pgs; 5 docs) Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.) |
| 04/25/2024 | 150 (5 pgs; 3 docs) Notice of hearing filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)). Hearing to be held on 5/20/2024 at 09:30 AM at https://us-courts.webex.com/meet/mullin for 149, (Attachments: # 1 WebEx Instructions # 2 Service List) (Forshey, J.) |
| 05/08/2024 | 151 (15 pgs; 2 docs) Brief in support filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. ). (Attachments: # 1 Service List) (Forshey, J.) |
| 05/15/2024 | 152 (333 pgs; 22 docs) Witness and Exhibit List *for Hearing on May 20, 2024* filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21) (Forshey, J.) |
| 05/16/2024 | 153 (7 pgs) Objection to (related document(s): 147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. filed by Interested Party Dixon Water Foundation, 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). filed by Interested Party Lumar Land & Cattle, LLC) filed by Interested Party Joyce W. Lindauer Attorney, PLLC. (Lindauer, Joyce) |
| 05/16/2024 | 154 (272 pgs; 18 docs) Witness and Exhibit List filed by Interested Party Dixon Water Foundation (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. ). (Attachments: # 1 Ex A # 2 Ex B # 3 Ex C # 4 Ex D # 5 Ex E # 6 Ex F # 7 Ex G # 8 Ex H # 9 Ex I # 10 Ex J # 11 Ex K # 12 Ex L # 13 Ex M # 14 Ex N # 15 Ex O # 16 Ex P # 17 Ex Q) (Perry, Deborah) |
| 05/20/2024 | 155 Hearing held on 5/20/2024 - ***MATTERS UNDER ADVISEMENT - ORAL RULING HEARING TO BE HELD 5/22/2024 AT 1:00PM*** . (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement |

| | |
|---|---|
| | Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List), 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) (Almaraz, Jeanette) |
| 05/20/2024 | 156  (1 pg) Court admitted exhibits date of hearing 5/20/2024 (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List), 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) (Almaraz, Jeanette) |
| 05/20/2024 | 157 Hearing set for Oral Ruling on 147 and 149 (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List), 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) Hearing to be held on 5/22/2024 at 01:00 PM at https://us-courts.webex.com/meet/mullin for 149 and for 147, (Almaraz, Jeanette) |
| 05/21/2024 | 158  (1 pg) Request for transcript regarding a hearing held on 5/20/2024. The requested turn-around time is 3-day expedited (Almaraz, Jeanette) |
| 05/22/2024 | 159 Hearing held on 5/22/2024 ***MOTION GRANTED***. (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List)) (Almaraz, Jeanette) |
| 05/22/2024 | 160 Hearing held on 5/22/2024 ***MOTION GRANTED***. (RE: related document(s)149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) (Almaraz, Jeanette) |
| 05/23/2024 | 161  (1 pg) Request for transcript regarding a hearing held on 5/22/2024. The requested turn-around time is daily (Almaraz, Jeanette) |
| 05/24/2024 | 162  (19 pgs) Transcript regarding Hearing Held 05/22/2024 RE: RULING. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/22/2024. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription & Video, LLC, Telephone number 833-800-5288. (RE: related document(s) 160 Hearing held on 5/22/2024 ***MOTION GRANTED***. (RE: related document(s)149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.))). Transcript to be made available to the public on 08/22/2024. (Lawrence, Gillian) |

| 05/28/2024 | 163 (3 pgs) Order granting motion to compromise controversy (related document # 147) Entered on 5/28/2024. (Nunns, Tracy) |
| 05/28/2024 | 164 (3 pgs) Order granting motion to compromise controversy (related document # 149) Entered on 5/28/2024. (Nunns, Tracy) |