4:24-cv-00863-P

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TIMOTHY BARTON,

*Appellant*,

v.

COURTNEY C. THOMAS, RECEIVER, DIXON WATER
FOUNDATION, AND LUMAR LAND & CATTLE, LLC,

*Appellees*.

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Fort Worth Division
Bankruptcy Case No. 21-04051-mxm

**APPELLANT'S BRIEF ON THE MERITS**

***ORAL ARGUMENT REQUESTED***

Kaitlyn M. Coker
State Bar No. 24115264
kaitlyn@farmercoker.com

FARMER & COKER, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel:    (214) 242-9607

*Counsel for Appellant*
*Timothy Barton*

## TABLE OF CONTENTS

I.    Table of Authorities ................................................................. v

II.   Statement Regarding Oral Argument .............................................. vi

III.  Statement of Jurisdiction ........................................................ vii

IV.   Issues Presented .................................................................. viii

V.    Statement of the Case ............................................................. 9

VI.   Statement of Facts ................................................................ 10

VII.  Summary of Argument .............................................................. 13

VIII. Argument .......................................................................... 14

   A. The Bankruptcy Court Lacked Jurisdiction to Dismiss the Case Based on
      a Settlement Agreement Under Appeal ............................................ 14

      1. The Filing of an Appeal Divested the Bankruptcy Court of Jurisdiction
         Over the Settlement Agreement .............................................. 15

      2. The Bankruptcy Court's Dismissal Violated Barton's Right to Appellate
         Review of the Settlement Agreement's Enforceability ........................ 16

      3. Premature Dismissal of the Adversary Proceeding Contravenes Judicial
         Economy and Integrity ...................................................... 17

   B. The Dismissal Based on a Disputed Settlement Agreement Violates Due
      Process ........................................................................ 18

      1. Due Process Requires Final Appellate Review Before Enforcing Disputed
         Agreements ................................................................. 18

      2. The Dismissal Prejudiced Barton's Rights by Denying a Fair Opportunity
         to Challenge the Settlement Agreement's Fairness ........................... 19

      3. The Bankruptcy Court's Dismissal Undermines Judicial Economy and
         Creates Uncertainty in the Adversary Proceeding ............................ 20

   C. The Court's Dismissal Should Be Stayed Pending Final Resolution on the
      Settlement Agreement ........................................................... 21

1. Staying the Dismissal Order Preserves Barton's Right to an Unencumbered Appellate Review.............................................................21

2. A Stay Supports Judicial Economy and Prevents Duplicative Litigation..22

3. Precedent Supports Staying Actions Based on Disputed Agreements to Uphold Procedural Integrity .................................................................22

**D. Even If the Court Had Jurisdiction, It Abused Its Discretion by Prematurely Enforcing a Disputed Agreement .........................................23**

1. Discretionary Standards in Approving Dismissals or Settlements ...........24

2. Application to Barton's Case .................................................................25

**IX. Conclusion ...................................................................................................26**

# I.    TABLE OF AUTHORITIES

**Cases**

*In re FBI Distribution Corp.*,
    267 B.R. 655 (1st Cir. BAP 2001) ....................................................15, 17, 20, 22

*In re Markarian*,
    228 B.R. 34 (1st Cir. BAP 1998) ..........................................................15, 19, 23

*In re Nutritional Sourcing Corp.*,
    398 B.R. 816 (Bankr. D. Del. 2008) ..........................................................24, 25

*In re Texaco Inc.*,
    84 B.R. 893 (Bankr. S.D.N.Y. 1988).................................................................24

*Mathews v. Eldridge*,
    424 U.S. 319 (1976)...............................................................................16, 18, 22

**Statutes**

28 U.S.C. § 158(a)(1) ................................................................................... vii

**Rules**

Fed. R. Bankr. P. 9019 .......................................................................................24

Fed. R. Civ. P. 62 ...............................................................................................22

# RECORD REFERENCES

Clerk's Record    CC

Appendix    Appx.

## II.    STATEMENT REGARDING ORAL ARGUMENT

Appellant Timothy Barton respectfully requests oral argument. This appeal presents complex jurisdictional and procedural issues arising from the bankruptcy court's dismissal of an adversary proceeding based on a contested settlement agreement. The questions before the Court—whether the bankruptcy court exceeded its jurisdiction by dismissing the case while the settlement's enforceability is under appellate review, and whether the dismissal constituted an abuse of discretion—implicate substantial legal principles that benefit from further clarification and discussion.

Oral argument would assist the Court in resolving these issues by allowing counsel to address any questions regarding the scope of appellate jurisdiction, the due process implications under *Mathews v. Eldridge*, and the discretionary standards guiding bankruptcy courts in approving contested settlements. Given the potential impact of this decision on bankruptcy procedure and judicial integrity, Appellant believes that oral argument would provide a valuable opportunity to reinforce key points and respond to the Court's concerns in real-time.

For these reasons, Appellant respectfully requests oral argument to aid the Court in fully considering the jurisdictional and procedural dimensions of this appeal.

## III.    STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1), which grants district courts jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts. The order appealed from is the final dismissal of BM318, LLC's adversary proceeding against The Dixon Water Foundation and Lumar Land & Cattle, LLC, entered by the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, on August 26, 2024. CR at 56–60. This dismissal was based on a contested settlement agreement that remains under active appellate review, making the appeal both timely and within this Court's jurisdiction.

Timothy Barton, the appellant, filed a timely notice of appeal on August 21, 2024, challenging the district court's ratification of the settlement agreement underlying the bankruptcy court's dismissal. App. 7–8. This notice fulfills the requirements for appellate jurisdiction under the Federal Rules of Bankruptcy Procedure, and the appeal is properly before this Court.

## IV.    ISSUES PRESENTED

1.    Under federal bankruptcy precedent, does a bankruptcy court exceed its jurisdiction by dismissing an adversary proceeding based on a settlement agreement when that agreement's enforceability is actively challenged on appeal?

2.    Alternatively, does a bankruptcy court abuse its discretion by dismissing an adversary proceeding with prejudice based on a disputed settlement agreement, thereby foreclosing a party's ability to resolve legitimate questions about the agreement's fairness and adequacy?

## V.    STATEMENT OF THE CASE

This appeal arises from a bankruptcy court's decision to dismiss an adversary proceeding filed by BM318, LLC, a Chapter 11 debtor, based on a settlement agreement that was subsequently ratified by the district court. Timothy Barton, appellant and president of BM318, challenges this dismissal on the grounds that the enforceability of the settlement agreement remains unresolved due to his pending appeal on the district court's ratification order. CR at 56–60; App. 7–8

In August 2021, BM318 initiated an adversary proceeding in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, against The Dixon Water Foundation, seeking to avoid certain property transfers alleged to be preferential or fraudulent under the Bankruptcy Code. CR at 106. During the course of this litigation, a court-appointed Receiver assumed control of BM318 in connection with a separate SEC action against Barton in the Northern District of Texas, Dallas Division. CR at 27–52. Acting on behalf of BM318, the Receiver negotiated settlement agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC, resolving the claims in the adversary proceeding. CR at 56–60.

On May 28, 2024, the bankruptcy court approved these settlement agreements. This approval allowed the Receiver to pursue dismissal of the adversary proceeding, contingent upon ratification by the district court overseeing the SEC action. *Id.* Subsequently, on August 14, 2024, the district court granted the

Receiver's motion to ratify the settlements, deeming them beneficial to the receivership estate. App. 1–6. Barton, however, filed a timely notice of interlocutory appeal, challenging the ratification and validity of the settlement agreements. App. 7–8. Despite this pending appeal, the bankruptcy court proceeded to dismiss the adversary proceeding with prejudice on August 26, 2024, basing the dismissal on the now-ratified settlements CR at 56–60.

Barton contends that the bankruptcy court's reliance on a contested settlement agreement under active appellate review was procedurally premature and in excess of its jurisdiction. This appeal addresses the jurisdictional and due process implications of dismissing a case based on a settlement agreement whose enforceability remains subject to an unresolved appeal. *Id.*

## VI.    STATEMENT OF FACTS

BM318, LLC filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, under Case No. 20-42789-mxm11, in an effort to reorganize and address creditor claims. CR at 1. As part of this process, BM318, led by its president Timothy Barton, initiated an adversary proceeding on August 10, 2021, against The Dixon Water Foundation, claiming that certain property transfers made to Dixon were preferential or fraudulent. BM318 asserted that these transfers should be avoided for the benefit of the bankruptcy estate. CR at 106.

10

While the bankruptcy case progressed, a separate action was unfolding in the United States District Court for the Northern District of Texas, Dallas Division, where the Securities and Exchange Commission (SEC) had filed a lawsuit against Timothy Barton. In connection with this SEC case, the district court appointed Cortney C. Thomas as Receiver over certain entities associated with Barton, including BM318. CR 26–52. This appointment, made in Cause No. 3:22-cv-2118-X, gave Thomas control over BM318's assets and decision-making authority in the adversary proceeding. *Id.*

Acting in his capacity as Receiver, Thomas negotiated separate settlement agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC, which had intervened in the adversary proceeding. These settlement agreements were intended to resolve all claims in the adversary proceeding, and they included terms for a dismissal with prejudice of BM318's claims against Dixon and Lumar. Thomas sought court approval for these settlements, asserting that they represented the best outcome for BM318's estate under the circumstances. CR at 56–58.

On May 28, 2024, the bankruptcy court approved the settlement agreements between BM318 and the defendants. App. 9–11. These approvals allowed the parties to move forward with dismissing the adversary proceeding, pending final ratification by the district court overseeing the SEC case. *Id.* The next significant step occurred on August 14, 2024, when the United States District Court for the Northern District

of Texas ratified the settlements. App. 1–6. With this ratification, the settlements became enforceable, and the parties moved closer to finalizing the terms of the dismissal. *Id.*

However, Barton contested the enforceability and fairness of these settlements, believing they undervalued the estate's assets and arguing that continued litigation could yield a higher recovery. On August 21, 2024, Barton filed a notice of interlocutory appeal in the district court, seeking to challenge the ratification of the settlement agreements. App. 7–8. Barton's appeal contested the validity of the agreements and argued that the settlements were detrimental to BM318's estate. Barton did not seek a stay of the district court's ratification order, leaving the settlement terms enforceable in the meantime. *Id.*

Following the district court's ratification, the bankruptcy court entered a Final Agreed Judgment on August 26, 2024, dismissing the adversary proceeding with prejudice. CR 56–60. This judgment, predicated on the terms of the now-ratified settlements, concluded all claims in the adversary proceeding between BM318, The Dixon Water Foundation, and Lumar Land & Cattle. This dismissal order marked the formal conclusion of the adversary proceeding, bringing closure to BM318's claims against Dixon and Lumar but prompting Barton's appeal on the grounds that the bankruptcy court acted prematurely in dismissing the case while the settlement agreements remained under appellate review. *See id.*

## VII.    SUMMARY OF ARGUMENT

The bankruptcy court erred in dismissing BM318's adversary proceeding based on a settlement agreement that remains under active appellate review. When Barton filed a timely appeal contesting the enforceability of the settlement agreement, jurisdiction over the agreement's validity transferred to the appellate court. This transfer precluded the bankruptcy court from taking actions reliant on the contested settlement, including dismissing the adversary proceeding with prejudice. Established jurisprudence, as illustrated in *In re FBI Distribution Corp.* and *In re Markarian*, dictates that a lower court's authority is curtailed once an appeal is pending on an issue central to the case.

In addition to exceeding its jurisdiction, the bankruptcy court's dismissal violated Barton's due process rights. By dismissing the adversary proceeding while the appellate court's review of the settlement agreement was ongoing, the bankruptcy court deprived Barton of a meaningful opportunity to challenge the settlement's enforceability. Barton's appeal raises substantial concerns about the fairness and adequacy of the settlement, yet the dismissal, made before appellate resolution, effectively circumvented Barton's right to a full and fair appellate review.

Furthermore, even if the bankruptcy court had jurisdiction, it abused its discretion by prematurely enforcing a disputed settlement agreement. Bankruptcy courts are required to exercise caution in approving settlements or dismissals,

particularly when the agreement is actively contested or under appeal. By dismissing the adversary proceeding with prejudice based on a disputed settlement, the bankruptcy court foreclosed Barton's ability to resolve legitimate questions about the agreement's fairness and adequacy, and disregarded the discretionary standards that prioritize equitable treatment of stakeholders. This preemptive dismissal eliminated the opportunity for the estate to seek a potentially more favorable outcome through appellate review, rendering the decision an abuse of discretion.

In light of these errors, this appeal seeks reversal of the bankruptcy court's dismissal order and a remand for further proceedings pending final appellate determination on the settlement agreement's enforceability.

## VIII.     ARGUMENT

### A. The Bankruptcy Court Lacked Jurisdiction to Dismiss the Case Based on a Settlement Agreement Under Appeal

The bankruptcy court exceeded its jurisdiction by dismissing BM318's adversary proceeding based on a settlement agreement that remains under appellate review. Once Barton filed a timely appeal contesting the enforceability of the settlement agreement, jurisdiction over matters related to that agreement transferred to the appellate court, rendering the bankruptcy court without authority to take further action on the disputed settlement. Established case law and statutory authority support this jurisdictional limitation in bankruptcy appeals, as demonstrated in *In re FBI Distribution Corp.* and *In re Markarian*.

### 1. The Filing of an Appeal Divested the Bankruptcy Court of Jurisdiction Over the Settlement Agreement

The filing of a notice of appeal transfers jurisdiction over the issues on appeal from the bankruptcy court to the appellate court, precluding the lower court from taking actions that affect the appellate issue. Here, Barton's notice of appeal, filed on August 21, 2024, directly contested the district court's ratification of the settlement agreement central to the dismissal order. App. 7–8. By challenging the validity and enforceability of the settlement, Barton placed the agreement squarely within the jurisdiction of the appellate court.

Courts have consistently held that a bankruptcy court's jurisdiction is restricted once an appeal is filed on a critical issue. In *In re FBI Distribution Corp.*, the First Circuit Bankruptcy Appellate Panel (BAP) emphasized that the lower court loses jurisdiction over the subject matter of an appeal and must refrain from actions that could affect the appealed issue until the appellate court renders a final determination, protecting the appellant's rights to appellate review. *In re FBI Distribution Corp.*, 267 B.R. 655, 656 (1st Cir. BAP 2001). Similarly, in *In re Markarian*, the BAP reaffirmed that a lower court lacks jurisdiction to enforce or dismiss claims dependent on an agreement under appeal, underscoring the necessity for judicial restraint when the validity of such agreements is in question. *In re Markarian*, 228 B.R. 34, 47 (1st Cir. BAP 1998).

Applying this jurisdictional principle to the present case, the bankruptcy court's dismissal of the adversary proceeding prematurely assumed the enforceability of the contested settlement agreement. Barton's pending appeal effectively suspended the bankruptcy court's authority to dismiss the proceeding based on the agreement, as its validity remained unresolved on appeal. *See* App. 7–8.

### 2. The Bankruptcy Court's Dismissal Violated Barton's Right to Appellate Review of the Settlement Agreement's Enforceability

The dismissal not only exceeded jurisdictional bounds but also infringed upon Barton's due process rights by denying him meaningful appellate review. By dismissing the adversary proceeding with prejudice while the settlement's validity was actively contested, the bankruptcy court effectively disregarded Barton's objections and curtailed his right to a thorough appellate examination. Established due process principles underscore a party's entitlement to a complete and impartial appellate review before enforceability actions are taken on contested agreements. *See Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976).

Furthermore, Barton's interlocutory appeal raised substantial concerns about the adequacy and fairness of the settlement's terms, questioning whether it reflected the best interests of the bankruptcy estate. CR at 56–60. Without appellate scrutiny, Barton and the bankruptcy estate risk losing significant recovery rights should the settlement be modified or vacated on appeal. Dismissing the proceeding before this

16

review unfairly prejudiced Barton and undercut the appellate court's role in resolving the contested agreement.

### 3. Premature Dismissal of the Adversary Proceeding Contravenes Judicial Economy and Integrity

Courts routinely defer decisions on contested agreements pending appellate resolution to ensure judicial economy and prevent potentially reversible actions. *See In re FBI Distribution Corp.*, 267 B.R. at 656. By dismissing BM318's claims in reliance on the disputed settlement, the bankruptcy court risked an outcome that may be overturned if the appellate court finds the agreement unenforceable. Courts have recognized that deferring final actions on disputed agreements preserves judicial resources and respects appellate processes. *See id.*

In sum, the bankruptcy court's decision to dismiss BM318's adversary proceeding was premature, procedurally flawed, and exceeded its jurisdiction. Barton's timely appeal divested the bankruptcy court of authority over the settlement's enforceability, entitling him to a complete appellate review before any final action affecting his rights. For these reasons, this Court should vacate the dismissal order and remand the case for further proceedings pending the appellate court's determination on the enforceability of the settlement.

## B. The Dismissal Based on a Disputed Settlement Agreement Violates Due Process

By dismissing the adversary proceeding based on a settlement agreement that remains under appeal, the bankruptcy court prematurely assumed the agreement's enforceability, denying Barton his due process right to a complete appellate review before the agreement could form the basis for any binding judgment. Due process mandates that a party affected by a contested agreement have an opportunity to challenge that agreement fully in the appropriate appellate forum before it is enforced. *See Matthews*, 424 U.S. at 333. This principle is particularly vital in bankruptcy, where stakeholders rely on the equitable distribution of assets, and procedural shortcuts can compromise the rights of the estate and its beneficiaries.

### 1. Due Process Requires Final Appellate Review Before Enforcing Disputed Agreements

Due process in civil cases requires that parties have "the opportunity to be heard at a meaningful time and in a meaningful manner" before their substantive rights are affected. *Id.* Barton's interlocutory appeal to the district court, filed on August 21, 2024, challenged the fairness and adequacy of the settlement terms, raising significant issues regarding its value and benefit to BM318's bankruptcy estate. App. 7–8. The bankruptcy court's reliance on the settlement agreement to dismiss the adversary proceeding effectively rendered Barton's appeal futile, as it presupposed the settlement's enforceability without allowing full appellate scrutiny.

When an appeal questions the enforceability of a settlement agreement, courts generally recognize the prudence of holding in abeyance any final actions predicated on that agreement until appellate review is complete. In *In re Markarian*, the Bankruptcy Appellate Panel stressed that enforcing an agreement under appellate review prejudices the appellant's right to contest its validity, thus violating procedural integrity and due process protections. 228 B.R. at 47.

### 2. The Dismissal Prejudiced Barton's Rights by Denying a Fair Opportunity to Challenge the Settlement Agreement's Fairness

The bankruptcy court's dismissal with prejudice foreclosed Barton's ability to challenge the settlement's terms and pursue alternative remedies. Barton's appeal contested whether the settlement agreement adequately represented the value of BM318's claims and whether it served the best interests of the bankruptcy estate. CR at 56–60. By dismissing the adversary proceeding without awaiting the appellate court's decision, the bankruptcy court ignored Barton's concerns, depriving him and the estate of potentially substantial recovery rights that could have been secured through litigation or renegotiated settlement terms.

Bankruptcy courts have a duty to protect the interests of the estate and its stakeholders by ensuring that settlement agreements are not enforced prematurely or in ways that compromise procedural fairness. The principle that lower courts should defer to appellate review on disputed matters is well-supported, as seen in *In re FBI Distribution Corp.*, where the First Circuit Bankruptcy Appellate Panel emphasized

that lower courts should exercise restraint when an appeal is pending, to protect against potentially prejudicial outcomes 267 B.R. at 656.

### 3. The Bankruptcy Court's Dismissal Undermines Judicial Economy and Creates Uncertainty in the Adversary Proceeding

The dismissal of the adversary proceeding without awaiting the appellate court's final determination on the settlement agreement's enforceability undermines judicial economy and creates procedural uncertainty. If the appellate court ultimately finds that the settlement agreement is unenforceable or requires modification, the adversary proceeding will need to be reinstated, causing further delays and additional costs. The potential for reversible error underscores why courts typically avoid actions that rely on agreements under active appeal. As the First Circuit Bankruptcy Appellate Panel noted in *FBI Distribution*, staying enforcement until final appellate review is complete preserves judicial resources and maintains procedural consistency. 267 B.R. at 656.

In sum, by enforcing the settlement agreement through a dismissal order while Barton's appeal was still pending, the bankruptcy court acted prematurely and denied Barton the due process protections to which he was entitled. The court's reliance on an unresolved settlement agreement undermines the integrity of the appellate process and poses a risk of prejudicing the rights of the bankruptcy estate and its stakeholders. To restore these due process protections, this Court should vacate the dismissal order and remand the case, allowing the appellate court to determine the

enforceability of the settlement agreement before any binding dismissal action is taken.

### C. The Court's Dismissal Should Be Stayed Pending Final Resolution on the Settlement Agreement

Given the unresolved appellate review of the settlement agreement's enforceability, the bankruptcy court's dismissal should be stayed until a final appellate determination is reached. Courts have consistently held that when an agreement central to a case is actively contested on appeal, staying dismissal or enforcement actions is necessary to protect the appellate process, prevent unnecessary expenditures of judicial resources, and uphold the procedural rights of the parties involved. In this case, a stay on the dismissal order is essential to ensure that Barton's appeal can proceed without prejudice and that the rights of BM318's estate are not prematurely extinguished.

### 1. Staying the Dismissal Order Preserves Barton's Right to an Unencumbered Appellate Review

A stay on the bankruptcy court's dismissal is warranted to preserve Barton's procedural right to challenge the settlement agreement on appeal. As Barton's interlocutory appeal specifically contests the fairness and adequacy of the settlement, dismissing the adversary proceeding prior to a final determination from the appellate court would undermine his right to a complete and fair review. Maintaining the status quo during appellate proceedings is vital to ensuring the

appellate court's decision remains meaningful and effective. *See* Fed. R. Civ. P. 62. The preservation of Barton's appellate rights aligns with due process principles that safeguard a party's ability to seek redress in a higher court before final actions are taken on contested issues. *See Mathews*, 424 U.S. at 333.

### 2. A Stay Supports Judicial Economy and Prevents Duplicative Litigation

Staying the dismissal also serves judicial economy by reducing the risk of duplicative proceedings. If the appellate court modifies or invalidates the settlement agreement, the bankruptcy court's dismissal order would need to be vacated, requiring the adversary proceeding to be reopened. Such a scenario not only wastes judicial resources but also imposes additional costs and delays on the parties. By staying the dismissal order, the court ensures that resources are allocated efficiently and that any further proceedings align with the appellate court's ultimate ruling on the enforceability of the settlement. The First Circuit Bankruptcy Appellate Panel in *In re FBI Distribution Corp.* emphasized that holding actions in abeyance pending appellate review conserves judicial resources and promotes procedural consistency, especially when substantial rights are at stake. 267 B.R. at 656.

### 3. Precedent Supports Staying Actions Based on Disputed Agreements to Uphold Procedural Integrity

Case law supports the issuance of a stay where a contested settlement agreement forms the basis for a dismissal, given that enforcing such a dismissal

prematurely undermines procedural integrity. In *In re Markarian*, the Bankruptcy Appellate Panel held that lower courts should exercise caution in acting on agreements under appellate review, as premature enforcement risks compromising the appellate court's jurisdiction and the parties' rights. 228 B.R. at 47–48. By issuing a stay, this Court can uphold the integrity of the appellate process and avoid any prejudicial effects on Barton's rights or the estate's recovery potential.

In sum, staying the bankruptcy court's dismissal pending a final resolution of Barton's appeal promotes judicial economy, preserves due process, and respects the procedural integrity of the appellate process. A stay is essential to prevent the premature enforcement of a disputed settlement and to allow Barton's appeal to proceed without risk of mootness. Therefore, this Court should stay the dismissal order and await the appellate court's conclusive determination on the enforceability of the settlement agreement.

## D. Even If the Court Had Jurisdiction, It Abused Its Discretion by Prematurely Enforcing a Disputed Agreement

Even if this Court finds that the bankruptcy court had jurisdiction to dismiss the adversary proceeding, the decision to do so constituted an abuse of discretion. When considering the dismissal of a proceeding based on a settlement agreement, bankruptcy courts are guided by discretionary standards that require a careful assessment of fairness, equity, and the interests of all parties involved, particularly when the settlement terms are contested. Here, by dismissing the adversary

proceeding with prejudice based on an agreement under active appellate challenge, the bankruptcy court prematurely foreclosed Barton's ability to resolve legitimate questions about the settlement's enforceability, thus abusing its discretion.

### 1. Discretionary Standards in Approving Dismissals or Settlements

Bankruptcy courts have broad discretion in approving settlements and dismissals, but that discretion must be exercised with caution, especially when there are unresolved disputes regarding the agreement's validity or fairness. *In re Texaco Inc.*, 84 B.R. 893, 901–902 (Bankr. S.D.N.Y. 1988). Under Rule 9019 of the Federal Rules of Bankruptcy Procedure, courts are required to evaluate proposed settlements based on the fairness, reasonableness, and adequacy of the agreement. Fed. R. Bankr. P. 9019. Courts are to consider several factors, including the probability of success on the merits, potential difficulties in collection, the complexity and expense of litigation, and the interests of creditors. *In re Texaco Inc.*, 84 B.R. at 901–02.

In addition to these standards, courts must be particularly careful not to approve settlements or dismissals that may adversely impact the rights of stakeholders without full consideration of the issues at hand. *In re Nutritional Sourcing Corp.*, 398 B.R. 816, 837 (Bankr. D. Del. 2008). When settlements are contested or under appeal, courts should defer final actions that may compromise a party's substantive rights until those disputes are conclusively resolved. *Id.* This discretionary standard aligns with the equitable goals of bankruptcy, which require

that all stakeholders receive fair treatment and that potential recoveries for the estate are maximized. *Id.* at 833.

### 2. Application to Barton's Case

In dismissing BM318's adversary proceeding based on a settlement agreement whose enforceability Barton actively contested on appeal, the bankruptcy court abused its discretion by disregarding Barton's legitimate concerns and prematurely eliminating the adversary claims. Barton's appeal raises substantial questions about the fairness and adequacy of the settlement, specifically whether it adequately reflects the value of BM318's claims and serves the best interests of the bankruptcy estate. CR at 56–60. By issuing a dismissal with prejudice, the bankruptcy court foreclosed Barton's ability to obtain a full review of the settlement's terms and deprived the estate of potential recovery if the appellate court ultimately finds the settlement unenforceable or requires modifications.

This preemptive dismissal contrasts sharply with the discretionary standards outlined in *In re Texaco Inc.* and *In re Nutritional Sourcing Corp.*, where courts exercised caution to avoid prejudicing stakeholder rights pending the resolution of material disputes. A more judicious approach would have been to stay the adversary proceeding or hold it in abeyance pending a final appellate determination on the enforceability of the settlement agreement. Such an approach would have protected

Barton's right to contest the agreement fully while avoiding the risk of prejudice against the estate's potential recovery.

In sum, the bankruptcy court's decision to enforce the settlement agreement and dismiss the adversary proceeding with prejudice, despite the pending appeal, constitutes an abuse of discretion. The court's actions disregarded established standards for evaluating settlements, ignored the unresolved nature of the dispute, and prematurely foreclosed Barton's opportunity to achieve a fair resolution of his claims. For these reasons, the dismissal order should be vacated, or at the very least, stayed until the appellate court has rendered a final decision on the enforceability of the settlement agreement.

## IX.    CONCLUSION

For the foregoing reasons, this Court should vacate the bankruptcy court's dismissal of BM318's adversary proceeding and remand the case for further proceedings consistent with the appellate review of the settlement agreement. The bankruptcy court's dismissal order relied on an agreement whose enforceability remains contested on appeal, thereby exceeding its jurisdiction, depriving Barton of due process, and prematurely foreclosing the estate's potential recovery.

Moreover, by enforcing a settlement agreement still under appellate review, the bankruptcy court disregarded established discretionary standards, resulting in an abuse of discretion. Barton's timely appeal raises legitimate questions about the

fairness and adequacy of the settlement, and a final dismissal based on these unresolved issues undermines the integrity of the appellate process and the rights of all stakeholders.

This Court's intervention is necessary to ensure that Barton's appeal receives full and fair consideration before any binding enforcement action is taken on the disputed agreement. Accordingly, this Court should vacate the dismissal order, stay further proceedings on the adversary claims, and permit the appellate review of the settlement agreement to proceed without prejudice to Barton's rights or the estate's interests.

Respectfully submitted,

/s/*Kaitlyn M. Coker*
Kaitlyn M. Coker
TX Bar No. 24115264
kaitlyn@farmercoker.com

FARMER & COKER, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607

**ATTORNEY FOR APPELLANT**
**TIMOTHY BARTON**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B). The brief contains 4,252 words, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, consistent with the requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and (6).

Dated: November 4, 2024

/s/*Kaitlyn M. Coker*
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607
kaitlyn@farmercoker.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I electronically filed the foregoing brief with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: November 4, 2024

/s/*Kaitlyn M. Coker*
Farmer & Coker, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel: (214) 242-9607
kaitlyn@farmercoker.com