4:24-cv-00863-P

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

TIMOTHY BARTON,

*Appellant*,

v.

COURTNEY C. THOMAS, RECEIVER, DIXON WATER FOUNDATION, AND LUMAR LAND & CATTLE, LLC,

*Appellees*.

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Fort Worth Division
Bankruptcy Case No. 21-04051-mxm

**APPENDIX TO BRIEF OF APPELLANT TIMOTHY BARTON**

Kaitlyn M. Coker
State Bar No. 24115264
kaitlyn@farmercoker.com

FARMER & COKER, PLLC
901 Main Street, Suite 5330
Dallas, Texas 75202
Tel:   (214) 242-9607

*Counsel for Appellant
Timothy Barton*

# TABLE OF CONTENTS TO THE APPENDIX

Order Ratifying BM318, LLC's Settlement Agreement with The Dixon Water
Foundation and Lumar Land & Cattle, LLC
District Court Docket No. 550
Dated: August 14, 2024
Appendix Page 1–6

Notice of Interlocutory Appeal by Timothy Barton
District Court Docket No. 554
Dated: August 21, 2024
Appendix Page 7–8

Order Approving Compromise and Settlement Between BM318, LLC and The
Dixon Water Foundation
Bankruptcy Court Docket No. 163
Dated: May 28, 2024
Appendix Page 9–11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, § § § § *Plaintiffs*, § § v. § § TIMOTHY BARTON, et al., § § *Defendants*. § § DJD LAND PARTNERS, LLC, and § LDG001, LLC § § § *Relief Defendants*. § § | Civil Action No. 3:22-CV-2118-X |

## ORDER REGARDING THE BM318, LLC'S SETTLEMENT AGREEMENTS WITH THE DIXON WATER FOUNDATION AND LUMAR LAND & CATTLE, LLC

Before the Court is a motion to ratify settlement agreements (Doc. 524). The Court **GRANTS** the motion.

### I. Background

Entity BM318, LLC (BM318) is an entity in the receivership because it received funds traced to Wall investors.[1] BM318 asserted claims in a bankruptcy proceeding against The Dixon Water Foundation ("Dixon") and Lumar Land & Cattle, LLC ("Lumar"). The Receiver believes these claims were expensive to litigate and unlikely to win. This Court previously lifted the stay as to the BM318 litigation.

---

[1] The Court outlined this case's general background exhaustively in its order establishing a receivership and need not do so again here. *See* Doc. 416 at 2–6.

1

APP. 001

When BM318, Dixon, and Lumar reached a settlement for BM318 to receive $175,000 ($100,000 from Dixon and $75,000 from Lumar), the bankruptcy court held an evidentiary hearing where Timothy Barton appeared through counsel. The bankruptcy court made findings of fact and conclusions of law on the record and approved the settlement as in the best interest of the bankruptcy estate. Barton did not appeal that ruling.

## II. Hearing

As an initial matter, the Court must address Barton's request for an evidentiary hearing. Barton argues the settlement is an interest in real estate and the mandate for a hearing in 28 U.S.C. § 2001 applies. The Receiver argues a hearing is only required for a sale of real property. The Court continues to agree with the Receiver that sales of real property require the hearing in section 2001. Barton's strongest argument that BM318 had a legal interest in property is on BM318's avoidance claims against Dixon arising under the Bankruptcy Code. But BM318 was at best only holding bare legal title to the property at issue. The Fifth Circuit has rejected that such a position constitutes a debtor's interest in property, including in the context of bankruptcy-law avoidance actions.[2] And in any event, Barton had his evidentiary hearing on this matter in the bankruptcy court.

---

[2] *See, e.g., Matter of Maple Mortg., Inc.*, 81 F.3d 592, 597 (5th Cir. 1996) (holding that a debtor's legal title in transferred funds did not constitute, under the Bankruptcy Code, "an interest of the debtor in property" because the debtor did not have equitable ownership of the alleged property).

2

### III. Legal Standard

"Receivership courts, like bankruptcy courts, may also exercise discretion to approve settlements of disputed claims to receivership assets, provided that the settlements are fair and equitable and in the best interests of the estate."[3] Because of the bankruptcy relatedness and the applicability of Bankruptcy Rule 9019, the Fifth Circuit has instructed bankruptcy courts to consider the following elements when approving Rule 9019 motions: (1) the probability of success in the litigation with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay; and (3) all other factors bearing on the wisdom of the compromise.[4]

### IV. Analysis

The Receiver argues ratification is in the best interest of the receivership because prevailing on BM318's claims was unlikely and litigating them would have been expensive, especially for an underfunded entity in bankruptcy. The Receiver adds that the settlement was prompted by arms-length negotiation and mediation before Judge Hale.

Barton argues the Court lacks jurisdiction because of his appeal of the receivership order and such an order is not in the best interest of the receivership estate or anyone else. Barton contends that BM318 paid Dixon $2,100,000 in cash to

---

[3] *SEC v. Stanford Int'l Bank, Ltd.*, 927 F.3d 830, 840 (5th Cir. 2019) (cleaned up).

[4] *Conn. General Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortgage Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995).

3

purchase the property along with a seller-financing arrangement (of $32,946,900). But hard times caused by COVID and other factors made BM318 fall behind on payments, and BM318 and Dixon worked out a plan to return title to Dixon with a right to repurchase the property for $27 million (the original sales price minus payments BM318 had made). But when BM318 tried to repurchase the property with the help of its broker, the broker organized a group of purchasers working through Lumar and bought the property for himself. According to Barton, Lumar intends to sell the property for $47 million. And Barton contends litigating the claims would have a high likelihood of returning a $47 million property to the receivership estate.

As an initial matter, this Court adopts the findings and conclusions of the bankruptcy court as to the settlements. While Barton's lack of a timely appeal means the Court is not obligated to reevaluate those findings and conclusions, the Court has done so independently and found no error in them.

Next, the Court concludes the settlements are in the best interest of the receivership estate (not just the narrower inquiry of the bankruptcy court on whether the settlements are in the best interest of the bankruptcy estate). The real question here is what benefit the settlement will bring to the receivership estate separate and apart from the bankruptcy estate and whether the receivership estate is in a position to litigate the claims. The vast majority of Barton's arguments focus on his belief that the claims will return a $47 million property. But the bankruptcy court appropriately concluded that the Receiver conducted sufficient due diligence to reach the settlements (and the purported evidence on this point that Barton offers now, and

4

did not provide to the bankruptcy court, is not credible). The question here is what is going on in the receivership beyond the scope of BM318's bankruptcy estate. Barton's arguments on this front are (1) that the Court lacks jurisdiction (it doesn't) and (2) that prudentially the Court shouldn't do anything pending the resolution of the current and forthcoming appeals. But the Court previously ruled that Barton's jurisdictional arguments are flawed.

As to his prudential argument, the Court disagrees. Using the Fifth Circuit's factors, the Court must assess the probability of the success of the BM318 litigation and the complexity. The Court agrees with the Receiver's assessment that the probability of success on such claims is low. Claims like fiduciary duty breach are inherently hard to prove. But the dominant factor here is the complexity of the litigation. If the receivership were a cash rich one, perhaps it would allow a rolling of the dice and paying long-running costs for litigating a low percentage chance claim. But this receivership estate is anything but rolling in cash. Just one example is the Receiver had not sought (until mere weeks ago) compensation for services from April 1, 2023, because of the cash-starved receivership estate. As the Receiver put it:

> [T]o date the Receiver has been unable to close on the sale of any of the real estate assets that are part of the Receivership, resulting in a continued dearth of available cash. Indeed, to date, the Receiver has been unable to service any of the extensive debt that encumbers the Receivership's real estate assets. While significant equity remains in many of the assets held by the Receivership, the continued delay of the Receiver's proposed (and previously approved) sales continues to cost the Receivership between $2 million and $3 million annually.[5]

---

[5] Doc. 539 at 2.

The Court notes that the inability to close deals stems from Barton's appeal of every order and his personal contacting of prospective buyers (in violation of the Court's order) to scare them from closing for fear he will sue them too. Barton cannot starve a cash-depleted receivership and then argue it should expend considerable cash. Because protracted litigation is not something the receivership estate can afford in addition to paying its own bills, the Court finds that the proposed settlement is in the best interest of the receivership estate.

## V. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion.

It is **SO ORDERED**, this 14th day of August, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

6

APP. 006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| **TIMOTHY LYNCH BARTON CARNEGIE DEVELOPMENT, LLC WALL007, LLC WALL009, LLC WALL010, LLC WALL011, LLC WALL012, LLC WALL016, LLC WALL017, LLC WALL019, LLC HAOQIANG FU (a/k/a MICHAEL FU) STEPHEN T. WALL** | § § § § § § § § § § § § § § | |
| *Defendants,* | § § | |
| **DJD LAND PARTNERS, LLC LDG001, LLC** | § § § § | |
| *Relief Defendants.* | § | |

### DEFENDANT TIMOTHY LYNCH BARTON'S NOTICE OF APPEAL

PLEASE TAKE NOTICE that Defendant Timothy Lynch Barton, by counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit the Court's following orders:

1. Order filed on July 25, 2024 approving the sale of the Amerigold Suites and authorizing the Receiver to sell and to convey title to the Amerigold Suites free and clear of mortgages, liens, claims and encumbrances, after paying all secured

APP. 007

lienholders in accordance with contractual terms (ECF No. 537) and any oral orders made in the July 23, 2024 hearing thereon (ECF No. 536);

2. Order filed on July 25, 2024 approving the sale of the Hall Street Property and authorizing the Receiver to sell and to convey title to the Hall Street Property free and clear of mortgages, liens, claims and encumbrances, after paying all secured lienholders in accordance with contractual terms (ECF No. 538) and any oral orders made in the July 23, 2024 hearing thereon (ECF No. 536);

3. Order filed on August 14, 2024 granting Receiver's Motion to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC (ECF No. 549); and

4. Order filed on August 14, 2024 granting Receiver's Motion to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC (ECF No. 550).

Dated: August 21, 2024

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.*)
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On August 21, 2024 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney




CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 28, 2024**

*/s/ Mark X. Mullin*
**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| BM318, LLC | § § | Case No. 20-42789-mxm |
| Debtor. | § § § § | Chapter 11 |

**ORDER APPROVING COMPROMISE AND SETTLEMENT BETWEEN
BM318, LLC AND THE DIXON WATER FOUNDATION**

On May 20, 2024, came on for hearing (the "Hearing") the *Joint Motion of BM318, LLC and the Dixon Water Foundation for Approval of Compromise and Settlement of Adversary Proceeding No. 21-40451* [Docket No. 147] (the "Motion")[1] jointly filed by BM318, LLC ("BM318") and The Dixon Water Foundation ("Dixon"). As reflected in the Motion, Cortney C. Thomas ("Receiver") acts as the Receiver for BM318 pursuant to an *Order Appointing Receiver* entered in the following lawsuit: *Securities Exchange Commission, Plaintiff, v. Timothy Barton,*

---

[1] Defined terms not specifically defined herein shall be given the same meanings given to them in the Motion.

ORDER APPROVING COMPROMISE AND SETTLEMENT
4886-4168-7489v.2

APP. 009

*et al., Defendants*, Civil Action No. 3:22-CV-2118-X in the United States District Court for the Northern District of Texas, Dallas Division.

An *Objection* [Docket No. 153] ("Lindauer Objection") to the Motion was filed by Joyce W. Lindauer, PLLC ("Lindauer"), former bankruptcy counsel to BM318.  In addition, Timothy Barton ("Barton") appeared through counsel at the Hearing on the Motion, but did not file a formal written objection.  No other objections were filed or asserted at the Hearing with regard to the Motion.

In support of the Motion, counsel appeared for BM318 (acting through the Receiver) and The Dixon Water Foundation ("Dixon").  Counsel on behalf of both Lindauer and Barton also appeared at the Hearing in opposition to the Motion.  At the Hearing, exhibits were offered and received into evidence from Dixon and BM318 (acting through the Receiver) (Exhibits A through Q, which are included in Dixon's Exhibit List filed at Docket No. 154).  The Settlement Agreement between BM318 (acting through the Receiver) and Dixon was attached as an exhibit to the Motion.  The Receiver testified in support of the Motion.  No testimonial or documentary evidence was offered by either Lindauer or Barton, although counsel for both cross examined the Receiver and made arguments to the Court.

On May 22, 2024, the Court made on the record findings of fact and conclusions of law (collectively, the "Findings") with respect to the Motion.  The Findings are hereby incorporated into this Order as if fully set forth verbatim herein.  In the Findings, the Court granted the Motion and denied both the Lindauer Objection and the oral objection by Barton.

The Court, as set forth in and based upon the Findings, hereby finds and concludes that the Motion should be granted and both the Lindauer Objection and the oral objection by Barton should be overruled.

      **ACCORDINGLY, it is hereby ORDERED that**:

      1.      The Motion shall be and is hereby **GRANTED**.

2. The Settlement Agreement is **APPROVED**, and BM318 is hereby authorized to take all reasonable and necessary actions to effectuate the Settlement Agreement.

3. The Lindauer Objection and the oral objection by Barton are both in all respects overruled.

4. This Court retains jurisdiction to enforce and construe this Order.

# # # END OF ORDER # # #

<u>**Order submitted by**</u>:

Alan Carrillo
Texas Bar No. 24109693
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225

**Counsel for Receiver of BM318, LLC, Cortney C. Thomas**

- and -

Deborah M. Perry
Texas Bar No. 24002755
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, Texas 75201

**Counsel for The Dixon Water Foundation**