**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>BM318, LLC,<br><br>Debtor. | §<br>§<br>§<br>§<br>§<br>§ | Case No. 20-42789 |
| Timothy Barton, et al.,<br><br>Appellants,<br><br>v.<br><br>Cortney C. Thomas, Receiver, et al.,<br><br>Appellees. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:24-cv-863-P<br><br>*Appeal from Adv. No. 21-04051*<br>*U.S. Bankruptcy Court*<br>*Northern District of Texas* |

**APPENDIX IN SUPPORT OF**
**JOINT MOTION TO DISMISS APPEAL**

NOW COME appellees The Dixon Water Foundation ("Dixon"), Cortney C. Thomas, in his capacity as the receiver (the "Receiver") for BM318, LLC (the "Debtor"), and Lumar Land & Cattle, LLC ("Lumar", and collectively with the Receiver and Dixon, the "Appellees"), and file this appendix in support of their *Joint Motion to Dismiss Appeal* (the "Motion"), the contents of which are as follows:

| Description | Appx. |
|---|---|
| Bankruptcy Court Docket Sheet (Case No. 20-42789) | 1 |
| Adversary Proceeding Docket Sheet (Adv. No. 21-04051) | 16 |
| Receivership Proceeding Docket Sheet (Civ. Act. No. 3:22-cv-02118-X) | 32 |

| Description | Appx. |
|---|---|
| Bankruptcy Case Claims Register (Case No. 20-42789) | 97 |
| BM318, LLC's Chapter 11 Petition | 99 |
| BM318, LLC's Bankruptcy Schedules | 104 |
| Order Appointing Receiver (Civ. Act. No. 3:22-cv-2118-x) | 122 |
| Final Agreed Judgment (Adv. No. 21-04051) | 150 |
| Amended Notice of Appeal (Adv. No. 21-04051) | 198 |

RESPECTFULLY SUBMITTED this 3rd day of December, 2024.

By: /s/ *Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

-and-

By: /s/ *J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
Email: bforshey@forsheyprostok.com

By: /s/ *Joshua L. Shepherd*
Kimberly P. Harris
Texas Bar No. 24002234
Joshua L. Shepherd
Texas Bar No. 24058104
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: kharris@qslwm.com
Email: jshepherd@qslwm.com

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**

-and –

By: /s/ *C. Alan Carrillo*
Charlene C. Koonce
Texas Bar No. 11672850
charlene@brownfoxlaw.com
C. Alan Carrillo
Texas Bar No. 24109693
alan@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

**ATTORNEYS FOR CORTNEY C. THOMAS, RECEIVER OF BM318, LLC**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 3rd day of December, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Timothy Barton through Kaitlyn Coker, Esq., counsel of record.

/s/ Deborah M. Perry
Deborah M. Perry

## U.S. Bankruptcy Court
## Northern District of Texas (Ft. Worth)
## Bankruptcy Petition #: 20-42789-mxm11
**Internal Use Only**

*Assigned to:* Mark X. Mullin
Chapter 11
Voluntary
Asset

*Date filed:* 09/01/2020
*Date Plan Confirmed:* 08/02/2021
*Plan confirmed:* 08/02/2021
*341 meeting:* 10/02/2020
*Deadline for filing claims:* 12/31/2020
*Deadline for filing claims (govt.):* 03/31/2021

***Debtor***
**BM318, LLC**
13901 Midway Road
Suite 102
Dallas, TX 75244
PARKER-TX
Tax ID / EIN: 85-0835862

represented by **Joyce W. Lindauer**
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
(972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com

***U.S. Trustee***
**United States Trustee**
1100 Commerce Street
Room 976
Dallas, TX 75202
214-767-8967

represented by **Elizabeth Ziegler Young**
U.S. Trustee Office
1100 Commerce Street, Room 976
Dallas, TX 75242
(214) 767-8967
Fax : (214) 767-8971
Email: elizabeth.a.young@usdoj.gov

| Filing Date | Docket Text |
|---|---|
| 09/01/2020 | 1 (5 pgs) Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC (Lindauer, Joyce) |
| 09/01/2020 | Receipt of filing fee for Voluntary petition (chapter 11)(20-42789-11) [misc,volp11a] (1717.00). Receipt number 28063279, amount $1717.00 (re: Doc# 1). (U.S. Treasury) |
| 09/01/2020 | 2 (2 pgs) Notice of Appearance and Request for Notice by Robert W. Buchholz filed by Creditor Southern Star Capital, LLC. (Buchholz, Robert) |
| 09/01/2020 | 3 (2 pgs) Notice of deficiency. Schedule A/B due 9/15/2020. Schedule D due 9/15/2020. Schedule E/F due 9/15/2020. Schedule G due 9/15/2020. Schedule H due 9/15/2020. Declaration Under Penalty of Perjury for Non-individual Debtors due 9/15/2020. Summary of Assets and Liabilities and Certain Statistical Information due 9/15/2020. Statement of Financial Affairs due 9/15/2020. Creditor matrix due 9/3/2020. 20 Largest Unsecured Creditors due 9/3/2020. (Dugan, S.) |
| 09/02/2020 | 4 (1 pg) Notice of Appearance and Request for Notice by Laurie A. Spindler filed by Creditor Parker CAD. (Spindler, Laurie) |

| | |
|---|---|
| 09/02/2020 | 5 (3 pgs; 2 docs) INCORRECT ENTRY: WRONG EVENT USED. Motion to extend time to File Creditor Matrix and List of Twenty Largest Unsecured Creditors Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) MODIFIED on 10/20/2020 (Whitaker, Sherri). |
| 09/03/2020 | 6 (3 pgs) BNC certificate of mailing. (RE: related document(s)3 Notice of deficiency. Schedule A/B due 9/15/2020. Schedule D due 9/15/2020. Schedule E/F due 9/15/2020. Schedule G due 9/15/2020. Schedule H due 9/15/2020. Declaration Under Penalty of Perjury for Non-individual Debtors due 9/15/2020. Summary of Assets and Liabilities and Certain Statistical Information due 9/15/2020. Statement of Financial Affairs due 9/15/2020. Creditor matrix due 9/3/2020. 20 Largest Unsecured Creditors due 9/3/2020. (Dugan, S.)) No. of Notices: 1. Notice Date 09/03/2020. (Admin.) |
| 09/04/2020 | 7 (3 pgs) Creditor matrix . Filed by Debtor BM318, LLC (RE: related document(s)3 Notice of deficiency). (Lindauer, Joyce) |
| 09/04/2020 | 8 (3 pgs) Meeting of creditors 341(a) meeting to be held on 10/2/2020 at 10:30 AM by TELEPHONE. Proofs of Claims due by 12/31/2020. Government Proof of Claim due by 3/31/2021. (Neary, William) |
| 09/04/2020 | 9 (2 pgs) Chapter 11 or Chapter 9 Cases Non- Individual List of Creditors Who Have 20 Largest Unsecured Claims Against You and Are Not Insiders . Filed by Debtor BM318, LLC (RE: related document(s)3 Notice of deficiency). (Lindauer, Joyce) |
| 09/10/2020 | 10 (1 pg) (private) Declaration for electronic filing *of Petition and Matrix* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 09/11/2020 | 11 (3 pgs) Certificate of service re: Meeting of Creditors filed by Debtor BM318, LLC (RE: related document(s)8 Meeting of creditors Chapter 11). (Lindauer, Joyce) |
| 09/11/2020 | 12 (4 pgs) BNC certificate of mailing - meeting of creditors. (RE: related document(s)8 Meeting of creditors 341(a) meeting to be held on 10/2/2020 at 10:30 AM by TELEPHONE. Proofs of Claims due by 12/31/2020. Government Proof of Claim due by 3/31/2021.) No. of Notices: 1. Notice Date 09/11/2020. (Admin.) |
| 09/15/2020 | 13 (4 pgs; 2 docs) Motion to extend time to file schedules or new case deficiencies, excluding matrix Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 09/16/2020 | 14 (3 pgs) Certificate of Conference - Amended filed by Debtor BM318, LLC (RE: related document(s)13 Motion to extend time to file schedules or new case deficiencies, excluding matrix). (Lindauer, Joyce) |
| 09/17/2020 | 15 (21 pgs; 2 docs) Application to employ Joyce W. Lindauer Attorney, PLLC as Attorney Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 09/18/2020 | 16 (1 pg) Order granting 13 Motion to extend time. (Re: related document(s) 3 Notice of deficiency) Schedule A/B due 9/22/2020 for 3, Schedule D due 9/22/2020 for 3, Schedule E/F due 9/22/2020 for 3, Schedule G due 9/22/2020 for 3, Schedule H due 9/22/2020 for 3, Statement of Financial Affairs due 9/22/2020 for 3, Summary of Assets and Liabilities and Certain Statistical Information due 9/22/2020 for 3, Declaration Under Penalty of Perjury for Non-individual Debtors due 9/22/2020 for 3, Entered on 9/18/2020. (Chambers, Deanna) |
| 09/21/2020 | 17 (30 pgs; 6 docs) Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit) (Buchholz, Robert) |

| | |
|---|---|
| 09/21/2020 | 18 (2 pgs) Notice of hearing filed by Creditor Southern Star Capital, LLC (RE: related document(s)17 Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit)). Preliminary hearing to be held on 10/8/2020 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Buchholz, Robert) |
| 09/21/2020 | Receipt of filing fee for Motion for relief from stay(20-42789-mxm11) [motion,mrlfsty] ( 181.00). Receipt number 28117026, amount $ 181.00 (re: Doc# 17). (U.S. Treasury) |
| 09/21/2020 | 19 (2 pgs) Amended Notice of hearing filed by Creditor Southern Star Capital, LLC (RE: related document(s)17 Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit)). Preliminary hearing to be held on 10/8/2020 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. (Buchholz, Robert) |
| 09/22/2020 | 20 (18 pgs) Schedules: Schedules A/B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC (RE: related document(s)3 Notice of deficiency). (Lindauer, Joyce) |
| 09/22/2020 | 21 (7 pgs) Statement of financial affairs for a non-individual . Filed by Debtor BM318, LLC (RE: related document(s)3 Notice of deficiency). (Lindauer, Joyce) |
| 09/22/2020 | 22 (1 pg) (private) Declaration for electronic filing *of Schedules and Statement of Financial Affairs* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 09/24/2020 | 23 (2 pgs) Notice of Appearance and Request for Notice by Scott A. Ritcheson filed by Creditor Citizens Bank. (Ritcheson, Scott) |
| 10/02/2020 | Trustee's initial report of meeting of creditors held on 10/2/2020 (RE: related document(s)8 Meeting of creditors Chapter 11) (Young, Elizabeth) |
| 10/02/2020 | 24 (7 pgs) Objection to (related document(s): 17 Motion for relief from stay Fee amount $181, filed by Creditor Southern Star Capital, LLC) filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 10/05/2020 | 25 (2 pgs) Notice of hearing filed by Creditor Citizens Bank (RE: related document(s)17 Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit)). Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 17, (Buchholz, Robert) |
| 10/08/2020 | 26 (2 pgs) Disclosure of compensation of attorney for debtor . Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 10/09/2020 | 27 (2 pgs) Certificate of No Objection filed by Debtor BM318, LLC (RE: related document(s)15 Application to employ Joyce W. Lindauer Attorney, PLLC as Attorney ). (Lindauer, Joyce) |
| 10/13/2020 | 28 (2 pgs) Order granting application to employ Joyce Lindauer as Attorney (related document # 15) Entered on 10/13/2020. (Chambers, Deanna) |
| 10/21/2020 | 29 (10 pgs) Debtor-in-possession monthly operating report for filing period September 1, 2020 to September 30, 2020 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/02/2020 | 30 (30 pgs; 6 docs) Amended Motion for relief from stay (related document: 17) Filed by Creditor Southern Star Capital, LLC (Attachments: # 1 Exhibit 1. Legal Description # 2 Exhibit 2. Promissory Note |

| | |
|---|---|
| | # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit of Al Keller) (Buchholz, Robert) |
| 11/02/2020 | 31 (2 pgs) Amended Notice of hearing filed by Creditor Southern Star Capital, LLC (RE: related document(s)17 Motion for relief from stay Fee amount $181, Filed by Creditor Southern Star Capital, LLC Objections due by 10/5/2020. (Attachments: # 1 Exhibit 1, Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Injunction # 5 Exhibit 5. Affidavit), 30 Amended Motion for relief from stay (related document: 17) Filed by Creditor Southern Star Capital, LLC (Attachments: # 1 Exhibit 1. Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit of Al Keller)). Hearing to be held on 11/16/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 30 and for 17, (Buchholz, Robert) |
| 11/04/2020 | 32 (7 pgs) Objection to (related document(s): 30 Amended Motion for relief from stay (related document: 17) filed by Creditor Southern Star Capital, LLC) filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/10/2020 | 33 (1 pg) Notice of Telephone/Video information for November 16, 2020 at 1:30 PM (RE: related document(s)30 Motion for relief from stay filed by Creditor Southern Star Capital, LLC). (Calfee, J.) |
| 11/10/2020 | 34 (89 pgs; 12 docs) Witness and Exhibit List filed by Creditor Southern Star Capital, LLC (RE: related document(s)30 Amended Motion for relief from stay (related document: 17)). (Attachments: # 1 Exhibit 1. # 2 Exhibit 2. # 3 Exhibit 3. # 4 Exhibit 4. # 5 Exhibit 5. # 6 Exhibit 6. # 7 Exhibit 7. # 8 Exhibit 8. # 9 Exhibit 9. # 10 Exhibit 10. # 11 Exhibit 11.) (Buchholz, Robert) |
| 11/11/2020 | 35 (157 pgs; 9 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)30 Amended Motion for relief from stay (related document: 17)). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H) (Lindauer, Joyce) |
| 11/13/2020 | 36 (16 pgs) Chapter 11 plan filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/13/2020 | 37 (54 pgs) Disclosure statement filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/16/2020 | 38 (1 pg) Court admitted exhibits date of hearing 11/16/2020 (RE: related document(s)30 Amended Motion for relief from stay (related document: 17) Filed by Creditor Southern Star Capital, LLC (Attachments: # 1 Exhibit 1. Legal Description # 2 Exhibit 2. Promissory Note # 3 Exhibit 3. Deed of Trust # 4 Exhibit 4. Order Denying Temporary Injunction # 5 Exhibit 5. Affidavit of Al Keller)) (Calfee, J.) (Entered: 11/19/2020) |
| 11/19/2020 | 39 (16 pgs) Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan). (Lindauer, Joyce) |
| 11/19/2020 | 40 (54 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement). (Lindauer, Joyce) |
| 11/23/2020 | 41 (11 pgs) Debtor-in-possession monthly operating report for filing period October 1, 2020 to October 31, 2020 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 11/24/2020 | 42 (2 pgs) Order Setting hearing (RE: related document(s)40 Disclosure statement filed by Debtor BM318, LLC). Hearing to be held on 12/29/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 40, Entered on 11/24/2020 (Chambers, Deanna) |
| 11/25/2020 | 43 (1 pg) Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)40 Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement).). Hearing to be held on 12/29/2020 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 40, (Lindauer, Joyce) |

| | |
|---|---|
| 12/01/2020 | 44 (2 pgs) Order conditioning motion for relief from stay by Creditor Southern Star Capital, LLC (related document # 30) Entered on 12/1/2020. (Chambers, Deanna) |
| 12/03/2020 | 45 (3 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan, 40 Disclosure statement, 42 Order to set hearing, 43 Notice of hearing). (Lindauer, Joyce) |
| 12/03/2020 | 46 (2 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)43 Notice of hearing). (Lindauer, Joyce) |
| 12/22/2020 | 47 (10 pgs) INCORRECT ENTRY: Missing case number. Debtor-in-possession monthly operating report for filing period to filed by Debtor BM318, LLC. (Lindauer, Joyce) MODIFIED on 12/22/2020 (Munoz, Kristina). |
| 12/22/2020 | 48 (11 pgs) Objection to disclosure statement (RE: related document(s)40 Disclosure statement) filed by Creditor Southern Star Capital, LLC. (Buchholz, Robert) |
| 12/22/2020 | 49 (10 pgs) Debtor-in-possession monthly operating report for filing period to filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 12/23/2020 | 50 (147 pgs; 16 docs) Witness and Exhibit List filed by Creditor Southern Star Capital, LLC (RE: related document(s)40 Disclosure statement). (Attachments: # 1 Exhibit No. 1 # 2 Exhibit No. 2 # 3 Exhibit No. 3 # 4 Exhibit No. 4 # 5 Exhibit No. 5 # 6 Exhibit No. 6 # 7 Exhibit No. 7 # 8 Exhibit No. 8 # 9 Exhibit No. 9 # 10 Exhibit No. 10 # 11 Exhibit No. 11 # 12 Exhibit No. 12 # 13 Exhibit No. 13 # 14 Exhibit No. 14 # 15 Exhibit No. 15) (Buchholz, Robert) |
| 12/23/2020 | 51 (108 pgs; 8 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)40 Disclosure statement). (Attachments: # 1 Exhibit A-Docket Sheet # 2 Exhibit B-First Amended Plan # 3 Exhibit C-First Amended Disclosure Statement # 4 Exhibit D-Schedules # 5 Exhibit E- Statement of Financial Affairs # 6 Exhibit F-Claims Register # 7 Exhibit G-Order Conditioning the Stay) (Lindauer, Joyce) |
| 12/28/2020 | 52 (5 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)40 Disclosure statement). (Lindauer, Joyce) |
| 12/29/2020 | 53 Hearing held on 12/29/2020 (RE: related document(s) 40 Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement). Filed by Debtor BM318, LLC) ***ORDER TO BE UPLOADED*** (Rueter, Karyn) |
| 01/04/2021 | 54 (9 pgs) Amended Schedules: A/B, G, (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 01/04/2021 | 55 (8 pgs) Statement of financial affairs for a non-individual -*AMENDED*. Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 01/04/2021 | 56 (67 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)37 Disclosure statement). (Lindauer, Joyce) |
| 01/05/2021 | 57 (2 pgs) Order approving disclosure statement and setting hearing on confirmation of plan (RE: related document(s)36 Chapter 11 plan filed by Debtor BM318, LLC). Confirmation hearing to be held on 2/10/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. Last day to Object to Confirmation 2/3/2021. Ballots due 2/5/2021. Entered on 1/5/2021 (Chambers, Deanna) |
| 01/08/2021 | 58 (1 pg) Notice of hearing/*Notice of Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC |

| | |
|---|---|
| | (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 2/10/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. (Lindauer, Joyce) |
| 01/08/2021 | 59 (3 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan, 56 Disclosure statement, 57 Order approving disclosure statement, 58 Notice of hearing). (Lindauer, Joyce) |
| 01/20/2021 | 60 (11 pgs) Debtor-in-possession monthly operating report for filing period December 1, 2020 to December 31, 2020 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/01/2021 | 61 (1 pg) Notice of WebEx Instructions for February 10th at 1:30 pm(RE: related document(s)58 Notice of hearing/*Notice of Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 2/10/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm..). (Calfee, J.) |
| 02/01/2021 | 62 (4 pgs; 2 docs) Motion to continue hearing on (related documents 39 Chapter 11 plan) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 02/03/2021 | 63 (1 pg) Order granting motion to continue hearing on (related document # 62) (related documents Chapter 11 plan) Confirmation hearing to be held on 3/18/2021 at 01:30 PM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 2/3/2021. (Chambers, Deanna) |
| 02/03/2021 | 64 (4 pgs) Objection to confirmation of plan (RE: related document(s)39 Chapter 11 plan) filed by Creditor Parker CAD. (Spindler, Laurie) |
| 02/22/2021 | 65 (11 pgs) Debtor-in-possession monthly operating report for filing period 1/1/21 to 1/31/21 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/28/2021 | 66 (3 pgs) Certificate of service re: filed by Debtor BM318, LLC (RE: related document(s)63 Order on motion to continue hearing). (Lindauer, Joyce) |
| 03/11/2021 | 67 (4 pgs) Notice of hearing/*Notice of Rescheduled Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 4/14/2021 at 09:30 AM at https://us-courts.webex.com/meet/mullin. (Lindauer, Joyce) |
| 03/12/2021 | 68 (4 pgs) Objection to confirmation of plan (RE: related document(s)39 Chapter 11 plan) filed by Creditor Parker CAD. (Spindler, Laurie) |
| 03/23/2021 | 69 (6 pgs) Debtor-in-possession monthly operating report for filing period February 1, 2021 to February 28, 2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 04/06/2021 | 70 (25 pgs; 2 docs) Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, Filed by Debtor BM318, LLC Objections due by 4/27/2021. (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 04/06/2021 | Receipt of filing fee for Motion to Sell(20-42789-mxm11) [motion,msell] ( 188.00). Receipt number 28618662, amount $ 188.00 (re: Doc# 70). (U.S. Treasury) |
| 04/06/2021 | 71 (3 pgs) Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)70 Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, Filed by Debtor BM318, LLC Objections due by 4/27/2021. (Attachments: # 1 Proposed Order)). Hearing to be held on 4/29/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 70, (Lindauer, Joyce) |

| | |
|---|---|
| 04/06/2021 | 72 (4 pgs) Amended Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)70 Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, Filed by Debtor BM318, LLC Objections due by 4/27/2021. (Attachments: # 1 Proposed Order)). Hearing to be held on 4/29/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 70, (Lindauer, Joyce) |
| 04/12/2021 | 73 (2 pgs) Notice of hearing/*Notice of Rescheduled Hearing on Confirmation of Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).). Confirmation hearing to be held on 5/12/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin. (Lindauer, Joyce) |
| 04/22/2021 | 74 (11 pgs; 2 docs) Objection to (related document(s): 70 Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, filed by Debtor BM318, LLC) filed by Debtor Citizens Bank (Attachments: # 1 Mail Matrix) (Ritcheson, Scott) MODIFIED to correct filed by party on 4/27/2021 (Calfee, J.). |
| 04/26/2021 | 75 (66 pgs; 4 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)70 Motion to sell property free and clear of liens under Section 363(f) Fee amount $188,). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3) (Lindauer, Joyce) |
| 04/27/2021 | 76 (4 pgs) Objection to (related document(s): 70 Motion to sell property free and clear of liens under Section 363(f) Fee amount $188, filed by Debtor BM318, LLC) filed by Creditor Parker CAD. (Spindler, Laurie) |
| 04/28/2021 | 77 (8 pgs) Debtor-in-possession monthly operating report for filing period March 1, 2021 to March 31, 2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 04/29/2021 | 78 (10 pgs) Agreed Order granting motion to sell (related document # 70) Entered on 4/29/2021. (Chambers, Deanna) |
| 05/05/2021 | 79 (6 pgs) Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan). (Lindauer, Joyce) |
| 05/05/2021 | 80 (7 pgs) Amended disclosure statement filed by Debtor BM318, LLC (RE: related document(s)56 Disclosure statement). (Lindauer, Joyce) |
| 05/07/2021 | 81 (178 pgs; 8 docs) Witness and Exhibit List filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7) (Lindauer, Joyce) |
| 05/10/2021 | 82 (16 pgs) Amended Schedules: A/B, with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/10/2021 | 83 (7 pgs) Amended Schedules: E/F, with Summary of Assets and Liabilities (Adding additional creditor or creditors) fee Amount $32 (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/10/2021 | 84 (1 pg) (private) Declaration for electronic filing *of Amended Schedules A/B and E/F* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/10/2021 | Receipt of filing fee for Schedules(20-42789-mxm11) [misc,schedall] ( 32.00). Receipt number 28700422, amount $ 32.00 (re: Doc# 83). (U.S. Treasury) |
| 05/10/2021 | 85 (4 pgs) Notice *of Comment Regarding Confirmation of Amended Plan* filed by Creditor Citizens Bank (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related |

| | |
|---|---|
| | document(s)36 Chapter 11 plan)., 79 Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan).). (Ritcheson, Scott) |
| 05/11/2021 | 86 (2 pgs) Witness and Exhibit List filed by Interested Party Dixon Water Foundation (RE: related document(s)39 Chapter 11 plan, 79 Chapter 11 plan). (Perry, Deborah) |
| 05/11/2021 | 87 (6 pgs) Objection to confirmation of plan (RE: related document(s)39 Chapter 11 plan, 79 Chapter 11 plan) filed by Interested Party Dixon Water Foundation. (Perry, Deborah) |
| 05/11/2021 | 88 (2 pgs) Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan). (Lindauer, Joyce) |
| 05/11/2021 | 89 (3 pgs) Chapter 11 ballot summary filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 90 (3 pgs) Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation (Perry, Deborah) |
| 05/12/2021 | 91 (3 pgs) Motion for expedited hearing(related documents 90 Motion to continue) Filed by Interested Party Dixon Water Foundation (Perry, Deborah) |
| 05/12/2021 | 92 Hearing set - expedited request granted (RE: related document(s)90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation) Hearing to be held on 5/12/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 90, (Calfee, J.) |
| 05/12/2021 | 93 (9 pgs) Amended Schedules: A/B, with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 94 (4 pgs) Objection to (related document(s): 90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) filed by Interested Party Dixon Water Foundation) filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 95 (2 pgs) Notice of hearing filed by Interested Party Dixon Water Foundation (RE: related document(s)90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation). Hearing to be held on 5/12/2021 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 90, (Perry, Deborah) |
| 05/12/2021 | 96 (1 pg) (private) Declaration for electronic filing *of Amended Schedules A/B* filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/12/2021 | 97 Hearing held on 5/12/2021. (RE: related document(s)90 Expedited Motion to continue hearing on (related documents 39 Chapter 11 plan, 79 Chapter 11 plan, 88 Chapter 11 plan) Filed by Interested Party Dixon Water Foundation) ***GRANTED*** (Rueter, Karyn) |
| 05/12/2021 | 98 Hearing reset (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).) Confirmation hearing to be held on 5/26/2021 at 09:30 AM at https://us-courts.webex.com/meet/mullin. (Rueter, Karyn) |
| 05/25/2021 | 99 (2 pgs) Withdrawal *of Second Modification to Debtor's First Amended Plan of Reorganization* filed by Debtor BM318, LLC (RE: related document(s)88 Chapter 11 plan). (Lindauer, Joyce) |
| 05/25/2021 | 100 (4 pgs) Third Modified to debtor's first amended chapter 11 plan of reorganization filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan). (Lindauer, Joyce) Modified on 5/25/2021 (Cumby, C). |

| | |
|---|---|
| 05/25/2021 | (private) Documents terminated per withdrawal document number 99. (RE: related document(s)88 Modified chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)39 Chapter 11 plan).) (Cumby, C) |
| 05/26/2021 | 101 Hearing held on 5/26/2021. (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).) ***CONFIRMED*** (Rueter, Karyn) |
| 05/26/2021 | 102 (1 pg) Court admitted exhibits date of hearing 5/26/2021 (RE: related document(s)39 Amended chapter 11 plan filed by Debtor BM318, LLC (RE: related document(s)36 Chapter 11 plan).) (Rueter, Karyn) |
| 05/28/2021 | 103 (8 pgs) Debtor-in-possession monthly operating report for filing period April 1, 2021 to April 30, 2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 06/21/2021 | 104 (8 pgs) Chapter 11 Monthly Operating Report for the Month Ending: 05/31/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 07/30/2021 | 105 (4 pgs) Chapter 11 Monthly Operating Report for the Month Ending: 06/30/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 08/02/2021 | 106 (3 pgs) Order confirming chapter 11 plan (RE: related document(s)36 Chapter 11 plan filed by Debtor BM318, LLC, 100 Chapter 11 plan filed by Debtor BM318, LLC). Entered on 8/2/2021 (Chambers, Deanna) |
| 08/04/2021 | 107 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)106 Order confirming chapter 11 plan (RE: related document(s)36 Chapter 11 plan filed by Debtor BM318, LLC, 100 Chapter 11 plan filed by Debtor BM318, LLC). Entered on 8/2/2021) No. of Notices: 1. Notice Date 08/04/2021. (Admin.) |
| 08/10/2021 | 108 (9 pgs) Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). (Lindauer, Joyce) |
| 11/19/2021 | 109 (3 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 09/30/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 01/18/2022 | 110 (20 pgs; 2 docs) Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 01/18/2022 | 111 (4 pgs) Notice of hearing filed by Debtor BM318, LLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order)). Hearing to be held on 2/24/2022 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 110, (Lindauer, Joyce) |
| 01/27/2022 | 112 (10 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 12/31/2021 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/04/2022 | 113 (10 pgs) Objection to (related document(s): 110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. filed by Debtor BM318, LLC) filed by U.S. Trustee United States Trustee. (Young, Elizabeth) |
| 02/07/2022 | 114 (6 pgs; 2 docs) Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed |

| | |
|---|---|
| | Order) (Lindauer, Joyce) |
| 02/07/2022 | 115 (4 pgs; 2 docs) Motion for expedited hearing(related documents 114 Motion to extend/shorten time) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 02/09/2022 | 116 (2 pgs) Order granting motion for expedited hearing (Related Doc# 115)(document set for hearing: 114 Motion to extend/shorten time) Hearing to be held on 2/24/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 114, Entered on 2/9/2022. (Chambers, Deanna) |
| 02/10/2022 | 117 (3 pgs) Notice of Appearance and Request for Notice *for Khudabuksh Walji* by Joyce W. Lindauer filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 02/10/2022 | 118 (4 pgs) Support/supplemental document*Supplement to the United States Trustees Objection to First and Final Application to Approve Payment of Fees and Expenses to Debtors Counsel* filed by U.S. Trustee United States Trustee (RE: related document(s)113 Objection). (Young, Elizabeth) |
| 02/16/2022 | 119 (7 pgs) Objection to (related document(s): 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) filed by Debtor BM318, LLC) filed by U.S. Trustee United States Trustee. (Young, Elizabeth) |
| 02/16/2022 | 120 (15 pgs) Support/supplemental document*/Revised Exhibit "A" to First and Final Application to Approve Payment of Fees and Expenses of Debtor's Counsel* filed by Debtor BM318, LLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16.). (Lindauer, Joyce) |
| 02/18/2022 | 121 (121 pgs; 14 docs) Witness and Exhibit List filed by U.S. Trustee United States Trustee (RE: related document(s)113 Objection, 119 Objection). (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Exhibit D # 5 Exhibit E # 6 Exhibit F # 7 Exhibit G # 8 Exhibit H # 9 Exhibit I # 10 Exhibit J # 11 Exhibit K # 12 Exhibit L # 13 Exhibit M) (Young, Elizabeth) |
| 02/18/2022 | 122 (5 pgs) Response opposed to (related document(s): 119 Objection filed by U.S. Trustee United States Trustee) filed by Attorney Joyce Lindauer. (Lindauer, Joyce) |
| 02/18/2022 | 123 (25 pgs) Response opposed to (related document(s): 113 Objection filed by U.S. Trustee United States Trustee) filed by Attorney Joyce Lindauer. (Lindauer, Joyce) |
| 02/21/2022 | 124 (5 pgs) Notice of Appearance and Request for Notice by Frances Anne Smith filed by Interested Party Joyce W. Lindauer Attorney, PLLC. (Smith, Frances) |
| 02/21/2022 | 125 (171 pgs; 19 docs) Witness and Exhibit List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16.). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18) (Smith, Frances) |
| 02/21/2022 | 126 (3 pgs) Amended Witness List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)125 List (witness/exhibit/generic)). (Smith, Frances) |
| 02/22/2022 | 127 (5 pgs; 2 docs) Notice of hearing filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order), 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order)). Hearing to be held on 3/31/2022 at 02:30 PM at |

| | |
|---|---|
| | https://us-courts.webex.com/meet/mullin for 110 and for 114, (Attachments: # 1 Exhibit A) (Smith, Frances) |
| 03/28/2022 | 128 (165 pgs; 18 docs) Witness and Exhibit List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16., 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation)). (Attachments: # 1 Exhibit 1 - Docket Sheet # 2 Exhibit 3 - Disclosure of Compensation # 3 Exhibit 4 - Order Granting Application to Employ # 4 Exhibit 5 - First Amended Plan # 5 Exhibit 6 - Order Confirming First Amended Plan # 6 Exhibit 7 - Fee Application # 7 Exhibit 8 - UST Objection to Fee Application # 8 Exhibit 9 - Motion to Extend Time to File Fee Application # 9 Exhibit 10 - Supplement to Objection to Fee Application # 10 Exhibit 11 - Objection to Motion to Extend Deadline # 11 Exhibit 12 - Revised Exhibit A to Fee Application # 12 Exhibit 13 - Response to Objection to Motion to Extend Deadline # 13 Exhibit 14 - Response to Objection to Fee Application # 14 Exhibit 15 - Joyce W. Lindauer Attorney PLLC Website # 15 Exhibit 16 - Geilich Fees all Chapter 11 Cases # 16 Exhibit 17 - Geilich State Bar Bio # 17 Exhibit 2 - Application to Employ) (Smith, Frances) |
| 03/30/2022 | 129 (2 pgs) Amended Witness List *amending Witness List only to add Timothy Barton* filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)128 List (witness/exhibit/generic)). (Smith, Frances) |
| 03/31/2022 | 130 (27 pgs; 3 docs) Notice *of Filing of Amended Exhibits for Hearing Scheduled for March 31, 2022* filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)128 Witness and Exhibit List filed by Interested Party Joyce W. Lindauer Attorney, PLLC (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16., 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation)). (Attachments: # 1 Exhibit 1 - Docket Sheet # 2 Exhibit 3 - Disclosure of Compensation # 3 Exhibit 4 - Order Granting Application to Employ # 4 Exhibit 5 - First Amended Plan # 5 Exhibit 6 - Order Confirming First Amended Plan # 6 Exhibit 7 - Fee Application # 7 Exhibit 8 - UST Objection to Fee Application # 8 Exhibit 9 - Motion to Extend Time to File Fee Application # 9 Exhibit 10 - Supplement to Objection to Fee Application # 10 Exhibit 11 - Objection to Motion to Extend Deadline # 11 Exhibit 12 - Revised Exhibit A to Fee Application # 12 Exhibit 13 - Response to Objection to Motion to Extend Deadline # 13 Exhibit 14 - Response to Objection to Fee Application # 14 Exhibit 15 - Joyce W. Lindauer Attorney PLLC Website # 15 Exhibit 16 - Geilich Fees all Chapter 11 Cases # 16 Exhibit 17 - Geilich State Bar Bio # 17 Exhibit 2 - Application to Employ)). (Attachments: # 1 Amended Exhibit 5 # 2 Amended Exhibit 16) (Smith, Frances) |
| 03/31/2022 | 131 Hearing held on 3/31/2022. (RE: related document(s)114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order)) ***GRANTED*** (Almaraz, Jeanette) (Entered: 04/01/2022) |
| 03/31/2022 | 132 Hearing held on 3/31/2022. (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order)) ***GRANTED IN PART, DENIED IN PART*** (Almaraz, Jeanette) (Entered: 04/01/2022) |
| 03/31/2022 | 133 (1 pg) Court admitted exhibits date of hearing 3/31/2022 (RE: related document(s)110 Application for compensation for Joyce W. Lindauer, Debtor's Attorney, Period: 9/1/2020 to 8/2/2021, Fee: $50,701.25, Expenses: $2,457.16. Filed by Attorney Joyce W. Lindauer Objections due by 2/8/2022. (Attachments: # 1 Proposed Order), 114 Motion to extend time to File Fee Application of Debtor's Counsel (RE: related document(s)110 Application for compensation) Filed by Debtor BM318, LLC (Attachments: # 1 Proposed Order)) (Almaraz, Jeanette) (Entered: 04/01/2022) |
| 04/05/2022 | 134 (2 pgs) Order granting 114 Motion to extend time for Debtor's Counsel to file Fee Application to January 18, 2022. Entered on 4/5/2022. (Chambers, Deanna) |

| | |
|---|---|
| 04/05/2022 | 135 (2 pgs) Order granting in part, denying in part application for compensation (related document # 110) granting in part, denying in part for Joyce W. Lindauer, fees awarded: $31869.25, expenses awarded: $2457.16 Entered on 4/5/2022. (Chambers, Deanna) |
| 05/03/2022 | 136 (3 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/2022 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 05/31/2022 | 137 (10 pgs) Amended Chapter 11 Post-Confirmation Report for the Quarter Ending: 03/31/2022 filed by Debtor BM318, LLC (RE: related document(s)136 Chapter 11 Post-Confirmation Report). (Lindauer, Joyce) |
| 08/01/2022 | 138 (10 pgs) Chapter 11 Post-Confirmation Report for the Quarter Ending: 06/30/2022 filed by Debtor BM318, LLC. (Lindauer, Joyce) |
| 08/24/2022 | (private) Flags set: ADVAPL (Almaraz, Jeanette) |
| 09/26/2022 | (private) Flags cleared: ADVAPL (Almaraz, Jeanette) |
| 10/21/2022 | 139 (28 pgs; 2 docs) Notice *of Receiver's Notice of Stay* filed by Attorney Cortney C Thomas. (Attachments: # 1 Exhibit A) (Koonce, Charlene) |
| 01/27/2023 | 140 (2 pgs) Notice of firm name change from Ross & Smith, PC to Ross, Smith & Binford, PC. (Smith, Frances) |
| 03/10/2023 | 141 (1 pg) Notice of Appearance and Request for Notice by John Kendrick Turner filed by Creditor Parker CAD. (Turner, John) |
| 07/09/2023 | (private) No Docket Activity Within the Last 120 Days (admin) |
| 08/28/2023 | 142 (1 pg) Clerk's correspondence requesting Case Status from attorney for debtor. (RE: related document(s)1 Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC, 139 Notice *of Receiver's Notice of Stay* filed by Attorney Cortney C Thomas. (Attachments: # 1 Exhibit A)) Responses due by 9/7/2023. (Nunns, Tracy) |
| 10/12/2023 | 143 (1 pg) Second Clerk's correspondence requesting case status from attorney for debtor. (RE: related document(s)1 Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC, 139 Notice of Receiver's Notice of Stay) Responses due by 10/19/2023. (Nunns, Tracy). |
| 10/14/2023 | 144 (3 pgs) BNC certificate of mailing. (RE: related document(s)143 Second Clerk's correspondence requesting case status from attorney for debtor. (RE: related document(s)1 Non-individual Chapter 11 Voluntary Petition. Fee Amount $1717 Filed by BM318, LLC, 139 Notice of Receiver's Notice of Stay) Responses due by 10/19/2023. .) No. of Notices: 0. Notice Date 10/14/2023. (Admin.) |
| 12/28/2023 | 145 (1 pg) Clerk's correspondence requesting case status from attorney for receiver (RE: related document(s) 139 Notice *of Receiver's Notice of Stay* filed by Attorney Cortney C Thomas. (Attachments: # 1 Exhibit A)) Responses due by 1/11/2024. (Nunns, Tracy) |
| 01/30/2024 | 146 (3 pgs) Notice of Appearance and Request for Notice by Mark Joseph Petrocchi filed by Creditor First Bank Texas. (Petrocchi, Mark) |

| | |
|---|---|
| 04/25/2024 | 147 (60 pgs; 6 docs) Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List) (Perry, Deborah) |
| 04/25/2024 | 148 (6 pgs; 3 docs) Notice of hearing filed by Interested Party Dixon Water Foundation (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List)). Hearing to be held on 5/20/2024 at 09:30 AM Ft. Worth, Judge Mullin's Ctrm. for 147, (Attachments: # 1 Webex Instructions # 2 Service List) (Perry, Deborah) |
| 04/25/2024 | 149 (64 pgs; 5 docs) Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.) |
| 04/25/2024 | 150 (5 pgs; 3 docs) Notice of hearing filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)). Hearing to be held on 5/20/2024 at 09:30 AM at https://us-courts.webex.com/meet/mullin for 149, (Attachments: # 1 WebEx Instructions # 2 Service List) (Forshey, J.) |
| 05/08/2024 | 151 (15 pgs; 2 docs) Brief in support filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. ). (Attachments: # 1 Service List) (Forshey, J.) |
| 05/15/2024 | 152 (333 pgs; 22 docs) Witness and Exhibit List *for Hearing on May 20, 2024* filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. ). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16 # 17 Exhibit 17 # 18 Exhibit 18 # 19 Exhibit 19 # 20 Exhibit 20 # 21 Exhibit 21) (Forshey, J.) |
| 05/16/2024 | 153 (7 pgs) Objection to (related document(s): 147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. filed by Interested Party Dixon Water Foundation, 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). filed by Interested Party Lumar Land & Cattle, LLC) filed by Interested Party Joyce W. Lindauer Attorney, PLLC. (Lindauer, Joyce) |
| 05/16/2024 | 154 (272 pgs; 18 docs) Witness and Exhibit List filed by Interested Party Dixon Water Foundation (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. ). (Attachments: # 1 Ex A # 2 Ex B # 3 Ex C # 4 Ex D # 5 Ex E # 6 Ex F # 7 Ex G # 8 Ex H # 9 Ex I # 10 Ex J # 11 Ex K # 12 Ex L # 13 Ex M # 14 Ex N # 15 Ex O # 16 Ex P # 17 Ex Q) (Perry, Deborah) |
| 05/20/2024 | 155 Hearing held on 5/20/2024 - ***MATTERS UNDER ADVISEMENT - ORAL RULING HEARING TO BE HELD 5/22/2024 AT 1:00PM*** . (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement |

| | |
|---|---|
| | Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List), 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) (Almaraz, Jeanette) |
| 05/20/2024 | 156 (1 pg) Court admitted exhibits date of hearing 5/20/2024 (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List), 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) (Almaraz, Jeanette) |
| 05/20/2024 | 157 Hearing set for Oral Ruling on 147 and 149 (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List), 149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) Hearing to be held on 5/22/2024 at 01:00 PM at https://us-courts.webex.com/meet/mullin for 149 and for 147, (Almaraz, Jeanette) |
| 05/21/2024 | 158 (1 pg) Request for transcript regarding a hearing held on 5/20/2024. The requested turn-around time is 3-day expedited (Almaraz, Jeanette) |
| 05/22/2024 | 159 Hearing held on 5/22/2024 ***MOTION GRANTED***. (RE: related document(s)147 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation. Filed by Interested Party Dixon Water Foundation Objections due by 5/16/2024. (Attachments: # 1 Exhibit A - Order Lifting Stay in Receivership Proceeding # 2 Exhibit B - Settlement Agreement # 3 Exhibit C - Proposed Order # 4 Exhibit D - Proposed Judgment # 5 Service List)) (Almaraz, Jeanette) |
| 05/22/2024 | 160 Hearing held on 5/22/2024 ***MOTION GRANTED***. (RE: related document(s)149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.)) (Almaraz, Jeanette) |
| 05/23/2024 | 161 (1 pg) Request for transcript regarding a hearing held on 5/22/2024. The requested turn-around time is daily (Almaraz, Jeanette) |
| 05/24/2024 | 162 (19 pgs) Transcript regarding Hearing Held 05/22/2024 RE: RULING. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 08/22/2024. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription & Video, LLC, Telephone number 833-800-5288. (RE: related document(s) 160 Hearing held on 5/22/2024 ***MOTION GRANTED***. (RE: related document(s)149 Motion to compromise controversy with BM318, LLC. Related AP case numbers: 21-04051. Related defendants: The Dixon Water Foundation, Lumar Land & Cattle, LLC (Plaintiff-in-Intervention). Filed by Interested Party Lumar Land & Cattle, LLC Objections due by 5/16/2024. (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C # 4 Service List) (Forshey, J.))). Transcript to be made available to the public on 08/22/2024. (Lawrence, Gillian) |

| | |
|---|---|
| 05/28/2024 | 163 (3 pgs) Order granting motion to compromise controversy (related document # 147) Entered on 5/28/2024. (Nunns, Tracy) |
| 05/28/2024 | 164 (3 pgs) Order granting motion to compromise controversy (related document # 149) Entered on 5/28/2024. (Nunns, Tracy) |

**U.S. Bankruptcy Court**
**Northern District of Texas (Ft. Worth)**
**Adversary Proceeding #: 21-04051-mxm**
**Internal Use Only**

*Assigned to:* Mark X. Mullin
*Lead BK Case:* 20-42789
*Lead BK Title:* BM318, LLC
*Lead BK Chapter:* 11
*Demand:*

*Date Filed:* 08/10/21

*Nature[s] of Suit:* 12 Recovery of money/property - 547 preference
13 Recovery of money/property - 548 fraudulent transfer
14 Recovery of money/property - other

***Plaintiff***
**-----------------------**
**BM318, LLC**
13901 Midway Road
Suite 102
Dallas, TX 75244
Tax ID / EIN: 85-0835862

represented by **Joyce W. Lindauer**
Joyce W. Lindauer Attorney, PLLC
1412 Main Street
Suite 500
Dallas, TX 75202
(972) 503-4033
Fax : (972) 503-4034
Email: joyce@joycelindauer.com
*LEAD ATTORNEY*

**Khudabuksh K Walji**
Law Office of K. Walji
10701 Corporate Drive, Ste 350
Stafford, TX 77477
281-401-9672
Email: k.walji@waljilaw.com

V.

***Defendant***
**-----------------------**
**The Dixon Water Foundation**

represented by **Jay Ong**
Munsch Hardt Kopf & Harr, P.C.
1717 West 6th Street
Suite 250
Austin, TX 78703
(512) 391-6124
Fax : (512) 226-7105
Email: jong@munsch.com

**Deborah M. Perry**

Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6659
214-855-7565
Fax : 214-978-5335
Email: dperry@munsch.com

**Julian Preston Vasek**
Munsch Hardt Kopf and Harr
500 N. Akard Street
Suite 4000
Dallas, TX 75201
214-855-7528
Email: jvasek@munsch.com

***Intervenor-Plaintiff***
**-----------------------**

**Lumar Land & Cattle, LLC**
c/o Quilling, Selander, Lownds, et al.
Attn: Kimberly P. Harris
2001 Bryan Street
Suite 1800
Dallas, TX 75201
2148712100

represented by **J. Robert Forshey**
Forshey & Prostok, LLP
777 Main St., Suite 1550
Ft. Worth, TX 76102
817-877-8855
Email: bforshey@forsheyprostok.com

**Kimberly Paige Harris**
Quilling, Selander, Lownds, et al.
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100
Fax : (214) 871-2111
Email: kharris@qslwm.com

**Joshua Lee Shepherd**
Quilling, Selander, Lownds, Winslett & M
2001 Bryan Street, Suite 1800
Dallas, TX 75201
(214) 871-2100
Fax : (214) 871-2111
Email: jshepherd@qslwm.com

***Counter-Claimant***
**-----------------------**

**The Dixon Water Foundation**

represented by **Deborah M. Perry**
(See above for address)

**Julian Preston Vasek**
(See above for address)

V.

***Counter-Defendant***
-----------------------
**BM318, LLC**
13901 Midway Road
Suite 102
Dallas, TX 75244

***Counter-Claimant***
-----------------------
**BM318, LLC**
13901 Midway Road
Suite 102
Dallas, TX 75244

V.

***Counter-Defendant***
-----------------------
**Lumar Land & Cattle, LLC**
c/o Quilling, Selander, Lownds, et al.
Attn: Kimberly P. Harris
2001 Bryan Street
Suite 1800
Dallas, TX 75201
2148712100

represented by **J. Robert Forshey**
(See above for address)

| Filing Date | Docket Text |
|---|---|
| 08/10/2021 | 1 (9 pgs) Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). (Lindauer, Joyce) |
| 08/10/2021 | 2 (2 pgs) Adversary proceeding cover sheet filed by Plaintiff BM318, LLC (RE: related document(s)1 Complaint). (Lindauer, Joyce) |
| 08/10/2021 | Receipt of filing fee for Complaint(21-04051-mxm) [cmp,cmp] ( 350.00). Receipt number 28908896, amount $ 350.00 (re: Doc# 1). (U.S. Treasury) |
| 08/11/2021 | (private) Case checked for completeness (Almaraz, Jeanette) |
| 08/11/2021 | 3 (2 pgs) Scheduling order setting deadlines. Discovery and all exhibits except impeachment documents: 45 days prior to Docket Call, pre-trial order: 7 calendar days prior to Docket Call, proposed findings of fact and conclusions of law: 7 days prior to first scheduled docket call (RE: related document(s)1 Complaint filed by Plaintiff BM318, LLC). Trial Docket Call date set for 1/27/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 8/11/2021 (Calfee, J.) |
| 08/11/2021 | 4 (2 pgs) Summons issued on The Dixon Water Foundation Answer Due 9/10/2021 (Calfee, J.) |
| 08/12/2021 | 5 (2 pgs) Summons service executed on The Dixon Water Foundation 8/12/2021 (Lindauer, Joyce) |

| | |
|---|---|
| 09/27/2021 | 6 (3 pgs) Agreed Scheduling Order (RE: related document(s)1 Complaint filed by Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 9/27/2021 (Chambers, Deanna) |
| 09/29/2021 | 7 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)6 Agreed Scheduling Order (RE: related document(s)1 Complaint filed by Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 9/27/2021) No. of Notices: 2. Notice Date 09/29/2021. (Admin.) |
| 09/30/2021 | 8 (15 pgs) Answer to complaint , Counterclaim by The Dixon Water Foundation against BM318, LLC filed by The Dixon Water Foundation. (Perry, Deborah) |
| 10/22/2021 | 9 (5 pgs) Answer to counterclaim filed by BM318, LLC. (Lindauer, Joyce) |
| 12/27/2021 | 10 (3 pgs) INCORRECT ENTRY. Amended Agreed Scheduling Order (RE: related document(s)6 Order to set hearing). Entered on 12/27/2021 (Almaraz, Jeanette) MODIFIED on 12/28/2021 (Almaraz, Jeanette). |
| 12/27/2021 | 11 (3 pgs) Amended Agreed Scheduling Order setting hearing (RE: related document(s)1 Complaint filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 12/27/2021 (Almaraz, Jeanette) (Entered: 12/28/2021) |
| 12/29/2021 | 12 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)10 INCORRECT ENTRY. Amended Agreed Scheduling Order (RE: related document(s)6 Order to set hearing). Entered on 12/27/2021 (Almaraz, Jeanette) MODIFIED on 12/28/2021 .) No. of Notices: 0. Notice Date 12/29/2021. (Admin.) |
| 12/30/2021 | 13 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)11 Amended Agreed Scheduling Order setting hearing (RE: related document(s)1 Complaint filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 4/28/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 12/27/2021) No. of Notices: 0. Notice Date 12/30/2021. (Admin.) |
| 01/14/2022 | 14 (15 pgs; 3 docs) Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC (Attachments: # 1 Exhibit A # 2 Proposed Order) (Harris, Kimberly) |
| 01/19/2022 | 15 (4 pgs) Notice of hearing filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)14 Motion to intervene filed by Interested Party Lumar Land & Cattle, LLC). Hearing to be held on 2/10/2022 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 14, (Shepherd, Joshua) |
| 01/27/2022 | 16 (8 pgs; 2 docs) Agreed Motion to continue hearing on (related documents 1 Complaint)*(Joint Agreed Motion for Entry of Second Amended Agreed Scheduling Order)* filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 01/28/2022 | 17 (5 pgs) Objection to (related document(s): 14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 02/07/2022 | 18 (20 pgs; 3 docs) Witness and Exhibit List filed by Interested Party Lumar Land & Cattle, LLC (RE: related document(s)14 Motion to intervene *and Brief in Support*). (Attachments: # 1 Exhibit A # 2 Exhibit B) (Shepherd, Joshua) |
| 02/07/2022 | 19 (2 pgs) Witness and Exhibit List filed by Defendant The Dixon Water Foundation (RE: related document(s)14 Motion to intervene *and Brief in Support*). (Perry, Deborah) |

| | |
|---|---|
| 02/07/2022 | 20 (78 pgs; 10 docs) Witness and Exhibit List filed by Plaintiff BM318, LLC (RE: related document(s)14 Motion to intervene *and Brief in Support*). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9) (Lindauer, Joyce) |
| 02/07/2022 | 21 (4 pgs; 2 docs) Motion to continue hearing on (related documents 14 Motion to intervene) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 02/08/2022 | 22 (3 pgs) Notice of hearing filed by Plaintiff BM318, LLC (RE: related document(s)21 Motion to continue filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 2/10/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 21, (Lindauer, Joyce) |
| 02/08/2022 | 23 (55 pgs; 2 docs) Response unopposed to (related document(s): 14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC) filed by Defendant The Dixon Water Foundation. (Attachments: # 1 Exhibit A) (Ong, Jay) |
| 02/09/2022 | 24 (3 pgs) Objection to (related document(s): 21 Motion to continue hearing on (related documents 14 Motion to intervene) filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) filed by Interested Party Lumar Land & Cattle, LLC. (Shepherd, Joshua) |
| 02/09/2022 | 25 (4 pgs) Reply to (related document(s): 24 Objection filed by Interested Party Lumar Land & Cattle, LLC) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 02/10/2022 | 26 (2 pgs) Notice of Appearance and Request for Notice *for Khudabuksh Walji* by Joyce W. Lindauer filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 02/10/2022 | 27 (4 pgs; 2 docs) Support/supplemental document/*Supplement to Exhibit List* filed by Plaintiff BM318, LLC (RE: related document(s)20 List (witness/exhibit/generic)). (Attachments: # 1 Exhibit 11) (Lindauer, Joyce) |
| 02/10/2022 | 28 Hearing held on 2/10/2022. (RE: related document(s)21 Motion to continue hearing on (related documents 14 Motion to intervene) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***DENIED*** (Almaraz, Jeanette) |
| 02/10/2022 | 29 Hearing held on 2/10/2022. (RE: related document(s)14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC (Attachments: # 1 Exhibit A # 2 Proposed Order) filed by Interested Party Lumar Land & Cattle, LLC) ***GRANTED*** (Almaraz, Jeanette) |
| 02/10/2022 | 30 (1 pg) Court admitted exhibits date of hearing 02/10/2022 (RE: related document(s)14 Motion to intervene *and Brief in Support* filed by Interested Party Lumar Land & Cattle, LLC (Attachments: # 1 Exhibit A # 2 Proposed Order) filed by Interested Party Lumar Land & Cattle, LLC, 21 Motion to continue hearing on (related documents 14 Motion to intervene) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) filed by Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) |
| 02/14/2022 | 31 (2 pgs) Order denying motion to continue hearing on (related document # 21) Entered on 2/14/2022. (Chambers, Deanna) |
| 02/14/2022 | 32 (2 pgs) Order granting motion to intervene (related document # 14) Entered on 2/14/2022. (Chambers, Deanna) |
| 02/16/2022 | 33 (8 pgs; 2 docs) Intervenor complaint by Lumar Land & Cattle, LLC against BM318, LLC. (Attachments: # 1 Cover Sheet) (Harris, Kimberly) |

| | |
|---|---|
| 02/16/2022 | 34 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)32 Order granting motion to intervene (related document 14) Entered on 2/14/2022.) No. of Notices: 1. Notice Date 02/16/2022. (Admin.) |
| 02/16/2022 | 35 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)31 Order denying motion to continue hearing on (related document 21) Entered on 2/14/2022.) No. of Notices: 1. Notice Date 02/16/2022. (Admin.) |
| 02/17/2022 | 36 (2 pgs) Intervenor summons issued on BM318, LLC Date Issued 2/17/2022, Answer Due 3/21/2022 (Calfee, J.) |
| 02/17/2022 | 37 (4 pgs) Second Amended Agreed Order granting motion to continue hearing on (related document # 16) (related documents Complaint) Trial Docket Call date set for 6/23/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 2/17/2022. (Chambers, Deanna) |
| 02/19/2022 | 38 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)37 Second Amended Agreed Order granting motion to continue hearing on (related document 16) (related documents Complaint) Trial Docket Call date set for 6/23/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 2/17/2022.) No. of Notices: 1. Notice Date 02/19/2022. (Admin.) |
| 02/21/2022 | 39 (1 pg) Summons service executed on BM318, LLC 2/21/2022 (Shepherd, Joshua) |
| 03/21/2022 | 40 (24 pgs) Answer to complaint , Counterclaim by BM318, LLC against Lumar Land & Cattle, LLC filed by BM318, LLC. (Lindauer, Joyce) |
| 03/21/2022 | 41 (2 pgs) Notice *(Corporate Disclosure)* filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC. (Harris, Kimberly) |
| 04/11/2022 | 42 (13 pgs) Intervenor's answer to complaint *(Plaintiff-in-Intervention's Answer to Plaintiff's Counterclaims)* |
| 04/11/2022 | 43 (3 pgs) Notice */Plaintiff's Expert Disclosures* filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 04/13/2022 | 44 (10 pgs; 2 docs) Agreed Motion to continue hearing on (related documents 1 Complaint) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 04/14/2022 | 45 (4 pgs) Withdrawal - *Notice of Withdrawal of Docket No. 44* filed by Defendant The Dixon Water Foundation (RE: related document(s)44 Agreed Motion to continue hearing on (related documents 1 Complaint)). (Perry, Deborah) |
| 04/14/2022 | (private) Documents terminated. WITHDRAWN per 45 (RE: related document(s)44 Agreed Motion to continue hearing on (related documents 1 Complaint) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order)) (Hartogh, Kristina) |
| 04/20/2022 | 46 (10 pgs; 2 docs) Agreed Motion to continue hearing on (related documents 1 Complaint) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 04/21/2022 | 47 (2 pgs) Notice of Appearance and Request for Notice by J. Robert Forshey filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC. (Forshey, J.) |
| 04/26/2022 | 48 (4 pgs) Third Amended Agreed Order granting motion to continue hearing on (related document # 46) (related documents Complaint) Trial Docket Call date set for 10/27/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Trial date set for 11/14/2022 & 11/15/2022 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 4/26/2022. (Chambers, Deanna) |

| | |
|---|---|
| 04/28/2022 | 49 (6 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)48 Third Amended Agreed Order granting motion to continue hearing on (related document 46) (related documents Complaint) Trial Docket Call date set for 10/27/2022 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Trial date set for 11/14/2022 & 11/15/2022 at 09:30 AM at Ft. Worth, Judge Mullin's Ctrm.. Entered on 4/26/2022.) No. of Notices: 3. Notice Date 04/28/2022. (Admin.) |
| 05/09/2022 | 50 (45 pgs) Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. (Lindauer, Joyce) |
| 05/23/2022 | 51 (4 pgs) Notice of hearing filed by Plaintiff BM318, LLC (RE: related document(s)50 Motion for leave filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 6/15/2022 at 02:30 PM at https://us-courts.webex.com/meet/mullin for 50, (Lindauer, Joyce) |
| 05/24/2022 | 52 (2 pgs) Stipulation by The Dixon Water Foundation and BM318, LLC. filed by Defendant The Dixon Water Foundation (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint)). (Perry, Deborah) |
| 05/31/2022 | 53 (21 pgs) Objection to (related document(s): 50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC. (Harris, Kimberly) |
| 06/03/2022 | 54 (48 pgs; 4 docs) Motion for leave *(to Amend its Original Complaint in Intervention for Declaratory Judgment and its Original Answer to Counterclaims)* filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Proposed Order) (Harris, Kimberly) |
| 06/03/2022 | 55 (28 pgs) Objection to (related document(s): 50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) filed by Defendant The Dixon Water Foundation, Counter-Claimant The Dixon Water Foundation. (Vasek, Julian) |
| 06/10/2022 | 56 (154 pgs; 11 docs) Witness and Exhibit List filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10) (Harris, Kimberly) |
| 06/10/2022 | 57 (117 pgs; 6 docs) Witness and Exhibit List filed by Defendant The Dixon Water Foundation (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint)). (Attachments: # 1 Exhibit A (Debtor's First Amended Plan) # 2 Exhibit B (Debtor's Second Amended Disclosure Statement) # 3 Exhibit C (First Modification to Debtor's First Amended Plan # 4 Exhibit D (Third Modification to Debtor's First Amended Plan) # 5 Exhibit E (SI Restructuring Plan of Liquidation)) (Nguyen, Thanhan) |
| 06/10/2022 | 58 (259 pgs; 16 docs) Witness and Exhibit List filed by Plaintiff BM318, LLC (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint)). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15) (Lindauer, Joyce) |
| 06/14/2022 | 59 (8 pgs) Response opposed to (related document(s): 53 Objection filed by Counter-Defendant Lumar Land & Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC, 55 Objection filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 06/15/2022 | 60 Hearing held on 6/15/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) |

| | |
|---|---|
| | ***UNDER ADVISEMENT*** (Almaraz, Jeanette) (Entered: 06/16/2022) |
| 06/15/2022 | 61 (1 pg) Court admitted exhibits date of hearing 6/15/2022 (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) (Almaraz, Jeanette) (Entered: 06/16/2022) |
| 06/16/2022 | 62 (1 pg) Request for transcript regarding a hearing held on 6/15/2022. The requested turn-around time is daily (Almaraz, Jeanette) |
| 06/21/2022 | 63 (93 pgs) Transcript regarding Hearing Held 6/15/22 RE: Motion For Leave To File Amended Complaint. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 09/19/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Dipti Patel/LibertyTranscripts, Telephone number 847-848-4907. (RE: related document(s) 60 Hearing held on 6/15/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) ***UNDER ADVISEMENT***). Transcript to be made available to the public on 09/19/2022. (Patel, Dipti) |
| 06/23/2022 | 64 (3 pgs) Notice of hearing filed by Plaintiff BM318, LLC (RE: related document(s)50 Motion for leave filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 6/30/2022 at 02:30 PM at https://us-courts.webex.com/meet/mullin for 50, (Lindauer, Joyce) |
| 06/27/2022 | 65 (379 pgs; 19 docs) Amended Witness and Exhibit List - *Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Amended Witness and Exhibit List in Connection With Hearing set for June 30, 2022* filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)56 List (witness/exhibit/generic)). (Attachments: # 1 Exh. 1 # 2 Exh. 2 # 3 Exh. 3 # 4 Exh. 4 # 5 Exh. 5 # 6 Exh. 6 # 7 Exh. 7 # 8 Exh. 8 # 9 Exh. 9 # 10 Exh. 10 # 11 Exh. 11 # 12 Exh. 12 # 13 Exh. 13 # 14 Exh. 14 # 15 Exh. 15 # 16 Exh. 16 # 17 Exh. 17 # 18 Exh. 18) (Forshey, J.) |
| 06/29/2022 | 66 (7 pgs) Supplemental Response opposed to (related document(s): 53 Objection filed by Counter-Defendant Lumar Land & Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC, 55 Objection filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 06/30/2022 | 69 Hearing held on 6/30/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) - UNDER ADVISEMENT - (Calfee, Jennifer) (Entered: 07/06/2022) |
| 06/30/2022 | 70 (1 pg) Court admitted exhibits date of hearing June 30, 2022 (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Calfee, Jennifer) (Entered: 07/06/2022) |
| 07/01/2022 | 67 (2 pgs) Certificate of No Objection filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)54 Motion for leave *(to Amend its Original Complaint in Intervention for Declaratory Judgment and its Original Answer to Counterclaims)*). (Shepherd, Joshua) |
| 07/05/2022 | 68 (2 pgs) Order granting motion for leave to amend (related document # 54) Entered on 7/5/2022. (Warren, Shelley) |
| 07/07/2022 | 71 (27 pgs; 2 docs) Amended Intervenor complaint by Lumar Land & Cattle, LLC against BM318, LLC, The Dixon Water Foundation. (RE: related document(s)33 Intervenor complaint by Lumar Land & Cattle, LLC against BM318, LLC. (Attachments: # 1 Cover Sheet) filed by Counter-Defendant Lumar Land & |

| | |
|---|---|
| | Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC). (Attachments: # 1 Cover Sheet) (Harris, Kimberly) |
| 07/07/2022 | 72 (13 pgs) Intervenor's answer to complaint *(Amended Answer to Plaintiff's Counterclaims)* |
| 07/07/2022 | 73 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)68 Order granting motion for leave to amend (related document 54) Entered on 7/5/2022.) No. of Notices: 0. Notice Date 07/07/2022. (Admin.) |
| 07/08/2022 | 74 (2 pgs) Intervenor summons issued on BM318, LLC Date Issued 7/8/2022, Answer Due 8/8/2022 (Calfee, Jennifer) |
| 07/08/2022 | 75 (1 pg) Summons service executed on BM318, LLC 7/8/2022 (Shepherd, Joshua) |
| 07/15/2022 | 76 (276 pgs; 2 docs) Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) (Vasek, Julian) |
| 07/15/2022 | 77 (3 pgs) Motion for expedited hearing(related documents 76 Motion to compel re: discovery) filed by Defendant The Dixon Water Foundation (Vasek, Julian) |
| 07/18/2022 | 78 Hearing to render ruling set (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Ruling to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 50, (Calfee, Jennifer) |
| 07/18/2022 | 79 (5 pgs) Objection to (related document(s): 77 Motion for expedited hearing(related documents 76 Motion to compel re: discovery) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 07/19/2022 | 80 (2 pgs) Order granting motion for expedited hearing (Related Doc77)(document set for hearing: 76 Motion to compel re: discovery) Hearing to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 76, Entered on 7/19/2022. (Chambers, Deanna) MODIFIED location to mullin on 7/20/2022 (Calfee, Jennifer). |
| 07/20/2022 | 81 (2 pgs) Notice of hearing filed by Defendant The Dixon Water Foundation (RE: related document(s)76 Motion to compel re: discovery filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation). Hearing to be held on 7/27/2022 at 01:30 PM Ft. Worth, Judge Mullin's Ctrm. for 76, (Vasek, Julian) |
| 07/21/2022 | 82 (4 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)80 Order granting motion for expedited hearing (Related Doc77)(document set for hearing: 76 Motion to compel re: discovery) Hearing to be held on 7/27/2022 at 01:30 PM at https://us-courts.webex.com/meet/mullin for 76, Entered on 7/19/2022. (Chambers, Deanna) MODIFIED location to mullin on 7/20/2022 .) No. of Notices: 0. Notice Date 07/21/2022. (Admin.) |
| 07/22/2022 | 83 (9 pgs) Answer to complaint */Response to Plaintiff-in-Intervention Lumar Land & Cattle, LLC's Amended Complaint in Intervention for Declaratory Judgment* filed by BM318, LLC. (Lindauer, Joyce) |
| 07/26/2022 | 84 (258 pgs; 2 docs) Witness and Exhibit List filed by Defendant The Dixon Water Foundation (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents). (Attachments: # 1 Appendix) (Vasek, Julian) |

| | |
|---|---|
| 07/26/2022 | 85 (22 pgs) Objection to (related document(s): 76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) filed by Plaintiff BM318, LLC. (Lindauer, Joyce) |
| 07/26/2022 | 86 (126 pgs; 9 docs) Witness and Exhibit List filed by Plaintiff BM318, LLC (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8) (Lindauer, Joyce) |
| 07/27/2022 | 87 Hearing held on 7/27/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***ORAL RULING - MOTION DENIED*** (Almaraz, Jeanette) |
| 07/27/2022 | 88 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/1/2022 at 01:00 PM at https://us-courts.webex.com/meet/mullin for 76, (Almaraz, Jeanette) |
| 07/27/2022 | 89 (1 pg) Request for transcript (ruling only) regarding a hearing held on 7/27/2022. The requested turn-around time is 7-day expedited (Almaraz, Jeanette) |
| 07/27/2022 | 93 (1 pg) Court admitted exhibits date of hearing 7/27/2022 (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) (Almaraz, Jeanette) (Entered: 08/02/2022) |
| 07/28/2022 | 90 (1 pg) Request for transcript regarding a hearing held on 6/30/2022. The requested turn-around time is 7-day expedited on witness testimony only (Almaraz, Jeanette) (Entered: 07/29/2022) |
| 08/01/2022 | 91 (7 pgs) Brief in support filed by Plaintiff BM318, LLC (RE: related document(s)85 Objection). (Lindauer, Joyce) |
| 08/01/2022 | 92 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix)) Hearing to be held on 8/11/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76, (Calfee, Jennifer) |
| 08/04/2022 | 94 (20 pgs) Transcript regarding Hearing Held 07/27/22 RE: Oral Ruling. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/2/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription, Telephone number Kelli Ray/833-800-5288. (RE: related document(s) 87 Hearing held on 7/27/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***ORAL RULING - MOTION DENIED***). Transcript to be made available to the public on 11/2/2022. (Ray, Kelli) |
| 08/04/2022 | 95 (1 pg) Clerk's correspondence requesting an order from attorney for creditor. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022.) Responses due by 8/11/2022. (Nunns, Tracy) |

| | |
|---|---|
| 08/06/2022 | 96 (56 pgs) Transcript regarding Hearing Held 06/30/2022 RE: Witness Testimony Only. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/4/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription & Video, LLC, Telephone number 833-800-5288. (RE: related document(s) 69 Hearing held on 6/30/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) - UNDER ADVISEMENT -). Transcript to be made available to the public on 11/4/2022. (Lawrence, Gillian) |
| 08/09/2022 | 97 (1 pg) Request for transcript regarding a hearing held on 8/1/2022. The requested turn-around time is daily (Calfee, Jennifer) |
| 08/10/2022 | 98 (80 pgs) Transcript regarding Hearing Held 08/01/22 RE: MOTION TO COMPEL (76). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/8/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Transcripts Plus, Inc., Telephone number 215-862-1115 (CourtTranscripts@aol.com). (RE: related document(s) 92 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix)) Hearing to be held on 8/11/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76,). Transcript to be made available to the public on 11/8/2022. (Hartmann, Karen) |
| 08/11/2022 | 99 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/29/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76, (Almaraz, Jeanette) |
| 08/11/2022 | 100 (5 pgs) Order denying motion for leave to File Amended Complaint ( (related document # 50) Entered on 8/11/2022. (Chambers, Deanna) |
| 08/12/2022 | 101 (1 pg) Request for transcript regarding a hearing held on 6/30/2022 - Entire Hearing. The requested turn-around time is 7-day expedited (Almaraz, Jeanette) |
| 08/13/2022 | 102 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)100 Order denying motion for leave to File Amended Complaint ( (related document 50) Entered on 8/11/2022.) No. of Notices: 1. Notice Date 08/13/2022. (Admin.) |
| 08/17/2022 | 103 (1 pg) Request for transcript regarding a hearing held on 8/11/2022. The requested turn-around time is 3-day expedited (Almaraz, Jeanette) |
| 08/19/2022 | 104 (100 pgs) Transcript regarding Hearing Held 06/30/22 RE: Motion for Leave to Amend. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 11/17/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription, Telephone number 8338005288. (RE: related document(s) 69 Hearing held on 6/30/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) - UNDER ADVISEMENT -). Transcript to be made available to the public on 11/17/2022. (Lawrence, Gillian) |

| | |
|---|---|
| 08/23/2022 | 105 (3 pgs) Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)100 Order on motion for leave). Appellant Designation due by 09/6/2022. (Lindauer, Joyce) |
| 08/23/2022 | 106 (11 pgs; 2 docs) Motion for leave *to File Interlocutory Appeal* (related document(s) 100 Order on motion for leave) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order) (Lindauer, Joyce) |
| 08/23/2022 | Receipt of filing fee for Notice of appeal( 21-04051-mxm) [appeal,ntcapl] ( 298.00). Receipt number A29767160, amount $ 298.00 (re: Doc# 105). (U.S. Treasury) |
| 08/23/2022 | 107 (7 pgs; 3 docs) (private) Forms (misc) (Almaraz, Jeanette) |
| 08/23/2022 | 108 (8 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)105 Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)100 Order on motion for leave). Appellant Designation due by 09/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Attachments: # 1 Service List) (Almaraz, Jeanette) |
| 08/23/2022 | 109 (2 pgs) Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)105 Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)100 Order on motion for leave). Appellant Designation due by 09/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) |
| 08/23/2022 | 110 (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 08/23/2022 | 111 (1 pg) Notice of docketing notice of appeal. Civil Action Number: 4:22-cv-00740-O. (RE: related document(s)105 Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)100 Order on motion for leave). Appellant Designation due by 09/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) (Entered: 08/24/2022) |
| 08/25/2022 | 112 (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 08/25/2022 | 113 (4 pgs) BNC certificate of mailing. (RE: related document(s)109 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)105 Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)100 Order on motion for leave). Appellant Designation due by 09/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC)) No. of Notices: 1. Notice Date 08/25/2022. (Admin.) |
| 08/25/2022 | 114 (1 pg) Notice of docketing Motion for leave to file Interlocutory Appeal. Civil Action Number: 4:22-cv-00740-O. (RE: related document(s)105 Notice of appeal . Fee Amount $298 filed by Plaintiff BM318, LLC (RE: related document(s)100 Order on motion for leave). Appellant Designation due by 09/6/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) (Almaraz, Jeanette) (Entered: 08/26/2022) |
| 08/29/2022 | 115 Hearing reset (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 9/1/2022 at 10:30 AM at https://us-courts.webex.com/meet/mullin for 76, (Calfee, Jennifer) |
| 08/31/2022 | 116 (1 pg) Request for transcript regarding a hearing held on 7/27/2022. The requested turn-around time is 3-day expedited (Almaraz, Jeanette) |
| 09/01/2022 | 117 Hearing NOT held on 9/1/2022 (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water |

| | |
|---|---|
| | Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) - RESOLVED - (Calfee, Jennifer). |
| 09/02/2022 | 118 (63 pgs) Transcript regarding Hearing Held 07/27/22 RE: Hearing. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 12/1/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Lawrence Court Transcription, Telephone number 833-800-5288. (RE: related document(s) 87 Hearing held on 7/27/2022. (RE: related document(s)50 Motion for leave *to File Amended Complaint* (related document(s) 1 Complaint) filed by Plaintiff BM318, LLC Objections due by 5/31/2022. filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***ORAL RULING - MOTION DENIED***, 88 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/1/2022 at 01:00 PM at https://us-courts.webex.com/meet/mullin for 76,). Transcript to be made available to the public on 12/1/2022. (Lawrence, Gillian) |
| 09/06/2022 | 119 (5 pgs) Appellant designation of contents for inclusion in record on appeal and statement of issues on appeal. filed by Plaintiff BM318, LLC (RE: related document(s)105 Notice of appeal). Appellee designation due by 09/20/2022. (Lindauer, Joyce) |
| 09/07/2022 | 120 (2 pgs) Certificate of service re: Designation of Record and Statement of Issues on Appeal filed by Plaintiff BM318, LLC (RE: related document(s)119 Appellant designation). (Lindauer, Joyce) |
| 09/08/2022 | 121 (57 pgs) Transcript regarding Hearing Held 8/11/22 RE: HEARING ON MOTION TO COMPEL RE: DISCOVERY FILED BY COUNTER-CLAIMANT THE DIXON WATER FOUNDATION (76). THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING. TRANSCRIPT RELEASE DATE IS 12/7/2022. Until that time the transcript may be viewed at the Clerk's Office or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber Dipti Patel/Liberty Transcripts, Telephone number 847-848-4907. (RE: related document(s) 99 Hearing held and continued (RE: related document(s)76 Motion to compel re: discovery Answers to Interrogatories and Production of Responsive Documents filed by Defendant The Dixon Water Foundation (Attachments: # 1 Appendix) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) Hearing to be held on 8/29/2022 at 11:00 AM at https://us-courts.webex.com/meet/mullin for 76,). Transcript to be made available to the public on 12/7/2022. (Patel, Dipti) |
| 09/20/2022 | 122 (9 pgs; 2 docs) Motion to abate *Interlocutory Appeal Pending Ruling on BM318 LLCs (BM318) Motion for Leave to File Interlocutory Appeal and Brief in Support.* (related document(s)119 Appellant designation) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC, Counter-Defendant Lumar Land & Cattle, LLC (Attachments: # 1 Proposed Order) (Forshey, J.) |
| 09/20/2022 | 123 (9 pgs; 2 docs) Motion to abate *Interlocutory Appeal, or Alternatively to Extend Deadline for Dixon to Designate Additional Items to be Included in Record on Appeal* (related document(s)119 Appellant designation) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) (Perry, Deborah) |
| 09/20/2022 | 124 (3 pgs) Appellee designation of contents for inclusion in record of appeal *made subject to relief requested in Motion to Abate [Adv. Pro. Docket No. 123, Dist. Ct. Docket No. 7]* filed by Defendant The Dixon Water Foundation (RE: related document(s)105 Notice of appeal). (Perry, Deborah) |
| 09/26/2022 | 125 (9 pgs; 2 docs) Final order and judgment from District court Judge Reed O'Connor, re: appeal on Civil Action number:4:22-cv-00740, BM318 LLC's Motion for Leave to File Interlocutory Appeal is DENIED. Entered on 9/26/2022 (Almaraz, Jeanette) Additional attachment(s) added on 9/26/2022 (Almaraz, Jeanette). |

| | |
|---|---|
| 10/03/2022 | 126 (3 pgs) Notice of hearing*(Status Conference)* filed by Defendant The Dixon Water Foundation (RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Status Conference to be held on 10/6/2022 at 09:30 AM Ft. Worth, Judge Mullin's Ctrm.. (Perry, Deborah) |
| 10/04/2022 | 127 (3 pgs) Withdrawal filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC (RE: related document(s)122 Motion to abate *Interlocutory Appeal Pending Ruling on BM318 LLCs (BM318) Motion for Leave to File Interlocutory Appeal and Brief in Support.* (related document(s)119 Appellant designation)). (Shepherd, Joshua) |
| 10/04/2022 | (private) Motions terminated. W/D 127 (RE: related document(s)122 Motion to abate *Interlocutory Appeal Pending Ruling on BM318 LLCs (BM318) Motion for Leave to File Interlocutory Appeal and Brief in Support.* (related document(s)119 Appellant designation) filed by Intervenor-Plaintiff Lumar Land & Cattle, LLC, Counter-Defendant Lumar Land & Cattle, LLC (Attachments: # 1 Proposed Order) (Forshey, J.) filed by Counter-Defendant Lumar Land & Cattle, LLC, Intervenor-Plaintiff Lumar Land & Cattle, LLC) (Kerr, S.) |
| 10/05/2022 | 128 (3 pgs) Withdrawal filed by Defendant The Dixon Water Foundation (RE: related document(s)123 Motion to abate *Interlocutory Appeal, or Alternatively to Extend Deadline for Dixon to Designate Additional Items to be Included in Record on Appeal* (related document(s)119 Appellant designation)). (Perry, Deborah) |
| 10/06/2022 | 129 Hearing held on 10/6/2022. (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) ***STATUS CONFERENCE HELD - SCHEDULING ORDER TO BE UPLOADED WITH TRIAL DOCKET CALL DATE (3/23/23) AND DEADLINES*** (Almaraz, Jeanette) |
| 10/06/2022 | (private) Motions terminated. WITHDRAWN by Defendant #128. (RE: related document(s)123 Motion to abate *Interlocutory Appeal, or Alternatively to Extend Deadline for Dixon to Designate Additional Items to be Included in Record on Appeal* (related document(s)119 Appellant designation) filed by Defendant The Dixon Water Foundation (Attachments: # 1 Proposed Order) filed by Counter-Claimant The Dixon Water Foundation, Defendant The Dixon Water Foundation) (Hyden, Kara) |
| 10/06/2022 | 130 (3 pgs) Fourth Amended Scheduling Order (RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 3/23/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 10/6/2022 (Chambers, Deanna) |
| 10/08/2022 | 131 (5 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)130 Fourth Amended Scheduling Order (RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Trial Docket Call date set for 3/23/2023 at 09:00 AM Ft. Worth, Judge Mullin's Ctrm.. Entered on 10/6/2022) No. of Notices: 1. Notice Date 10/08/2022. (Admin.) |
| 10/12/2022 | (private) Motion terminated per 125 Final Order and Judgment from District Court Judge Reed O'Connor. (RE: related document(s)106 Motion for leave *to File Interlocutory Appeal* (related document(s) 100 Order on motion for leave) filed by Plaintiff BM318, LLC (Attachments: # 1 Proposed Order)) (Nunns, Tracy) |
| 11/02/2022 | 132 (29 pgs; 2 docs) Notice *Receiver's Notice of Stay* filed by Attorney Cortney C. Thomas. (Attachments: # 1 Exhibit A - Order Appointing Receiver)(Koonce, Charlene) |
| 03/23/2023 | 133 Hearing held ***NO PARTY APPEARED-COURT WILL RESET TRIAL DOCKET CALL*** (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 |

| | |
|---|---|
| | (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Trial Docket Call date set for 4/27/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 04/18/2023 | 134 (1 pg) Notice of STATUS CONFERENCE Filed by Court(RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 4/27/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin for 1, (Calfee, Jennifer) |
| 04/20/2023 | 135 (3 pgs) BNC certificate of mailing - hearing. (RE: related document(s)134 Notice of STATUS CONFERENCE Filed by Court(RE: related document(s)1 Complaint filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC). Hearing to be held on 4/27/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin for 1,) No. of Notices: 3. Notice Date 04/20/2023. (Admin.) |
| 04/27/2023 | 136 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other).) Status Conference to be held on 6/22/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 06/22/2023 | 137 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other).) Status Conference to be held on 8/24/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 08/24/2023 | 138 Status Conference held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Status Conference to be held on 11/21/2023 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Calfee, Jennifer) |
| 11/21/2023 | 139 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Status Conference to be held on 1/25/2024 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 01/25/2024 | 140 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other).) Status Conference to be held on 3/28/2024 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 03/28/2024 | 141 Hearing held and continued (RE: related document(s)1 Adversary case 21-04051. Complaint by BM318, LLC against The Dixon Water Foundation. Fee Amount $350. Nature(s) of suit: 12 (Recovery of money/property - 547 preference). 13 (Recovery of money/property - 548 fraudulent transfer). 14 (Recovery of money/property - other). filed by Counter-Claimant BM318, LLC, Counter-Defendant BM318, LLC, Plaintiff BM318, LLC) Status Conference to be held on 9/26/2024 at 09:00 AM at https://us-courts.webex.com/meet/mullin. (Almaraz, Jeanette) |
| 08/26/2024 | 142 (48 pgs; 3 docs) Final Agreed Judgment. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) Entered on 8/26/2024 (Chambers, Deanna) |

| | |
|---|---|
| 08/28/2024 | 143 (7 pgs) BNC certificate of mailing - PDF document. (RE: related document(s)142 Final Agreed Judgment. (Attachments: # 1 Exhibit 1 # 2 Exhibit 2) Entered on 8/26/2024) No. of Notices: 3. Notice Date 08/28/2024. (Admin.) |
| 09/06/2024 | 144 (3 pgs) Notice of appeal . Fee Amount $298 filed by Interested Party, Timothy Barton (RE: related document(s)142 Judgment). Appellant Designation due by 9/20/2024. (Chambers, Deanna) Modified filer type/name on 9/6/2024 (Almaraz, Jeanette). |
| 09/06/2024 | Receipt of Adversary Direct Appeal Filing Fee - $298.00 by DC. Receipt Number 4000382. (admin) |
| 09/09/2024 | 145 (1 pg) Clerk's correspondence requesting amended notice of appeal from interested party, Timothy Barton. (RE: related document(s)144 Notice of appeal . Fee Amount $298 filed by Interested Party, Timothy Barton (RE: related document(s)142 Judgment). Appellant Designation due by 9/20/2024. (Chambers, Deanna) Modified filer type/name on 9/6/2024 . filed by Interested Party Timothy Barton) Responses due by 9/11/2024.Court Services review on 9/12/2024. (Almaraz, Jeanette) |
| 09/09/2024 | 146 (2 pgs; 2 docs) Certificate of service re: Clerk's Correspondence requesting amended notice of appeal (RE: related document(s)145 Clerk's correspondence). (Attachments: # 1 Clerk's correspondence) (Almaraz, Jeanette) |
| 09/09/2024 | (private) Clerk Entry: Called appellant re: email sent re: clerks correspondence to amend notice of appeal. No response, left voicemail. (Almaraz, Jeanette) (Entered: 09/10/2024) |
| 09/10/2024 | 147 (52 pgs) Amended notice of appeal filed by Interested Party Timothy Barton (RE: related document(s) 144 Notice of appeal). (Nunns, Tracy) |
| 09/10/2024 | 148 (7 pgs; 3 docs) (private) Forms (misc) (Almaraz, Jeanette) |
| 09/10/2024 | 149 (56 pgs; 3 docs) Certificate of mailing regarding appeal (RE: related document(s)147 Amended notice of appeal filed by Interested Party Timothy Barton (RE: related document(s) 144 Notice of appeal). filed by Interested Party Timothy Barton) (Attachments: # 1 Service List) (Almaraz, Jeanette) |
| 09/11/2024 | 150 (1 pg) (private) Forms (misc) (Almaraz, Jeanette) |
| 09/11/2024 | 151 (2 pgs) Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)144 Notice of appeal) (Almaraz, Jeanette) |
| 09/11/2024 | 152 (1 pg) Notice of docketing notice of appeal. Civil Action Number: 4:24-cv-863-P. (RE: related document(s)147 Amended notice of appeal filed by Interested Party Timothy Barton (RE: related document(s) 144 Notice of appeal). filed by Interested Party Timothy Barton) (Almaraz, Jeanette) |
| 09/11/2024 | 153 (3 pgs) BNC certificate of mailing. (RE: related document(s)145 Clerk's correspondence requesting amended notice of appeal from interested party, Timothy Barton. (RE: related document(s)144 Notice of appeal . Fee Amount $298 filed by Interested Party, Timothy Barton (RE: related document(s)142 Judgment). Appellant Designation due by 9/20/2024. (Chambers, Deanna) Modified filer type/name on 9/6/2024 . filed by Interested Party Timothy Barton) Responses due by 9/11/2024.Court Services review on 9/12/2024.) No. of Notices: 1. Notice Date 09/11/2024. (Admin.) |
| 09/13/2024 | 154 (4 pgs) BNC certificate of mailing. (RE: related document(s)151 Notice regarding the record for a bankruptcy appeal to the U.S. District Court. (RE: related document(s)144 Notice of appeal)) No. of Notices: 1. Notice Date 09/13/2024. (Admin.) |

APPEAL,JURY

# U.S. District Court
# Northern District of Texas (Dallas)
# CIVIL DOCKET FOR CASE #: 3:22-cv-02118-X

Securities and Exchange Commission v. Barton et al
Assigned to: Judge Brantley Starr
Case in other court: USCA5, 22-11132
USCA5, 22-11242
USCA5, 23-10046
USCA5, 23-10515
USCA5, 23-10516
USCA5, 23-11237
USCA5, 24-10004
USCA5, 24-10788
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 09/23/2022
Jury Demand: Plaintiff
Nature of Suit: 850 Other Statutes: Securities/Commodities/Exchange
Jurisdiction: Federal Question

**Plaintiff**

**Securities and Exchange Commission** represented by

**Keefe M Bernstein**
Securities and Exchange Commission
801 Cherry Street
Suite 1900
Fort Worth, TX 76102
817-900-2607
Fax: 817-978-4927
Email: bernsteink@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David B Reece**
US Securities & Exchange Commission
Burnett Plaza Suite 1900
801 Cherry St Unit # 18
Fort Worth, TX 76102-6882
817-978-6476
Fax: 817-978-4927
Email: reeced@sec.gov
*TERMINATED: 07/20/2023*
*Bar Status: Admitted/In Good Standing*

**James E Etri**
Securities and Exchange Commission
801 Cherry Street
Fort Worth, TX 76102
817-978-1406
Email: etrij@sec.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Timothy Barton** represented by

**Michael J Edney**
Hunton Andrews Kurth LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-778-2204
Email: medney@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Edwin Andrew Huffman**
Katten Muchin Rosenman LLP
2121 North Pearl Street
Ste 1100
Dallas, TX 75201
469-627-7044
Fax: 214-765-3602
Email: ted.huffman@katten.com
*TERMINATED: 07/19/2023*
*Bar Status: Admitted/In Good Standing*

**Javan Porter**
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
601-441-0342
Fax: 214-964-9501
Email: javan.porter@hklaw.com
*TERMINATED: 02/03/2023*
*Bar Status: Admitted/In Good Standing*

**Michael Christopher Dingman**
Office of the Attorney General
202 N 9th St.
Richmond, VA 23219
804-921-7025
Email: MDingman@oag.state.va.us
*TERMINATED: 01/04/2024*
*PRO HAC VICE*
*Bar Status: Not Admitted*

**Richard B Roper , III**
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-1700
Fax: 214-964-9501
Email: richard.roper@hklaw.com
*TERMINATED: 02/03/2023*
*Bar Status: Admitted/In Good Standing*

**Sean O'Connell**
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Suite 905
Washington, DC 20037
202-955-1500
Fax: 202-778-2201
*Bar Status: Not Admitted*

**Defendant**

**Carnegie Development LLC**

**Defendant**

**Wall007 LLC**

**Defendant**

**Wall009 LLC**

**Defendant**

**Wall010 LLC**

**Defendant**

**Wall011 LLC**

**Defendant**

**Wall012 LLC**

**Defendant**

**Wall016 LLC**

**Defendant**

**Wall017 LLC**

**Defendant**

**Wall018 LLC**

**Defendant**

**Wall019 LLC**

**Defendant**

**Haoqiang Fu**
*also known as*
Michael Fu

**Defendant**

**Stephen T Wall** represented by **Michael P Heiskell**
Johnson Vaughn & Heiskell
5601 Bridge St
Suite 220
Fort Worth, TX 76112
817-457-2999

Fax: 817-496-1102
Email: mheiskell@johnson-vaughn-heiskell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**DJD Land Partners LLC**
*Relief Defendant*

**Defendant**

**LDG001 LLC**
*Relief Defendant*

V.

**Respondent**

**Bank of America NA**

V.

**Movant**

**Southern Properties Capital Ltd**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **C Gregory Shamoun**
1800 Valley View Lane
Suite 200
Dallas, TX 75234
214-987-1745
Fax: 214-521-9033
Email: g@snlegal.com
*TERMINATED: 03/06/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brian Keith Norman**
Shamoun & Norman, LLP
1800 Valley View Lane
Suite 200
Farmers Branch, TX 75234
214-987-1745
Email: bkn@snlegal.com
*TERMINATED: 03/06/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jeffrey Blair Norris**
Shamoun & Norman LLP
1800 Valley View Lane
Suite 200
Farmers Branch, TX 75234
214-987-1745
Fax: 214-521-9033

Email: bn@snlegal.com
*TERMINATED: 06/02/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Hunton Andrews Kurth LLP**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Greg Waller**
Hunton Andrews Kurth LLP
600 Travis Street
Suite 4200
Houston, TX 77002
713-220-4790
Fax: 713-238-7434
Email: gregwaller@huntonak.com
*TERMINATED: 04/11/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Movant**

**First Development Company of Ohio LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Jonathan Alexander Gitlin**
Ross Smith & Binford PC
700 North Pearl Street
Suite 1610
Dallas, TX 75201
214-377-7879
Email: jonathan.gitlin@rsbfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Movant**

**Texas Republic Bank NA**

represented by **Patrick Joseph Schurr**
Scheef & Stone LLP
2600 Network Boulevard
Suite 400
Frisco, TX 75034
214-472-2100
Fax: 214-472-2150
Email: patrick.schurr@solidcounsel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Shirley B Rose**
Scheef & Stone LLP
2600 Network Blvd
Suite 400
Frisco, TX 75034
214-472-2100
Fax: 214-472-2150
*Bar Status: Not Admitted*

**Movant**

| | | |
|---|---|---|
| **Daniel Crow**<br>*Motion termed per [421] Order*<br>*TERMINATED: 11/30/2023* | represented by | **Daniel Crow**<br>3526 Arrowhead Dr<br>Dallas, TX 75204<br>214-263-8704<br>PRO SE |

**Interested Party**

| | | |
|---|---|---|
| **HNGH Turtle Creek**<br>*Party and attorney are active (attorney has been terminated to restrict access to sealed filings* | represented by | **George W Hicks**<br>Kirkland & Ellis LLP<br>1301 Pennsylvania Avenue NW<br>Washington, DC 20004<br>202-389-5000<br>Fax: 202-389-5200<br>Email: george.hicks@kirkland.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Not Admitted*<br><br>**Erin Angela Nealy Cox**<br>Kirkland & Ellis LLP<br>4550 Travis Street<br>Dallas, TX 75205<br>214-972-1847<br>Email: erin.nealycox@kirkland.com<br>*TERMINATED: 11/14/2022*<br>*Bar Status: Admitted/In Good Standing*<br><br>**John Joseph Kane**<br>Kane Russell Coleman & Logan PC<br>901 Main Street<br>Suite 5200<br>Dallas, TX 75202<br>214/777-4200<br>Fax: 214/777-4299<br>Email: jkane@krcl.com<br>*TERMINATED: 11/14/2022*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

**Interested Party**

| | | |
|---|---|---|
| **Maximilien Barton**<br>*Party and attorney are active (attorney has been terminated to restrict access to sealed filings* | represented by | **Nathan Benjamin Baum**<br>Norton Rose Fulbright US LLP<br>2200 Ross Avenue<br>Suite 2800<br>Dallas, TX 75201<br>214-855-7487<br>Fax: 214-855-8200<br>Email:<br>nathan.baum@nortonrosefulbright.com<br>*TERMINATED: 11/14/2022*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Admitted/In Good Standing* |

**Christopher Ryan Cooke**
Norton Rose Fulbright US LLP
111 W Houston Street
Suite 1800
San Antonio, TX 78205
210-270-7175
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Gillespie Villas LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Venus59 LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**TRTX Properties LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**MXBA LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Titan Investments LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Palisades-TC LLC**

represented by **Jeffrey M Tillotson**
Tillotson Johnson & Patton
1201 Main Street, Suite 1300
Dallas, TX 75202
214-382-3040
Email: jtillotson@tillotsonlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jonathan Patton**
Tillotson Johnson & Patton
1201 Main Street
Suite 1300
Dallas, TX 75202
214-382-3041
Fax: 214-292-6564
Email: jpatton@tillotsonlaw.com
*TERMINATED: 12/07/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**David Dhiraj Ramolia**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Eliot Dana Shavin**
Chandler & Shavin PLLC
12377 Merit Drive, Suite 880
Dallas, TX 75251
214-522-2010
Email: shavin@chandlershavin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Corinna Pia Chandler**
Chandler & Shavin, PLLC
12377 Merit Drive, Suite 880
Dallas, TX 75251
972-863-9063
Email: chandler@chandlershavin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel Rasoul Alexander**
Chandler & Shavin PLLC
12377 Merit Drive
Suite 880
Dallas, TX 75251
469-236-4503
Email: alexander@chandlershavin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**<u>Interested Party</u>**

**Southern Star Capital LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*
*doing business as*
Reliance Morgage Company

represented by **Robert W Buchholz**
Law Office of Robert W Buchholz PC
5220 Spring Valley Road, Suite 618
Dallas, TX 75254
214-754-5500
Fax: 214-754-9100
Email: BOB@ATTORNEYBOB.COM
*TERMINATED: 01/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**<u>Interested Party</u>**

**Circle H Contractors LP**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Aaron Thomas Capps**
Capps and Associates PLLC
1700 Pacific Ave.
Suie 1045
Dallas, TX 75201
469-236-7719
Email: acapps@cappspllc.com
*TERMINATED: 01/11/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**<u>Interested Party</u>**

**MFO Venus Development LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Ian Edward Fullington**
Moss & Associates, LLC
6950 TPC Drive
Suite 300
McKinney, TX 75070
469-625-9063
Email: ifullington@mosscm.com
*TERMINATED: 02/10/2023*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Tamamoi LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Howard Marc Spector**
Spector & Cox PLLC
12770 Coit Rd
Suite 850
Dallas, TX 75251
214-365-5377
Email: hms7@cornell.edu
*TERMINATED: 03/16/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**3820 Illinois LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Howard Marc Spector**
(See above for address)
*TERMINATED: 03/16/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Vertical Street Ventures LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Matthias Kleinsasser**
Winstead PC
300 Throckmorton Street
Suite 1700
Fort Worth, TX 76102
817-420-8200
Fax: 817-420-8201
Email: mkleinsasser@winstead.com
*TERMINATED: 03/17/2023*
*LEAD ATTORNEY*
*Bar Status: Admitted/In Good Standing*

**Joseph J Wielebinski**
Winstead PC
2728 N. Harwood Street, Ste. 500
Dallas, TX 75201
214-745-5210
Fax: 214-745-5390
Email: jwielebinski@winstead.com
*TERMINATED: 03/17/2023*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**McCormick 101 LLC**

represented by **Phillip Kyle Cheves**
Polsinelli PC
2950 N Harwood Street
Suite 2100

Dallas, TX 75201
214-661-5514
Fax: 214-481-1872
Email: kcheves@polsinelli.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gwen I Walraven**
Bell Nunnally & Martin
2323 Ross Avenue
Suite 1900
Dallas, TX 75201
214-740-1484
Fax: 214-740-5705
Email: gwalraven@bellnunnally.com
*TERMINATED: 02/26/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Kasheem Shane Thomas**
Bell Nunnally & Martin LLP
2323 Ross Avenue
Suite 1900
Dallas, TX 75201
214-740-1400
Fax: 214-740-1499
Email: sthomas@bellnunnally.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lewis Floyd Collins , III**
Bell Nunnally & Martin LLP
2323 Ross Avenue
Suite 1900
Dallas, TX 75201
214-740-1400
Fax: 214-740-1499
Email: lcollins@bellnunnally.com
*TERMINATED: 02/26/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Russell W Mills**
Bell Nunnally & Martin
2323 Ross Ave.
Suite 1900
Dallas, TX 75201
214-740-1431
Fax: 214-740-1499
Email: rmills@bellnunnally.com
*TERMINATED: 02/26/2024*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Serena Badgley** represented by **Ryan Eric Chapple**
Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701
512-477-5000
Fax: 512-477-5011
Email: rchapple@cstrial.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Pioneer Finance Inc** represented by **John B Scott**
Scott & Scott, PLLC
316 W. 12th St.
Suite 200
Austin, TX 78701
817/691-5817
Email: john.scott@scottpllc.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lindsay Lombard Buchanan**
Baker Botts LLP
910 Louisiana
Houston, TX 77002
713-229-1234
Email: lindsay.buchanan@bakerbotts.com
*TERMINATED: 06/28/2024*
*Bar Status: Admitted/In Good Standing*

**Tina Quy Phi Nguyen**
Baker Botts
One Shell Plaza
910 Louisiana
Houston, TX 77002
713/229-1304
Fax: 713/229-7904
Email: tina.nguyen@bakerbotts.com
*TERMINATED: 06/28/2024*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**The Dixon Water Foundation** represented by **Deborah M Perry**
Munsch Hardt Kopf & Harr PC
500 North Akard Street, Suite 3800
Dallas, TX 75201-6659
214-855-7565
Fax: 214-855-7584
Email: dperry@munsch.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Truist Bank** represented by **Gordon Welborne Green**
Johnston Clem Gifford PLLC
1717 Main Street, Suite 3000
Dallas, TX 75201
972-474-1727
Fax: 972-474-1750
Email: ggreen@johnstonclem.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Truist Bank**

**Interested Party**

**Louisiana National Bank** represented by **Martin Allen Sosland**
Butler Snow LLP
5430 LBJ Freeway
Suite 1200
Dallas, TX 75240
469-680-5502
Fax: 469-680-5501
Email: martin.sosland@butlersnow.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Receiver**

**Receiver** represented by **Cort Thomas**
Brown Fox PLLC
8111 Preston Road Suite 300
Dallas, TX 75225
214-367-6094
Fax: 214-327-5001
Email: cort@brownfoxlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**C Alan Carrillo**
Brown Fox PLLC
8111 Preston Road
Suite 300
Dallas, TX 75225
214-327-5000
Email: alan@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*

*Bar Status: Admitted/In Good Standing*

**Charlene Cantrell Koonce**
Brown Fox PLLC
8111 Preston Road
Suite 300
Dallas, TX 75225
214-327-5000
Fax: 214-327-5001
Email: charlene@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Tim Wells**
Brown Fox PLLC
8111 Preston Rd
Suite 300
Dallas, TX 75225
214-327-5000
Fax: 214-327-5001
Email: tim@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Mediator**

**ADR Provider** represented by **Harlin D Hale**
US Bankruptcy Court
1100 Commerce St
12th Floor
Dallas, TX 75242
214-753-2000
Email: hdh_districtdocs@txnb.uscourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Intervenor**

**United States of America** represented by **Renee M Hunter-DOJ**
United States Attorney's Office
Northern District of Texas
1100 Commerce Street
Suite 300
Dallas, TX 75242
214-659-8798
Email: renee.hunter@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2022 | 1 | COMPLAINT WITH JURY DEMAND against Timothy Barton, Carnegie Development, LLC, DJD Land Partners, LLC, Haoqiang Fu (A/K/A Michael Fu), LDG001, LLC, Stephen T Wall, Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC filed by Securities and Exchange Commission. (Filer fee note- Filed by the USA) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Cover Sheet) (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Securities and Exchange Commission. (Clerk QC note: No affiliate entered in ECF). (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 3 | Request for Clerk to issue Summons filed by Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 4 | New Case Notes: A filing fee is not due for this case. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Toliver). Clerk to provide copy to plaintiff if not received electronically. (mlb) (Entered: 09/23/2022) |
| 09/23/2022 | 5 | Summons Issued as to Timothy Barton, Carnegie Development LLC, DJD Land Partners LLC, Haoqiang Fu, LDG001 LLC, Stephen T Wall, Wall007 LLC, Wall009 LLC, Wall010 LLC, Wall011 LLC, Wall012 LLC, Wall016 LLC, Wall017 LLC, Wall018 LLC, Wall019 LLC. (mlb) (Entered: 09/23/2022) |
| 09/26/2022 | 6 | Expedited MOTION for Appointment of Receiver filed by Securities and Exchange Commission with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Bernstein, Keefe) Modified text on 9/27/2022 (ygl). (Entered: 09/26/2022) |
| 09/26/2022 | 7 | Appendix in Support filed by Securities and Exchange Commission re 6 MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support (Attachments: # 1 Additional Page(s) Part 1 of 5) (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/26/2022 | 8 | ADDITIONAL ATTACHMENTS to 7 Appendix in Support by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/26/2022 | 9 | ADDITIONAL ATTACHMENTS to 7 Appendix in Support by Plaintiff Securities and Exchange Commission. (Attachments: # 1 Additional Page(s) Appendix Part 4 of 5, # 2 Additional Page(s) Appendix Part 5 of 5) (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/28/2022 | 10 | SUMMONS Returned Executed as to Timothy Barton ; served on 9/26/2022; Carnegie Development LLC ; served on 9/26/2022; DJD Land Partners LLC ; served on 9/26/2022; LDG001 LLC ; served on 9/26/2022; Stephen T Wall ; served on 9/26/2022; Wall007 LLC ; served on 9/26/2022; Wall009 LLC ; served on 9/26/2022; Wall010 LLC ; served on 9/26/2022; Wall011 LLC ; served on 9/26/2022; Wall012 LLC ; served on 9/26/2022; Wall016 LLC ; served on 9/26/2022; Wall017 LLC ; served on 9/26/2022; Wall018 LLC ; |

| | | |
|---|---|---|
| | | served on 9/26/2022; Wall019 LLC ; served on 9/26/2022. (Bernstein, Keefe) (Entered: 09/28/2022) |
| 09/28/2022 | 11 | WAIVER OF SERVICE Returned Executed as to Haoqiang Fu. Waiver sent on 9/26/2022. (Bernstein, Keefe) (Entered: 09/28/2022) |
| 09/28/2022 | 12 | NOTICE of *Service of Plaintiff Securities and Exchange Commission's Expedited Motion for Appointment of Receiver* re: 11 Waiver of Service Executed, 10 Summons Returned,, filed by Securities and Exchange Commission (Bernstein, Keefe) (Entered: 09/28/2022) |
| 10/05/2022 | 13 | NOTICE of Attorney Appearance by Richard B Roper, III on behalf of Timothy Barton. (Filer confirms contact info in ECF is current.) (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 14 | NOTICE of Attorney Appearance by Richard B Roper, III on behalf of Timothy Barton. (Filer confirms contact info in ECF is current.) (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 15 | NOTICE of Attorney Appearance by Richard B Roper, III for Javan Porter on behalf of Timothy Barton. (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 16 | NOTICE of Attorney Appearance by Michael P Heiskell on behalf of Stephen T Wall. (Filer confirms contact info in ECF is current.) (Heiskell, Michael) (Entered: 10/05/2022) |
| 10/12/2022 | 17 | NOTICE of Attorney Appearance by Edwin Andrew Huffman for Edwin "Ted" A. Huffman, Michael J. Edney, Sean B. O'Connell, and Michael Dingman on behalf of Timothy Barton. (Huffman, Edwin) (Entered: 10/12/2022) |
| 10/14/2022 | 18 | Agreed Motion for Extension of Time to File Answer filed by Timothy Barton (Attachments: # 1 Agreed Proposed Order) (Huffman, Edwin) (Entered: 10/14/2022) |
| 10/14/2022 | 19 | MOTION for Extension of Time to File Response/Reply to 6 MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support filed by Timothy Barton (Attachments: # 1 Proposed Order) (Huffman, Edwin) (Entered: 10/14/2022) |
| 10/15/2022 | 20 | ELECTRONIC ORDER: The Court DENIES 19 Motion to Extend Time to File Response. The Response is due October 17, 2022. (Ordered by Judge Brantley Starr on 10/15/2022) (chmb) (Entered: 10/15/2022) |
| 10/17/2022 | 21 | ELECTRONIC ORDER granting 18 Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/17/2022) (chmb) (Entered: 10/17/2022) |
| 10/17/2022 | 22 | Agreed Motion for Extension of Time to File Answer filed by Stephen T Wall (Attachments: # 1 Proposed Order) (Heiskell, Michael) (Entered: 10/17/2022) |
| 10/17/2022 | 23 | Agreed Motion for Extension of Time to File Answer *for the Relief Defendants* filed by Timothy Barton (Attachments: # 1 Agreed Proposed Order) (Huffman, Edwin) (Entered: 10/17/2022) |
| 10/17/2022 | 24 | RESPONSE filed by Timothy Barton re: 6 MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 25 | Appendix in Support filed by Timothy Barton re 24 Response/Objection (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 26 | ELECTRONIC ORDER granting 22 Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |

| | | |
|---|---|---|
| 10/18/2022 | 27 | ELECTRONIC ORDER granting 23 Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 28 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Michael Dingman (Filing fee $100; Receipt number ATXNDC-13232815) filed by Timothy Barton (Attachments: # 1 Certificate of Good Standing) (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 29 | Order GRANTING 6 Motion for Appointment of Receiver. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 30 | NOTICE of Attorney Appearance by Charlene Cantrell Koonce on behalf of Receiver. (Filer confirms contact info in ECF is current.) (Koonce, Charlene) (Entered: 10/18/2022) |
| 10/19/2022 | 31 | ELECTRONIC ORDER granting 28 Application for Admission Pro Hac Vice of Michael Dingman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR 49.2(g). (Ordered by Judge Brantley Starr on 10/19/2022) (chmb) (Entered: 10/19/2022) |
| 10/20/2022 | 32 | Emergency MOTION to Amend/Correct 29 Order on Motion for Miscellaneous Relief filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 10/20/2022) |
| 10/20/2022 | 33 | ELECTRONIC ORDER: The Court DENIES Defendant Barton's 32 Motion to Amend the Court's Order Appointing the Receiver. (Ordered by Judge Brantley Starr on 10/20/2022) (chmb) (Entered: 10/20/2022) |
| 10/25/2022 | 34 | SUMMONS Returned Executed as to DJD Land Partners LLC ; served on 10/6/2022; LDG001 LLC ; served on 10/6/2022; Wall007 LLC ; served on 10/6/2022; Wall009 LLC ; served on 10/6/2022; Wall010 LLC ; served on 10/6/2022; Wall011 LLC ; served on 10/6/2022; Wall012 LLC ; served on 10/6/2022; Wall016 LLC ; served on 10/6/2022; Wall017 LLC ; served on 10/6/2022; Wall018 LLC ; served on 10/6/2022; Wall019 LLC ; served on 10/6/2022. (Bernstein, Keefe) (Entered: 10/25/2022) |
| 10/25/2022 | 35 | SUMMONS Returned Executed as to Carnegie Development LLC ; served on 10/20/2022. (Bernstein, Keefe) (Entered: 10/25/2022) |
| 10/25/2022 | 36 | SUMMONS Returned Executed as to Haoqiang Fu. Served on 10/17/2022. (Bernstein, Keefe) Modified docket on 10/26/2022 (oyh). (Entered: 10/25/2022) |
| 10/26/2022 | 37 | MOTION Receiver's Unopposed Motion for Approval of Engagement Agreements filed by Receiver (Attachments: # 1 Appendix, # 2 Proposed Order) (Thomas, Cort) (Entered: 10/26/2022) |
| 10/27/2022 | 38 | ORDER: The Court GRANTS the Receiver's 37 Motion for Approval of Engagement Agreements. The Receiver's engagements of Brown Fox, PLLC, Ahuja & Clark, PLLC, and Veracity Forensics LLC, and the terms of each, are APPROVED. Fees and expenses incurred by the engaged professionals shall be paid in accordance with the terms of the Order Appointing Receiver. (Ordered by Judge Brantley Starr on 10/27/2022) (chmb) (Entered: 10/27/2022) |
| 10/27/2022 | 39 | NOTICE FILED: Peckar & Abramson (frw) (Entered: 10/27/2022) |
| 10/28/2022 | 40 | ELECTRONIC ORDER: The Court has received, by mail, a request from interested non-party Peckar & Abramson for a hearing on the Securities and Exchange Commission's 6 Motion for Appointment of Receiver. This letter, which the Court filed at Doc. 39 , is dated October 24, 2022. But on October 18, 2022, the Court entered an Order at Doc. 29 |

| | | |
|---|---|---|
| | | granting the SEC's Motion. Construing Peckar & Abramson's letter as a motion for a hearing, the Court thus DENIES AS MOOT the motion, and invites Peckar & Abramson to visit the following website to sign up for the federal courts' Case Management/Electronic Case Files (CM/ECF) system for future reference and filing purposes in federal court: https://www.uscourts.gov/court-records/electronic-filing-cmecf (Ordered by Judge Brantley Starr on 10/28/2022) (chmb) (Entered: 10/28/2022) |
| 11/01/2022 | 41 | MOTION to Supplement Order Appointing Receiver filed by Receiver re 29 Order . (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/01/2022) |
| 11/01/2022 | 42 | Appendix in Support filed by Receiver re 41 MOTION to Supplement Order Appointing Receiver. (Koonce, Charlene) (Entered: 11/01/2022) |
| 11/01/2022 | 43 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 41 the Receiver's Motion to Supplement Order Appointing Receiver. Anyone wishing to respond must respond within ten (10) days. (Ordered by Judge Brantley Starr on 11/1/2022) (chmb) (Entered: 11/01/2022) |
| 11/02/2022 | 44 | Unopposed MOTION to Intervene, MOTION to Stay *Proceedings* filed by United States of America (Attachments: # 1 Proposed Order). Party United States of America added.Attorney Renee M Hunter-DOJ added to party United States of America(pty:intv) (Hunter-DOJ, Renee) (Entered: 11/02/2022) |
| 11/03/2022 | 45 | ***VACATED PER 48 ORDER***ORDER: The Court GRANTS 44 the United States of America's Motion to Intervene and Stay Proceedings. This proceeding is STAYED until otherwise ordered by the Court. Nothing in this Order shall prevent the Court-appointed Receiver from performing the duties and exercising the powers set forth in Doc. No. 29 the Court's Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/3/2022) (chmb) Modified on 11/4/2022 (ykp). (Entered: 11/03/2022) |
| 11/03/2022 | 46 | NOTICE of *INTENT TO FILE RESPONSE TO THE GOVERNMENT'S MOTION TO STAY PROCEEDINGS* re: 44 Unopposed MOTION to Intervene MOTION to Stay *Proceedings* filed by Timothy Barton (Edney, Michael) (Entered: 11/03/2022) |
| 11/04/2022 | 47 | MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/04/2022) |
| 11/04/2022 | 48 | ELECTRONIC ORDER: The Court VACATES its Order at Doc. No. 45 granting the Government's Motion to Intervene and Stay Proceedings. Defendant Barton, who opposes the motion, has ten (10) days from the date of this Order to file a response. The Government will then have five (5) days to reply. Each party's filing should address what communication it had with the other party regarding whether Defendant Barton opposed the Government's 44 Motion to Intervene and Stay Proceedings. (Ordered by Judge Brantley Starr on 11/4/2022) (chmb) (Entered: 11/04/2022) |
| 11/04/2022 | 49 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 47 the Receiver's Motion for Order Governing Administration of Receivership Estate. Any response must be filed within ten (10) days of this Order. (Ordered by Judge Brantley Starr on 11/4/2022) (chmb) (Entered: 11/04/2022) |
| 11/07/2022 | 50 | AFFIDAVIT re 29 Order on Motion for Miscellaneous Relief by Bank of America, N.A.. (Moeller, Evan) (Entered: 11/07/2022) |
| 11/11/2022 | 51 | RESPONSE AND OBJECTION filed by HNGH Turtle Creek re: 47 MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain |

| | | |
|---|---|---|
| | | Personal Property, and Brief in Support, 41 MOTION to Supplement Order Appointing Receiver (Attachments: # 1 Appendix) (Nealy Cox, Erin) (Entered: 11/11/2022) |
| 11/11/2022 | 52 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by HNGH Turtle Creek. (Clerk QC note: Affiliate entry indicated). (Nealy Cox, Erin) (Entered: 11/11/2022) |
| 11/14/2022 | 53 | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC re: 41 MOTION to Supplement Order Appointing Receiver (Attachments: # 1 Exhibit(s) Appendix, # 2 Proposed Order) (Baum, Nathan) (Entered: 11/14/2022) |
| 11/14/2022 | 54 | RESPONSE filed by Timothy Barton re: 44 Unopposed MOTION to Intervene MOTION to Stay *Proceedings* (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 55 | RESPONSE filed by Timothy Barton re: 41 MOTION to Supplement Order Appointing Receiver (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 56 | RESPONSE filed by Timothy Barton re: 47 MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 57 | Appendix in Support filed by Timothy Barton re 56 Response/Objection (Edney, Michael) (Entered: 11/15/2022) |
| 11/15/2022 | 58 | Appendix in Support filed by Timothy Barton re 55 Response/Objection (Edney, Michael) (Entered: 11/15/2022) |
| 11/15/2022 | 59 | Agreed Motion for Second Extension of Time to File Answer filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) Modified text on 11/16/2022 (ygl). (Entered: 11/15/2022) |
| 11/16/2022 | 60 | ELECTRONIC ORDER granting 59 Motion for Extension of Time to File Answer. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 61 | Agreed Motion for Extension of Time to File Answer *Second Extension to File Answer Complaint* filed by Stephen T Wall (Attachments: # 1 Proposed Order) (Heiskell, Michael) (Entered: 11/16/2022) |
| 11/16/2022 | 62 | ORDER: The Court GRANTS the Receivers 41 Motion to Supplement Order Appointing Receiver as detailed herein. As to non-party HNGHs 51 Response and Objection, the Court withholds judgment regarding the ownership of real property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219, because that question is not yet properly before the Court. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 63 | ORDER: The Court GRANTS the Receivers 47 Motion for Order Governing Administration of Receivership Estate, Etc. As to non-party HNGHs 51 Response and Objection, the Court withholds judgment regarding the ownership of real property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219, because that question is not yet properly before the Court. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 64 | ORDER: The Court GRANTS 44 the United States of America's Motion to Intervene and Stay Proceedings. This proceeding is STAYED until otherwise ordered by the Court. Nothing in this Order shall prevent the Court-appointed Receiver from performing the duties and exercising the powers set forth in 29 the Court's Order Appointing Receiver, as supplemented by 62 the Court's Order Supplementing the Order Appointing Receiver. |

| | | |
|---|---|---|
| | | (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Main Document 64 replaced on 11/16/2022) (rekc). (Entered: 11/16/2022) |
| 11/16/2022 | 65 | ELECTRONIC ORDER: The Court VACATES AS MOOT 61 Stephen T. Wall's Motion for Extension of Time to File Answer in light of 64 the Court's Order staying proceedings. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/17/2022 | 66 | NOTICE OF INTERLOCUTORY APPEAL as to 63 Order on Motion for Miscellaneous Relief, 33 Order on Motion to Amend/Correct, 62 Order on Motion for Miscellaneous Relief, 29 Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13311453. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 11/17/2022) |
| 11/17/2022 | 67 | STATUS REPORT *Receiver's Initial Status Report* filed by Receiver. (Thomas, Cort) (Entered: 11/17/2022) |
| 11/21/2022 | 68 | AMENDED DOCUMENT by Bank of America, N.A.. Amendment to 50 Affidavit. . (Moeller, Evan) (Entered: 11/21/2022) |
| 11/21/2022 | | USCA Case Number 22-11132 in USCA5 for 66 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 11/21/2022) |
| 11/25/2022 | 69 | MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* filed by HNGH Turtle Creek (Attachments: # 1 Proposed Order) (Nealy Cox, Erin) (Entered: 11/25/2022) |
| 11/25/2022 | 70 | Appendix in Support filed by HNGH Turtle Creek re 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Nealy Cox, Erin) (Entered: 11/25/2022) |
| 11/28/2022 | 71 | MOTION to Stay *Pending Appeal* filed by Timothy Barton (Edney, Michael) (Entered: 11/28/2022) |
| 11/28/2022 | 72 | Appendix in Support filed by Timothy Barton re 71 MOTION to Stay *Pending Appeal* (Edney, Michael) (Entered: 11/28/2022) |
| 11/30/2022 | 73 | Brief/Memorandum in Support filed by Receiver re 41 MOTION to Supplement Order Appointing Receiver *and Further Motion to Supplement* (Attachments: # 1 Declaration(s) Part 1, # 2 Declaration(s) Part 2) (Koonce, Charlene) (Entered: 11/30/2022) |
| 11/30/2022 | 74 | Appendix in Support filed by Receiver re 73 Brief/Memorandum in Support of Motion (Attachments: # 1 Exhibit(s) Part 1, # 2 Exhibit(s) Part 2) (Koonce, Charlene) (Entered: 11/30/2022) |
| 12/01/2022 | | Record on Appeal for USCA5 22-11132 (related to 66 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the |

| | | |
|---|---|---|
| | | district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 12/01/2022) |
| 12/01/2022 | 75 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 71 Timothy Barton's Motion to Stay Pending Appeal. A response is due by December 9th, with a reply due by December 12th. The Receiver may respond to this motion within this timeframe as well. (Ordered by Judge Brantley Starr on 12/1/2022) (chmb) (Entered: 12/01/2022) |
| 12/02/2022 | 76 | MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property filed by Receiver (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 12/02/2022) |
| 12/02/2022 | 77 | Appendix in Support filed by Receiver re 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Koonce, Charlene) (Entered: 12/02/2022) |
| 12/05/2022 | 78 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's 76 Motion for Appointment of Appraisers, Approval of Appraisals, and Setting a Hearing. A response is due by December 12, 2022, with a reply due by December 15, 2022. It is further ordered that on December 19, 2022, at 10:00 AM, the Court will hold a hearing to consider arguments and objections regarding confirmation of the sale described in the Motion. (Ordered by Judge Brantley Starr on 12/5/2022) (chmb) (Entered: 12/05/2022) |
| 12/05/2022 | 79 | NOTICE OF HEARING to consider arguments and objections regarding confirmation of the sale described in the Receiver's 76 Motion. Hearing set for 12/19/2022 10:00 AM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 12/05/2022) |
| 12/07/2022 | 80 | NOTICE of Attorney Appearance by Jonathan Patton on behalf of Palisades-TC, LLC. (Filer confirms contact info in ECF is current.) (Patton, Jonathan) (Entered: 12/07/2022) |
| 12/07/2022 | 81 | RESPONSE filed by Timothy Barton re: 73 Brief/Memorandum in Support of Motion (Edney, Michael) (Entered: 12/07/2022) |
| 12/07/2022 | 82 | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, MXBA LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC re: 73 Brief/Memorandum in Support of Motion (Attachments: # 1 Appendix to Response to Supplemental Motion) (Baum, Nathan) (Entered: 12/07/2022) |
| 12/09/2022 | 83 | RESPONSE filed by Securities and Exchange Commission re: 71 MOTION to Stay *Pending Appeal* (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 12/09/2022) |
| 12/09/2022 | 84 | RESPONSE filed by Receiver re: 71 MOTION to Stay *Pending Appeal* (Koonce, Charlene) (Entered: 12/09/2022) |
| 12/09/2022 | 85 | Appendix in Support filed by Receiver re 84 Response/Objection (Koonce, Charlene) (Entered: 12/09/2022) |

| | | |
|---|---|---|
| 12/12/2022 | 86 | MOTION for Extension of Time to File Response/Reply to 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property, 71 MOTION to Stay *Pending Appeal* filed by Timothy Barton (Attachments: # 1 Proposed Order) (Huffman, Edwin) (Entered: 12/12/2022) |
| 12/12/2022 | 87 | ELECTRONIC ORDER granting 86 Motion to Extend Time to File Response/Reply. Defendant Timothy Barton's response to 76 the Receiver's Motion for Appointment of Appraisers, etc., and his reply the SEC's response to his 71 Motion to Stay are both due tomorrow, December 13, 2022. (Ordered by Judge Brantley Starr on 12/12/2022) (chmb) (Entered: 12/12/2022) |
| 12/13/2022 | 88 | ORDER: The Court GRANTS the Receiver's 73 Motion to Supplement Order Appointing Receiver. (Ordered by Judge Brantley Starr on 12/13/2022) (chmb) (Entered: 12/13/2022) |
| 12/13/2022 | 89 | NOTICE of *Intended Sale of Personal Property* filed by Receiver (Koonce, Charlene) (Entered: 12/13/2022) |
| 12/13/2022 | 90 | REPLY filed by Timothy Barton re: 71 MOTION to Stay *Pending Appeal* (Edney, Michael) (Entered: 12/13/2022) |
| 12/13/2022 | 91 | RESPONSE AND OBJECTION filed by Timothy Barton re: 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Edney, Michael) (Entered: 12/13/2022) |
| 12/13/2022 | 92 | Appendix in Support filed by Timothy Barton re 91 Response/Objection, *to Motion for Sale of Rock Creek Property [ECF No. 76], and Cross-Motion for Order Prohibiting Sale of Personal Property Located at Rock Creek Home* (Edney, Michael) (Entered: 12/13/2022) |
| 12/15/2022 | 93 | REPLY filed by Receiver re: 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Koonce, Charlene) (Entered: 12/15/2022) |
| 12/15/2022 | 94 | RESPONSE filed by Receiver re: 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Koonce, Charlene) (Entered: 12/15/2022) |
| 12/15/2022 | 95 | MOTION to Ratify Agreement with DLP Capital and Other DLP Entities filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Agreement, # 2 Proposed Order) (Thomas, Cort) (Entered: 12/15/2022) |
| 12/16/2022 | 96 | MOTION Verified and Emergency Motion to Declare Lis Pendens Void filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Koonce, Charlene) (Entered: 12/16/2022) |
| 12/16/2022 | 97 | RESPONSE filed by Timothy Barton re: 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Edney, Michael) (Entered: 12/16/2022) |
| 12/16/2022 | 98 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on 95 the Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities. Any response is due by the close of business on Tuesday, December 20, 2022. (Ordered by Judge Brantley Starr on 12/16/2022) (chmb) (Entered: 12/16/2022) |
| 12/16/2022 | 99 | ORDER: The Court GRANTS IN PART 76 the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing |

| | | |
|---|---|---|
| | | Regarding Approval of Sale of Rock Creek Property. (Ordered by Judge Brantley Starr on 12/16/2022) (chmb) (Entered: 12/16/2022) |
| 12/16/2022 | | Hearing/Deadline Modification: Hearing set per 99 Order. Hearing set for 12/19/2022 10:00 AM before Judge Brantley Starr. (axm) (Entered: 12/19/2022) |
| 12/18/2022 | 100 | NOTICE of *Publication Regarding Sale of Rock Creek Property* re: 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property filed by Receiver (Thomas, Cort) (Entered: 12/18/2022) |
| 12/19/2022 | 101 | Appendix in Support filed by Receiver re 100 Notice (Other), *of Publication Regarding Sale of Rock Creek Property* (Thomas, Cort) (Entered: 12/19/2022) |
| 12/19/2022 | 102 | RESPONSE AND OBJECTION filed by Timothy Barton re: 96 MOTION Verified and Emergency Motion to Declare Lis Pendens Void (Edney, Michael) (Entered: 12/19/2022) |
| 12/19/2022 | 103 | Minute Entry for proceedings held before Judge Brantley Starr: Hearing on approval of sale held on 12/19/2022. Statements heard from Ms. Koonce, Mr. Edney and Mr. Bernstein. Court to issue order with ruling. Court is adjourn.. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Ted Huffman, Receiver - Charlene Koonce, Cort Thomas (No exhibits)(Court Reporter Kelli Ann Willis.) (Frye, Kevin) (Entered: 12/19/2022) |
| 12/20/2022 | 104 | ORDER GRANTING MOTION TO APPROVE SALE: The Court GRANTS the Receiver's motion for sale of the Property [Doc. No. 76 ] and DENIES Barton's motion to prohibit the sale [Doc. No. 91 ]. The Court GRANTS the Receiver's motion to declare the lis pendens void and ORDERS Barton to pay, within three days of this Order, $1,200 to the Receiver for fees incurred in opposing the lis pendens. [Doc. No. 96 ]. During the hearing, defense counsel made an oral motion to stay the sale of the Property should the Court find that selling it is in the Receiverships best interest. For the reasons stated at the hearing, the Court DENIES that oral motion. (Ordered by Judge Brantley Starr on 12/20/2022) (ndt) (Entered: 12/20/2022) |
| 12/20/2022 | 105 | NOTICE of Attorney Appearance by Eliot Dana Shavin for Corinna Chandler and Daniel Alexander on behalf of David Dhiraj Ramolia. (Shavin, Eliot) (Entered: 12/20/2022) |
| 12/20/2022 | 106 | RESPONSE AND OBJECTION filed by Timothy Barton re: 95 MOTION to Ratify Agreement with DLP Capital and Other DLP Entities (Edney, Michael) (Entered: 12/20/2022) |
| 12/20/2022 | 107 | Appendix in Support filed by Timothy Barton re 106 Response/Objection *to the Receivers Verified Motion To Ratify Agreement With DLP Capital and Other DLP Entities* (Edney, Michael) (Entered: 12/20/2022) |
| 12/21/2022 | 108 | NOTICE OF INTERLOCUTORY APPEAL as to 104 Order on Motion for Miscellaneous Relief,, to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13393416. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/21/2022) |

| | | |
|---|---|---|
| 12/21/2022 | 109 | ORDER granting Receiver's 95 Motion to Ratify Agreement With DLP Capital and Other DLP Entities (Ordered by Judge Brantley Starr on 12/21/2022) (rekc) Modified date filed on 12/22/2022 (rekc). (Entered: 12/22/2022) |
| 12/22/2022 | 110 | MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 12/22/2022) |
| 12/22/2022 | 111 | Appendix in Support filed by Receiver re 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property (Thomas, Cort) (Entered: 12/22/2022) |
| 12/23/2022 | 112 | NOTICE OF INTERLOCUTORY APPEAL as to 109 Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13396690. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/23/2022) |
| 12/23/2022 | 113 | NOTICE of Attorney Appearance by Daniel Rasoul Alexander on behalf of David Dhiraj Ramolia. (Filer confirms contact info in ECF is current.) (Alexander, Daniel) (Entered: 12/23/2022) |
| 12/27/2022 | 114 | MOTION to Stay re 109 Order on Motion for Miscellaneous Relief filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 12/27/2022) |
| 12/29/2022 | 115 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on 110 the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property, and Setting Hearing Regarding Approval of Sale, and 114 Barton's Motion to Stay. As to 110 , the response is due January 9, 2023, with a reply due January 12, 2023. As to 114 , the response is due January 4, 2023, with a reply due January 9, 2023. (Ordered by Judge Brantley Starr on 12/29/2022) (chmb) (Entered: 12/29/2022) |
| 12/29/2022 | 116 | REPLY filed by HNGH Turtle Creek re: 94 Response/Objection (Nealy Cox, Erin) (Entered: 12/29/2022) |
| 12/29/2022 | 117 | REPLY filed by HNGH Turtle Creek re: 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Nealy Cox, Erin) (Entered: 12/29/2022) |
| 01/04/2023 | 118 | Transcript Order Form: re 108 Notice of Appeal,,,, transcript requested by Timothy Barton for Hearing on approval of sale held 12/19/22 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 01/04/2023) |

| | | |
|---|---|---|
| 01/04/2023 | 119 | RESPONSE filed by Receiver re: 114 MOTION to Stay re 109 Order on Motion for Miscellaneous Relief (Koonce, Charlene) (Entered: 01/04/2023) |
| 01/04/2023 | 120 | Appendix in Support filed by Receiver re 119 Response/Objection (Koonce, Charlene) (Entered: 01/04/2023) |
| 01/06/2023 | 121 | Notice of Filing of Official Electronic Transcript of Sale Approval Proceedings held on 12-19-2022 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (72 pages) Redaction Request due 1/27/2023. Redacted Transcript Deadline set for 2/6/2023. Release of Transcript Restriction set for 4/6/2023. (kaw) (Main Document 121 replaced on 1/10/2023) (chmb). Modified on 1/10/2023 (chmb). (Entered: 01/06/2023) |
| 01/06/2023 | | USCA Case Number 22-11242 for 112 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 01/06/2023) |
| 01/06/2023 | 122 | ORDER of USCA IT IS ORDERED that Appellant's opposed motion to stay the district court's order appointing a Receiver, pending appeal, is DENIED. IT IS FURTHER ORDERED that Appellant's opposed alternative motion to stay several components of that order and others that have become part of it, pending appeal, is DENIED as to 108 Notice of Appeal filed by Timothy Barton, 66 Notice of Appeal filed by Timothy Barton, 112 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 01/09/2023) |
| 01/09/2023 | 123 | NOTICE of *Non-Opposition* re: 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property filed by Timothy Barton (Edney, Michael) (Entered: 01/09/2023) |
| 01/09/2023 | 124 | REPLY filed by Timothy Barton re: 114 MOTION to Stay re 109 Order on Motion for Miscellaneous Relief (Edney, Michael) (Entered: 01/09/2023) |
| 01/10/2023 | 125 | Corrected REPLY filed by Timothy Barton re: 114 MOTION to Stay re 109 Order on Motion for Miscellaneous Relief (Edney, Michael) Modified text on 1/10/2023 per Attorney Michael Edney(sxf). (Entered: 01/10/2023) |
| 01/10/2023 | 126 | NOTICE of *REQUEST FOR NOTICE OF FILINGS* filed by Southern Star Capital, LLC (Buchholz, Robert) (Entered: 01/10/2023) |
| 01/11/2023 | 127 | NOTICE of Attorney Appearance by Aaron Thomas Capps on behalf of Circle H Contractors, LP. (Filer confirms contact info in ECF is current.) (Capps, Aaron) (Entered: 01/11/2023) |
| 01/12/2023 | 128 | ORDER: The Court GRANTS IN PART the Receiver's 110 Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property, and Setting Hearing Regarding Approval of Sale. (Ordered by Judge Brantley Starr on 1/12/2023) (chmb) (Entered: 01/12/2023) |
| 01/12/2023 | 129 | ELECTRONIC Notice of Hearing on Motion 110 set for 1/30/2023 02:00 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 01/12/2023) |

| | | |
|---|---|---|
| 01/12/2023 | 130 | NOTICE OF INTERLOCUTORY APPEAL as to 88 Order to the Fifth Circuit by Maximilien Barton, Gillespie Villas LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC. Filing fee $505, receipt number ATXNDC-13437910. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Baum, Nathan) (Entered: 01/12/2023) |
| 01/17/2023 | 131 | AMENDED NOTICE OF HEARING: The Court RESCHEDULES the Hearing on Motion 110 set by the Court's order 128 . The Hearing is set for 1/31/2023 at 02:00 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 01/17/2023) |
| 01/17/2023 | | Record on Appeal for USCA5 22-11226 (related to 108 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 01/17/2023) |
| 01/17/2023 | 132 | ORDER denying 71 Motion to Stay. (Ordered by Judge Brantley Starr on 1/17/2023) (chmb) (Entered: 01/17/2023) |
| 01/19/2023 | 133 | MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 01/19/2023) |
| 01/19/2023 | 134 | Appendix in Support filed by Receiver re 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Koonce, Charlene) (Entered: 01/19/2023) |
| 01/26/2023 | 135 | Transcript Order Form: re 130 Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court.. (Baum, Nathan) (Entered: 01/26/2023) |
| 01/30/2023 | | Record on Appeal for USCA5 23-10046 (related to 130 appeal): Record consisting of: 10 ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the |

| | | |
|---|---|---|
| | | record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 01/30/2023) |
| 01/30/2023 | 136 | AMENDED NOTICE OF HEARING: Due to the risk of inclement weather tomorrow, the Motion Hearing set for 1/31/2023 at 02:00 PM will take place over telephone instead of in person. The Court will send call-in information to the parties before the hearing. (chmb) (Entered: 01/30/2023) |
| 01/30/2023 | 137 | NOTICE of *Publication Regarding Sale of Frisco Property and Notice of Addendum to Purchase and Sale Contract* re: 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property, 131 Notice of Hearing, filed by Receiver (Thomas, Cort) (Entered: 01/30/2023) |
| 01/30/2023 | 138 | Appendix in Support filed by Receiver re 137 Notice (Other), *of Publication Regarding Sale of Frisco Gate Property and Notice of Addendum to Purchase and Sale Contract* (Thomas, Cort) (Entered: 01/30/2023) |
| 01/30/2023 | 139 | STATUS REPORT *Second Status Report of Receiver (4Q22)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 01/30/2023) |
| 01/31/2023 | 140 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Telephone Hearing held on 1/31/2023, re: Approval of Sale of Frisco Gate Property. Court to enter order approving sale. Court to enter order approval sale. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Richard Roper, Jonathan Patton, Daniel Alexander, Robert Buchholz; Receivers - Charlene Koonce, Cort Thomas (Court Reporter: Kelli Ann Willis) (No exhibits) Time in Court - :10. (chmb) (Entered: 01/31/2023) |
| 01/31/2023 | 141 | AFFIDAVIT re 62 Order on Motion for Miscellaneous Relief, 29 Order on Motion for Miscellaneous Relief, 88 Order *Second Amended Certified Statement* by Bank of America, N.A.. (Moeller, Evan) (Entered: 01/31/2023) |
| 01/31/2023 | 142 | ORDER: For the reasons stated at today's hearing, the Court GRANTS 110 the Receiver's motion to approve the sale of property. (Ordered by Judge Brantley Starr on 1/31/2023) (chmb) (Entered: 01/31/2023) |
| 02/01/2023 | 143 | MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 02/01/2023) |
| 02/01/2023 | 144 | Appendix in Support filed by Receiver re 143 MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support (Koonce, Charlene) (Entered: 02/01/2023) |
| 02/02/2023 | 145 | Notice of Filing of Official Electronic Transcript of Sale Approval Proceedings held on 01-31-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (17 pages) Redaction Request due 2/23/2023. Redacted Transcript Deadline set for 3/6/2023. Release of Transcript Restriction set for 5/3/2023. (kaw) (Entered: 02/02/2023) |
| 02/02/2023 | 146 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's 143 Motion to Ratify Agreement, with a response due February 10, 2023, and a reply due |

| | | |
|---|---|---|
| | | February 15, 2023. (Ordered by Judge Brantley Starr on 2/2/2023) (chmb) (Entered: 02/02/2023) |
| 02/02/2023 | 147 | Unopposed MOTION to Withdraw 13 Notice of Attorney Appearance filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Roper, Richard) (Entered: 02/02/2023) |
| 02/03/2023 | 148 | ELECTRONIC ORDER granting 147 Motion to Withdraw as Counsel for attorneys Richard B. Roper and Javan Porter. (Ordered by Judge Brantley Starr on 2/3/2023) (chmb) (Entered: 02/03/2023) |
| 02/06/2023 | 149 | MOTION for Extension of Time to File Response/Reply to 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Timothy Barton (Attachments: # 1 Proposed Order) (Huffman, Edwin) (Entered: 02/06/2023) |
| 02/07/2023 | 150 | ELECTRONIC ORDER granting 149 Motion to Extend Time to File Response. The new deadline for Defendant's response is February 16, 2023. (Ordered by Judge Brantley Starr on 2/7/2023) (chmb) (Entered: 02/07/2023) |
| 02/09/2023 | 151 | Supplemental Document by HNGH Turtle Creek as to 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* . (Nealy Cox, Erin) (Entered: 02/09/2023) |
| 02/09/2023 | 152 | Supplemental Document by HNGH Turtle Creek as to 70 Appendix in Support *of Motion to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard*. (Nealy Cox, Erin) (Entered: 02/09/2023) |
| 02/10/2023 | 153 | NOTICE of Attorney Appearance by Ian Edward Fullington on behalf of MFO Venus Development, LLC. (Filer confirms contact info in ECF is current.) (Fullington, Ian) (Entered: 02/10/2023) |
| 02/10/2023 | 154 | ELECTRONIC ORDER granting in part and denying in part 69 Motion to Intervene and to Confirm Ownership of Property. The Court GRANTS permission to intervene and DENIES the request to confirm ownership of the property at issue. The Court ORDERS the parties to mediate their dispute, and APPOINTS Judge Harlin Hale as mediator. (Ordered by Judge Brantley Starr on 2/10/2023) (chmb) (Entered: 02/10/2023) |
| 02/10/2023 | 155 | Response in Opposition filed by Timothy Barton re 143 MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support *(Response Brief)* (Attachments: # 1 Exhibit(s) A) (Edney, Michael) Modified docket text on 2/13/2023 (ykp). (Entered: 02/10/2023) |
| 02/14/2023 | 156 | MOTION First Quarterly Fee Application (4Q22) filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 02/14/2023) |
| 02/14/2023 | 157 | Appendix in Support filed by Receiver re 156 MOTION First Quarterly Fee Application (4Q22) (Thomas, Cort) (Entered: 02/14/2023) |
| 02/15/2023 | 158 | NOTICE of *INTENT TO FILE OPPOSITION TO THE RECEIVERS FIRST QUARTERLY FEE APPLICATION* re: 156 MOTION First Quarterly Fee Application (4Q22) filed by Timothy Barton (Edney, Michael) (Entered: 02/15/2023) |
| 02/15/2023 | 159 | REPLY filed by Receiver re: 143 MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support (Koonce, Charlene) (Entered: 02/15/2023) |
| 02/16/2023 | 160 | RESPONSE filed by Timothy Barton re: 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing,* |

| | | |
|---|---|---|
| | | *and Brief in Support* (Attachments: # 1 Declaration(s)) (Edney, Michael) (Entered: 02/16/2023) |
| 02/22/2023 | 161 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 162 | Appendix in Support filed by Receiver re 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms (Attachments: # 1 Exhibit(s)) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 163 | ORDER granting 143 Motion to Ratify. (Ordered by Judge Brantley Starr on 2/22/2023) (chmb) (Entered: 02/22/2023) |
| 02/22/2023 | 164 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 165 | Appendix in Support filed by Receiver re 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Attachments: # 1 Exhibit(s)) (Koonce, Charlene) (Entered: 02/22/2023) |
| 03/01/2023 | 166 | REPLY filed by Receiver re: 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Attachments: # 1 Exhibit(s) A) (Koonce, Charlene) (Entered: 03/01/2023) |
| 03/02/2023 | 167 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 03/02/2023) |
| 03/02/2023 | 168 | Appendix in Support filed by Receiver re 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites (Koonce, Charlene) (Entered: 03/02/2023) |
| 03/02/2023 | 169 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's motions for appointment of appraisers, approval of appraisals, approval hearing, and approval of sale of 161 Parc at Windmill Farms, 164 Bellwether Ridge, and 167 Amerigold Suites. All responses to these three motions are due by March 10, 2023, with reply briefing due by March 17, 2023. It is further ORDERED that on March 20, 2023, from 2:00 PM to 3:30 PM, the Court will hold a hearing to consider arguments and objections regarding confirmation of the sales described in each motion, dedicating 30 minutes to each of the three sales. (Ordered by Judge Brantley Starr on 3/2/2023) (chmb) (Entered: 03/02/2023) |
| 03/02/2023 | 170 | ELECTRONIC Notice of Hearing Motion Hearing set for 3/20/2023 02:00 PM to 3:30 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. The hearing will allocate 30 minutes for each of the Receiver's motions for appointment of appraisers, approval of appraisals, approval hearing, and approval of sale of 161 Parc at Windmill Farms, 164 Bellwether Ridge, and 167 Amerigold Suites, taking the motions in the order they were filed. (chmb) (Entered: 03/02/2023) |
| 03/02/2023 | 171 | ELECTRONIC ORDER: The Court ORDERS the Receiver to serve Southern Properties with a copy of 169 & 170 the Court's orders setting motion hearings. (Ordered by Judge Brantley Starr on 3/2/2023) (chmb) (Entered: 03/02/2023) |
| 03/02/2023 | | Record on Appeal for USCA5 22-11242 (related to 112 appeal): Record consisting of: 13 ECF electronic record on appeal (eROA) is certified, 2 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an |

| | | |
|---|---|---|
| | | appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 03/02/2023) |
| 03/02/2023 | | USCA Case Number 23-10046 in USCA5 for 130 Notice of Appeal filed by Gillespie Villas LLC, Titan Investments LLC, TRTX Properties LLC, Venus59 LLC, Maximilien Barton. (svc) (Entered: 03/02/2023) |
| 03/02/2023 | 172 | NOTICE of *INTENT TO MOVE FOR LEAVE TO FILE SUR-REPLY TO THE RECEIVERS MOTION FOR CONTEMPT AS TO NEW EVIDENCE, ARGUMENTS, AND EXPANDED RELIEF SOUGHT IN THE RECEIVERS REPLY BRIEF* re: 166 Reply, 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Timothy Barton (Edney, Michael) (Entered: 03/02/2023) |
| 03/06/2023 | 173 | NOTICE of Attorney Appearance by Brian Keith Norman for C. Gregory Shamoun on behalf of Southern Properties Capital, Ltd.. (Norman, Brian) (Entered: 03/06/2023) |
| 03/06/2023 | 174 | First MOTION to Continue *Filing and Hearing Dates* filed by Southern Properties Capital, Ltd. with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Norman, Brian) (Entered: 03/06/2023) |
| 03/07/2023 | 175 | ELECTRONIC ORDER denying 174 Motion to Continue. (Ordered by Judge Brantley Starr on 3/7/2023) (chmb) (Entered: 03/07/2023) |
| 03/07/2023 | 176 | RESPONSE filed by Timothy Barton re: 156 MOTION First Quarterly Fee Application (4Q22) (Huffman, Edwin) (Entered: 03/07/2023) |
| 03/10/2023 | 177 | MOTION to Intervene filed by Southern Properties Capital, Ltd. (Attachments: # 1 Proposed Order) (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 178 | RESPONSE filed by Southern Properties Capital, Ltd. re: 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms, 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 179 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 1* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 180 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 2* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 181 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 3* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 182 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 4* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 183 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 5* (Norman, Brian) (Entered: 03/10/2023) |

| | | |
|---|---|---|
| 03/10/2023 | 184 | INTERVENOR COMPLAINT against Receiver filed by Southern Properties Capital, Ltd.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 185 | RESPONSE filed by Timothy Barton re: 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites, 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms, 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Edney, Michael) (Entered: 03/10/2023) |
| 03/11/2023 | 186 | Appendix in Support filed by Timothy Barton re 185 Response/Objection, *Appendix ISO Response to Receiver Property Sale Motions* (Edney, Michael) (Entered: 03/11/2023) |
| 03/11/2023 | 187 | ADDITIONAL ATTACHMENTS to 186 Appendix in Support by Defendant Timothy Barton. (Edney, Michael) (Entered: 03/11/2023) |
| 03/15/2023 | 188 | MOTION to Continue *Hearing Regarding Approval of Sales of Parc at Windmill Farms and Bellwether Ridge, and Motion to Stay Southern Properties' Motion to Intervene* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 03/15/2023) |
| 03/15/2023 | 189 | RESPONSE filed by Southern Properties Capital, Ltd. re: 188 MOTION to Continue *Hearing Regarding Approval of Sales of Parc at Windmill Farms and Bellwether Ridge, and Motion to Stay Southern Properties' Motion to Intervene* (Norman, Brian) (Entered: 03/15/2023) |
| 03/16/2023 | 190 | ELECTRONIC ORDER granting 188 Motion to Continue. The Court CANCELS the hearings scheduled at Doc. No. 169 on the Receiver's motions for appointment of appraisers, approval of appraisals, approval hearing, and approval of sale of 161 Parc at Windmill Farms and 164 Bellwether Ridge. This Order does not affect the hearing scheduled at Doc. No. 169 on the Receiver's motion regarding 167 Amerigold Suites. The Court ORDERS the Receiver to move for summary judgment regarding the Receivership Entities' interests in and Southern Properties' competing claim to these properties (Parc at Windmill Farms and Bellwether Ridge) by April 13, 2023. Any response from Southern Properties (which may incorporate by reference Southern Properties' pending Response and Objection at Doc. No. 178 ) is due by May 4, 2023. Any reply by the Receiver is due by May 18, 2023. (Ordered by Judge Brantley Starr on 3/16/2023) (chmb) (Entered: 03/16/2023) |
| 03/16/2023 | 191 | NOTICE of Attorney Appearance by Howard Marc Spector on behalf of Tamamoi, LLC, 3820 Illinois, LLC. (Filer confirms contact info in ECF is current.) (Spector, Howard) (Entered: 03/16/2023) |
| 03/17/2023 | 192 | NOTICE of Attorney Appearance by Matthias Kleinsasser on behalf of Vertical Street Ventures, LLC. (Filer confirms contact info in ECF is current.). Party Vertical Street Ventures, LLC added. (Kleinsasser, Matthias) (Entered: 03/17/2023) |
| 03/17/2023 | 193 | REPLY filed by Receiver re: 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites, 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms, 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Koonce, Charlene) (Entered: 03/17/2023) |

| | | |
|---|---|---|
| 03/17/2023 | 194 | Appendix in Support filed by Receiver re 193 Reply, (Koonce, Charlene) (Entered: 03/17/2023) |
| 03/19/2023 | 195 | ORDER granting 156 Receiver's Motion For First Quarterly Fee Application (Ordered by Judge Brantley Starr on 3/19/2023) (chmb) (Entered: 03/19/2023) |
| 03/20/2023 | 196 | NOTICE of Attorney Appearance by Joseph J Wielebinski on behalf of Vertical Street Ventures, LLC. (Filer confirms contact info in ECF is current.) (Wielebinski, Joseph) (Entered: 03/20/2023) |
| 03/20/2023 | 197 | ORDER granting in part 167 Motion (Ordered by Judge Brantley Starr on 3/20/2023) (chmb) (Entered: 03/20/2023) |
| 03/20/2023 | 198 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 3/20/2023. re: 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites. Statements heard from Ms. Koonce, Mr. Edney and Mr. Bernstein. Court to issue order with ruling. Court is adjourn. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Ted Huffman, Corinna Chandler, Receiver Charlene Koonce, Cort Thomas (Court Reporter: Kelli Ann Willis) (No exhibits) Time in Court - :30. (chmb) (Entered: 03/20/2023) |
| 03/21/2023 | 199 | MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 03/21/2023) |
| 03/21/2023 | 200 | Appendix in Support filed by Receiver re 199 MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* (Koonce, Charlene) (Entered: 03/21/2023) |
| 03/23/2023 | 201 | MOTION for Leave to File Surreply*to Receiver's Motion to Compel* filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Exhibit A - Proposed Surreply, # 2 Proposed Order Proposed Order - Granting Leave to File Surreply, # 3 Proposed Order Proposed Order - Privilege Protocol Order, # 4 Proposed Order Proposed Order - Order on Privilege Protocol Conference) (Edney, Michael) (Entered: 03/23/2023) |
| 03/29/2023 | 202 | ORDER: The Court GRANTS 167 motion to sell property. (Ordered by Judge Brantley Starr on 3/29/2023) (chmb) (Entered: 03/29/2023) |
| 03/31/2023 | 203 | MOTION to Stay re 184 Intervenor Complaint,, 177 MOTION to Intervene *Receiver's Response to Southern Properties Capital, Ltd.'s Motion for Intervention, Complaint in Intervention and Renewed Motion to Stay* filed by Receiver (Attachments: # 1 Proposed Order) (Wells, Tim) (Entered: 03/31/2023) |
| 04/11/2023 | 204 | MOTION for Extension of Time to File Response/Reply to 199 MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* filed by Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order). Party NON-PARTY HUNTON ANDREWS KURTH LLP added.Attorney Greg Waller added to party Hunton Andrews Kurth LLP(pty:mov) (Waller, Greg) (Entered: 04/11/2023) |
| 04/12/2023 | 205 | ELECTRONIC ORDER granting 204 Motion to Extend Time to File Response. (Ordered by Judge Brantley Starr on 4/12/2023) (chmb) (Entered: 04/12/2023) |
| 04/13/2023 | 206 | MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver (Koonce, Charlene) (Entered: 04/13/2023) |

| | | |
|---|---|---|
| 04/13/2023 | 207 | Brief/Memorandum in Support filed by Receiver re: 206 Motion for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties*. (Koonce, Charlene) Modified event text on 5/31/2023 (axm). (Entered: 04/13/2023) |
| 04/13/2023 | 208 | Appendix in Support filed by Receiver re 207 MOTION for Summary Judgment *Brief in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties* (Attachments: # 1 Additional Page(s) Exhibits A-29 - A-44 (APP355-APP628), # 2 Additional Page(s) Exhibits A-45 - A-62 (APP629-APP908), # 3 Additional Page(s) Exhibits A-63 - A-67 (APP909-APP959), # 4 Additional Page(s) Exhibits A-68 - A-71 (APP960-APP1030), # 5 Additional Page(s) Exhibits A-72 - A-77 (APP1031-APP1130)) (Koonce, Charlene) (Entered: 04/13/2023) |
| 04/17/2023 | 209 | NOTICE of *Third Party Offers to Purchase 2999 Turtle Creek Property* filed by Timothy Barton (Attachments: # 1 Exhibit(s) A) (Edney, Michael) (Entered: 04/17/2023) |
| 04/17/2023 | 210 | MOTION to Approve Settlement Agreement with HNGH Turtle Creek, LLC filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Settlement Agreement, # 2 Exhibit(s) B - Order Enforcing Agreed Orders, # 3 Proposed Order) (Thomas, Cort) (Entered: 04/17/2023) |
| 04/18/2023 | 211 | MOTION Expedited Motion to Confirm Litigation Stay filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Wells, Tim) (Entered: 04/18/2023) |
| 04/18/2023 | 212 | Appendix in Support filed by Receiver re 211 MOTION Expedited Motion to Confirm Litigation Stay (Wells, Tim) (Entered: 04/18/2023) |
| 04/21/2023 | 213 | NOTICE of *Intended Auction of Contents of 2999 Turtle Creek Blvd.* filed by Receiver (Koonce, Charlene) (Entered: 04/21/2023) |
| 04/21/2023 | 214 | Appendix in Support filed by Receiver re 213 Notice (Other) (Koonce, Charlene) (Entered: 04/21/2023) |
| 04/24/2023 | 215 | First MOTION to Strike 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties*, 207 MOTION for Summary Judgment *Brief in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties with Respect to Ingleside and Opelika* filed by Southern Properties Capital Ltd with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Norman, Brian) (Entered: 04/24/2023) |
| 04/25/2023 | 216 | ELECTRONIC ORDER: In his Reply in support of his Motion to Compel (Doc. 133 ), the Receiver proposed a privilege protocol and asked the Court to enter it. Doc. 166 at pp. 9-10. The Court ORDERS Barton to respond to the Receiver's proposed privilege protocol by May 3, 2023. Any reply from the Receiver is due May 9, 2023. (Ordered by Judge Brantley Starr on 4/25/2023) (chmb) (Entered: 04/25/2023) |
| 04/25/2023 | 217 | ELECTRONIC ORDER granting 203 Motion to Stay. The Court STAYS 184 Southern Properties' Intervenor Complaint and all associated deadlines. The Court will enter a new schedule for Southern Properties' Intervenor Complaint, if needed, after the completion of the pending summary proceeding. (Ordered by Judge Brantley Starr on 4/25/2023) (chmb) (Entered: 04/25/2023) |
| 04/25/2023 | 218 | ORDER granting 211 Unopposed Motion to Confirm Litigation Stay. (Ordered by Judge Brantley Starr on 4/25/2023) (axm) (Entered: 04/25/2023) |

| | | |
|---|---|---|
| 04/25/2023 | 219 | ORDER denying 114 Motion to Stay Pending Appeal. (Ordered by Judge Brantley Starr on 4/25/2023) (axm) (Entered: 04/25/2023) |
| 04/26/2023 | 220 | MOTION for Extension of Time to File Response/Reply to 207 MOTION for Summary Judgment *Brief in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties*, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver (Koonce, Charlene) (Entered: 04/26/2023) |
| 04/27/2023 | 221 | ELECTRONIC ORDER granting 220 Motion to Extend Time to File Response/Reply. Southern Properties' Response is due May 16, 2023, and the Receiver's Reply is due June 5, 2023. (Ordered by Judge Brantley Starr on 4/27/2023) (chmb) (Entered: 04/27/2023) |
| 04/27/2023 | 222 | NOTICE of *Receiver's Withdrawal of Motion to Compel Documents and Information from Attorneys* re: 199 MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* filed by Receiver (Koonce, Charlene) (Entered: 04/27/2023) |
| 04/27/2023 | 223 | OBJECTION filed by Timothy Barton re: 213 Notice (Other) (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Edney, Michael) (Entered: 04/27/2023) |
| 04/28/2023 | 224 | ELECTRONIC ORDER: Having reviewed the Receiver's 222 Notice, the Court DENIES AS MOOT the Receiver's 199 Motion to Compel. This order is WITHOUT PREJUDICE. (Ordered by Judge Brantley Starr on 4/28/2023) (chmb) (Entered: 04/28/2023) |
| 04/30/2023 | 225 | STATUS REPORT *Third Quarterly Report of Receiver (1Q23)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 04/30/2023) |
| 05/03/2023 | 226 | RESPONSE filed by Receiver re: 215 First MOTION to Strike 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties*, 207 MOTION for Summary Judgment *Brief in Support (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 05/03/2023)* |
| 05/03/2023 | 227 | RESPONSE filed by Receiver re: 223 Response/Objection (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 05/03/2023) |
| 05/03/2023 | 228 | Appendix in Support filed by Receiver re 227 Response/Objection (Koonce, Charlene) (Entered: 05/03/2023) |
| 05/03/2023 | 229 | RESPONSE filed by Timothy Barton re: 166 Reply, 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Attachments: # 1 Exhibit A - Proposed Privilege Protocol Order) (Edney, Michael) (Entered: 05/03/2023) |
| 05/08/2023 | 230 | RESPONSE AND OBJECTION filed by Timothy Barton re: 210 MOTION to Approve Settlement Agreement with HNGH Turtle Creek, LLC (Edney, Michael) (Entered: 05/08/2023) |
| 05/08/2023 | 231 | Appendix in Support filed by Timothy Barton re 230 Response/Objection *to the Receiver's Motion to Approve Settlement Agreement with HNGH Turtle Creek, LLC* (Edney, Michael) (Entered: 05/08/2023) |
| 05/09/2023 | 232 | REPLY filed by Receiver re: 229 Response/Objection, 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Koonce, Charlene) (Entered: 05/09/2023) |

| | | |
|---|---|---|
| 05/11/2023 | 233 | REPLY filed by Southern Properties Capital Ltd re: 215 First MOTION to Strike 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties*, 207 MOTION for Summary Judgment *Brief in Support (Norman, Brian) (Entered: 05/11/2023)* |
| 05/15/2023 | 234 | ELECTRONIC ORDER: Having carefully considered Southern Properties motion to strike the Receivers motion for summary judgment regarding Southern Properties claimed ownership in Parc at Ingleside and Parc at Opelika (Doc. 215 ), the Court DENIES the motion. The Court GRANTS the Receivers request for leave to include these properties nunc pro tunc in the Receivers summary-judgment motion. And the Court GRANTS Southern Properties request for an extension of time to respond to the Receivers motion for summary judgment (Doc. 206 ). The new deadlines are as follows. Southern Properties response is due May 30, 2023. The Receivers reply is due June 20, 2023. (Ordered by Judge Brantley Starr on 5/15/2023) (chmb) (Entered: 05/15/2023) |
| 05/15/2023 | 235 | ORDER granting 133 Motion to Compel; denying 201 Motion for Leave to File A Sur-Reply. The Court ORDERS Barton to provide the following information, materials, and documents to the Receiver by the close of business (5pm central time) on the third calendar day from the date of this Order. If Barton fails to fully comply by providing all listed information, documents, and materials by the close of business (5pm central time) on the third calendar day from the date of this Order, the Receiver shall file a Notice describing all information and materials that have not been provided. Upon the filing of such Notice, sanctions in the amount of $500 per day will begin to accrue until such time as the Receiver files a Notice of Compliance indicating Barton's full compliance with this Order. (Ordered by Judge Brantley Starr on 5/15/2023) (ykp) (Entered: 05/15/2023) |
| 05/15/2023 | 236 | ORDER granting 210 Receiver's Motion to Approve Settlement Agreement with HNGH Turtle Creek, LLC.: The Court GRANTS the motion and APPROVES the Settlement Agreement, finding that it is fair and equitable and in the best interests of the Receivership Estate. Furthermore, the Court LIFTS THE STAY of In re 2999TC Acquisitions, LLC, Case No. 21-31954 in the U.S. Bankruptcy Court for the Northern District of Texas. the Court OVERRULES Barton's objection to the intended auction subject to the directions below, GRANTS the Receiver's motion, DENIES Barton's request for a hearing, and STRIKES Barton's request for a preliminary injunction. Within one (1) calendar day of the date of this Order, the Court ORDERS Barton to provide sworn statements attesting to his ownership of the specific items he claims are his personal property. (Ordered by Judge Brantley Starr on 5/15/2023) (ykp) (Entered: 05/15/2023) |
| 05/15/2023 | 237 | MOTION Second Quarterly Fee Application (1Q23) filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 05/15/2023) |
| 05/15/2023 | 238 | Appendix in Support filed by Receiver re 237 MOTION Second Quarterly Fee Application (1Q23) (Thomas, Cort) (Entered: 05/15/2023) |
| 05/16/2023 | 239 | NOTICE OF INTERLOCUTORY APPEAL as to 202 Order to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13745208. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 05/16/2023) |

| | | |
|---|---|---|
| 05/16/2023 | 240 | NOTICE OF INTERLOCUTORY APPEAL as to 236 Order Lifting Stay,,,, Terminate Motions,,, to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13745223. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 05/16/2023) |
| 05/22/2023 | | USCA Case Number 23-10515 in USCA5 for 239 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 05/22/2023) |
| 05/23/2023 | 241 | Transcript Order Form: re 239 Notice of Appeal,,,, transcript requested by Timothy Barton for Hearing held 3/20/23 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 05/23/2023) |
| 05/23/2023 | 242 | Transcript Order Form: re 240 Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 05/23/2023) |
| 05/23/2023 | | USCA Case Number 23-10516 in USCA5 for 240 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 05/23/2023) |
| 05/24/2023 | 243 | NOTICE of *Non-Compliance with Order* re: 235 Order filed by Receiver. (Wells, Tim) Modified text on 5/24/2023 (sxf). (Entered: 05/24/2023) |
| 05/24/2023 | 244 | Appendix in Support filed by Receiver re 243 Notice (Other) *of Non-Compliance with Order 235* (Wells, Tim) (Entered: 05/24/2023) |
| 05/25/2023 | 245 | MOTION to Intervene and MOTION to Lift Stay filed by First Development Company of Ohio, LLC with Brief/Memorandum in Support. (Attachments: # 1 Appendix, # 2 Proposed Order). Party First Development Company of Ohio, LLC added.Attorney Jonathan Alexander Gitlin added to party First Development Company of Ohio, LLC(pty:intv) (Gitlin, Jonathan). Added MOTION to Lift Stay on 5/25/2023 (twd). (Entered: 05/25/2023) |
| 05/25/2023 | 246 | ORDER of USCA as to 239 Notice of Appeal filed by Timothy Barton. Denying Motion to intervene without prejudice to Movant's right to properly file an amicus brief if he so chooses filed by Cortney Christopher Thomas in 23-10515; denying Motion to dismiss appeal for lack of jurisdiction; denied as moot motion for expedited ruling on motion. (svc) (Entered: 05/25/2023) |
| 05/30/2023 | 247 | Brief/Memorandum in Support filed by Southern Properties Capital Ltd re 254 Response to Motion for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* (Norman, Brian) Modified text and linkage on 5/31/2023 (axm). (Entered: 05/30/2023) |
| 05/30/2023 | 248 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 1* (Norman, Brian) (Entered: 05/30/2023) |

| | | |
|---|---|---|
| 05/30/2023 | 249 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 2* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 250 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 3* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 251 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 4* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 252 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 5* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 253 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 6* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 254 | RESPONSE filed by Southern Properties Capital Ltd re: 206 Motion for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties*. (Norman, Brian) Modified text and linkage on 5/31/2023 (axm). (Entered: 05/30/2023) |
| 06/02/2023 | 255 | NOTICE of *Certification Regarding Use of Artificial Intelligence* filed by Southern Properties Capital Ltd (Norman, Brian) (Entered: 06/02/2023) |
| 06/05/2023 | 256 | RESPONSE AND OBJECTION filed by Timothy Barton re: 237 MOTION Second Quarterly Fee Application (1Q23) (Edney, Michael) (Entered: 06/05/2023) |
| 06/06/2023 | | Record on Appeal for USCA5 23-10516 (related to 239 , 240 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 2 Volume(s) electronic transcript,.<br>**PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 06/06/2023) |
| 06/08/2023 | 257 | Notice of Filing of Official Electronic Transcript of Appointment of Appraiser, et al. Proceedings held on 03-20-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (40 pages) Redaction Request due 6/29/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/6/2023. (kaw) Modified on 6/8/2023 (chmb). (Main Document 257 replaced on 6/8/2023) (cfk). (Entered: 06/08/2023) |
| 06/08/2023 | 258 | Electronic Standing Order - If they have not already done so, all attorneys appearing in this case must file a Certificate Regarding Judge-Specific Requirements on the docket attesting that they have read, and will comply with, the judge-specific requirements for |

| | | |
|---|---|---|
| | | this Court, including the Court's order concerning generative artificial intelligence. The judge-specific requirements and a template Certificate may be found at: Certificate Regarding Judge-Specific Requirements. To file the Certificate, please use the event entitled Certificate Regarding Judge-Specific Requirements. This event is located in the Other Documents selection, which is under the Other Filings category of the Civil page in ECF. Please contact the ECF help desk at 214-753-2633 for filing assistance. (Ordered by Judge Brantley Starr on 6/8/2023) (twd) (Entered: 06/08/2023) |
| 06/08/2023 | 259 | Certificate Regarding Judge-Specific Requirements. (Buchholz, Robert) (Entered: 06/08/2023) |
| 06/08/2023 | 260 | Certificate Regarding Judge-Specific Requirements. (Bernstein, Keefe) (Entered: 06/08/2023) |
| 06/08/2023 | 261 | Certificate Regarding Judge-Specific Requirements. (Reece, David) (Entered: 06/08/2023) |
| 06/08/2023 | 262 | Certificate Regarding Judge-Specific Requirements. (Shavin, Eliot) (Entered: 06/08/2023) |
| 06/08/2023 | 263 | Certificate Regarding Judge-Specific Requirements. (Fullington, Ian) (Entered: 06/08/2023) |
| 06/08/2023 | 265 | ORDER of USCA: COURT ORDER denying without prejudice Motion for stay pending appeal filed by Appellant Mr. Timothy Barton. (svc) (Entered: 06/09/2023) |
| 06/08/2023 | 266 | Received letter from USCA5: NO COURT REPORTER ACKNOWLEDGMENT RECEIVED for Ms. Kelli Ann Willis. (svc) (Entered: 06/09/2023) |
| 06/09/2023 | 264 | Certificate Regarding Judge-Specific Requirements. (Heiskell, Michael) (Entered: 06/09/2023) |
| 06/09/2023 | 267 | MOTION for Extension of Time to File Response/Reply to 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver (Attachments: # 1 Proposed Order Proposed Order) (Koonce, Charlene) (Entered: 06/09/2023) |
| 06/09/2023 | 268 | Certificate Regarding Judge-Specific Requirements. (Thomas, Cort) (Entered: 06/09/2023) |
| 06/09/2023 | 269 | Certificate Regarding Judge-Specific Requirements. (Alexander, Daniel) (Entered: 06/09/2023) |
| 06/09/2023 | 270 | RESPONSE filed by Southern Properties Capital Ltd re: 267 MOTION for Extension of Time to File Response/Reply to 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receiversh (Norman, Brian) (Entered: 06/09/2023)* |
| 06/09/2023 | 271 | Certificate Regarding Judge-Specific Requirements. (Nealy Cox, Erin) (Entered: 06/09/2023) |
| 06/09/2023 | 272 | Certificate Regarding Judge-Specific Requirements. (Hicks, George) (Entered: 06/09/2023) |
| 06/09/2023 | 275 | ORDER of USCA as to 66 Notice of Appeal filed by Timothy Barton. Barton requests a stay of an event that already occurred by the time he filed his renewed motion, so his request for emergency relief is DENIED as moot. The remainder of his motion will be carried with the case. (svc) (Entered: 06/12/2023) |

| | | |
|---|---|---|
| 06/10/2023 | 273 | ELECTRONIC ORDER granting 267 Motion to Extend Time to File Reply. The deadline for the Receiver's Reply is June 30, 2023. (Ordered by Judge Brantley Starr on 6/10/2023) (chmb) (Entered: 06/10/2023) |
| 06/11/2023 | 274 | Certificate Regarding Judge-Specific Requirements. (Gitlin, Jonathan) (Entered: 06/11/2023) |
| 06/12/2023 | 276 | Certificate Regarding Judge-Specific Requirements. (Patton, Jonathan) (Entered: 06/12/2023) |
| 06/12/2023 | 277 | Certificate Regarding Judge-Specific Requirements. (Patton, Jonathan) (Entered: 06/12/2023) |
| 06/12/2023 | 278 | Certificate Regarding Judge-Specific Requirements. (Chandler, Corinna) (Entered: 06/12/2023) |
| 06/12/2023 | 279 | Certificate Regarding Judge-Specific Requirements. (Etri, James) (Entered: 06/12/2023) |
| 06/12/2023 | 280 | Certificate Regarding Judge-Specific Requirements. (DeYoung, Kyle) (Entered: 06/12/2023) |
| 06/13/2023 | 281 | Certificate Regarding Judge-Specific Requirements. (Edney, Michael) (Entered: 06/13/2023) |
| 06/14/2023 | 282 | Certificate Regarding Judge-Specific Requirements. (Cooke, Christopher) (Entered: 06/14/2023) |
| 06/15/2023 | 283 | *****DISREGARD FILED IN ERROR per attorney*****RESPONSE filed by Receiver re: 245 MOTION to InterveneMOTION to Lift Stay (Koonce, Charlene) Modified on 6/15/2023 (svc). (Entered: 06/15/2023) |
| 06/15/2023 | 284 | RESPONSE filed by Receiver re: 245 MOTION to InterveneMOTION to Lift Stay (Koonce, Charlene) (Entered: 06/15/2023) |
| 06/15/2023 | 285 | Appendix in Support filed by Receiver re 284 Response/Objection (Koonce, Charlene) (Entered: 06/15/2023) |
| 06/15/2023 | 286 | RESPONSE filed by Securities and Exchange Commission re: 245 MOTION to InterveneMOTION to Lift Stay (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 06/15/2023) |
| 06/19/2023 | 287 | ORDER granting 237 Motion for Second Quarterly Fee Application. (Ordered by Judge Brantley Starr on 6/19/2023) (chmb) (Entered: 06/19/2023) |
| 06/21/2023 | | Record on Appeal for USCA5 23-10515 (related to 239 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 3 Volume(s) electronic transcript. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 06/21/2023) |
| 06/29/2023 | 288 | MOTION to Stay re 208 Appendix in Support,, 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities* |

| | | |
|---|---|---|
| | | *and Properties* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 06/29/2023) |
| 06/29/2023 | 289 | RESPONSE filed by Southern Properties Capital Ltd re: 288 MOTION to Stay re 208 Appendix in Support,, 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Enti (Norman, Brian) (Entered: 06/29/2023)* |
| 06/29/2023 | 290 | ELECTRONIC ORDER granting 288 Motion to Stay Deadline. Due to the Fifth Circuit's opinion vacating the receivership order effective in 90 days, the Court STAYS the deadline for the Receiver's reply in support of his motion for summary judgment (Doc. 206 ). The Court will set a new deadline for this briefing in due course. (Ordered by Judge Brantley Starr on 6/29/2023) (chmb) (Entered: 06/29/2023) |
| 07/05/2023 | 291 | ELECTRONIC ORDER: The Fifth Circuit remanded to the Court for further proceedings in accordance with its most recent opinion in this case. In the interest of expediency, the Court ORDERS the parties to meet and confer and, by July 12, 2023, inform the Court whether they agree to proceed before a mandate issues from the Fifth Circuit. (Ordered by Judge Brantley Starr on 7/5/2023) (chmb) (Entered: 07/05/2023) |
| 07/12/2023 | 292 | Joint STATUS REPORT *of Defendant Barton and Plaintiff SEC in Response to this Court's July 5, 2023 Order* filed by Timothy Barton. (Edney, Michael) (Entered: 07/12/2023) |
| 07/16/2023 | 293 | ELECTRONIC ORDER: The Court has reviewed the parties Joint Status Report (Doc. 292 ), and because the parties have not consented to proceed before the mandate issues, the Court lacks jurisdiction to order the parties to proceed. Once the mandate issues, the Court intends to order the SEC to move for appointment of a receiver. Consistent with the Fifth Circuits opinion, the Court will require the SECs motion to (1) request appointment of a receiver under the factors set out in Netsphere, Inc. v. Baron, 703 F.3d 296, 305 (5th Cir. 2012); (2) request injunctive relief; and (3) provide a basis for the inclusion of entities in the receivership that complies with the Fifth Circuits standard, i.e., that limits the receivership to entities that received or benefitted from assets traceable to Bartons alleged fraudulent activities that are the subject of this litigation. That motion will be due within one week of the Fifth Circuits mandate issuing. The Court will set a briefing schedule for the motion once the mandate issues. (Ordered by Judge Brantley Starr on 7/16/2023) (chmb) (Entered: 07/16/2023) |
| 07/17/2023 | 294 | ORDER of USCA as to 240 Notice of Appeal filed by Timothy Barton. IT IS ORDERED that the appellee's opposed motion to dismiss the appeal is GRANTED. (svc) (Entered: 07/18/2023) |
| 07/18/2023 | 295 | Unopposed MOTION to Withdraw as Attorney filed by Timothy Barton (Huffman, Edwin) (Entered: 07/18/2023) |
| 07/19/2023 | 296 | ELECTRONIC ORDER granting 295 Motion to Withdraw as Attorney. (Ordered by Judge Brantley Starr on 7/19/2023) (chmb) (Entered: 07/19/2023) |
| 07/19/2023 | 297 | Unopposed MOTION to Withdraw as Attorney *as to David B. Reece* filed by Securities and Exchange Commission (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 07/19/2023) |
| 07/20/2023 | 298 | ELECTRONIC ORDER granting 297 Motion to Withdraw as Attorney. (Ordered by Judge Brantley Starr on 7/20/2023) (chmb) (Entered: 07/20/2023) |
| 07/31/2023 | 299 | STATUS REPORT *Fourth Quarterly Report of Receiver (2Q23)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 07/31/2023) |

| | | |
|---|---|---|
| 08/14/2023 | 300 | MOTION Third Quarterly Fee Application (2Q23) filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 08/14/2023) |
| 08/14/2023 | 301 | Appendix in Support filed by Receiver re 300 MOTION Third Quarterly Fee Application (2Q23) (Thomas, Cort) (Entered: 08/14/2023) |
| 08/22/2023 | 302 | NOTICE of Attorney Appearance by Patrick Joseph Schurr on behalf of Texas Republic Bank, N.A.. (Filer confirms contact info in ECF is current.) (Schurr, Patrick) (Entered: 08/22/2023) |
| 08/22/2023 | 303 | Certificate Regarding Judge-Specific Requirements. (Schurr, Patrick) (Entered: 08/22/2023) |
| 08/31/2023 | 304 | ORDER of USCA as to 66 Notice of Appeal filed by Timothy Barton. The Court VACATE the district court's order appointing a receiver effective 90 days from the issuance of this court's mandate and REMAND for further proceedings consistent with this opinion. We also GRANT in part Barton's motion for a partial stay pending appeal. (svc) (Entered: 08/31/2023) |
| 08/31/2023 | 305 | ELECTRONIC ORDER: The Court ORDERS the SEC to move for entry of a new receivership order by September 7, 2023, with a response due by September 28, 2023, and any reply due by October 5, 2023. Additionally, the Court ORDERS the Receiver to file by September 14, 2023 a declaration providing all information obtained since his appointment that he believes is relevant to the Courts consideration of a proposed new receivership order, or anything else he believes will assist the Court or help inform the Courts deliberation on this matter. (Ordered by Judge Brantley Starr on 8/31/2023) (chmb) (Entered: 08/31/2023) |
| 08/31/2023 | 306 | ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE all pending motions in this case. Parties may refile all such motions after the Court resolves the SEC's motion for entry of a new receivership order. (Ordered by Judge Brantley Starr on 8/31/2023) (chmb) (Entered: 08/31/2023) |
| 09/05/2023 | 307 | NOTICE of Attorney Appearance by Russell W Mills on behalf of McCormick 101, LLC. (Filer confirms contact info in ECF is current.). Party McCormick 101, LLC added. (Mills, Russell) (Entered: 09/05/2023) |
| 09/05/2023 | 308 | DECLARATION AND INTERIM REPORT filed by Receiver. (Thomas, Cort) Modified title on 9/10/2023 (axm). (Entered: 09/05/2023) |
| 09/07/2023 | 309 | MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Securities and Exchange Commission with Brief/Memorandum in Support re 305 Order. (Attachments: # 1 Proposed Order For Appointment of A Receiver, # 2 Proposed Order Preliminary Injunction) (Bernstein, Keefe) (Entered: 09/07/2023) |
| 09/07/2023 | 310 | Appendix in Support filed by Securities and Exchange Commission re 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose. (Attachments: # 1 Declaration(s) Supp. App001-004, # 2 Exhibit(s) A Supp. App005-010, # 3 Exhibit(s) B Supp. App011-012) (Bernstein, Keefe) (Entered: 09/07/2023) |
| 09/12/2023 | 311 | MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief filed by McCormick 101, LLC (Attachments: # 1 Proposed Order Order Granting Motion for Lifting Stay) (Mills, Russell) (Entered: 09/12/2023) |

| | | |
|---|---|---|
| 09/12/2023 | 312 | Appendix in Support filed by McCormick 101, LLC re 311 MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief (Mills, Russell) (Entered: 09/12/2023) |
| 09/12/2023 | 313 | Certificate Regarding Judge-Specific Requirements. (Mills, Russell) (Entered: 09/12/2023) |
| 09/26/2023 | 314 | MOTION for Extension of Time to File Response/Reply to 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 09/26/2023) |
| 09/27/2023 | 315 | ELECTRONIC ORDER granting in part and denying in part 314 Motion to Extend Time to File Response/Reply. The Court ORDERS expedited briefing. The Court ORDERS that Defendant's Response is due by October 2, 2023. Any Reply is due by October 9, 2023. The Court will hold a hearing on the 309 Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose on October 11, 2023 at 2:00 PM. Further details will be provided. (Ordered by Judge Brantley Starr on 9/27/2023) (chmb) (Entered: 09/27/2023) |
| 09/27/2023 | | Hearing/Deadline Modification: Deadlines/hearings terminated and reset per 315 Order on Motion to Extend Time to File Response/Reply. Responses due by 10/2/2023. Replies due by 10/9/2023. Motion Hearing set for 10/11/2023 02:00 PM before Judge Brantley Starr. (oyh) (Entered: 09/28/2023) |
| 09/28/2023 | 316 | RESPONSE AND OBJECTION filed by Receiver re: 311 MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief (Koonce, Charlene) (Entered: 09/28/2023) |
| 09/28/2023 | 317 | Appendix in Support filed by Receiver re 316 Response/Objection (Koonce, Charlene) (Entered: 09/28/2023) |
| 09/28/2023 | 318 | NOTICE of Attorney Appearance by Ryan Eric Chapple on behalf of Serena Badgley. (Filer confirms contact info in ECF is current.). Party Serena Badgley added. (Chapple, Ryan) (Entered: 09/28/2023) |
| 09/28/2023 | 319 | Certificate Regarding Judge-Specific Requirements. (Chapple, Ryan) (Entered: 09/28/2023) |
| 09/28/2023 | 320 | OBJECTION filed by Serena Badgley re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Attachments: # 1 Exhibit(s) Exhibit A, # 2 Exhibit(s) Exhibit B, # 3 Exhibit(s) Exhibit C, # 4 Exhibit(s) Exhibit D, # 5 Exhibit(s) Exhibit E) (Chapple, Ryan) (Entered: 09/28/2023) |
| 09/28/2023 | 321 | MOTION for Clarification of the Scope of Order Appointing Receiver or, in the Alternative, Motion for Order Lifting Stay filed by McCormick 101, LLC with Brief/Memorandum in Support re 29 Order. (Walraven, Gwen) Modified text on 10/3/2023 (axm). (Entered: 09/28/2023) |
| 09/28/2023 | 322 | Appendix in Support filed by McCormick 101, LLC re 321 MOTION for Clarification of the Scope of Order Appointing Receiver or, in the Alternative, Motion for Order Lifting Stay. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Proposed Order) (Walraven, Gwen) (Entered: 09/28/2023) |
| 09/29/2023 | 323 | ELECTRONIC ORDER: The hearing for the 309 Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose will begin at 1:30 p.m. on October 11, 2023. The Court will allot 1.5 hours to the SEC and 1.5 hours to Barton for examining witnesses. Witness lists are due October 6, 2023. |

| | | |
|---|---|---|
| | | The Court will rely on the parties' papers for legal arguments. (Ordered by Judge Brantley Starr on 9/29/2023) (chmb) (Entered: 09/29/2023) |
| 09/29/2023 | 324 | RESPONSE filed by Securities and Exchange Commission re: 311 MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 09/29/2023) |
| 09/29/2023 | 325 | RESPONSE filed by Securities and Exchange Commission re: 321 MOTION to Stay re 29 Order on Motion for Miscellaneous Relief *Motion of McCormick 101, LLC for (1) Clarification of the Scope of Order Appointing Receiver [Doc 29] Or (2) in the Alternative, Motion for Order Uplifting Stay* . (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 09/29/2023) |
| 10/02/2023 | 326 | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, MXBA LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Cooke, Christopher) (Entered: 10/02/2023) |
| 10/02/2023 | 327 | MOTION to Intervene *and Request to Present Witness at Hearing on SEC's Motion, or, in the Alternative, Request to File Amicus Brief* filed by Southern Properties Capital Ltd with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Norman, Brian) Modified on 10/9/2023 (axm). (Entered: 10/02/2023) |
| 10/02/2023 | 328 | Unopposed MOTION for Extension of Page Limit filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 10/02/2023) |
| 10/02/2023 | 329 | RESPONSE filed by Southern Properties Capital Ltd re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 330 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 1* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 331 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 2* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 332 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 3* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 333 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 4* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 334 | RESPONSE AND OBJECTION filed by Timothy Barton re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Edney, Michael) (Entered: 10/02/2023) |
| 10/02/2023 | 335 | Appendix in Support filed by Timothy Barton re 334 Response/Objection *Response to MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose* (Edney, Michael) (Entered: 10/02/2023) |
| 10/03/2023 | 336 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 5* (Norman, Brian) (Entered: 10/03/2023) |
| 10/04/2023 | 337 | ELECTRONIC ORDER: The Court GRANTS 328 Defendant Barton's Unopposed Motion for Extension of Page Limit. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 10/4/2023) (chmb) (Entered: 10/04/2023) |

| | | |
|---|---|---|
| 10/04/2023 | 338 | Appendix in Support filed by Serena Badgley re 320 Response/Objection, (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s)) (Chapple, Ryan) (Entered: 10/04/2023) |
| 10/04/2023 | 339 | (SUPPLEMENTAL) RESPONSE AND OBJECTION filed by Timothy Barton re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose *(with Tables and Appendix citations)*. (Edney, Michael) Modified text and linkage on 10/4/2023 (axm). (Entered: 10/04/2023) |
| 10/04/2023 | 340 | Appendix in Support filed by Timothy Barton re 339 (Supplemental) RESPONSE AND OBJECTION to Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose. (Edney, Michael) Modified text and linkage on 10/4/2023 (axm). (Entered: 10/04/2023) |
| 10/05/2023 | 341 | MOTION to Exceed Page Limits in its Reply in Support of its Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Securities and Exchange Commission (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 10/05/2023) |
| 10/05/2023 | 342 | ELECTRONIC ORDER: The Court GRANTS 341 Plaintiff SEC's Unopposed Motion for Extension of Page Limit. (Ordered by Judge Brantley Starr on 10/5/2023) (chmb) (Entered: 10/05/2023) |
| 10/05/2023 | 343 | ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE 327 Southern Properties Capital, Ltd.'s Motion for Intervention, Request to Present a Witness at Hearing on SEC's Motion, and, in, the Alternative, Request to File Amicus Brief, and Brief in Support. As the Court previously held at 306 , SPC may refile its motion after the Court resolves the SEC's motion for entry of a new receivership order. Only the SEC and Barton will have time to present witnesses at the hearing. (Ordered by Judge Brantley Starr on 10/5/2023) (chmb) (Entered: 10/05/2023) |
| 10/05/2023 | 344 | ELECTRONIC ORDER: The hearing for the 309 Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose will now begin at 1:00 PM on October 11, 2023. The SEC and Barton will still have the allotted 1.5 hours each for examining witnesses. (Ordered by Judge Brantley Starr on 10/5/2023) (chmb) (Entered: 10/05/2023) |
| 10/06/2023 | 345 | RESPONSE filed by Receiver re: 321 MOTION for Clarification of the Scope of Order Appointing Receiver or, in the Alternative, Motion for Order Lifting Sta (Koonce, Charlene) (Entered: 10/06/2023) |
| 10/06/2023 | 346 | Witness List by Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/06/2023) |
| 10/06/2023 | 347 | NOTICE of Attorney Appearance by Tina Quy Phi Nguyen on behalf of Pioneer Finance, Inc.. (Filer confirms contact info in ECF is current.) (Nguyen, Tina) (Entered: 10/06/2023) |
| 10/06/2023 | 348 | MOTION to Intervene filed by Pioneer Finance, Inc. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Proposed Order) (Nguyen, Tina) (Entered: 10/06/2023) |
| 10/06/2023 | 349 | MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief filed by Pioneer Finance, Inc. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Proposed Order) (Nguyen, Tina) (Entered: 10/06/2023) |

| | | |
|---|---|---|
| 10/06/2023 | 350 | Witness List by Timothy Barton. (Edney, Michael) (Entered: 10/06/2023) |
| 10/09/2023 | 351 | MOTION to Quash *OR, IN THE ALTERNATIVE*, MOTION in Limine () filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 10/09/2023) |
| 10/09/2023 | 352 | REPLY filed by Securities and Exchange Commission re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Bernstein, Keefe) (Entered: 10/09/2023) |
| 10/10/2023 | 353 | MOTION FOR ORAL ARGUMENT filed by Timothy Barton (Edney, Michael) (Entered: 10/10/2023) |
| 10/10/2023 | 354 | ELECTRONIC ORDER granting Barton's Motion to Quash 351 . (Ordered by Judge Brantley Starr on 10/10/2023) (chmb) (Entered: 10/10/2023) |
| 10/11/2023 | 355 | NOTICE of *Status to the Court* re: 338 Appendix in Support, 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose, 320 Response/Objection, filed by Serena Badgley (Chapple, Ryan) (Entered: 10/11/2023) |
| 10/11/2023 | 356 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 10/11/2023. Re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Roger Gibson; Receivers - Cort Thomas, Charlene Koonce; Tim Wells (Court Reporter: Kelli Ann Willis) (Exhibits admitted - returned to party) Time in Court - 3:50. (chmb) (Entered: 10/11/2023) |
| 10/12/2023 | 357 | NOTICE of Attorney Appearance by Lindsay Lombard Buchanan on behalf of Pioneer Finance, Inc.. (Filer confirms contact info in ECF is current.) (Buchanan, Lindsay) (Entered: 10/12/2023) |
| 10/12/2023 | 358 | MOTION for Hearing *Regarding Venus59 LLC* filed by Daniel Crow. (axm) (Entered: 10/12/2023) |
| 10/12/2023 | 360 | JUDGMENT/MANDATE of USCA as to 239 Notice of Appeal filed by Timothy Barton. The appellee's opposed motion to dismiss the appeal is GRANTED for the reason that the appeal is moot in light of the decision in No. 22-11132. Issued as Mandate: 10/12/2023. (axm) (Entered: 10/15/2023) |
| 10/13/2023 | 359 | Notice of Filing of Official Electronic Transcript of Motion for Appointment of Receiver Proceedings held on 10-11-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (215 pages) Redaction Request due 11/3/2023. Redacted Transcript Deadline set for 11/13/2023. Release of Transcript Restriction set for 1/11/2024. (kaw) (Entered: 10/13/2023) |
| 10/19/2023 | 361 | MOTION to Supplement the Record in Support of Its Motion for Appointment of A Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose re 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and |

| | | |
|---|---|---|
| | | Ancillary Relief, and to Lift Stay for Limited Purpose filed by Securities and Exchange Commission with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A Part 1 of 4) (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 362 | ADDITIONAL ATTACHMENTS to 361 Motion for Miscellaneous Relief, by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 363 | ADDITIONAL ATTACHMENTS to 361 Motion for Miscellaneous Relief, by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 364 | ADDITIONAL ATTACHMENTS to 361 Motion for Miscellaneous Relief, by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 365 | RESPONSE *to Limited Objections to Motion for Appointment of Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose* filed by Receiver re: 320 Response/Objection, (Koonce, Charlene) Modified text on 10/22/2023 (axm). (Entered: 10/19/2023) |
| 10/20/2023 | 366 | MANDATE of USCA as to 239 Notice of Appeal, filed by Timothy Barton. The appellee's opposed motion to dismiss the appeal is GRANTED for the reason that the appeal is moot in light of the decision in No. 22-11132. Issued as Mandate: 10/20/2023. (axm) Modified linkage on 10/9/2024 (axm). (Entered: 10/22/2023) |
| 10/24/2023 | 367 | Opinion of USCA in accordance with USCA judgment re 108 Notice of Appeal filed by Timothy Barton. We DISMISS this appeal as MOOT. (axm) (Entered: 10/25/2023) |
| 10/24/2023 | 368 | JUDGMENT/MANDATE of USCA as to 108 Notice of Appeal filed by Timothy Barton. The appeal is DISMISSED as moot. Issued as Mandate: 10/24/2023. (axm) (Entered: 10/25/2023) |
| 10/27/2023 | 369 | RESPONSE AND OBJECTION filed by Securities and Exchange Commission re: 349 MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief, 348 MOTION to Intervene (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 10/27/2023) |
| 10/27/2023 | 370 | RESPONSE filed by Receiver re: 349 MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief, 348 MOTION to Intervene (Koonce, Charlene) (Entered: 10/27/2023) |
| 10/27/2023 | 371 | Appendix in Support filed by Receiver re 370 Response/Objection (Koonce, Charlene) (Entered: 10/27/2023) |
| 10/27/2023 | 372 | Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* filed by Receiver. (Koonce, Charlene) Modified title on 11/9/2023 (axm). (Entered: 10/27/2023) |
| 10/30/2023 | 373 | STATUS REPORT *Fifth Quarterly Status Report of Receiver (3Q23)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 10/30/2023) |
| 11/01/2023 | 374 | Expedited MOTION to Ratify Orders Appointing Appraisers*, Approving Appraisals and Approving Sale of Real Estate* filed by Receiver. (Attachments: # 1 Proposed Order) (Koonce, Charlene) Modified on 11/9/2023 (axm). (Entered: 11/01/2023) |
| 11/01/2023 | 375 | Appendix in Support filed by Receiver re 374 Expedited MOTION to Ratify Orders Appointing Appraisers*, Approving Appraisals and Approving Sale of Real Estate*. (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 376 | MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 |

| | | |
|---|---|---|
| | | Proposed Order) (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 377 | Appendix in Support filed by Receiver re 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 378 | MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 379 | Appendix in Support filed by Receiver re 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/02/2023 | 380 | RESPONSE AND OBJECTION filed by Receiver re: 358 MOTION for Hearing (Koonce, Charlene) (Entered: 11/02/2023) |
| 11/03/2023 | 381 | ELECTRONIC ORDER: The Court ORDERS an expedited response to the SEC's Motion to Supplement the Record [Doc. 361]. Any response must be filed by November 6, 2023. (Ordered by Judge Brantley Starr on 11/3/2023) (chmb) (Entered: 11/03/2023) |
| 11/03/2023 | 382 | ELECTRONIC ORDER: The Court ORDERS an expedited response to the Receiver's ratifying motions [Docs. 372 , 374 , 376 , and 378 . Any response must be filed by 11/10/2023. (Ordered by Judge Brantley Starr on 11/3/2023) (chmb) Docket text modified on 11/3/2023 (twd). (Entered: 11/03/2023) |
| 11/03/2023 | 383 | REPLY filed by Pioneer Finance, Inc. re: 349 MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief, 348 MOTION to Intervene (Attachments: # 1 Exhibit(s) A) (Nguyen, Tina) (Entered: 11/03/2023) |
| 11/03/2023 | 384 | MOTION for Extension of Time to File Fourth Quarterly Fee Application filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 11/03/2023) |
| 11/03/2023 | 385 | ELECTRONIC ORDER: Regarding the Southern Properties Capital, Ltd. testimony, the Court ADMITS the Erik Johnson Declaration [Doc. 330 at 4-25] into evidence as Defense Exhibit F. Any response must be filed by November 10, 2023. (Ordered by Judge Brantley Starr on 11/3/2023) (chmb) (Entered: 11/03/2023) |
| 11/06/2023 | 386 | RESPONSE AND OBJECTION filed by Timothy Barton re: 361 MOTION to Supplement the Record in Support of Its Motion for Appointment of A Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose re 309 MOTION for Appointment of a Receiver, for a Preliminary Injunctio (Edney, Michael) (Entered: 11/06/2023) |
| 11/08/2023 | 387 | MOTION for Extension of Time to File Response/Reply to 372 MOTION Ratify previous Actions of Receiver filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 11/08/2023) |
| 11/09/2023 | 388 | ELECTRONIC ORDER: The Court DENIES Barton's extension motion to respond to the Receiver's ratifying motions. [Doc. 387] The Court has set an expedited briefing schedule for a reason. The Court is under a tight timeline to resolve the SEC's appointment of a receivership, and this schedule is warranted so the Court has time to decide the issues before it. And Barton objected to the Court ordering briefing before the mandate issued, so this timeline is a product of Barton. Accordingly, the Court will be sticking to its expedited briefing schedule. (Ordered by Judge Brantley Starr on 11/9/2023) (chmb) (Entered: 11/09/2023) |

| | | |
|---|---|---|
| 11/09/2023 | 389 | ELECTRONIC ORDER: The Court must expeditiously resolve the questions of whether there is a receivership, the scope if there is one, and ratification of past actions. Any payment of receivership fees is a separate matter not falling under the Fifth Circuit's deadline. Accordingly, the Court GRANTS the Receiver's request for an extension to file the fourth quarterly report. [Doc. 384] (Ordered by Judge Brantley Starr on 11/9/2023) (chmb) (Entered: 11/09/2023) |
| 11/10/2023 | 390 | Proposed Findings of Fact *in Support of its Motion for Appointment of Receiver, for a Preliminary Injunction and Ancillary Relief and to Lift Stay for Limited Purpose* by Securities and Exchange Commission. (Bernstein, Keefe) Modified text on 12/3/2023 (axm). (Entered: 11/10/2023) |
| 11/10/2023 | 391 | Certificate Regarding Judge-Specific Requirements. (Walraven, Gwen) (Entered: 11/10/2023) |
| 11/10/2023 | 392 | Joint STIPULATION *and Agreed Order Regarding Receiver's Verified and Expedited Motion to (I) Ratify Order Appointing Appraisers, Approving Appraisals and Approving Sale of Real Estate as Required by 28 U.S.C. 2001 With Respect to the Rock Creek Property, (II) Authorize the Sale Free and Clear of All Liens, and (III) Stay Accrual of Post-Receivership Default Rate Interest* by Receiver. (Koonce, Charlene) (Entered: 11/10/2023) |
| 11/10/2023 | 393 | RESPONSE AND OBJECTION filed by Texas Republic Bank, N.A. re: 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Schurr, Patrick) (Entered: 11/10/2023) |
| 11/10/2023 | 394 | Certificate Regarding Judge-Specific Requirements. (Walraven, Gwen) (Entered: 11/10/2023) |
| 11/10/2023 | 395 | OBJECTION filed by McCormick 101, LLC re: 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest (Walraven, Gwen) (Entered: 11/10/2023) |
| 11/10/2023 | 396 | Expedited MOTION to Amend Order Supplementing Receivership Order and notice of Supplemental Information Regarding Myra Park 635 LLC filed by Receiver re: 29 Order, 62 Order. (Attachments: # 1 Proposed Order) (Koonce, Charlene) Modified text on 12/3/2023 (axm). (Entered: 11/10/2023) |
| 11/10/2023 | 397 | RESPONSE filed by Timothy Barton re: 372 Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* (Edney, Michael) (Entered: 11/10/2023) |
| 11/10/2023 | 398 | Brief in Support of Proposed Findings of Fact and Conclusion of Law by Timothy Barton. (Edney, Michael) Modified event text on 12/3/2023 (axm). (Entered: 11/10/2023) |
| 11/11/2023 | 399 | Proposed Findings of Fact *and Conclusions of Law and Proposed Order* by Timothy Barton. (Edney, Michael) (Entered: 11/11/2023) |
| 11/11/2023 | 400 | Brief/Memorandum in Support filed by Timothy Barton re: 399 Proposed Findings of Fact. (Edney, Michael) Modified event text on 12/3/2023 (axm). (Entered: 11/11/2023) |
| 11/11/2023 | 401 | Brief/Memorandum in Support filed by Timothy Barton re 400 Proposed Findings of Fact (Edney, Michael) Modified event text on 12/3/2023 (axm). (Entered: 11/11/2023) |
| 11/11/2023 | 402 | MOTION for Leave to File Corrected Memorandum filed by Timothy Barton (Edney, Michael) (Entered: 11/11/2023) |

| | | |
|---|---|---|
| 11/13/2023 | 403 | ELECTRONIC ORDER: Barton filed his proposed findings of fact and accompanying legal arguments late. The Court will GRANT Barton's motion for leave (Doc. 402) and will consider (Doc. 400) as Barton's proposed findings of fact and conclusions of law, though it seems to the Court that (Doc. 401) is identical to (Doc. 400). (Ordered by Judge Brantley Starr on 11/13/2023) (chmb) (Entered: 11/13/2023) |
| 11/14/2023 | 404 | AMENDED CERTIFICATE of Conference re 372 Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* by Receiver. (Koonce, Charlene) Modified event text on 12/3/2023 (axm). (Entered: 11/14/2023) |
| 11/14/2023 | 405 | RESPONSE AND OBJECTION filed by Timothy Barton re: 396 Expedited MOTION to Amend Order Supplementing Receivership Order and notice of Supplemental Information Regarding Myra Park 635 LLC. (Edney, Michael) Modified text on 12/3/2023 (axm). (Entered: 11/14/2023) |
| 11/15/2023 | 406 | ORDER GRANTING SECS 361 MOTION TO SUPPLEMENT THE RECORD. (Ordered by Judge Brantley Starr on 11/15/2023) (oyh) (Entered: 11/15/2023) |
| 11/15/2023 | 407 | Corrected RESPONSE AND OBJECTIONS filed by Timothy Barton re: 396 Expedited MOTION to Amend Order Supplementing Receivership Order and notice of Supplemental Information Regarding Myra Park 635 LLC. (Edney, Michael) Modified event text and linkage on 12/3/2023 (axm). (Entered: 11/15/2023) |
| 11/16/2023 | 408 | REPLY filed by Receiver re: 372 Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* (Koonce, Charlene) (Entered: 11/16/2023) |
| 11/16/2023 | 409 | Joint STIPULATION by McCormick 101, LLC, Receiver. (Koonce, Charlene) (Entered: 11/16/2023) |
| 11/17/2023 | 410 | REPLY filed by Receiver re: 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Carrillo, C) (Entered: 11/17/2023) |
| 11/20/2023 | 411 | Sur-reply filed by Texas Republic Bank, N.A. re: 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (Schurr, Patrick) (Entered: 11/20/2023) |
| 11/21/2023 | 412 | Unopposed MOTION for Leave to File Sur-Reply Nunc Pro Tunc filed by Texas Republic Bank, N.A. (Attachments: # 1 Proposed Order) (Schurr, Patrick) (Entered: 11/21/2023) |
| 11/22/2023 | 413 | Unopposed MOTION to Intervene *with regard to the sale of the Frisco Gate Property Only* filed by Texas Republic Bank, N.A. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Schurr, Patrick) (Entered: 11/22/2023) |
| 11/27/2023 | 414 | Unopposed MOTION to Intervene *On a Limited Basis Regarding the Sale of the Frisco Gate Property Only* filed by Palisades-TC, LLC with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Patton, Jonathan) (Entered: 11/27/2023) |
| 11/29/2023 | 415 | ORDER: The Court finds that Myra Park 635, LLC is exempted from any prior order based on the Receivers motion regarding Myra Park 635, LLC. (Doc. 396 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) Modified text on 11/29/2023 (ndt). (Entered: 11/29/2023) |
| 11/29/2023 | 416 | ORDER: The Court GRANTS IN PART the SEC's motion. (Doc. 309 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |

| | | |
|---|---|---|
| 11/29/2023 | 417 | ORDER: The Court enters the attached Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 418 | ORDER: The Court GRANTS IN PART the SEC's motion for a preliminary injunction and ancillary relief and to lift the stay. (Doc. 309 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 419 | ORDER: The Court GRANTS IN PART the Receiver's blessing motion. (Doc. 372 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 420 | ORDER: The Court CONSTRUES the Receiver's ratifying motions (Docs. 374 , 376 , and 378 ) as motions to appoint appraisers, approve appraisals, and set hearings for the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites. The Court sets hearings on these three motions on December 11, 2023 at 1:30 p.m. The Court also ORDERS expedited briefing. Any response is due by December 6, 2023. (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 421 | ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE all pending motions in this case. Parties may refile all such motions now that the Court has resolved the SEC's motion for entry of a new receivership order. (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | | Hearing Modification: Hearing set per 420 Order. Motion Hearing set for 12/11/2023 01:30 PM before Judge Brantley Starr. (oyh) (Entered: 11/30/2023) |
| 12/01/2023 | 422 | Unopposed MOTION to Continue *Hearing* filed by Timothy Barton (Edney, Michael) (Entered: 12/01/2023) |
| 12/04/2023 | 423 | ELECTRONIC ORDER: The Court GRANTS Barton's unopposed Motion to Continue Hearing. (Doc. 422 ). The hearings on the Receiver's motions to appoint appraisers, approve appraisals, and set hearings for the sales of the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites will be held on December 14, 2023 at 1:30 p.m. (Ordered by Judge Brantley Starr on 12/4/2023) (chmb) (Entered: 12/04/2023) |
| 12/04/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:415,416,417,418,419,420. Mon Dec 4 18:08:04 CST 2023 (crt) (Entered: 12/04/2023) |
| 12/04/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:415,416,417,418,419,420. Mon Dec 4 18:08:14 CST 2023 (crt) (Entered: 12/04/2023) |
| 12/04/2023 | | Hearing/Deadline Modification: Motion Hearing reset for 12/14/2023 at 01:30 PM before Judge Brantley Starr. (Per 423 Electronic Order.) (twd) (Entered: 12/05/2023) |
| 12/05/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:421,423. Tue Dec 5 09:13:00 CST 2023 (crt) (Entered: 12/05/2023) |
| 12/05/2023 | 424 | Unopposed MOTION to Amend the Preliminary Injunction and Receivership Orders filed by Timothy Barton re: 417 Order, 418 Order. (Attachments: # 1 Proposed Order) (Edney, Michael) Modified on 12/26/2023 (axm). (Entered: 12/05/2023) |
| 12/06/2023 | 425 | RESPONSE AND OBJECTION *to Receiver's 110 Motion for Appointment of APpraisers, Approval of Appraisals and a Hearing Regarding Approval of Sale of Frisco Gate Property* filed by Texas Republic Bank NA re: 420 Order. (Schurr, Patrick) Modified text on 12/21/2023 (axm). (Entered: 12/06/2023) |
| 12/06/2023 | 426 | ***Duplicate Entry of # 425*** RESPONSE AND OBJECTION filed by Texas Republic Bank NA re: 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property, 376 MOTION Ratify Frisco Gate Property Orders, |

| | | |
|---|---|---|
| | | Authorize Sale, and Stay Accrual of Interest (Schurr, Patrick) Modified on 12/21/2023 (axm). (Entered: 12/06/2023) |
| 12/06/2023 | 427 | ELECTRONIC ORDER: The Court GRANTS Barton's motion to amend deadlines (Doc. 424 ) in the Receivership Order and Preliminary Injunction Order. Accordingly, in the Receivership Order, the deadlines for the Receivership Entities to provide the Receiver a sworn statement (Doc. 417 at 12-13) and for Barton to serve on the Receiver a declaration (Doc. 417 at 15) are amended to forty-five days after the entry of the Receivership Order. In the Preliminary Injunction Order, the deadline for Barton to give a sworn accounting (Doc. 418 at 11) is amended to forty-five days after the entry of the Preliminary Injunction Order. (Ordered by Judge Brantley Starr on 12/6/2023) (chmb) (Entered: 12/06/2023) |
| 12/06/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:427. Wed Dec 6 15:10:19 CST 2023 (crt) (Entered: 12/06/2023) |
| 12/06/2023 | 428 | OBJECTION filed by Timothy Barton re: 374 Expedited MOTION to Ratify Orders Appointing Appraisers*, Approving Appraisals and Approving Sale of Real Estate*, 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest, 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest (Edney, Michael) (Entered: 12/06/2023) |
| 12/07/2023 | 429 | NOTICE OF INTERLOCUTORY APPEAL as to 419 Order, 417 Order, 416 Order, 420 Order, 418 Order, 427 Order on Motion to Amend/Correct,, to the Fifth Circuit by Timothy Barton. Filing fee $605, receipt number ATXNDC-14227507. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/07/2023) |
| 12/12/2023 | 430 | Unopposed MOTION to Intervene *On a Limited Basis With Respect to the Frisco Gate Property* filed by Palisades-TC, LLC with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Patton, Jonathan) (Entered: 12/12/2023) |
| 12/12/2023 | 431 | MOTION for Leave to File to Exceed Page Limitation in Receiver's Reply to Consolidated Response filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Koonce, Charlene) (Entered: 12/12/2023) |
| 12/14/2023 | 432 | ELECTRONIC ORDER: Regarding the hearing on the Frisco Gate Property, the scope of the hearing is to determine if a sale of the Property is in the best interest of the Receivership, not to determine potential distribution of sale proceeds. The Court has received papers on Palisades's interest and Texas Republic Bank's default interest argument and will resolve those issues on the papers. (Ordered by Judge Brantley Starr on 12/14/2023) (chmb) (Entered: 12/14/2023) |
| 12/14/2023 | 433 | NOTICE of *Publication* re: 374 Expedited MOTION to Ratify Orders Appointing Appraisers*, Approving Appraisals and Approving Sale of Real Estate*, 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest, 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest filed by Receiver (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Thomas, Cort) (Entered: 12/14/2023) |

| | | |
|---|---|---|
| 12/14/2023 | 434 | ELECTRONIC ORDER granting 431 Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 12/14/2023) (chmb) (Entered: 12/14/2023) |
| 12/14/2023 | 435 | REPLY to Defendant Timothy Barton's Consolidated Opposition to Receiver's Verified Motions for Authorization to Sell Three Receivership Properties filed by Receiver re: 374 Expedited MOTION to Ratify Orders Appointing Appraisers, *376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest, 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest. (agc) (Entered: 12/14/2023)* |
| 12/14/2023 | 439 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 12/14/2023. Hearing on the Receiver's motions to appoint appraisers and approve appraisals sale of of the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney; Receiver - Cort Thomas, Charlene Koonce, Tim Wells; (Court Reporter: Kelli Ann Willis) (No exhibits) Time in Court - 1:15. (chmb) Modified filed date on 1/15/2024 (axm). (Entered: 12/18/2023) |
| 12/15/2023 | 436 | ORDER APPROVING SALE re: Amerigold Suites. (Ordered by Judge Brantley Starr on 12/15/2023) (axm) (Entered: 12/16/2023) |
| 12/15/2023 | 437 | ORDER APPROVING SALE re: Rock Creek Property. (Ordered by Judge Brantley Starr on 12/15/2023) (axm) (Entered: 12/16/2023) |
| 12/15/2023 | 438 | ORDER APPROVING SALE: The Court APPROVES the sale of the Frisco Gate Property. Before closing, the Court will address by subsequent ruling the interests of Texas Republic Bank, N.A. and Palisades-TC, LLC. (Ordered by Judge Brantley Starr on 12/15/2023) (axm) (Entered: 12/16/2023) |
| 12/17/2023 | | USCA Case Number 23-11237 in USCA5 for 429 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 12/17/2023) |
| 12/29/2023 | 440 | NOTICE OF INTERLOCUTORY APPEAL as to 438 Order on Motion to Intervene, 436 Order, 437 Order to the Fifth Circuit by Timothy Barton. Filing fee $605, receipt number ATXNDC-14277425. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/29/2023) |
| 01/02/2024 | 441 | MOTION Permission to Abandon Certain Personal Property re 419 Order filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C) (Koonce, Charlene) (Entered: 01/02/2024) |
| 01/02/2024 | 442 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 429 Notice of Appeal filed by Securities and Exchange Commission. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 Exhibit(s) Part 1 of 5, # 2 Exhibit(s) Part 2 of 5) (Bernstein, Keefe) (Entered: 01/02/2024) |

| | | |
|---|---|---|
| 01/02/2024 | 443 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 429 Notice of Appeal filed by Securities and Exchange Commission. Exhibits are available for public inspection at the clerk's office. (Bernstein, Keefe) (Entered: 01/02/2024) |
| 01/02/2024 | 444 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 429 Notice of Appeal filed by Securities and Exchange Commission. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 Exhibit(s) Part 5 of 5) (Bernstein, Keefe) (Entered: 01/02/2024) |
| 01/03/2024 | 445 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's Motion for Permission to Abandon Certain Personal Property [Doc. 441]. Defendant's Response is due by January 4, 2024 at 12:00 p.m. (Ordered by Judge Brantley Starr on 1/3/2024) (chmb) (Entered: 01/03/2024) |
| 01/03/2024 | 446 | Unopposed MOTION to Withdraw as Attorney *Michael Dingman* filed by Timothy Barton (Attachments: # 1 Proposed Order) (Dingman, Michael) (Entered: 01/03/2024) |
| 01/03/2024 | 447 | NOTICE of *Withdrawal* re: 441 MOTION Permission to Abandon Certain Personal Property re 419 Order filed by Receiver (Koonce, Charlene) (Entered: 01/03/2024) |
| 01/04/2024 | 448 | ELECTRONIC ORDER: The Court MOOTS the Receiver's Motion for Permission to Abandon Certain Personal Property [Doc. 441] in light of the Receiver's Notice of Withdrawal [Doc. 447]. (Ordered by Judge Brantley Starr on 1/4/2024) (chmb) (Entered: 01/04/2024) |
| 01/04/2024 | 449 | ELECTRONIC ORDER granting Motion to Withdraw as Attorney [Doc. 446]. Attorney Michael Dingman terminated. (Ordered by Judge Brantley Starr on 1/4/2024) (chmb) (Entered: 01/04/2024) |
| 01/05/2024 | 450 | MOTION to Lift Litigation Stay of BM318 Bankruptcy Case re 417 Order filed by Receiver. (Carrillo, C) (Entered: 01/05/2024) |
| 01/05/2024 | | USCA Case Number 24-10004 in USCA5 for 440 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 01/05/2024) |
| 01/08/2024 | 451 | ORDER REGARDING THE FRISCO GATE PROPERTY. (Ordered by Judge Brantley Starr on 1/8/2024) (kaf) (Entered: 01/08/2024) |
| 01/08/2024 | 452 | Transcript Order Form: re 440 Notice of Appeal, transcript requested by Timothy Barton for Hearing 12/14/2023 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 01/08/2024) |
| 01/12/2024 | 453 | NOTICE of Attorney Appearance by Deborah M Perry for Dennis L. Roossien, Jr. on behalf of The Dixon Water Foundation.. Party The Dixon Water Foundation added. (Perry, Deborah) (Entered: 01/12/2024) |
| 01/12/2024 | 454 | Certificate Regarding Judge-Specific Requirements. (Perry, Deborah) (Entered: 01/12/2024) |
| 01/25/2024 | | Record on Appeal for USCA5 23-11237 (related to 429 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 4 Volume(s) electronic transcript. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the |

| | | |
|---|---|---|
| | | district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 01/25/2024) |
| 01/26/2024 | 455 | RESPONSE AND OBJECTION filed by Timothy Barton re: 450 MOTION to Lift Litigation Stay of BM318 Bankruptcy Case (Edney, Michael) (Entered: 01/26/2024) |
| 01/30/2024 | 456 | STATUS REPORT *Sixth Quarterly Report of Receiver* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 01/30/2024) |
| 02/03/2024 | 457 | MOTION for Reconsideration re 451 Order filed by Texas Republic Bank NA with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s), # 2 Proposed Order) (Schurr, Patrick) (Entered: 02/03/2024) |
| 02/09/2024 | 458 | REPLY filed by Receiver re: 450 MOTION to Lift Litigation Stay of BM318 Bankruptcy Case (Carrillo, C) (Entered: 02/09/2024) |
| 02/12/2024 | 459 | NOTICE of *Intended Auction of Art and Antiques* filed by Receiver (Attachments: # 1 Exhibit(s) A) (Koonce, Charlene) (Entered: 02/12/2024) |
| 02/14/2024 | 460 | MOTION for Extension of Time to File Third, Fourth, and Fifth Quarterly Fee Applications filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 02/14/2024) |
| 02/14/2024 | 461 | MOTION to Withdraw as Attorney *and Substitute Counsel of Record* filed by McCormick 101, LLC (Attachments: # 1 Proposed Order) (Mills, Russell) (Entered: 02/14/2024) |
| 02/16/2024 | 462 | OBJECTION filed by Timothy Barton re: 459 Notice (Other) (Edney, Michael) (Entered: 02/16/2024) |
| 02/16/2024 | 463 | MOTION Modify Stay Provision Set Forth in Receiver Order filed by McCormick 101, LLC (Attachments: # 1 Proposed Order) (Mills, Russell) (Entered: 02/16/2024) |
| 02/20/2024 | 466 | USCA Letter Invoking Transcript Discount. Court Reporter: Kelli Ann Willis. Discount of 10 percent invoked. (axm) (Entered: 02/23/2024) |
| 02/21/2024 | 464 | ELECTRONIC ORDER granting 460 the Receiver's unopposed motion for extension of time to file the Third, Fourth, and Fifth Quarterly Fee Applications. The deadline to file those fee applications is extended to May 14, 2024. (Ordered by Judge Brantley Starr on 2/21/2024) (chmb) (Entered: 02/21/2024) |
| 02/21/2024 | 465 | Notice of Filing of Official Electronic Transcript of Motion to Approve Sale Proceedings held on 12-14-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (83 pages) Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (kaw) (Entered: 02/21/2024) |
| 02/23/2024 | 467 | RESPONSE filed by Receiver re: 457 MOTION for Reconsideration re 451 Order (Carrillo, C) (Entered: 02/23/2024) |

| | | |
|---|---|---|
| 02/23/2024 | 468 | RESPONSE filed by Palisades-TC, LLC re: 457 MOTION for Reconsideration re 451 Order (Patton, Jonathan) (Entered: 02/23/2024) |
| 02/26/2024 | 469 | ELECTRONIC ORDER granting 461 Motion to Withdraw and Substitute Attorney. Attorneys Russell W. Mills, Gwen I. Walraven, and Lewis F. Collins, III terminated. (Ordered by Judge Brantley Starr on 2/26/2024) (chmb) (Entered: 02/26/2024) |
| 02/26/2024 | 474 | Opinion of USCA in accordance with USCA judgment re 130 Notice of Appeal filed by Gillespie Villas LLC, Titan Investments LLC, TRTX Properties LLC, Venus59 LLC, Maximilien Barton. The appeal is DISMISSED AS MOOT. (axm) (Entered: 03/03/2024) |
| 02/26/2024 | 475 | JUDGMENT/MANDATE of USCA as to 130 Notice of Appeal filed by Gillespie Villas LLC, Titan Investments LLC, TRTX Properties LLC, Venus59 LLC, Maximilien Barton. The appeal is DISMISSED as moot. Issued as Mandate: 2/26/2024. (axm) (Entered: 03/03/2024) |
| 02/27/2024 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:469. Tue Feb 27 11:41:11 CST 2024 (crt) (Entered: 02/27/2024) |
| 02/27/2024 | 470 | RESPONSE filed by Receiver re: 462 Response/Objection (Attachments: # 1 Exhibit(s) 1) (Koonce, Charlene) (Entered: 02/27/2024) |
| 03/01/2024 | 471 | *** **Please Disregard per Attorney***** MOTION Lift Litigation Stay for Limited Purpose filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) Modified on 3/1/2024 (kcr). (Entered: 03/01/2024) |
| 03/01/2024 | 472 | MOTION for Leave to File Complaints Against Third Parties filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 03/01/2024) |
| 03/01/2024 | 473 | ***Duplicate Entry of # 472 *** MOTION for Leave to File Complaint against Third Parties filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) Modified text and inkage on 3/3/2024 (axm). (Entered: 03/01/2024) |
| 03/04/2024 | 476 | MOTION Lift Litigation Stay for Limited Purpose filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 03/04/2024) |
| 03/07/2024 | 477 | ORDER: The Court DENIES McCormick's 463 motion to modify the stay provision in the Receivership Order and further DENIES McCormick's request to proceed with a foreclosure sale of the Amerigold Suites. (Ordered by Judge Brantley Starr on 3/7/2024) (ykp) (Entered: 03/07/2024) |
| 03/08/2024 | | Record on Appeal for USCA5 24-10004 (related to 440 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 5 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 03/08/2024) |
| 03/08/2024 | 478 | NOTICE of *Noncompliance and Continuing Interference* re: 417 Order, 427 Order on Motion to Amend/Correct,, filed by Receiver (Koonce, Charlene) (Entered: 03/08/2024) |

| | | |
|---|---|---|
| 03/12/2024 | 479 | NOTICE of *No Objection* re: 472 MOTION for Leave to File Complaints Against Third Parties filed by Receiver (Wells, Tim) (Entered: 03/12/2024) |
| 03/12/2024 | 480 | NOTICE of *No Objection* re: 476 MOTION Lift Litigation Stay for Limited Purpose filed by Receiver (Wells, Tim) (Entered: 03/12/2024) |
| 03/12/2024 | 481 | NOTICE of Attorney Appearance by Gordon Welborne Green on behalf of Truist Bank. (Filer confirms contact info in ECF is current.). Party Truist Bank added. (Green, Gordon) (Entered: 03/12/2024) |
| 03/15/2024 | 482 | MOTION for Hearing and Exemption from Receiver filed by Daniel Crow. (axm) (Entered: 03/18/2024) |
| 03/28/2024 | 483 | NOTICE of *Intended Auction of Art* filed by Receiver (Koonce, Charlene) (Entered: 03/28/2024) |
| 04/04/2024 | 485 | MOTION for Judgment filed by Maximilien Barton. (ndt) (Entered: 04/05/2024) |
| 04/05/2024 | 484 | RESPONSE AND OBJECTION filed by Receiver re: 482 MOTION for Hearing (Koonce, Charlene) (Entered: 04/05/2024) |
| 04/15/2024 | 486 | ORDER: Before the Court is the Receiver's 450 motion to lift the litigation stay of the BM318 bankruptcy case. The Court GRANTS the motion and LIFTS THE STAY of In re BM318, LLC, Case No. 20-042789-mxm in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division and BM318, LLC, Plaintiff v. The Dixon Water Foundation, Defendant, Lumar Land & Cattle, LLC, Plaintiff-in-intervention, Adv. No. 21-04051-mxm in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division, so that the Bankruptcy Court may consider the settlement agreements from litigation that progressed before the litigation stay. (Ordered by Judge Brantley Starr on 4/15/2024) (ykp) (Entered: 04/15/2024) |
| 04/17/2024 | 487 | MOTION to Ratify Settlement Agreement with Somerset-Lost Creek Golf, Ltd and The Beryl Artz Bypass Trust and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 04/17/2024) |
| 04/19/2024 | 488 | ORDER granting 472 MOTION for Leave to File Complaints Against Third Parties. (The requesting party must file the document with the clerk.) (Ordered by Judge Brantley Starr on 4/19/2024) (ykp) (Entered: 04/19/2024) |
| 04/19/2024 | 489 | ORDER granting 476 MOTION Lift Litigation Stay for Limited Purpose: The Court GRANTS the motion and LIFTS THE STAY to allow for a mediation between Badgley and Goldmark's insurance carrier, consistent with Badgley's agreement on the Receiver's conditions that: "(1) a representative for the Receiver is permitted to attend only to the extent necessary and only by telephone; (2) payment of any deductible amount is either waived or submitted as a claim for payment in any claims process; and (3) the Receiver retains discretion to oppose any settlement that exceeds policy limits." (Ordered by Judge Brantley Starr on 4/19/2024) (ykp) (Entered: 04/19/2024) |
| 04/26/2024 | 490 | RESPONSE filed by Receiver re: 485 MOTION for Judgment (Wells, Tim) (Entered: 04/26/2024) |
| 04/30/2024 | 491 | STATUS REPORT *Seventh Quarterly Report of Receiver (1Q24)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 04/30/2024) |
| 05/06/2024 | 492 | Opinion of USCA in accordance with USCA judgment re 112 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 05/08/2024) |
| 05/06/2024 | 493 | JUDGMENT/MANDATE of USCA as to 112 Notice of Appeal filed by Timothy Barton. The appeal is DISMISSED as moot. Issued as Mandate: 5/6/2024. (axm) (Entered: |

| | | |
|---|---|---|
| | | 05/08/2024) |
| 05/15/2024 | 494 | MOTION to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Thomas, Cort) (Entered: 05/15/2024) |
| 05/15/2024 | 495 | NOTICE of *INTENTION TO OPPOSE RECEIVERS VERIFIED MOTION TO RATIFY SETTLEMENT AGREEMENT* re: 494 MOTION to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC and Brief in Support filed by Timothy Barton (Edney, Michael) (Entered: 05/15/2024) |
| 05/15/2024 | 496 | MOTION to Extend Time to File Third, Fourth, Fifth, and Sixth Quarterly Fee Applications filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 05/15/2024) |
| 05/24/2024 | 497 | ORDER granting 487 MOTION to Ratify Settlement Agreement with Somerset-Lost Creek Golf, Ltd and The Beryl Artz Bypass Trust. The Court hereby RATIFIES the Settlement Agreement finding it is fair and equitable and in the best interests of the Receivership Estate. Furthermore, the Court LIFTS THE STAY of Somerset-Lost Creek Golf, Ltd. v. Tim Barton, LC Aledo TX, LLC, JMJ Acquisitions, LLC, and Wall010, LLC, Cause No. 096-319595-20 pending in the 96th Judicial District of Tarrant County, Texas for the limited purpose of allowing the Receiver to dismiss the case. (Ordered by Judge Brantley Starr on 5/24/2024) (ykp) (Entered: 05/24/2024) |
| 05/24/2024 | 498 | MOTION to Modify Stay Provision Set Forth in Receiver Order filed by Southern Star Capital LLC with Brief/Memorandum in Support re 417 Order. (Attachments: # 1 Proposed Order) (Buchholz, Robert) Modified text on 7/8/2024 (axm). (Entered: 05/24/2024) |
| 05/24/2024 | 499 | Appendix in Support filed by Southern Star Capital LLC re 498 MOTION Lifting of Stay; Exception from Order Appointing Receiver re 417 Order (Buchholz, Robert) (Entered: 05/24/2024) |
| 06/05/2024 | 500 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites filed by Receiver with. (Attachments: # 1 Proposed Order) (Wells, Tim) (Entered: 06/05/2024) |
| 06/05/2024 | 501 | Appendix in Support filed by Receiver re 500 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites (Wells, Tim) (Entered: 06/05/2024) |
| 06/05/2024 | 502 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property filed by Receiver. (Attachments: # 1 Proposed Order) (Wells, Tim) (Entered: 06/05/2024) |
| 06/05/2024 | 503 | Appendix in Support filed by Receiver re 502 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property (Wells, Tim) (Entered: 06/05/2024) |
| 06/05/2024 | 504 | RESPONSE AND OBJECTION filed by Timothy Barton re: 494 MOTION to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC and Brief in Support (Edney, Michael) (Entered: 06/05/2024) |
| 06/07/2024 | 505 | Re-Urging MOTION to Intervene and Lift Litigation Stay filed by First Development Company of Ohio LLC re: 245 Motion. (Attachments: # 1 Proposed Order) (Gitlin, Jonathan) Modified text and linkage on 6/17/2024 (axm). (Entered: 06/07/2024) |

| | | |
|---|---|---|
| 06/07/2024 | 506 | AMENDED CERTIFICATE of Conference re 500 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites by Receiver. (Wells, Tim) Modified event text on 6/17/2024 (axm). (Entered: 06/07/2024) |
| 06/07/2024 | 507 | AMENDED CERTIFICATE of Conference re 502 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property by Receiver. (Wells, Tim) Modified event text on 6/17/2024 (axm). (Entered: 06/07/2024) |
| 06/14/2024 | 508 | RESPONSE filed by Receiver re: 498 MOTION Lifting of Stay; Exception from Order Appointing Receiver re 417 Order (Koonce, Charlene) (Entered: 06/14/2024) |
| 06/14/2024 | 509 | RESPONSE filed by Securities and Exchange Commission re: 498 MOTION Lifting of Stay; Exception from Order Appointing Receiver re 417 Order (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 06/14/2024) |
| 06/18/2024 | 510 | MEMORANDUM OPINION AND ORDER denying 457 Motion for Reconsideration. (Ordered by Judge Brantley Starr on 6/18/2024) (kcr) (Entered: 06/18/2024) |
| 06/18/2024 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:510. Tue Jun 18 10:14:11 CDT 2024 (crt) (Entered: 06/18/2024) |
| 06/18/2024 | 511 | RESPONSE filed by 3820 Illinois LLC, Tamamoi LLC re: 494 MOTION to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC and Brief in Support (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s)) (Cox, Sarah) (Entered: 06/18/2024) |
| 06/18/2024 | 512 | Declaration *of Jim Richardson* filed by 3820 Illinois LLC, Tamamoi LLC re 511 Response/Objection. (Cox, Sarah) Modified text on 6/21/2024 (axm). (Entered: 06/18/2024) |
| 06/18/2024 | 513 | REPLY filed by Receiver re: 494 MOTION to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC and Brief in Support (Koonce, Charlene) (Entered: 06/18/2024) |
| 06/18/2024 | 514 | MOTION to Extend Page Limitation for Receiver's Reply in Support of Verified Motion to Ratify Settlement Agreement *with Tamamoi, LLC and 3820 Illinois, LLC* filed by Receiver (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 06/18/2024) |
| 06/25/2024 | 515 | ELECTRONIC ORDER: The hearings on the Receiver's motions to appoint appraisers, approve appraisals, and set hearings for the sales of the Amerigold Suites and the Hall Street Property (Docs. 500 , 502 ) will be held on July 23, 2024 at 10:00 a.m. (Ordered by Judge Brantley Starr on 6/25/2024) (chmb) (Entered: 06/25/2024) |
| 06/26/2024 | 516 | RESPONSE AND OBJECTION filed by Timothy Barton re: 500 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites (Edney, Michael) (Entered: 06/26/2024) |
| 06/26/2024 | 517 | RESPONSE AND OBJECTION filed by Timothy Barton re: 502 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property (Edney, Michael) (Entered: 06/26/2024) |
| 06/27/2024 | 518 | MOTION to Withdraw as Attorney *Tina Q. Nguyen and Lindsay Buchanan*, MOTION to Substitute Attorney, *John B. Scott*. Motion filed by Pioneer Finance, Inc. (Attachments: # 1 Proposed Order) (Nguyen, Tina) Modified text on 7/8/2024 (axm). (Entered: 06/27/2024) |

| | | |
|---|---|---|
| 06/28/2024 | 519 | RESPONSE filed by Receiver re: 505 Re-Urging MOTION to Intervene and Lift Litigation Stay. (Koonce, Charlene) Modified text on 7/8/2024 (axm). (Entered: 06/28/2024) |
| 06/28/2024 | 520 | ELECTRONIC ORDER granting 518 unopposed motion to withdraw as attorney and motion to substitute attorney. Attorney Lindsay Lombard Buchanan and Tina Quy Phi Nguyen terminated; Lindsay Lombard Buchanan and Tina Quy Phi Nguyen no longer associated with this case. Attorney John B. Scott is substituted as counsel of record for Pioneer Finance, Inc. (Ordered by Judge Brantley Starr on 6/28/2024) (chmb) (Entered: 06/28/2024) |
| 06/28/2024 | 521 | RESPONSE filed by Securities and Exchange Commission re: 505 Re-Urging MOTION to Intervene and Lift Litigation Stay. (Attachments: # 1 Proposed Order) (Bernstein, Keefe) Modified text on 7/8/2024 (axm). (Entered: 06/28/2024) |
| 06/28/2024 | 522 | REPLY filed by Southern Star Capital LLC re: 498 MOTION to Modify Stay Provision Set Forth in Receiver Order. (Buchholz, Robert) Modified text on 7/8/2024 (axm). (Entered: 06/28/2024) |
| 07/02/2024 | 523 | ELECTRONIC ORDER granting (Doc. 496 ) the Receiver's partially unopposed motion for extension of time to file the Third, Fourth, Fifth, and Sixth Quarterly Fee Applications. The deadline to file those fee applications is extended to August 14, 2024. (Ordered by Judge Brantley Starr on 7/2/2024) (chmb) (Entered: 07/02/2024) |
| 07/08/2024 | 524 | MOTION to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC filed by Receiver with Brief/Memorandum in Support. (Carrillo, C) Modified on 7/11/2024 (ykp). (Entered: 07/08/2024) |
| 07/08/2024 | 525 | Appendix in Support filed by Receiver re 524 MOTION to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC and Brief in Support (Carrillo, C) (Entered: 07/08/2024) |
| 07/09/2024 | 526 | NOTICE of Attorney Appearance by Martin Allen Sosland on behalf of Louisiana National Bank. (Filer confirms contact info in ECF is current.). Party Louisiana National Bank added. (Sosland, Martin) (Entered: 07/09/2024) |
| 07/09/2024 | 527 | Certificate Regarding Judge-Specific Requirements. (Sosland, Martin) (Entered: 07/09/2024) |
| 07/10/2024 | 528 | REPLY filed by Receiver re: 502 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property, 500 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites (Koonce, Charlene) (Entered: 07/10/2024) |
| 07/11/2024 | 529 | ELECTRONIC ORDER granting 514 Motion for Leave to File. (The requesting party must file the document with the clerk.) (Ordered by Judge Brantley Starr on 7/11/2024) (chmb) Modified text to add filing instruction on 7/11/2024 (ykp). (Entered: 07/11/2024) |
| 07/17/2024 | 530 | NOTICE of *Continued Interference with Receiver's Management of Receivership Property* filed by Receiver (Koonce, Charlene) (Entered: 07/17/2024) |
| 07/17/2024 | 531 | ORDER granting 500 Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites. The Court APPOINTS the appraisers for the purpose of providing their appraisals of the Property and ACCEPTS the appraisals they provided in satisfaction of 28 U.S.C. section 2001(b). (Ordered by Judge Brantley Starr on 7/17/2024) (kcr) (Entered: 07/17/2024) |
| 07/17/2024 | 532 | ORDER granting 502 Motion for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property. The Court APPOINTS |

| | | |
|---|---|---|
| | | the appraisers for the purpose of providing their appraisals of the Property and ACCEPTS the appraisals they provided in satisfaction of 28 U.S.C. section 2001(b). (Ordered by Judge Brantley Starr on 7/17/2024) (kcr) (Entered: 07/17/2024) |
| 07/19/2024 | 533 | MOTION to Adjourn Hearing on Receiver's Motions re 502 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property, 500 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites filed by Timothy Barton (Attachments: # 1 Exhibit(s) A) (Edney, Michael) (Entered: 07/19/2024) |
| 07/22/2024 | 534 | ELECTRONIC ORDER denying 533 motion to adjourn hearing. The hearings on the Receiver's motions to approve the sales of the Amerigold Suites and the Hall Street Property (Docs. 500 , 502 ) will still be held on July 23, 2024 at 10:00 a.m. (Ordered by Judge Brantley Starr on 7/22/2024) (chmb) (Entered: 07/22/2024) |
| 07/23/2024 | 535 | NOTICE of *Publication Regarding Sale of Amerigold Suites and Hall Street Property* re: 502 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Hall Street Property, 500 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Amerigold Suites filed by Receiver (Thomas, Cort) (Entered: 07/23/2024) |
| 07/23/2024 | 536 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 7/23/2024 re 500 and 502 Motion for Appointment of Appraisal and Approval of Appraisals. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Receivers - Tim Wells, Kort Thomas. (Court Reporter: Rachel Erickson) (No exhibits) Time in Court - :40. (chmb) (Entered: 07/23/2024) |
| 07/25/2024 | 537 | ORDER: The Court APPROVES the sale of the Property. The Court additionally AUTHORIZES the Receiver to sell and to convey title to the Amerigold Suites free and clear of mortgages, liens, claims and encumbrances, after paying all secured lienholders in accordance with contractual terms. (Ordered by Judge Brantley Starr on 7/25/2024) (kcr) (Entered: 07/25/2024) |
| 07/25/2024 | 538 | ORDER: The Court APPROVES the sale of the Hall Street Property. The Court additionally AUTHORIZES the Receiver to sell and to convey title to the Hall Street Property free and clear of mortgages, liens, claims and encumbrances, after paying all secured lienholders in accordance with contractual terms. (Ordered by Judge Brantley Starr on 7/25/2024) (kcr) (Entered: 07/25/2024) |
| 07/26/2024 | 539 | MOTION Receiver's Renewed, Partially Unopposed Third Quarterly Fee Application filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 07/26/2024) |
| 07/26/2024 | 540 | Appendix in Support filed by Receiver re 539 MOTION Receiver's Renewed, Partially Unopposed Third Quarterly Fee Application (Thomas, Cort) (Entered: 07/26/2024) |
| 07/29/2024 | 541 | RESPONSE AND OBJECTION filed by Timothy Barton re: 524 MOTION to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC (Edney, Michael) (Entered: 07/29/2024) |
| 07/29/2024 | 542 | Appendix in Support filed by Timothy Barton re 541 Response/Objection *to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle LLC* (Edney, Michael) (Entered: 07/29/2024) |
| 07/30/2024 | 543 | STATUS REPORT *Eighth Quarterly Report of Receiver (2Q24)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 07/30/2024) |

| | | |
|---|---|---|
| 08/01/2024 | 544 | MOTION for Leave to File Documents Under Seal filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 08/01/2024) |
| 08/08/2024 | 545 | ELECTRONIC ORDER denying 544 Motion for Leave to File. Before the Court is Timothy Barton's motion for leave to file documents under seal. The Court may well end up sealing documents at Barton's request. But there are two hurdles Barton has yet to clear. First, under Local Rule 79.3(c), Barton "must attach the proposed sealed document as an exhibit." That document can be provisionally sealed. There's a good reason the Court must have the document at issue, which is the second hurdle Barton must clear. In the Fifth Circuit, a party seeking to file a specific document under seal must move for leave to do so and: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the publics right to know; and (3) explain why no other viable alternative to sealing exists. Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kaufman, No. 17-50534, Doc. 00514098372, at 2 (5th Cir. Aug. 1, 2017). Further, all facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings that can withstand appellate scrutiny. If the facts supporting sealing are known by the respondent, then the response to the sealing motion must contain the declaration supporting sealing with the line-by-line analysis. Accordingly, the Court must deny without prejudice Barton's motion. (Ordered by Judge Brantley Starr on 8/8/2024) (Entered: 08/08/2024) |
| 08/12/2024 | 546 | REPLY filed by Receiver re: 524 MOTION to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC (Carrillo, C) (Entered: 08/12/2024) |
| 08/13/2024 | 547 | Unopposed MOTION to Extend Time to File Fourth, Fifth, Sixth, and Seventh Quarterly Fee Applications filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 08/13/2024) |
| 08/14/2024 | 548 | ORDER denying without prejudice 482 Motion for Hearing and Exemption from Receivership; denying without prejudice 485 Motion for Judgment (Ordered by Judge Brantley Starr on 8/14/2024) (cfk) Modified text on 8/19/2024 (cfk). (Entered: 08/14/2024) |
| 08/14/2024 | 549 | ORDER granting 494 Motion to Ratify Settlement Agreement with Tamamoi, LLC and 3820 Illinois, LLC. (Ordered by Judge Brantley Starr on 8/14/2024) (cfk) (Entered: 08/14/2024) |
| 08/14/2024 | 550 | ORDER granting 524 Motion to Ratify BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC. (Ordered by Judge Brantley Starr on 8/14/2024) (cfk) (Entered: 08/14/2024) |
| 08/14/2024 | 551 | ORDER denying 498 Motion to Modify Stay Provision Set Forth in Receiver Order. (Ordered by Judge Brantley Starr on 8/14/2024) (cfk) (Entered: 08/14/2024) |
| 08/20/2024 | 552 | ELECTRONIC ORDER granting 547 Motion to Extend Time. Before the Court is the Receivers Unopposed Motion for Extension of Time to File Fourth, Fifth Quarterly Fee Applications. Having considered the Motion, the Court is of the opinion that it should be and hereby is GRANTED. Accordingly, the Receivers deadline to file his Fourth, Fifth, Sixth, and Seventh Quarterly Fee Applications is hereby EXTENDED until November 14, 2024. (Ordered by Judge Brantley Starr on 8/20/2024) (Entered: 08/20/2024) |
| 08/20/2024 | 553 | ORDER granting 539 Motion It is hereby ORDERED that the Receiver is authorized to pay from the receivership assets recovered by the Receiver the following fees and expenses:1. The sum of $81,283.19 shall be paid to Cort Thomas for his services as |

| | | |
|---|---|---|
| | | Receiver and expenses incurred from April 1, 2023 through June 30, 2023.2. The sum of $208,628.50 shall be paid to Brown Fox, PLLC for its services as counsel to the Receiver from April 1, 2023 through June 30, 2023.3. The sum of $137,937.98 shall be paid to Ahuja & Clark, PLLC for its services as accountant to the Receiver and expenses incurred from April 1, 2023 through June 30, 2023.4. The sum of $9,891.36 shall be paid to Veracity Forensics LLC for its services as digital asset and discovery advisor to the Receiver from April 1, 2023 through June 30, 2023. (Ordered by Judge Brantley Starr on 8/20/2024) (Entered: 08/20/2024) |
| 08/21/2024 | 554 | NOTICE OF INTERLOCUTORY APPEAL as to 538 Order, 550 Order on Motion for Miscellaneous Relief, 537 Order, 549 Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $605, receipt number ATXNDC-14856970. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 08/21/2024) |
| 08/22/2024 | 555 | (Document Restricted) Sealed Motion for Leave to File Documents Under Seal (Sealed pursuant to motion to seal) filed by Timothy Barton (Attachments: # 1 SEALED-Proposed Motion for Protective Order, # 2 Proposed Order) (Edney, Michael) (Entered: 08/22/2024) |
| 08/23/2024 | 556 | Special Order No. 3-354: Effective August 23, 2024, the cases listed on Exhibit A to this order are transferred to Magistrate Judge Brian McKay and shall henceforth carry the suffix letters BW. This case has been reassigned pursuant to Special Order No. 3-354. (The clerk has mailed a copy to all non-ECF users.) (Ordered by Chief Judge David C. Godbey on 8/23/2024) (cea) (Entered: 08/23/2024) |
| 08/23/2024 | 557 | NOTICE of *Authority (Starbucks v. McKinney)* filed by Securities and Exchange Commission (Bernstein, Keefe) (Entered: 08/23/2024) |
| 08/23/2024 | 558 | MOTION for Order to Show Cause *Hearing, Sanctions, Injunctive Relief* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 08/23/2024) |
| 08/23/2024 | 559 | Appendix in Support filed by Receiver re 558 MOTION for Order to Show Cause *Hearing, Sanctions, Injunctive Relief, and Brief in Support* (Koonce, Charlene) (Entered: 08/23/2024) |
| 08/27/2024 | 560 | RESPONSE filed by Receiver re: 555 (Document Restricted) Sealed Motion for Leave to File Documents Under Seal (Sealed pursuant to motion to seal) (Attachments: # 1 Exhibit(s) A) (Koonce, Charlene) (Entered: 08/27/2024) |
| 08/29/2024 | 561 | Notice of Filing of Official Electronic Transcript of Motion Proceedings held on 7/23/2024 before Judge Brantley Starr. Court Reporter/Transcriber Rachel Erickson, Telephone number 214-753-2170. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript |

| | | |
|---|---|---|
| | | will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (27 pages) Redaction Request due 9/19/2024. Redacted Transcript Deadline set for 9/30/2024. Release of Transcript Restriction set for 11/27/2024. (rce) (Entered: 08/29/2024) |
| 09/03/2024 | 562 | ORDER denying 505 Motion The Court DENIES the motion from First Development Company of Ohio, LLC to intervene and lift the stay. (Ordered by Judge Brantley Starr on 9/3/2024) (Entered: 09/03/2024) |
| 09/03/2024 | | USCA Case Number 24-10788 in USCA5 for 554 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 09/03/2024) |
| 09/04/2024 | 563 | MOTION To Modify Stay Provision Set Forth in Receiver Order filed by McCormick 101 LLC (Attachments: # 1 Exhibit(s) A - Termination Letter, # 2 Proposed Order Proposed Order) (Cheves, Phillip) (Entered: 09/04/2024) |
| 09/05/2024 | 564 | Transcript Order Form: re 554 Notice of Appeal, transcript not requested. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 09/05/2024) |
| 09/13/2024 | 565 | Unopposed Third MOTION for Extension of Time to File Response/Reply to 558 MOTION for Order to Show Cause *Hearing, Sanctions, Injunctive Relief* filed by Timothy Barton (Edney, Michael) Modified on text 9/30/2024 (axm). (Entered: 09/13/2024) |
| 09/13/2024 | 566 | ELECTRONIC ORDER granting Defendant Barton's 565 Motion to Extend Time to File Response/Reply. Barton's response to 558 Motion is due September 17, 2024. (Ordered by Judge Brantley Starr on 9/13/2024) (chmb) (Entered: 09/13/2024) |
| 09/13/2024 | | Deadline set: Responses due by 9/17/2024. (kaf) (Entered: 09/16/2024) |
| 09/17/2024 | 567 | Unopposed Second MOTION for Extension of Time to File Response/Reply to 558 MOTION for Order to Show Cause filed by Timothy Barton (Edney, Michael) Modified text and linkage on 9/30/2024 (axm). (Entered: 09/17/2024) |
| 09/20/2024 | 568 | Unopposed Third MOTION for Extension of Time to File Response/Reply to 558 MOTION for Order to Show Cause *Hearing, Sanctions, Injunctive Relief* filed by Timothy Barton (Edney, Michael) (Entered: 09/20/2024) |
| 09/25/2024 | 569 | RESPONSE AND OBJECTION filed by Securities and Exchange Commission re: 563 MOTION To Modify Stay Provision Set Forth in Receiver Order (Bernstein, Keefe) (Entered: 09/25/2024) |
| 09/25/2024 | 570 | RESPONSE filed by Receiver re: 563 MOTION To Modify Stay Provision Set Forth in Receiver Order (Carrillo, C) (Entered: 09/25/2024) |
| 09/25/2024 | 571 | Unopposed Fourth MOTION for Extension of Time to File Response/Reply to 558 MOTION for Order to Show Cause *Hearing, Sanctions, Injunctive Relief* filed by Timothy Barton (Edney, Michael) Modified text on 9/30/2024 (axm). (Entered: 09/25/2024) |
| 09/26/2024 | 572 | ELECTRONIC ORDER granting Defendant Barton's unopposed 571 Motion to Extend Time to File Response to Receivers 558 Motion. Barton's response is now due Friday, September 27, 2024. (Ordered by Judge Brantley Starr on 9/26/2024) (chmb) (Entered: 09/26/2024) |
| 09/26/2024 | 573 | ELECTRONIC ORDER finding moot Defendant Barton's 567 and 568 Motions for Extension of Time to Respond to Receiver's 558 Motion for Order to Show Cause in light |

| | | |
|---|---|---|
| | | of 572 Order. (Ordered by Judge Brantley Starr on 9/26/2024) (chmb) (Entered: 09/26/2024) |
| 09/27/2024 | 574 | Unopposed Fifth MOTION to Extend Time *to File a Response to Motion for Show Cause Hearing, Sanctions & Injunctive Relief* filed by Timothy Barton (Edney, Michael) (Entered: 09/27/2024) |
| 09/30/2024 | | Record on Appeal for USCA5 24-10788 (related to 554 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 6 Volume(s) electronic transcript, Sealed or ex parte electronic document number(s): 555 (circuit approval is required for access).<br>**PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 09/30/2024) |
| 09/30/2024 | 575 | ELECTRONIC ORDER granting Timothy Barton's 574 Motion to Extend Time. Barton's response is due 7 days from this order: October 7, 2024. The Court will extend this deadline no further and will deny any additional requests. (Ordered by Judge Brantley Starr on 9/30/2024) (chmb) (Entered: 09/30/2024) |
| 10/07/2024 | 576 | REPLY filed by McCormick 101 LLC re: 563 MOTION To Modify Stay Provision Set Forth in Receiver Order (Cheves, Phillip) (Entered: 10/07/2024) |
| 10/07/2024 | 577 | NOTICE of *Resolution and Submission of Proposed Order* re: 558 MOTION for Order to Show Cause *Hearing, Sanctions, Injunctive Relief* filed by Timothy Barton, Receiver (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 10/07/2024) |
| 10/07/2024 | 578 | Opinion of USCA in accordance with USCA judgment re 240 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 10/09/2024) |
| 10/07/2024 | 579 | JUDGMENT/MANDATE of USCA as to 240 Notice of Appeal filed by Timothy Barton. The appeal is DISMISSED AS MOOT. Issued as Mandate: 10/7/2024. (axm) (Entered: 10/09/2024) |
| 10/10/2024 | 580 | ORDER denying without prejudice 558 Motion for Order to Show Cause. (Ordered by Judge Brantley Starr on 10/10/2024) (Attachments: # 1 Agreed Proposed Order) (frw) (Entered: 10/10/2024) |
| 10/16/2024 | 581 | ELECTRONIC ORDER: Notice of deficiency in Defendant Timothy Barton's 555 Motion for Leave to File Under Seal. Though Barton did conduct a page-by-page, line-by-line analysis as the Court instructed in Order 545 , the Fifth Circuit also requires all facts in motions to seal be verified by a signed declaration. Defendant has until October 23, 2024, to file such declaration to perfect his motion to seal. (Ordered by Judge Brantley Starr on 10/16/2024) (chmb) (Entered: 10/16/2024) |
| 10/25/2024 | 582 | Declaration of Micheal J. Edney filed by Timothy Barton re 581 Order, 555 (Document Restricted) Sealed Motion for Leave to File Documents Under Seal. (Edney, Michael) Modified title on 11/12/2024 (axm). (Entered: 10/25/2024) |
| 10/30/2024 | 583 | STATUS REPORT *Ninth Quarterly Status Report of Receiver (3Q24)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 10/30/2024) |

| | | |
|---|---|---|
| 11/06/2024 | 584 | ORDER denying 563 Motion To Modify Stay Provision Set Forth in Receiver Order. (Ordered by Judge Brantley Starr on 11/6/2024) (ndt) (Entered: 11/06/2024) |
| 11/06/2024 | 585 | MEMORANDUM OPINION AND ORDER DENYING BARTON'S 555 MOTION TO SEAL: The Court DENIES Barton's 555 motion to seal but GRANTS his request to refile the underlying document without the language at issue. (Ordered by Judge Brantley Starr on 11/6/2024) (kcr) (Entered: 11/07/2024) |
| 11/15/2024 | 586 | MOTION to Extend Time to File Fourth, Fifth, Sixth, Seventh, and Eighth Quarterly Fee Applications filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 11/15/2024) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 11/16/2024 12:43:19 | | | |
| **PACER Login:** | julp3216 | **Client Code:** | 18527.1 |
| **Description:** | Docket Report | **Search Criteria:** | 3:22-cv-02118-X |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

# Northern District of Texas
# Claims Register

20-42789-mxm11 BM318, LLC

**Judge:** Mark X. Mullin **Chapter:** 11
**Office:** Ft. Worth **Last Date to file claims:** 12/31/2020
**Trustee:** **Last Date to file (Govt):** 03/31/2021

*Creditor:* (19152367)
Parker CAD
Linebarger Goggan Blair & Sampson, LLP
c/o Laurie A. Spindler
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

**Claim No: 1**
*Original Filed Date*: 09/02/2020
*Original Entered Date*: 09/02/2020
*Last Amendment Filed*: 12/22/2020
*Last Amendment Entered*: 12/22/2020

*Status:*
*Filed by:* CR
*Entered by:* Laurie A Spindler
*Modified:*

Amount claimed: $652.45
Secured claimed: $652.45

*History:*
Details 1-1 09/02/2020 Claim #1 filed by Parker CAD, Amount claimed: $653.40 (Spindler, Laurie)
Details 1-2 12/22/2020 Amended Claim #1 filed by Parker CAD, Amount claimed: $652.45 (Spindler, Laurie)

*Description:* (1-2) 1st Amended
*Remarks:*

*Creditor:* (19299843)
Southern Star Capital, LLC
c/o Robert W. Buchholz
555 Republic Drive, Suite 490
Plano, TX 75074

**Claim No: 2**
*Original Filed Date*: 12/30/2020
*Original Entered Date*: 12/30/2020

*Status:*
*Filed by:* CR
*Entered by:* Larry Alan Levick
*Modified:*

Amount claimed: $1916832.54
Secured claimed: $1916832.54

*History:*
Details 2-1 12/30/2020 Claim #2 filed by Southern Star Capital, LLC, Amount claimed: $1916832.54 (Levick, Larry)

*Description:* (2-1) Money loaned secured by real property
*Remarks:*

*Creditor:* (19165062)
CITIZENS BANK
RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701

**Claim No: 3**
*Original Filed Date*: 12/31/2020
*Original Entered Date*: 12/31/2020

*Status:*
*Filed by:* CR
*Entered by:*
*Modified:*

Amount claimed: $1916832.54
Secured claimed: $1916832.54

*History:*
Details 3-1 12/31/2020 Claim #3 filed by CITIZENS BANK, Amount claimed: $1916832.54 (Admin)

*Description:*
*Remarks:*

*Creditor:* (19152367)
Parker CAD
Linebarger Goggan Blair & Sampson, LLP
c/o Laurie A. Spindler
2777 N. Stemmons Freeway
Suite 1000
Dallas, TX 75207

**Claim No: 4**
*Original Filed Date*: 02/02/2021
*Original Entered Date*: 02/02/2021

*Status:*
*Filed by:* CR
*Entered by:* Laurie A Spindler
*Modified:*

Amount claimed: $652.45
Secured claimed: $652.45

*History:*
Details 4-1 02/02/2021 Claim #4 filed by Parker CAD, Amount claimed: $652.45 (Spindler, Laurie)

*Description:* (4-1) Administrative
*Remarks:*

## Claims Register Summary

**Case Name:** BM318, LLC
**Case Number:** 20-42789-mxm11
**Chapter:** 11
**Date Filed:** 09/01/2020
**Total Number Of Claims:** 4

| | |
|---|---|
| **Total Amount Claimed*** | $3834969.98 |
| **Total Amount Allowed*** | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| **Secured** | $3834969.98 | |
| **Priority** | | |
| **Administrative** | | |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/16/2024 12:22:07 | | | |
| **PACER Login:** | julp3216 | **Client Code:** | 18527.1 |
| **Description:** | Claims Register | **Search Criteria:** | 20-42789-mxm11 Filed or Entered From: 10/25/2000 Filed or Entered To: 11/18/2024 |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
**NORTHERN DISTRICT OF TEXAS**

Case number (if known): ____________ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.**

**1. Debtor's name** — **BM318, LLC**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)** — **85-0835862**

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **Land** (Number Street) | **13901 Midway Road** (Number Street) |
| | **Suite 102** (P.O. Box) |
| **Aledo** (City) **TX** (State) **76008** (ZIP Code) | **Dallas** (City) **TX** (State) **75244** (ZIP Code) |
| **Parker** (County) | **Location of principal assets, if different from principal place of business** |
| | Number Street |
| | City State ZIP Code |

**5. Debtor's website (URL)**

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________

Debtor **BM318, LLC** Case number (if known) ______

**7. Describe debtor's business**

*A. Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☐ None of the above

*B. Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes

____ ____ ____ ____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply:*
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, AND IT CHOOSES TO PROCEED UNDER SUBCHAPTER V OF CHAPTER 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under Chapter 11 (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor **BM318, LLC** Case number (if known) ____________

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes. District ____________ When ____________ (MM / DD / YYYY) Case number ____________

District ____________ When ____________ (MM / DD / YYYY) Case number ____________

District ____________ When ____________ (MM / DD / YYYY) Case number ____________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes. Debtor **JMR100, LLC** Relationship **Related Party**

District **Northern District of Texas** When **09/01/2020** (MM / DD / YYYY)

Case number, if known ____________

Debtor ____________ Relationship ____________

District ____________ When ____________ (MM / DD / YYYY)

Case number, if known ____________

**11. Why is the case filed in *this district?***

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

Debtor **BM318, LLC** Case number (if known) ______

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ☑ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? ______
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other ______

**Where is the property?** ______
Number Street
______
City ______ State ______ ZIP Code ______

**Is the property insured?**

- ☐ No
- ☐ Yes. Insurance agency ______
  Contact name ______
  Phone ______

## Statistical and adminstrative information

**13. Debtor's estimation of available funds**

*Check one:*

- ☑ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☑ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

Debtor **BM318, LLC** Case number (if known)

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/01/2020**
MM / DD / YYYY

X **/s/ Tim Barton**
Signature of authorized representative of debtor

**Tim Barton**
Printed name

**President**
Title

**18. Signature of attorney**

X **/s/ Joyce Lindauer** Date **09/01/2020**
Signature of attorney for debtor MM / DD / YYYY

**Joyce Lindauer**
Printed name

**Joyce W. Lindauer Attorney, PLLC**
Firm name

**1412 Main Street, Suite 500**
Number Street

**Dallas** **TX** **75202**
City State ZIP Code

**(972) 503-4033** **joyce@joycelindauer.com**
Contact phone Email address

**21555700** **TX**
Bar number State

**Fill in this information to identify the case**

Debtor name **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **20-42789-mxm**

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

### Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| **All cash or cash equivalents owned or controlled by the debtor** | | | **Current value of debtor's interest** |
|---|---|---|---|
| **2. Cash on hand** | | | |
| **3. Checking, savings, money market, or financial brokerage accounts** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
| **4. Other cash equivalents** *(Identify all)* | | | |
| Name of institution (bank or brokerage firm) | | | |
| 4.1. **Certificate of Deposit at Citizens Bank** | | | **$169,636.00** |
| **5. Total of Part 1**<br>Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80. | | | **$169,636.00** |

### Part 2: Deposits and prepayments

**6. Does the debtor have any deposits or prepayments?**

☑ No. Go to Part 3.
☐ Yes. Fill in the information below.

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**
Name

**Current value of debtor's interest**

**7. Deposits, including security deposits and utility deposits**

Description, including name of holder of deposit

**8. Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

**9. Total of Part 2.**
Add lines 7 through 8. Copy the total to line 81. **$0.00**

## Part 3: Accounts receivable

**10. Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**11. Accounts receivable**

11a. 90 days old or less: ____ face amount – ____ doubtful or uncollectible accounts = .............. ➔ ____

11b. Over 90 days old: ____ face amount – ____ doubtful or uncollectible accounts = .............. ➔ ____

**12. Total of Part 3**
Current value on lines 11a + 11b = line 12. Copy the total to line 82. **$0.00**

## Part 4: Investments

**13. Does the debtor own any investments?**

☑ No. Go to Part 5.
☐ Yes. Fill in the information below.

**Valuation method used for current value** | **Current value of debtor's interest**

**14. Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

**15. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity: % of ownership:

**16. Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

**17. Total of Part 4**
Add lines 14 through 16. Copy the total to line 83. **$0.00**

## Part 5: Inventory, excluding agriculture assets

**18. Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.
☐ Yes. Fill in the information below.

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**
Name

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| **20. Work in progress** | | | | |
| **21. Finished goods, including goods held for resale** | | | | |
| **22. Other inventory or supplies** | | | | |

**23. Total of Part 5**
Add lines 19 through 22. Copy the total to line 84. **$0.00**

**24. Is any of the property listed in Part 5 perishable?**
☐ No
☐ Yes

**25. Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value ________ Valuation method ________ Current value ________

**26. Has any of the property listed in Part 5 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

**27. Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.
☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops--either planted or harvested** | | | |
| **29. Farm animals** *Examples:* Livestock, poultry, farm-raised fish | | | |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |

**33. Total of Part 6.**
Add lines 28 through 32. Copy the total to line 85. **$0.00**

**34. Is the debtor a member of an agricultural cooperative?**
☐ No
☐ Yes. Is any of the debtor's property stored at the cooperative?
  ☐ No
  ☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
☐ No
☐ Yes. Book value ________ Valuation method ________ Current value ________

**36. Is a depreciation schedule available for any of the property listed in Part 6?**
☐ No
☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**
Name

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.
☐ Yes. Fill in the information below.

| **General description** | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

**39. Office furniture**

**40. Office fixtures**

**41. Office equipment, including all computer equipment and communication systems equipment and software**

**42. Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43. Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86. **$0.00**

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☐ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.
☐ Yes. Fill in the information below.

| **General description** Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | **Net book value of debtor's interest** (Where available) | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|---|

**47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

**48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels

**49. Aircraft and accessories**

**50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

**51. Total of Part 8.**
Add lines 47 through 50. Copy the total to line 87. **$0.00**

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

**53. Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**
Name

## Part 9: Real property

**54. Does the debtor own or lease any real property?**

- ☐ No. Go to Part 10.
- ☑ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|---|
| 55.1. | **Undeveloped Real Property located in Parker County, Texas** | **Land** | | | **$4,250,000.00** |

**56. Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88. **$4,250,000.00**

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

- ☑ No
- ☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

- ☑ No
- ☐ Yes

## Part 10: Intangibles and Intellectual Property

**59. Does the debtor have any interests in intangibles or intellectual property?**

- ☑ No. Go to Part 11.
- ☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| **61. Internet domain names and websites** | | | |
| **62. Licenses, franchises, and royalties** | | | |
| **63. Customer lists, mailing lists, or other compilations** | | | |
| **64. Other intangibles, or intellectual property** | | | |
| **65. Goodwill** | | | |

**66. Total of Part 10.**
Add lines 60 through 65. Copy the total to line 89. **$0.00**

**67. Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**

- ☐ No
- ☐ Yes

**68. Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

- ☐ No
- ☐ Yes

**69. Has any of the property listed in Part 10 been appraised by a professional within the last year?**

- ☐ No
- ☐ Yes

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**
Name

## Part 11: All other assets

**70. Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☑ No. Go to Part 12.
☐ Yes. Fill in the information below.

**Current value of debtor's interest**

**71. Notes receivable**

Description (include name of obligor)

**72. Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

**73. Interests in insurance policies or annuities**

**74. Causes of action against third parties (whether or not a lawsuit has been filed)**

**75. Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

**76. Trusts, equitable or future interests in property**

**77. Other property of any kind not already listed** *Examples:* Season tickets, country club membership

**78. Total of Part 11.** **$0.00**
Add lines 71 through 77. Copy the total to line 90.

**79. Has any of the property listed in Part 11 been appraised by a professional within the last year?**
☐ No
☐ Yes

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form.**

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| **80. Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | **$169,636.00** | |
| **81. Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| **82. Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| **83. Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| **84. Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| **85. Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| **86. Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$0.00** | |
| **87. Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| **88. Real property.** *Copy line 56, Part 9.* ........ ➔ | | **$4,250,000.00** |
| **89. Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| **90. All other assets.** *Copy line 78, Part 11.* | + **$0.00** | |
| **91. Total.** Add lines 80 through 90 for each column. | 91a. **$169,636.00** + | 91b. **$4,250,000.00** |

**92. Total of all property on Schedule A/B.** Lines 91a + 91b = 92........ **$4,419,636.00**

**Fill in this information to identify the case:**

Debtor name **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **20-42789-mxm**

☐ Check if this is an amended filing

Official Form 206D

## Schedule D: Creditors Who Have Claims Secured by Property

**12/15**

**Be as complete and accurate as possible.**

1. **Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.
☑ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|
| **2.1** | **$1,831,500.00** | **$4,419,636.00** |

**Creditor's name**
**Southern Star Capital**

**Creditor's mailing address**
**d/b/a Reliance Mortgage Company**
**5220 Spring Valley Road**
**Suite 602**
**Dallas TX 75254**

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**
☐ No
☑ Yes. Specify each creditor, including this creditor, and its relative priority.

**Describe debtor's property that is subject to a lien**
**Undeveloped Real Property & CD**

**Describe the lien**
**Purchase of Land / Agreement**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☑ Contingent
☑ Unliquidated
☑ Disputed

**For Undeveloped Real Property: 1) Southern Star Capital; 2) US Small Business Administration. For Certificate of Deposit at Citizens Bank: 1) Southern Star Capital.**

**There is an issue about who actually holds this claim.**

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$1,981,500.00**

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**

## Part 1: Additional Page

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.**

| | *Column A* **Amount of claim** Do not deduct the value of collateral. | *Column B* **Value of collateral that supports this claim** |
|---|---|---|
| **2.2** | **$150,000.00** | **$4,250,000.00** |

**2.2**

**Creditor's name**
**US Small Business Administration**

**Creditor's mailing address**
**4300 Amon Carter Blvd.**

**Fort Worth TX 76155**

**Creditor's email address, if known**

**Date debt was incurred**

**Last 4 digits of account number**

**Do multiple creditors have an interest in the same property?**

☐ No
☑ Yes. Have you already specified the relative priority?

☐ No. Specify each creditor, including this creditor, and its relative priority.
☑ Yes. The relative priority of creditors is specified on lines **2.1**

**Describe debtor's property that is subject to a lien**
**Undeveloped Real Property**

**Describe the lien**
**Business Debt / Agreement**

**Is the creditor an insider or related party?**
☑ No
☐ Yes

**Is anyone else liable on this claim?**
☑ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Robert W. Buchholz**<br>**420 S. Cesar Chavez Blvd.**<br>**Suite 300**<br><br>**Dallas TX 75201** | Line **2.1** | ___ ___ ___ ___ |

**Fill in this information to identify the case:**

Debtor **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **20-42789-mxm**

☐ Check if this is an amended filing

Official Form 206E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

**12/15**

**Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.**

### Part 1: List All Creditors with PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or part.**
If more space is needed for priority unsecured claims, fill out and attach the Additional Page of Part 1.

**Total claim** **Priority amount**

**2.1** **Priority creditor's name and mailing address**

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Is the claim subject to offset?**
☐ No
☐ Yes

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a)( )

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**

## Part 2: List All Creditors with NONPRIORITY Unsecured Claims

3. **List in alphabetical order all of the creditors with nonpriority unsecured claims.** If more space is needed for nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.

**Amount of claim**

**3.1** **Nonpriority creditor's name and mailing address**

**Barron Stark Engineers**
**6221 Southwest Blvd.**
**Suite 100**
**Fort Worth TX 76132**

**Date or dates debt was incurred** ____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$61,063.75**

**3.2** **Nonpriority creditor's name and mailing address**

**Carnegie Development LLC**
**1755 Wittington Place**
**Suite 340**
**Dallas TX 75234**

**Date or dates debt was incurred** ____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$627,475.95**

**3.3** **Nonpriority creditor's name and mailing address**

**Coats Rose**
**14755 Preston Road**
**Suite 600**
**Dallas TX 75254**

**Date or dates debt was incurred** ____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$30,083.93**

**3.4** **Nonpriority creditor's name and mailing address**

**GEO Services LLC**
**PO Box 32564**
**Knoxville TN 37930**

**Date or dates debt was incurred** ____

**Last 4 digits of account number** __ __ __ __

**As of the petition filing date, the claim is:** *Check all that apply.*
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

**$4,880.00**

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**

## Part 2: Additional Page

**Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page.**

**Amount of claim**

**3.5** **Nonpriority creditor's name and mailing address**

**HR Sterling LLC**
**14819 Frisco Ranch Drive**
**Little Elm TX 75068**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**$60,000.00**

**3.6** **Nonpriority creditor's name and mailing address**

**JMJ Development LLC**
**1755 Wittington Place**
**Suite 340**
**Dallas TX 75234**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**$112,797.00**

**3.7** **Nonpriority creditor's name and mailing address**

**JMJ Development LLC**
**1755 Wittington Place**
**Suite 340**
**Dallas TX 75234**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**$310,000.00**

**3.8** **Nonpriority creditor's name and mailing address**

**South Central Water Company**
**PO Box 570177**
**Houston TX 77257**

**Date or dates debt was incurred**

**Last 4 digits of account number** ___ ___ ___ ___

**As of the petition filing date, the claim is:** *Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** **Business Debt**

**Is the claim subject to offset?**
☑ No
☐ Yes

**$17,050.00**

Debtor **BM318, LLC** Case number (if known) **20-42789-mxm**

## Part 4: Total Amounts of the Priority and Nonpriority Unsecured Claims

**5. Add the amounts of priority and nonpriority unsecured claims.**

| | | Total of claim amounts |
|---|---|---|
| 5a. **Total claims from Part 1** | 5a. | **$0.00** |
| 5b. **Total claims from Part 2** | 5b. + | **$1,223,350.63** |
| 5c. **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | **$1,223,350.63** |

**Fill in this information to identify the case:**

Debtor name **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **20-42789-mxm**    Chapter **11**

☐ Check if this is an amended filing

Official Form 206G

## Schedule G: Executory Contracts and Unexpired Leases

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.**

**1. Does the debtor have any executory contracts or unexpired leases?**

☑ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.
☐ Yes. Fill in all of the information below even if the contracts or leases are listed on *Schedule A/B: Assets - Real and Personal Property* (Official Form 206A/B).

**2. List all contracts and unexpired leases**

**State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease**

**Fill in this information to identify the case:**

Debtor name **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **20-42789-mxm**

☐ Check if this is an amended filing

Official Form 206H

## Schedule H: Codebtors

**12/15**

**Be as complete and accurate as possible. If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the Additional Page to this page.**

**1. Does the debtor have any codebtors?**

☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

☐ Yes

**2. In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, *Schedules D-G.*** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| *Column 1:* **Codebtor** | | *Column 2:* **Creditor** | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | *Check all schedules that apply:* |

**Fill in this information to identify the case:**

Debtor Name **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known): **20-42789-mxm**

☐ Check if this is an amended filing

Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

## Part 1: Summary of Assets

**1.** ***Schedule A/B: Assets--Real and Personal Property*** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B.......... **$4,250,000.00**

1b. **Total personal property:**
Copy line 91A from Schedule A/B.......... **$169,636.00**

1c. **Total of all property**
Copy line 92 from Schedule A/B.......... **$4,419,636.00**

## Part 2: Summary of Liabilities

**2.** ***Schedule D: Creditors Who Have Claims Secured by Property*** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D.......... **$1,981,500.00**

**3.** ***Schedule E/F: Creditors Who Have Unsecured Claims*** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 5a of Schedule E/F.......... **$0.00**

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 5b of Schedule E/F.......... **+ $1,223,350.63**

**4.** **Total liabilities**
Lines 2 + 3a + 3b.......... **$3,204,850.63**

**Fill in this information to identify the case and this filing:**

Debtor Name **BM318, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known) **20-42789-mxm**

Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☑ *Schedule A/B: Assets--Real and Personal Property* (Official Form 206A/B)
- ☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☑ *Schedule H: Codebtors* (Official Form 206H)
- ☑ *A Summary of Assets and Liabilities for Non-Individuals* (Official Form 206-Summary)
- ☐ Amended Schedule ______
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ______

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **09/22/2020**
MM / DD / YYYY

X **/s/ Tim Barton**
Signature of individual signing on behalf of debtor

**Tim Barton**
Printed name

**President**
Position or relationship to debtor

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>*Relief Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**ORDER APPOINTING RECEIVER**

For the reasons set out in a memorandum opinion and order filed today, the Court enters the following order.

**WHEREAS** this matter has come before this Court upon motion of Plaintiff Securities and Exchange Commission ("SEC") to appoint a receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities (defined below);

**WHEREAS** the Court finds that: (a) there is a clear necessity for the receivership to protect defrauded investors' interest in property; (b) legal and less drastic equitable remedies are inadequate; and (c) the benefits of a receivership outweigh the burdens on the affected parties.

**WHEREAS** the Court finds that: (a) a receiver is necessary to manage the Receivership Entities' properties to preserve and protect the value of such properties; (b) Defendant Timothy Barton ("Barton") has misused and mismanaged the Receivership Entities' properties and has, and is likely to continue to, misuse, dissipate and/or conceal investor funds and assets obtained with, or that otherwise benefited from, investor funds; (c) certain Receivership Entities and their assets are subject to liens, lawsuits, and foreclosures that threaten to further diminish their value without the protection of a receiver that would have the power to stay litigation and foreclosures, among other powers; (d) there is a substantial risk that Barton, the Receivership Entities, and other entities that Barton directly or indirectly controls do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors; (e) absent a receiver to manage, maximize, and protect the value of the Receivership Entities' assets, the investors' interest in these properties is at substantial risk; and (f) these benefits outweigh the burden on Barton.

**WHEREAS** the Court finds that each of the Receivership Entities received or

benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Entities, and venue properly lies in this district.

**WHEREAS**, the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following entities, each of which received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation (collectively, "Receivership Entities"):

2. 126 Villita, LLC

3. 2999TC Acquisitions LLC

4. 2999TC JMJ CMGR, LLC (Delaware)

5. AVG West, LLC

6. BEE2019, LLC

7. BM318, LLC
8. Broadview Holdings Trust
9. Carnegie Development, LLC
10. D4DS LLC
11. D4FR LLC
12. D4IN, LLC (Texas)
13. D4KL, LLC
14. D4MC, LLC (Texas)
15. D4OP, LLC
16. DJD Land Partners, LLC
17. Enoch Investments, LLC
18. FHC Acquisition, LLC
19. Gillespie Villas, LLC
20. Goldmark Hospitality, LLC
21. HR Sterling, LLC
22. JMJ Acquisitions, LLC
23. JMJ Development LLC (f/k/a JMJ Development, Inc.)
24. JMJ Hospitality, LLC
25. JMJ VC Management, LLC
26. JMJAV, LLC
27. JMJD4, LLC (Delaware)
28. JMR100, LLC
29. LaJolla Construction Management, LLC

30. LC Aledo TX, LLC

31. LDG001, LLC

32. Lynco Ventures, LLC

33. Mansions Apartment Homes at Marine Creek, LLC

34. Marine Creek SP, LLC

35. MO 2999TC, LLC

36. Northstar PM, LLC (Texas)

37. Orchard Farms Village, LLC

38. Ridgeview Addition, LLC (Texas)

39. Seagoville Farms, LLC

40. SF Rock Creek, LLC

41. TC Hall, LLC

42. Titan Investments, LLC a/k/a Titan 2022 Investments, LLC

43. Venus59, LLC

44. Villita Development, LLC

45. Villita Towers, LLC

46. WALL007, LLC

47. WALL009, LLC

48. WALL010, LLC

49. WALL011, LLC

50. WALL012, LLC

51. WALL016, LLC

52. WALL017, LLC

53. WALL018, LLC

54. WALL019, LLC

55. WRL2019, LLC (Texas)

2. Until further Order of this Court, Cortney C. Thomas is hereby appointed to serve without bond as receiver (the "Receiver") of the Receivership Entities.

3. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Rule 66 of the Federal Rules of Civil Procedure.

## I. GENERAL POWERS AND DUTIES OF RECEIVER

4. The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operations of the Receivership Entities and shall pursue and preserve all of their claims.

5. No person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.

6. Subject to the specific provisions in Sections II through XII below, the Receiver shall have the following general powers and duties:

A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B. To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Entities;

F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation, concealment, or inequitable distribution of Receivership Property;

H. Enter into and cancel contracts and purchase insurance as the Receiver deems necessary or advisable;

G. The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I. To bring such legal actions based in law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist, defend, compromise or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Entities; and,

K. To take such other action as may be approved by this Court.

## II. ACCESS TO INFORMATION

7. The individual Receivership Entities and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

8. Within ten (10) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and

any other agents or contractors of the Receivership Entities; and, (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Entities.

9. Within twenty (20) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement and accounting, with complete documentation, covering the period from January 1, 2017 to the present:

> A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Entities, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry, and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage, or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage, or other financial institution;
>
> B. Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Entities have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Entities;
>
> C. Identifying all credit, bank, charge, debit, or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve (12) months;
>
> D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;
>
> E. Of all funds received by the Receivership Entities, and each of them, in any way related, directly or indirectly, to the conduct alleged in the SEC's Complaint. The submission must clearly identify, among other things,

all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G. Of all transfers of assets made by any of them.

10. Within thirty (30) days of the entry of this Order, the Receivership Entities shall provide to the Receiver and the SEC copies of the Receivership Entities' federal income tax returns for the years 2017 through 2021 with all relevant and necessary underlying documentation.

11. The Receivership Entities and the Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.

12. The Receivership Entities are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## III. ACCESS TO BOOKS, RECORDS, AND ACCOUNTS

13. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Entities. All persons and entities having

control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14. The Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, email, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

15. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Entities that receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

A. Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D. Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

## IV. ACCESS TO REAL AND PERSONAL PROPERTY

16. The Receiver is authorized to take immediate possession of all personal property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

17. The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, email, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.

18. The Receivership Entities, all persons acting on behalf of any Receivership Defendant, and any person who receives actual or constructive notice of this Order who has or had possession or control over any Receivership Assets, is directed to:

A. Hold and retain any such Receivership Assets that are within his or her control and prohibit any person or entity from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning,

pledging, selling, spending, transferring, or withdrawing any such Asset except:

1. As directed by further order of the Court; or

2. As directed in writing by the Receiver.

B. Within five (5) business days after being served a copy of this Order, provide the Receiver a sworn statement setting forth:

1. The account number and other identifying information for any such Receivership Asset belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Defendant;

2. The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, on or after March 1, 2021, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted;

3. All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices;

4. The identification and location of any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity, and if the safe deposit box, storage facility, commercial mailbox, or storage facility has been closed or removed, the date closed or removed;

5. Within five (5) business days of a written request from the Receiver, provide the Receiver copies of all Documents relating to each Receivership Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

19. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

20. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

21. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V. REPATRIATION OF ASSETS AND DOCUMENTS

22. Immediately upon service of this Order, any person or entity with possession or control over any Receivership Assets shall:

A. Take such steps as are necessary to transfer to the United States all Documents and Assets that are located outside the United States and belong to, are for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity; and

B. Hold and retain all repatriated Assets and prevent the disposition, transfer, or dissipation of such Assets except as required by this Order.

23. Receivership Entities, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

A. Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all Assets have been fully repatriated according to Section VIII of this Order; or

B. Notifying any trustee, protector, or other agent of any Defendant or Receivership Entity of the existence of this Order, or of the fact that repatriation is required under a court Order, until such time as all Assets have been fully repatriated according to Section VIII of this Order.

## VI. NOTICE TO THIRD PARTIES

24. Defendants and the Receivership Entities shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant or Receivership Defendant. Within ten (10) business days following service of this Order, Defendants and Receivership Entities shall serve on the Receiver a declaration identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants or Receivership Entities served with a copy of this Order in compliance with this provision.

25. Copies of this Order may be served by the Receiver by any means, including U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the Receiver, by any law enforcement agency, or by process server, upon any person, including financial institutions, that may have possession, custody, or control over any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Receivership Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall constitute service upon the entire financial institution.

26. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

27. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

28. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government

offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

29. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities.

30. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Entities, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

31. Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership

Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII. INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

32. The Receivership Entities and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B. Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;

C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property;

D. Create, operate, or exercise any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; or,

E. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

## VIII. COOPERATION WITH THE RECEIVER

33. Defendants and Receivership Entities, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, whether acting directly or indirectly and all persons who receive actual notice of this Order, shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities. This cooperation and assistance shall include, but is not limited to:

A. Providing information to the Receiver as directed above or that the Receiver deems necessary to exercise the authority and discharge the responsibilities delegated to the Receiver under this Order;

B. Advising all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver; and

C. Transferring funds at the Receiver's direction and producing Documents related to the Assets and sales of the Receivership Entities. The entities obligated to cooperate with the Receiver under this provision include financial institutions and persons that have transacted business with the Receivership Entities. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX. STAY OF LITIGATION

34. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

36. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X. <u>MANAGING ASSETS</u>

37. For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

38. The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Barton Companies" together with the name of the action.

39. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

40. Subject to Paragraph 42 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

41. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

42. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

43. The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

## XI. INVESTIGATE AND PROSECUTE CLAIMS

44. The Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

45. Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the SEC before commencing investigations and/or actions.

46. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

47. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII. BANKRUPTCY FILING

48. Effective immediately, the Receiver, as sole and exclusive officer, director and managing member of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC (collectively, "Wall Entities"), shall possess sole and exclusive authority and control over the Wall Entities, as debtors-in-possession, in their respective Chapter 11 cases titled *In re WALL007 LLC, et al.*, No. 22-41049 (Bankr. E.D. Tex.) (the "Bankruptcy Cases") pending in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"). The employment of any and all other officers, directors, managers or other employees of the Wall Entities is and are hereby terminated by the Court. All such persons shall comply with the applicable provisions of this Order.

49. Within thirty (30) days of the entry of this Order, the Receiver shall report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership. The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order.

50. The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for other Receivership Entities. If a Receivership Defendant is (or has been) placed in

bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 3 above, the Receiver is vested with management authority for all entity Receivership Entities and may therefore file and manage a Chapter 11 petition.

51. All persons and entities, other than the Receiver, are barred from commencing any bankruptcy proceedings against any of the Receivership Entities.

## XIII. LIABILITY OF RECEIVER

52. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

53. The Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

54. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

55. In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the

resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIV. RECOMMENDATIONS AND REPORTS

56. The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

57. Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

58. Within thirty (30) days after the end of each subsequent calendar quarter following the date on which the Receiver files his Liquidation Plan, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

59. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

60. On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XV. <u>FEES, EXPENSES, AND ACCOUNTINGS</u>

61. Subject to the paragraphs below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

62. Subject to the paragraph immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any

Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

63. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the Court.

64. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

65. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

66. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

67. Each Quarterly Fee Application shall:

A. Contain representations that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) unless previously disclosed to and approved by the Court, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

68. At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED**, this 29th day of November, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 26, 2024**

Mark X. Mullin
**United States Bankruptcy Judge**

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| BM318, LLC, | § | Case No. 20-42789-MXM |
| Debtor | § | |
| BM318, LLC, | § | |
| Plaintiff, | § | |
| v. | § | Adv. Pro. No. 21-04051-MXM |
| THE DIXON WATER FOUNDATION, | § | |
| Defendant. | § | |
| LUMAR LAND & CATTLE, LLC | § | |
| Plaintiff-in-Intervention | § | |

**<u>FINAL AGREED JUDGMENT DISMISSING THE ADVERSARY PROCEEDING</u>**

This adversary proceeding was commenced by BM318, LLC ("<u>BM318</u>"), as the plaintiff, against The Dixon Water Foundation ("<u>Dixon</u>"), as the defendant. Thereafter, Lumar Land &

Case 21-04051-mxm Doc 142 Filed 08/26/24 Entered 08/26/24 14:12:21 Desc Main Document Page 2 of 5

Cattle, LLC ("Lumar") was granted leave to intervene in this adversary proceeding. Cortney C. Thomas ("Receiver") has been appointed as Receiver for BM318 through the following lawsuit ("Receivership Lawsuit"):

> *Securities and Exchange Commission v. Timothy Barton, et al.*, Case 3:22-cv-2118-X, in the United States District Court for the Northern District of Texas, Dallas Division.

The Receiver (acting on behalf of BM318) and Dixon have entered into a settlement agreement ("Dixon Settlement Agreement") which fully resolves all matters pending between them in this adversary proceeding. Lumar is not a party to the Dixon Settlement Agreement. The Dixon Settlement Agreement has been approved by this Court by Order entered as Docket No. 163 in the above-captioned chapter 11 bankruptcy case, and has been ratified by the district court in the Receivership Lawsuit [District Court Docket No. 550]. Pursuant to the Dixon Settlement Agreement, the Receiver and Dixon have agreed to entry of this Final Agreed Judgment fully and finally settling and dismissing all claims and disputes between them in this adversary proceeding.

The Receiver (acting on behalf of BM318) and Lumar have entered into a separate settlement agreement ("Lumar Settlement Agreement") which fully resolves all claims and disputes pending between them in this adversary proceeding. Dixon is not a party to the Lumar Settlement Agreement. The Lumar Settlement Agreement has been approved by this Court by Order entered as Docket No. 164 in the above-captioned chapter 11 bankruptcy case, and has been ratified by the district court in the Receivership Lawsuit [District Court Docket No. 550]. Pursuant to the Lumar Settlement Agreement, the Receiver and Lumar have agreed to the entry of this Final Agreed Judgment fully and finally settling and dismissing all claims and disputes between them in this adversary proceeding.

Case 21-04051-mxm Doc 142 Filed 08/26/24 Entered 08/26/24 14:12:21 Desc Main Document Page 3 of 5

The Court's order approving the Dixon Settlement Agreement and Lumar Settlement Agreement is final and was not appealed. The Receivership Lawsuit defendant Timothy Barton filed a notice of interlocutory appeal of the district court's order ratifying the Dixon Settlement Agreement and Lumar Settlement Agreement, but Barton neither sought nor received a stay of the district court's ratification order pending the appeal [District Court Docket No. 554].[1]

ACCORDINGLY, it is hereby ORDERED, ADJUDGED and DECREED that:

1. All claims, causes of action, or other claims for any form of relief asserted in this adversary proceeding by any party are hereby dismissed with prejudice to the refiling of the same. This dismissal with prejudice shall encompass not only the claims actually asserted by any party in this adversary proceeding, but also any claim, cause of action or claim for relief which could have been asserted based upon the transactions or occurrences which form the subject matter of this adversary proceeding.

2. All attorney's fees and costs of court shall be borne by the party initially incurring the same.

3. This judgment is a final judgment fully and finally disposing of all claims, causes of action, or claims for relief asserted by any party in this adversary proceeding.

4. Upon the entry of this judgment, the lis pendens filed by BM318 and recorded under Instrument No. 202142097 in the official real property records of Parker County, Texas is hereby dissolved.

5. Dixon's form of Release of Lis Pendens attached hereto as Exhibit 1 is confirmed, approved, and legally effective.

---

[1] *See* FED. R. CIV. P. 62(c)(1) (prescribing that "[u]nless the court orders otherwise," an "interlocutory or final judgment in an action for an injunction or receivership" are "not stayed after being entered"). Nor does jurisdiction exist for that interlocutory appeal. *See Netsphere, Inc. v. Baron,* 799 F.3d 327, 331-32 (5th Cir. 2015).

Case 21-04051-mxm Doc 142 Filed 08/26/24 Entered 08/26/24 14:12:21 Desc Main Document Page 4 of 5

6. Lumar's form of Release of Lis Pendens attached hereto as Exhibit 2 is confirmed, approved, and legally effective.

7. All relief not specifically granted herein is denied.

8. The Court retains jurisdiction to construe and enforce this Final Agreed Judgment.

### END OF ORDER ###

**Approved for Entry**:

*/s/ C. Alan Carrillo*
Charlene C. Koonce
State Bar No. 11672850
Email: charlene@brownfoxlaw.com
C. Alan Carrillo
State Bar No. 24109693
Email: alan@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000
Facsimile: (214) 327-5001

**ATTORNEYS FOR CORTNEY C. THOMAS, RECEIVER FOR BM318, LLC, ET AL.**

*/s/ Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Email: dperry@munsch.com
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard Street, Suite 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

*/s/ J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
Email: bforshey@forsheyprostok.com
**FORSHEY & PROSTOK, LLP**
777 Main Street, Suite 1550
Fort Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151

and

Kimberly P. Harris
Texas Bar No. 24002234
Email: kharris@qslwm.com
Joshua L. Shepherd
Texas Bar No. 24058104
Email: jshepherd@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111

**ATTORNEYS FOR LUMAR LAND AND CATTLE, LLC**

Exhibit 1 to Judgment

## RELEASE OF LIS PENDENS

STATE OF TEXAS §
§
COUNTY OF PARKER §

On October 27, 2021, BM318, LLC filed a Notice of Lis Pendens in the real property records of Parker County, Texas, in connection with an adversary proceeding filed in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") as a part of the Chapter 11 Case *In re BM318, LLC,* Case No. 20-42789 (the "Bankruptcy Case") with the adversary proceeding itself being styled *BM318, LLC v. Dixon Water Foundation* and numbered Adversary Proceeding 21-04051-MXM (the "Notice of Lis Pendens").

A. The Notice of Lis Pendens was recorded under Instrument No. 202142097, in the official real property records of Parker County, Texas.

B. The lawsuit described above has been settled, and the approval of the settlement pursuant to Bankruptcy Rule 9019 has been entered on the docket of the Bankruptcy Case by the Bankruptcy Court.

### RELEASE

NOW, THEREFORE, BM318, LLC, by and through its Receiver Cortney C. Thomas (appointed in the case of *Securities and Exchange Commission v. Timothy Barton, et al.*, Case No. 3:22-cv-2118-X (N.D. Tex.))[1] cancels and releases the Lis Pendens previously filed upon the property more particularly described as:

> 2055.70 acres of land situated in the JAMES BRADY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAM SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a

[1] A copy of the Order appointing the Receiver is attached hereto as Exhibit B.

Case 21-04051-mxm Doc 142-1 Filed 08/26/24 Entered 08/26/24 14:12:21 Desc Exhibit 1 Page 2 of 7 Page 13 of 152


portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, said 2055.70 acres being more particularly described as Tract 1 on the attached Exhibit A, and the access easement more particularly described as Tract 2 on the attached Exhibit A.

Witness my hand, this ____ day of ________________, 2024.

**BM318, LLC**

____________________________
Its Receiver Courtney C. Thomas

c/o Charlene C. Koonce
charlene@brownfoxlaw.com
BROWN FOX PLLC
8111 Preston Road, Suite 300
Dallas, Texas 75225
Telephone: (214) 327-5000

**ACKNOWLEDGMENT**

STATE OF TEXAS §
§
COUNTY OF DALLAS §

This instrument was acknowledged before me on the ____ day of ________________, 2024 by Courtney C. Thomas, Receiver for BM318, LLC.

____________________________________

Name: ______________________________

Notary Public, State of Texas

My commission expires: ______________

Seal:

After Recording Return to:

Munsch Hardt Kopf & Harr, P.C.
c/o Deborah M. Perry
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
(214) 855-7500

EXHIBIT A

PROPERTY DESCRIPTION

**TRACT 1**

**2055.70 acres of land situated in the JAMES BRADY SURVEY, ABSTRACT No. 119, JAMES BRADLEY SURVEY, ABSTRACT No. 120, JOHN D. BAY SURVEY, ABSTRACT NO. 195, J.H. REAM SURVEY, ABSTRACT No. 1106, T.J. BENDERMAN SURVEY, ABSTRACT No. 2519, I. & G.N. RR. CO., SECTION NO. 3, BLOCK 1, ABSTRACT NO. 1799 and the PETER B. HOLDER SURVEY, ABSTRACT No. 614, Parker County, Texas, being a portion of those certain tracts of land described in deed as Parcel No. 1 and Parcel No. 2, said 2055.70 acres being more particularly described as follows:**

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of-Way varies), from which a 2" steel fence corner post found in the south line of said Bear Creek Road bears S 01°12'56" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2233063.538, for reference;

THENCE along Bear Creek Road, as follows:
S 67°36'03" E, a distance of 3869.57 feet to the most northerly northeast corner of said Parcel No. 2;
S 02°12'27" E, a distance of 1472.57 feet to a point;
S 55°59'27" E, a distance of 1165.45 feet to a point;
S 71°46'27" E, a distance of 801.00 feet to a point;
S 70°43'19" E, a distance of 221.91 feet to a point;
S 70°45'54 E, a distance of 1742.88 feet to a point for the most northerly northeast corner of the herein described 2055.70 acre tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 2017-02400, Official Public Records, Parker County, Texas, and continuing along the most west line of said Reeves tract, in all, a distance of 1186.42 feet to a point from which a 5/8" iron rod found bears N 60°42'50" W, a distance of 0.42 feet, for reference;

THENCE along the southwesterly lines of said Reeves tract as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;
S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;
N 72°21'34" E, a distance of 390.26 feet to a point from which a 3" steel pipe fence post bears N 06°43'26" W, a distance of 1.25 feet for reference;
S 00°10'37" W, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract, being in the north line of a Seventy (70) foot wide Transmission Easement and Right-of-Way recorded in Book 2684, Page 531 and Book 2734, Page 1161, Official Public Records, Parker County, Texas;

THENCE along the south line of said Reeves tract and the north line of said Transmission Easement and Right-of-Way, as follows:

N 89°17'27" E, a distance of 766.57 feet to a point;
S 87°58'20" E, a distance of 852.96 feet to a point;
S 87°37'59" E, a distance of 500.58 feet to a point in the west occupied line of said Bear Creek Road, at the southeast corner of said Reeves tract;

THENCE S 20°01'40" E, along the west occupied line of said Bear Creek Road, a distance of 75.70 feet to a 5/8" capped iron rod found stamped "Brooks Baker", being in the most easterly south line of said Parcel No. 2;

THENCE along the most easterly south line of said Parcel No. 2, as follows:

N 87°38'33" W, a distance of 529.23 feet to a point;
N 87°58'55" W, a distance of 851.08 feet to a point;
S 89°16'51" W, a distance of 765.97 feet to a point at the most southerly southwest corner of said Parcel No. 2 and being in the east line of said Parcel No. 1;

THENCE S 03°54'04" E, along the east line of said Parcel No. 1 and along the called east line of said BENDERMAN SURVEY, a distance of 10017.79 feet to a 2" pipe in concrete at the southeast corner of said Parcel No. 1 and being the called southeast corner of said BENDERMAN SURVEY;

THENCE S 89°26'10" W, along the south line of said Parcel No. 1 and along the called south line of said BENDERMAN SURVEY, a distance of 1606.98 feet to a 5/8" capped iron rod found stamped "Brooks Baker";

THENCE S 89°48'07" W, continuing along the south line of said Parcel No. 1 and continuing along the called south line of said BENDERMAN SURVEY, a distance of 3711.27 feet to a 2" pipe in concrete found at the most southerly southwest corner of said Parcel No. 1;

THENCE N 01°35'25" W, along the most southerly west line of said Parcel No. 1, a distance of 1216.91 feet to a 2" pipe in concrete found at an interior corner of said Parcel No. 1 and being in the called south line of said J.H. REAN SURVEY;

THENCE N 89°19'15" W, along the most westerly south line of said Parcel No. 1 and along the called south line of said J.H. REAN SURVEY, a distance of 660.00 feet to a 2" pipe in concrete found at the most westerly southwest corner of said Parcel No. 1 and being the called southwest corner of said J.H. REAN SURVEY;

THENCE along the west line of said Parcel No. 1 and along the called west line of said J.H. REAN SURVEY, as follows:

N 00°01'41" W, a distance of 2676.89 feet to a 5/8" iron rod found;
N 00°04'03" W, a distance of 1981.74 feet to a 5/8" iron rod found;

N 00°10'29" E, a distance of 1520.50 feet to a 5/8" iron rod found;
N 00°04'43" W, a distance of 1097.99 feet to a 5/8" iron rod found;
N 00°02'24" W, a distance of 901.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";
N 00°25'07" W, a distance of 984.78 feet to a 2" pipe in concrete found at an interior corner of said Parcel No. 1;

THENCE N 89°37'52" W along the most northerly south line of said Parcel No. 1, a distance of 2013.88 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084, at the most westerly southwest corner of said Parcel No. 1;

THENCE N 00°45'08" W, along the most westerly west line of said Parcel No. 1, a distance of 1196.14 feet to a 5/8" rod found;

THENCE N 01°17'22" W, continuing along the most westerly west line of said Parcel No. 1, a distance of 1964.12 to a 5/8" capped iron rod found stamped "Brooks Baker" at the northwest corner of said Parcel No. 1 and being the southwest corner of said Parcel No. 2, from which a 5/8" capped iron rod found (not legible) bears S 88°46'12" E, a distance of 728.31 feet for reference;

THENCE N 01°17'05" W, along the west line of said Parcel 2, a distance of 3591.76 feet to the POINT OF BEGINNING and containing 2055.70 acres, more or less.

**SAVE AND EXCEPT** that certain 381.66 acres tract of land as conveyed to GH Lumar JV in Warranty Deed, filed 09/13/2019, recorded in cc#2019-24134, Real Property Records, Parker County, Texas.

**SAVE AND EXCEPT** that certain 23.95 acres of land, situated in Parker County, Texas, out of the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 119, the JAMES BRADLEY SURVEY, ABSTRACT NUMBER 120, the JOHN D. BAY SURVEY, ABSTRACT NUMBER 195 and the J. H. REAN SURVEY, ABSTRACT NUMBER 1106, and being part of a 2055.70 acre tract of land that is described in a deed from The Dixon Water Foundation to BM 318, LLC, dated November 26, 2018, recorded in Instrument No. 201829926, Official Public Records of Parker County, Texas and further described as follows:

BEGINNING at a railroad spike set in Bear Creek Road, and being an internal corner of said 2055.70 acre tract, and being in the East line of a 381.66 acres tract of land that is described in a deed from BM 318, LLC to GH Lumar JV, dated September 11, 2019, recorded in Instrument No. 201924134, Official Public Records of Parker County, Texas, for the Northwest corner of this tract;

THENCE South 55 degrees 59 minutes 27 seconds East, 840.04 feet, along Bear Creek Road, with the North line of said 2055.70 acre tract, to a railroad spike set at the calculated Northeast corner of a 60 foot wide access easement that is described in deed to GH Lumar JV, for the Northeast corner of this tract;

Case 21-04051-mxm Doc 142-1 Filed 08/26/24 Entered 08/26/24 14:12:21 Desc Exhibit 1 Page 6 of 7

Exhibit 1 to Judgment

THENCE South 33 degrees 46 minutes 16 seconds West, 811.29 feet, to a 1/2 inch iron rod set, South 09 degrees 44 minutes 07 seconds West, 103.49 feet to a 1/2 inch iron rod set, South 32 degrees 59 minutes 06 seconds East 349.92 feet, to a 1/2 inch iron rod set, South 09 degrees 47 minutes 14 seconds East, 797.08 feet, to a 1/2 inch iron rod set, and South 00 degrees 31 minutes 28 seconds East, 655.53 feet, to a 1/2 inch iron rod set, for the Southeast corner of this tract;

THENCE North 80 degrees 56 minutes 20 seconds West, 369.25 feet, to a 1/2 inch iron rod set in the East line of said 381.66 acre tract, for the Southwest corner of this tract;

THENCE with the East line of said 381.66 acre tract, as follows North 02 degrees 12 minutes 27 seconds West, 1405.48 feet, to a 1/2 inch iron rod set, North 69 degrees 20 minutes 36 seconds West, 89.55 feet, to a 1/2 inch iron rod set, and North 02 degrees 12 minutes 27 seconds West, 1487.68 feet, to the Point of Beginning and containing 23.95 acres of land.

## SAVE AND EXCEPT

BEING 118.34 acres situated in the JAMES BRADLEY SURVEY, ABSTRACT NO. 120, Parker County, Texas, being a portion of that certain tract of land described in deed as Parcel No. 2, to The Dixon Foundation, recorded in Book 2416, Page 417, Official Public Records, Parker County, Texas, said 118.34 acres being more particularly described as follows:

BEGINNING at the most westerly northwest corner of said Parcel No. 2, in Bear Creek Road (Right-of-Way varies), from which a 2" steel

fence corner post found in the south line of said Bear Creek Road bears S 01°12'56" E, a distance of 40.00 feet, for reference, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6918277.984 and EAST: 2233063.538, for reference;

THENCE S 67°36'03" E, along the approximate centerline of said Bear Creek Road and along the most north line of said Parcel No. 2, a distance of 2856.43 feet to a point for the northeast corner of the herein described 118.34 acre tract;

THENCE S 24°50'49" W, leaving the approximate centerline of said Bear Creek Road, and being along the west line of a Fifty (50) foot wide Right-of-Way Agreement to ONEOK Arbuckle Pipeline, L.L.C., recorded in Book 2651, Page 405, Official Public Records, Parker County, Texas, at a distance of 23.85 feet, passing a 1/2" capped iron rod set stamped "C.P. Stark RPLS 5084", and continuing, along the west line of said Fifty (50) foot wide Right-of-Way Agreement, in all, a distance of 205.78 feet to a 1/2" capped iron rod set stamped "C.P. Stark RPLS 5084";

THENCE S 04°46'43" W, continuing along the west line of said Fifty (50) foot wide Right-of-Way Agreement, a distance of 1684.81 feet to a point in the approximate centerline of Bear Creek for the southeast corner of the herein described 118.34 acre tract;

THENCE along the approximate centerline of said Bear Creek, as follows:

N 61°36'37" W, a distance of 807.44 feet to a point;

N 71°14'04" W, a distance of 217.93 feet to a point;

N 85°16'07" W, a distance of 121.44 feet to a point;

S 77°05'53" W, a distance of 141.01 feet to a point;

S 82°12'59" W a distance of 239.64 feet to a point;

S 49°32'26" W, a distance of 208.64 feet to a point;

N 86°11'59" W, a distance of 114.28 feet to a point;

N 53°45'49" W a distance of 175.97 feet to a point;

N 47°13'56" W, a distance of 200.18 feet to a point;

N 80°08'35" W, a distance of 392.40 feet to a point in the west line of said Parcel No. 2, for the southwest corner of the herein described 118.34 acre tract, from which a 5/8" capped iron rod found at the southwest corner of said Parcel No. 2 bears S 01°17'05" E, a distance of 1216.41 feet, for reference;

THENCE N 01°17'05" W, along the west line of said Parcel No. 2, a distance of 2375.35 to the POINT OF BEGINNING and containing 118.34 acres of land, more or less.

---

**TRACT 2**

TOGETHER WITH ACCESS EASEMENT CREATED BY THAT CERTAIN ACCESS EASEMENT, FILED 02/06/2020, RECORDED IN CC#202003138, REAL PROPERTY RECORDS, PARKER COUNTY, TEXAS.

EXECUTION COPY

# RELEASE OF LIS PENDENS

## I. Parties

A. This Release of Lis Pendens, ("Release") is executed by Cortney C. Thomas, in his capacity as Receiver ("Second Receiver") pursuant to the Second Receiver Order entered in the Receiver Lawsuit (as both are defined below), to release the Lis Pendens (as defined below) and all other rights, title, interest, claims, and causes of action which encumber certain land owned by Lumar Land & Cattle, LLC ("Lumar"), a Texas limited liability company.

## II. Definitions

B. As used in this Partial Release, the following terms shall have the respective meanings set forth below:

i. The term "Adversary Proceeding" shall refer to the following adversary proceeding commenced by BM318 as a part of the Bankruptcy Case:

> *BM318, LLC, Plaintiff v. The Dixon Water Foundation, Defendant, Lumar Land & Cattle, LLC, Plaintiff-in-intervention*, Adv. No. 21-04051-mxm, United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

ii. The term "Bankruptcy Case" shall refer to the following bankruptcy case commenced by BM318:

> *In re BM318, LLC*, Case No. 20-4789-mxm, United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

iii. The term "BM318" shall mean BM318, LLC, a Texas limited liability company, the debtor in the Bankruptcy Case and the plaintiff in the Adversary Proceeding.

iv. The term "Dixon" shall mean The Dixon Water Foundation, f/k/a The Dixon Foundation, a non-profit foundation, the original defendant in the Adversary Proceeding.

v. The term "Lis Pendens" shall mean the Notice of Lis Pendens relating to BM318's claims in the Adversary Proceeding and filed by BM318 on October 27, 2021, as Document No. 202142097 in the Official Records of Parker County, Texas.

vi. The term "Lumar Deed" shall mean the Special Warranty Deed with Vendor's Lien executed by Dixon, as grantor, to Lumar, as grantee, covering the Lumar Land and recorded on April 23, 2021, as Document no. 202116538 in the Official Records of Parker County, Texas.

vii. The term "Lumar Land" shall refer to the 204.50-acre tract located in Parker County, Texas, which is more fully described in the Lumar Deed and in the attached **Exhibit "A."**

viii. The term "Original Tract" shall mean the 2,055.77-acre tract located in Parker County, Texas, which was sold by Dixon to BM318 in 2018.

ix. The term "Receiver Lawsuit" shall refer to the following lawsuit in which the Receiver was appointed:

> *Securities and Exchange Commission v. Timothy Barton, et al.*, Case 3:22-CV-2118-X, in the United States District Court for the Northern District of Texas, Dallas Division.

x. The term "Second Receiver Order" shall refer to an Order Appointing Receiver entered as Docket no. 417 in the Receiver Lawsuit on November 29, 2023, a true and accurate copy of which is attached hereto as **Exhibit "B"** appointing the Second Receiver.

xi. The term "Remaining Land" shall mean the 1,531.75 acre tract of land located in Parker County, Texas, which is the subject of BM318's claims in the Adversary Proceeding but excluding therefrom the Lumar Land.

xii. The term "Special Warranty Deed" shall mean the deed conveying the Remaining Land from BM318, as grantor, to Dixon, as grantee, and recorded on July 2, 2020 as Document no. 202019524 in the Official Records of Parker County, Texas.

## III. Recitals

C. Dixon sold the Original Tract to BM318 during 2018. The majority of the purchase price for the Original Tract was provided through owner financing by Dixon and secured by a deed of trust against most of the Original Tract. The Remaining Land constitutes a portion of the Original Tract. Dixon asserts that BM318 defaulted in the repayment of this debt. Ultimately, BM318 conveyed the Remaining Land to Dixon pursuant to the Special Warranty Deed which was recorded on July 2, 2020.

D. On September 1, 2020, BM318 commenced the Bankruptcy Case and acted as a debtor-in-possession. The Bankruptcy Court ultimately confirmed a plan of reorganization proposed by BM318 in the Bankruptcy Case which became effective on August 2, 2021.

E. On April 23, 2021, Dixon sold the Lumar Land to Lumar. The land was conveyed to Lumar pursuant to the Lumar Deed. The Lumar Land constitutes a part of the Remaining Land. Lumar financed a portion of the purchase price through loans from a third party lender.

F. On August 10, 2021, BM318 commenced the Adversary Proceeding against Dixon seeking to avoid the transfer of the Remaining Land by BM318 to Dixon pursuant to the Special Warranty Deed as a preferential or fraudulent transfer pursuant to sections 547 and 548 of the Bankruptcy Code. Dixon asserts that these avoidance claims by BM318 are without merit.

G. On October 27, 2021, BM318 filed the Lis Pendens which relates to its claims in the Adversary Proceeding against Dixon in relation to the Remaining Land.

H. Lumar sought to intervene in the Adversary Proceeding based on the Lis Pendens, which burdens the Lumar Tract as a part of the Remaining Land. The Bankruptcy Court granted Lumar leave to intervene in the Adversary Proceeding. In the Adversary Proceeding, Lumar asserts that BM318's avoidance claims as to the Remaining Land are without merit, and further asserts that it is also entitled to the protections of section 550(b)(1) and (2) of the Bankruptcy Code. Lumar further asserts that, in addition to the lack of merit in BM318's avoidance claims,

the lender's rights in the Lumar Land pursuant to its deeds of trust are further protected by section 550(b)(2) of the Bankruptcy Code. BM318 contests Lumar's assertions.

I. On September 23, 2022, the Receiver Lawsuit was filed. Thereafter, the Second Receiver was appointed to serve in such capacity through the Second Receiver Order. Based on the Second Receiver Order, further proceedings in the Adversary Proceeding are stayed.

J. Pursuant to paragraph 1 of the Second Receiver Order, the Second Receiver is appointed as receiver for BM318, as one of the "Receivership Entities," with exclusive control and possession of the BM318 assets, of whatever kind and wherever located, including all tangible and intangible property, and which are included as part of the "Receivership Property". Paragraph 3 of the Second Receiver Order clothes the Second Receiver with all power, right and authority possessed by the officers, directors, and managers of each of the Receivership Entities, which includes BM318. Paragraph 6 grants the Second Receiver broad powers over the Receivership Property, including the right to take any action which, prior to the entry of the Second Receiver Order, could have been taken by the officers, directors, managers, and agent of any of the Receivership Entities.

K. BM318's claims and rights in relation to the Adversary Proceeding, including in relation to the Lis Pendens, constitute Receivership Assets subject to the Second Receiver's control pursuant to the Second Receiver Order. This allows the Receiver to settle and resolve the Adversary Proceeding and release the Lis Pendens.

L. The Second Receiver has executed this Release based on the provisions of the Second Receiver Order, his control of BM318 as one of the Receivership Entities, and his control of all property of BM318 as part of the Receivership Assets.

M. The Second Receiver (acting on behalf of BM318) has entered into a Settlement and Release Agreement ("Settlement Agreement") with Lumar to settle and resolve all claims among them in the Adversary Proceeding. The Settlement Agreement is subject to the Agreement to Reaffirm and Adopt Settlement and Release Agreement ("Reaffirmation and Adoption Agreement") among the Second Receiver and Lumar. References herein to the Settlement Agreement refer to the Settlement Agreement subject to the Reaffirmation and Adoption Agreement.

N. The District Court has entered an Order on April 15, 2024, as docket no. 486, modifying the litigation stay contained in the Second Receiver Order to allow the Parties to seek approval of the Settlement Agreement and the Reaffirmation and Adoption Agreement. This Settlement Agreement has been approved by the Bankruptcy Court pursuant to an order entered on May 28, 2024, as docket no. 164, and ratified by the Receivership Court pursuant to an order entered on August 18, 2024, as docket no. 550.

O. This Release is executed and delivered by the Second Receiver pursuant to the Settlement Agreement.

## IV. Release of Lis Pendens

FOR VALUE RECEIVED, pursuant to the terms of the Settlement Agreement, acting with regard to the Receivership Assets of BM318 as one of the Receivership Entities subject to the Second Receiver Order, the Second Receiver hereby releases the Lis Pendens as against the Lumar Land. By so releasing the Lis Pendens against the Lumar Land, the Second Receiver

EXECUTION COPY

also releases all rights, title, interest, claims, and causes of action against the Lumar Land, including all claims relating to the Lumar Land asserted or which could have been asserted in the Adversary Proceeding.

Any other term hereof notwithstanding, by this Release the Second Receiver does not release, impair or impact any right, title, interest, claims, and causes of action of or by BM318 against any portion of the Remaining Land.

Executed and effective as of this _____________ day of _____________, 2024.

**SECOND RECEIVER**:

___________________________________
Cortney C. Thomas, as Second Receiver
Pursuant to the Second Receivership Order

**ACKNOWLEDGMENT**:

STATE OF TEXAS

COUNTY OF DALLAS

This instrument was acknowledged before me on the _____ day of ________________, 2024, by Cortney C. Thomas, as Receiver for BM318, LLC.

My commission expires: _________________________

______________________________
Notary Public, State of Texas

**WHEN RECORDED, RETURN TO:**

J. Robert Forshey
Forshey & Prostok, LLP
777 Main Street, Suite 1550
Fort Worth, Texas 76102

L:\BFORSHEY\Lumar Land & Cattle, LLC (BM318)(non-bnkrptcy)#6323\Barton - SEC Civil Suit 22-cv-02118 (Receivership)\Release of Lis Pendens (Execution v) 8.20.24.docx

# Exhibit A

**EXHIBIT A**

**THE LAND**

BEING 204.50 acres situated in the JAMES BRADLEY SURVEY, Abstract No. 119 and the J.H. REAN SURVEY, Abstract No. 1106, Parker County, Texas, being a portion of that certain tract of land described in deed to The Dixon Water Foundation, recorded in Instrument Number 202019524, Official Public Records, Parker County, Texas, being more particularly described, as follows:

COMMENCING at a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of Bear Creek Road with the northwesterly line of Bear Creek Ranch Road (a 60' Dedicated Public Right-of-Way) and being the east corner of Lot 1, Block A, BEAR CREEK RANCH, an Addition to Parker County, Texas, according to the Plat recorded in Cabinet E, Slide 551, Plat Records, Parker County, Texas;

THENCE S 55°31'36" E, along the southwesterly line of said Bear Creek Road, a distance of 60.00 feet to a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the intersection of the southwesterly line of said Bear Creek Road with the southeasterly line of said Bear Creek Ranch Road;

THENCE N 33°46'16" E, a distance of 30.02 feet to a railroad spike found in Bear Creek Road for the POINT OF BEGINNING of the herein described tract, said BEGINNING point having a NAD 83, Zone 4202 (Grid) coordinate value of NORTH: 6914862.12 and EAST: 2237394.23, for reference;

THENCE in and along said Bear Creek Road, as follows:

S 55°59'27" E, a distance of 325.40 feet to a point;

S 71°46'27" E, a distance of 801.00 feet to a point;

S 70°43'19" E, a distance of 221.91 feet to a 5/8" iron rod found;

S 70°45'54" E, a distance of 1742.88 feet to a 1/2" iron rod found at the most north, northeast corner of said Dixon Water Foundation tract;

THENCE S 24°06'27" W, leaving said Bear Creek Road, along a northerly east line of said Dixon Water Foundation tract, passing the northwest corner of that certain tract of land described in deed to Kevin Reeves, recorded in Instrument Number 201702400, Official Public Records, Parker County, Texas, continuing along the common line of said Dixon Water Foundation tract and said Reeves tract, passing the north corner of that certain tract of land described in deed to Mike Wright and wife, Jamie Wright, recorded in Instrument Number 202021901, Official Public Records, Parker County, Texas and continuing along the common line of said Dixon Water Foundation tract and said Wright tract, in all, a distance of 1186.42 feet to a 5/8" iron rod found at an interior ell corner of said Dixon Water Foundation tract, being the most west corner of said Wright tract;

THENCE along the common line of said Dixon Water Foundation tract and said Wright tract, as follows:

S 60°42'50" E, a distance of 230.94 feet to a 5/8" iron rod found;

S 14°49'14" E, a distance of 744.61 feet to a 5/8" iron rod found;

N 72°21'34" E, a distance of 390.26 feet to a point in a southerly, west line of said Reeves tract, from which a 3" steel pipe fence post found bears N 06°43'26" W, a distance of 1.25 feet, for reference;

THENCE S 00°10' 37" W, along the common line of said Dixon Water Foundation tract and said Reeves tract, a distance of 764.25 feet to a 1/2" iron rod found at the southwest corner of said Reeves tract and being the southeast corner of the herein described tract;

THENCE N 85°12'57" W, across said Dixon Water Foundation tract, a distance of 3373.55 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" for the southwest corner of the herein described tract, from which a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of that certain tract of land described in deed to GH Lumar JV, recorded in Instrument Number 201924134, Official Public Records, Parker County, Texas, bears N 89°37'52" W, a distance of 266.86 feet, for reference;

THENCE continuing across said Dixon Water Foundation tract, as follows:

N 03°21'24" E, a distance of 330.89 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 01°38'28" E, a distance of 428.44 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084";

N 00° 12' 47" E, a distance of 95.78 feet to a 1/2" capped iron rod set stamped "C.F. Stark RPLS 5084" in the south line of that certain remaining portion tract of land described in deed to GH Lumar JV, recorded in Instrument Number 202024136, Official Public Records, Parker County, Texas;

THENCE S 80°56'20" E, along the south line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 31.26 feet to a 1/2" capped iron rod set stamped "C.F. a the southeast corner of said GH Lumar JV tract (Instrument Number 202024136);

THENCE N 00°31'28" W, along the east line of said GH Lumar JV tract (Instrument Number 202024136), a distance of 655.53 feet to a 1/2" iron rod found;

THENCE N 09°47'14" W, continuing along the east line of said GH Lumar JV tract (Instrument Number 202024136), at a distance of 741.92 feet passing a 1/2" capped iron rod found stamped "C.F. Stark RPLS 5084" at the southeast corner of the Bear Creek Ranch Road Dedicated Public Right-of-Way as shown on said BEAR CREEK RANCH Plat, recorded in said Cabinet E, Slide 551, and continuing along the northeasterly line of said Bear Creek Ranch Road, in all, a distance of 797.08 feet to a 1/2" iron rod found;

THENCE along the northeast, east and southeasterly line of said Bear Creek Ranch Road, as follows:

N 32°59' 06" W, a distance of 349.92 feet to a 1/2" iron rod found;

N 09°44'07" E, a distance of 103.49 feet to a 1/2" iron rod found;

N 33°46'16" E, a distance of 811.29 feet to the POINT OF BEGINNING and containing 204.50 acres (8,908,185 square feet) of land, more or less.

# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON,<br>CARNEGIE DEVELOPMENT, LLC,<br>WALL007, LLC,<br>WALL009, LLC,<br>WALL010, LLC,<br>WALL011, LLC,<br>WALL012, LLC,<br>WALL016, LLC,<br>WALL017, LLC,<br>WALL018, LLC,<br>WALL019, LLC,<br>HAOQIANG FU (a/k/a MICHAEL FU),<br>STEPHEN T. WALL,<br><br>*Defendants,*<br><br>DJD LAND PARTNERS, LLC, and<br>LDG001, LLC,<br><br>*Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**ORDER APPOINTING RECEIVER**

For the reasons set out in a memorandum opinion and order filed today, the Court enters the following order.

**WHEREAS** this matter has come before this Court upon motion of Plaintiff Securities and Exchange Commission ("SEC") to appoint a receiver in the above-captioned action; and,

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities (defined below);

**WHEREAS** the Court finds that: (a) there is a clear necessity for the receivership to protect defrauded investors' interest in property; (b) legal and less drastic equitable remedies are inadequate; and (c) the benefits of a receivership outweigh the burdens on the affected parties.

**WHEREAS** the Court finds that: (a) a receiver is necessary to manage the Receivership Entities' properties to preserve and protect the value of such properties; (b) Defendant Timothy Barton ("Barton") has misused and mismanaged the Receivership Entities' properties and has, and is likely to continue to, misuse, dissipate and/or conceal investor funds and assets obtained with, or that otherwise benefited from, investor funds; (c) certain Receivership Entities and their assets are subject to liens, lawsuits, and foreclosures that threaten to further diminish their value without the protection of a receiver that would have the power to stay litigation and foreclosures, among other powers; (d) there is a substantial risk that Barton, the Receivership Entities, and other entities that Barton directly or indirectly controls do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors; (e) absent a receiver to manage, maximize, and protect the value of the Receivership Entities' assets, the investors' interest in these properties is at substantial risk; and (f) these benefits outweigh the burden on Barton.

**WHEREAS** the Court finds that each of the Receivership Entities received or

benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Entities, and venue properly lies in this district.

**WHEREAS**, the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following entities, each of which received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation (collectively, "Receivership Entities"):

2. 126 Villita, LLC
3. 2999TC Acquisitions LLC
4. 2999TC JMJ CMGR, LLC (Delaware)
5. AVG West, LLC
6. BEE2019, LLC

7. BM318, LLC
8. Broadview Holdings Trust
9. Carnegie Development, LLC
10. D4DS LLC
11. D4FR LLC
12. D4IN, LLC (Texas)
13. D4KL, LLC
14. D4MC, LLC (Texas)
15. D4OP, LLC
16. DJD Land Partners, LLC
17. Enoch Investments, LLC
18. FHC Acquisition, LLC
19. Gillespie Villas, LLC
20. Goldmark Hospitality, LLC
21. HR Sterling, LLC
22. JMJ Acquisitions, LLC
23. JMJ Development LLC (f/k/a JMJ Development, Inc.)
24. JMJ Hospitality, LLC
25. JMJ VC Management, LLC
26. JMJAV, LLC
27. JMJD4, LLC (Delaware)
28. JMR100, LLC
29. LaJolla Construction Management, LLC

30. LC Aledo TX, LLC
31. LDG001, LLC
32. Lynco Ventures, LLC
33. Mansions Apartment Homes at Marine Creek, LLC
34. Marine Creek SP, LLC
35. MO 2999TC, LLC
36. Northstar PM, LLC (Texas)
37. Orchard Farms Village, LLC
38. Ridgeview Addition, LLC (Texas)
39. Seagoville Farms, LLC
40. SF Rock Creek, LLC
41. TC Hall, LLC
42. Titan Investments, LLC a/k/a Titan 2022 Investments, LLC
43. Venus59, LLC
44. Villita Development, LLC
45. Villita Towers, LLC
46. WALL007, LLC
47. WALL009, LLC
48. WALL010, LLC
49. WALL011, LLC
50. WALL012, LLC
51. WALL016, LLC
52. WALL017, LLC

53. WALL018, LLC

54. WALL019, LLC

55. WRL2019, LLC (Texas)

2. Until further Order of this Court, Cortney C. Thomas is hereby appointed to serve without bond as receiver (the "Receiver") of the Receivership Entities.

3. The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Rule 66 of the Federal Rules of Civil Procedure.

## I. GENERAL POWERS AND DUTIES OF RECEIVER

4. The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operations of the Receivership Entities and shall pursue and preserve all of their claims.

5. No person holding or claiming any position of any sort with any of the Receivership Entities shall possess any authority to act by or on behalf of any of the Receivership Entities.

6. Subject to the specific provisions in Sections II through XII below, the Receiver shall have the following general powers and duties:

A. To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B. To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C. To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D. To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Entities;

F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation, concealment, or inequitable distribution of Receivership Property;

H. Enter into and cancel contracts and purchase insurance as the Receiver deems necessary or advisable;

G. The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I. To bring such legal actions based in law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist, defend, compromise or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Entities; and,

K. To take such other action as may be approved by this Court.

## II. ACCESS TO INFORMATION

7. The individual Receivership Entities and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

8. Within ten (10) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and

any other agents or contractors of the Receivership Entities; and, (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Entities.

9. Within twenty (20) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement and accounting, with complete documentation, covering the period from January 1, 2017 to the present:

A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Entities, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry, and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage, or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage, or other financial institution;

B. Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Entities have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Entities;

C. Identifying all credit, bank, charge, debit, or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve (12) months;

D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all funds received by the Receivership Entities, and each of them, in any way related, directly or indirectly, to the conduct alleged in the SEC's Complaint. The submission must clearly identify, among other things,

all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F. Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G. Of all transfers of assets made by any of them.

10. Within thirty (30) days of the entry of this Order, the Receivership Entities shall provide to the Receiver and the SEC copies of the Receivership Entities' federal income tax returns for the years 2017 through 2021 with all relevant and necessary underlying documentation.

11. The Receivership Entities and the Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.

12. The Receivership Entities are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

## III. <u>ACCESS TO BOOKS, RECORDS, AND ACCOUNTS</u>

13. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Entities. All persons and entities having

control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14. The Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, email, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

15. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Entities that receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

A. Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D. Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

## IV. ACCESS TO REAL AND PERSONAL PROPERTY

16. The Receiver is authorized to take immediate possession of all personal property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

17. The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, email, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.

18. The Receivership Entities, all persons acting on behalf of any Receivership Defendant, and any person who receives actual or constructive notice of this Order who has or had possession or control over any Receivership Assets, is directed to:

A. Hold and retain any such Receivership Assets that are within his or her control and prohibit any person or entity from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning,

pledging, selling, spending, transferring, or withdrawing any such Asset except:

1. As directed by further order of the Court; or

2. As directed in writing by the Receiver.

B. Within five (5) business days after being served a copy of this Order, provide the Receiver a sworn statement setting forth:

1. The account number and other identifying information for any such Receivership Asset belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Defendant;

2. The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, on or after March 1, 2021, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted;

3. All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices;

4. The identification and location of any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity, and if the safe deposit box, storage facility, commercial mailbox, or storage facility has been closed or removed, the date closed or removed;

5. Within five (5) business days of a written request from the Receiver, provide the Receiver copies of all Documents relating to each Receivership Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

19. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

20. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

21. Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V. REPATRIATION OF ASSETS AND DOCUMENTS

22. Immediately upon service of this Order, any person or entity with possession or control over any Receivership Assets shall:

> A. Take such steps as are necessary to transfer to the United States all Documents and Assets that are located outside the United States and belong to, are for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity; and

> B. Hold and retain all repatriated Assets and prevent the disposition, transfer, or dissipation of such Assets except as required by this Order.

23. Receivership Entities, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

A. Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all Assets have been fully repatriated according to Section VIII of this Order; or

B. Notifying any trustee, protector, or other agent of any Defendant or Receivership Entity of the existence of this Order, or of the fact that repatriation is required under a court Order, until such time as all Assets have been fully repatriated according to Section VIII of this Order.

## VI. NOTICE TO THIRD PARTIES

24. Defendants and the Receivership Entities shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant or Receivership Defendant. Within ten (10) business days following service of this Order, Defendants and Receivership Entities shall serve on the Receiver a declaration identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants or Receivership Entities served with a copy of this Order in compliance with this provision.

25. Copies of this Order may be served by the Receiver by any means, including U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the Receiver, by any law enforcement agency, or by process server, upon any person, including financial institutions, that may have possession, custody, or control over any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Receivership Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall constitute service upon the entire financial institution.

26. The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

27. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

28. In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government

offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

29. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities.

30. The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Entities, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

31. Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership

Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII. INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

32. The Receivership Entities and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

> A. Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;
>
> B. Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;
>
> C. Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property;
>
> D. Create, operate, or exercise any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; or,

E. Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

## VIII. COOPERATION WITH THE RECEIVER

33. Defendants and Receivership Entities, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, whether acting directly or indirectly and all persons who receive actual notice of this Order, shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities. This cooperation and assistance shall include, but is not limited to:

A. Providing information to the Receiver as directed above or that the Receiver deems necessary to exercise the authority and discharge the responsibilities delegated to the Receiver under this Order;

B. Advising all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver; and

C. Transferring funds at the Receiver's direction and producing Documents related to the Assets and sales of the Receivership Entities. The entities obligated to cooperate with the Receiver under this provision include financial institutions and persons that have transacted business with the Receivership Entities. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX. STAY OF LITIGATION

34. As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35. The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

36. All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X. MANAGING ASSETS

37. For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

38. The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Barton Companies" together with the name of the action.

39. The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

40. Subject to Paragraph 42 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

41. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

42. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

43. The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

## XI. INVESTIGATE AND PROSECUTE CLAIMS

44. The Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

45. Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the SEC before commencing investigations and/or actions.

46. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

47. The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII. BANKRUPTCY FILING

48. Effective immediately, the Receiver, as sole and exclusive officer, director and managing member of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC (collectively, "Wall Entities"), shall possess sole and exclusive authority and control over the Wall Entities, as debtors-in-possession, in their respective Chapter 11 cases titled *In re WALL007 LLC, et al.*, No. 22-41049 (Bankr. E.D. Tex.) (the "Bankruptcy Cases") pending in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"). The employment of any and all other officers, directors, managers or other employees of the Wall Entities is and are hereby terminated by the Court. All such persons shall comply with the applicable provisions of this Order.

49. Within thirty (30) days of the entry of this Order, the Receiver shall report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership. The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order.

50. The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for other Receivership Entities. If a Receivership Defendant is (or has been) placed in

bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 3 above, the Receiver is vested with management authority for all entity Receivership Entities and may therefore file and manage a Chapter 11 petition.

51. All persons and entities, other than the Receiver, are barred from commencing any bankruptcy proceedings against any of the Receivership Entities.

## XIII. LIABILITY OF RECEIVER

52. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

53. The Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

54. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

55. In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the

resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIV. RECOMMENDATIONS AND REPORTS

56. The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

57. Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

58. Within thirty (30) days after the end of each subsequent calendar quarter following the date on which the Receiver files his Liquidation Plan, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

59. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

60. On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XV. FEES, EXPENSES, AND ACCOUNTINGS

61. Subject to the paragraphs below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

62. Subject to the paragraph immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any

Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

63. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the Court.

64. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

65. All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

66. Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

FILED
SEP 1 0 2024
CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**BM318, LLC,**<br>**Debtor.** | §<br>§<br>§<br>§ | **CASE NO. 20-42789-mxm-11**<br>**CHAPTER 11** |
| **BM318, LLC,**<br>**Plaintiff,**<br><br>**v.**<br><br>**DIXON WATER FOUNDATION,**<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **ADVERSARY NO. 21-04051** |
| **LUMAR LAND & CATTLE, LLC,**<br>**Plaintiff-in-Intervention**<br><br>**v.**<br><br>**BM318, LLC,**<br>**Defendant-in-Intervention** | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

## AMENDED NOTICE OF APPEAL

PLEASE TAKE NOTICE that Timothy Barton as President of BM318 LLC, Pro Se, hereby appeals to the United States District Court, Northern District of Texas, Fort Worth Division, from the *Final Agreed Judgment Dismissing the Adversary Proceeding* [Docket No. 142] entered on August 26, 2024.

1. The Appellant is Timothy Barton.

2. The Appellant is the President of the Plaintiff and Defendant-in-Intervention in the above-captioned adversary proceeding that is the subject of the appeal.

3. The Order appealed from is the Bankruptcy Court's *Final Agreed Judgment Dismissing the Adversary Proceeding* [Docket No. 142] entered on August 26, 2024.

4. The other parties to this appeal are:

**BM318, LLC, Plaintiff and Defendant-in-Intervention:**

c/o Timothy Barton, President
P.O. Box 117625
Carrollton, TX 75007
Telephone: (214) 673-8714
Email: timothy.barton@proton.me

Appellant

**Cortney C. Thomas, Receiver, represented by:**

C. Alan Carrillo and
Charlene C. Koonce
Brown Fox PLLC
8111 Preston Road, Suite 300
Dallas, TX 75225
Telephone: (214) 327-5000
Email: alan@brownfoxlaw.com
charlene@brownfoxlaw.com

Appellee

**The Dixon Water Foundation, Defendant, represented by:**

Deborah M. Perry
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 4000
Dallas, TX 75201
Telephone: (214) 855-7500
Email: dperry@munsch.com

Appellee

**Lumar Land and Cattle, LLC, Plaintiff-in-Intervention, represented by:**

J. Robert Forshey
Forshey & Prostok, LLP
777 Main Street, Suite 1550
Fort Worth, TX 76102
Telephone: (817) 877-8855
Email: bforshey@forsheyprostok.com

Appellee

Kimberly P. Harris and
Joshua L. Shepherd
Quilling, Selander, Lownds,
Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 871-2100

Appellee

Email: kharris@qslwm.com
Jshepherd@qslwm.com

Dated: September 10, 2024.

Respectfully submitted,

______________________
Timothy Barton
P. O. Box 117625
Carrollton, TX 75007
Tel: (214) 673-8714
Email: timothy.barton@proton.me
PRO SE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 10, 2024, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below:

J. Robert Forshey on behalf of Counter-Defendant Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

J. Robert Forshey on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
bforshey@forsheyprostok.com,
calendar@forsheyprostok.com;jgonzalez@forsheyprostok.com;bforshey@ecf.courtdrive.com;calendar_0573@ecf.courtdrive.com;forsheyprostokllp@jubileebk.net

Kimberly Paige Harris on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
kharris@qslwm.com, kdepasquale@qslwm.com

Charlene Cantrell Koonce on behalf of Attorney Cortney C. Thomas
charlene@brownfoxlaw.com, rmelissa@brownfoxlaw.com

Joyce W. Lindauer on behalf of Plaintiff BM318, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Jay Ong on behalf of Defendant The Dixon Water Foundation
jong@munsch.com, amays@munsch.com;jay-ong-4326@ecf.pacerpro.com

Deborah M. Perry on behalf of Counter-Claimant The Dixon Water Foundation
dperry@munsch.com

Deborah M. Perry on behalf of Defendant The Dixon Water Foundation
dperry@munsch.com

Joshua Lee Shepherd on behalf of Intervenor-Plaintiff Lumar Land & Cattle, LLC
jshepherd@qslwm.com, dcruz@qslwm.com

Julian Preston Vasek on behalf of Counter-Claimant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Julian Preston Vasek on behalf of Defendant The Dixon Water Foundation
jvasek@munsch.com, CourtMail@munsch.com

Timothy Barton