Case No. 4:24-cv-863-P

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

In re BM318, LLC,

Debtor.

---

Timothy Barton, *et al.*,

Appellants,

v.

Cortney C. Thomas, Receiver, *et al.*,

Appellees.

# BRIEF OF APPELLEE THE DIXON WATER FOUNDATION

On Appeal from the United States Bankruptcy Court for the Northern District of Texas, the Honorable Mark X. Mullin

Deborah M. Perry
Julian P. Vasek
**MUNSCH HARDT KOPF & HARR, P.C.**
500 North Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**ATTORNEYS FOR THE DIXON WATER FOUNDATION, APPELLEE**

Case No. 4:24-cv-863-P

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

In re BM318, LLC,

Debtor.

Timothy Barton, *et al.*,

Appellants,

v.

Cortney C. Thomas, Receiver, *et al.*,

Appellees.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Bankruptcy Rule 8012, no parent corporation nor any publicly held corporation owns 10% or more of the stock or other ownership interest in The Dixon Water Foundation, which is a Texas-based nonprofit organization.

By: /s/ *Deborah M. Perry*
Deborah M. Perry

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................i

TABLE OF AUTHORITIES ........................................................iv

I. STATEMENT REGARDING ORAL ARGUMENT ........................................................1

II. JURISDICTIONAL STATEMENT ........................................................1

III. STATEMENT OF THE ISSUES ........................................................2

IV. STATEMENT OF THE CASE ........................................................3

V. SUMMARY OF THE ARGUMENT ........................................................7

VI. ARGUMENT & AUTHORITIES ........................................................8

A. The appellate record does not support Barton's briefing, and the Court should disregard his appendix because it contains documents outside the record. ........................................................8

B. Even if the Court were to look beyond the record, Barton's arguments have no merit. ........................................................10

i. Barton filing a notice of appeal in another case, in a different court, did not deprive the Bankruptcy Court of jurisdiction. ........................................................10

ii. Barton had his day in Court, and Constitutional due process does not include the right to an appeal. ........................................................13

iii. Barton has not satisfied the procedural requirements to obtain a stay pending appeal, much less the substantive ones. ........................................................15

iv. Barton did not appeal the order approving the Settlement, therefore res judicata and collateral estoppel bar re-litigation of that dispute here. ........................................................16

VII. CONCLUSION....................................................................................18

CERTIFICATE OF SERVICE ...........................................................................20

CERTIFICATE OF COMPLIANCE....................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry*, 449 U.S. 90 (1980)....................18

*Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897 (5th Cir. 1983)....................12, 13

*Balke v. Carmichael*, No. CV H-19-313, 2019 WL 13191287 (S.D. Tex. July 30, 2019)....................8

*Barton v. HNGH Turtle Creek (Matter of 2999TC Acquisitions, L.L.C. )*, 2024 WL 1283342 (5th Cir. Mar. 26, 2024)....................8

*Bryant v. Bosco Credit Tr. II Tr. Series 2010-1*, 621 B.R. 113 (N.D. Tex. 2020)....................2

*Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015)....................18

*Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884 (7th Cir. 2007)....................14

*HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199 (5th Cir. 2018)....................1

*In re CPDC Inc.*, 221 F.3d 693 (5th Cir. 2000)....................8

*In re GGM, P.C.*, 165 F.3d 1026 (5th Cir. 1999)....................2

*In re Reddy Ice Holdings, Inc.*, 611 B.R. 802 (Bankr. N.D. Tex. 2020)....................18

*Mathews v. Eldridge*, 424 U.S. 319 (1976)....................13, 14

*Nat'l Union of Marine Cooks and Stewards v. Arnold*, 348 U.S. 37 (1954)....................14

*Needhan Street Inv. Trust v. FBI Dist. Corp. (In re FBI Dist. Corp.)*, 267 B.R. 655 (BAP 1st Cir. 2001)....................11

*Russell v. Ingegneri*, 2016 WL 4379536 (N.D. Al. 17, 2016)....................12

*Sample v. Morrison*, 406 F.3d 310 (5th Cir. 2005)........................................1

*Taylor v. Sturgell*, 553 U.S. 880 (2008)........................................18

*Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559
(5th Cir. 2005)........................................18

*Texas v. United States*, 40 F.4th 205 (5th Cir. 2022)........................................16

*The Aetna Casualty and Surety Co. v. Markarian (In re Markarian)*,
228 B.R. 34 (BAP 1st Cir. 1998)........................................12

*Thomas v. Bryant*, 919 F.3d 298 (5th Cir. 2019)........................................16

*U.S. v. Mendoza*, 390 F. Supp. 2d 925 (N.D. Cal. 2005)........................................12

**<u>Statutes and Rules</u>**

28 U.S.C. § 157........................................1

28 U.S.C. § 158........................................1

28 U.S.C. § 1334........................................1

Fed. R. Bankr. P. 8002........................................11

Fed. R. Bankr. P. 8007........................................15, 16

Fed. R. Bankr. P. 8009........................................2, 3

Fed. R. Bankr. P. 9006........................................2

NOW COMES appellee The Dixon Water Foundation ("Dixon") and files this brief, in support of which it would respectfully show as follows:[1]

## I. STATEMENT REGARDING ORAL ARGUMENT

The District Courts in this district, when exercising appellate jurisdiction over orders and judgments originating in the Bankruptcy Courts, rarely entertain oral argument. Nothing about this case warrants departure from that practice. The appellant is not a party to the judgment he appeals and therefore lacks standing. He failed to designate a record, and he failed to preserve any issues for review. For these reasons and others, the Court should either dismiss the appeal or summarily affirm the Bankruptcy Court's judgment.

## II. JURISDICTIONAL STATEMENT

The Bankruptcy Court had jurisdiction under 28 U.S.C. §§ 157 and 1334. Ordinarily, this Court would have jurisdiction under 28 U.S.C. § 158(a)(1). For the reasons set forth in the *Joint Motion to Dismiss Appeal* (Dkt. No. 13), however, this Court lacks subject matter jurisdiction. Simply put, Barton lacks standing, and "[s]tanding is a component of subject matter jurisdiction." *HSBC Bank USA, N.A. as Tr. for Merrill Lynch Mortg. Loan v. Crum*, 907 F.3d 199, 202 (5th Cir. 2018) (citing *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005)). "Subject matter

[1] Dixon files this Brief expressly subject to the *Joint Motion to Dismiss Appeal* (Dkt. No. 13), filed by the Appellees seeking dismissal of this appeal because Barton lacks standing to bring this appeal.

jurisdiction may be raised at any time, and may even be raised for the first time on appeal." *Id.* Barton, the only appellant, lacks standing, therefore this Court lacks subject matter jurisdiction.

## III. STATEMENT OF THE ISSUES

Barton has not preserved any issues for the Court to resolve in this appeal. Barton filed his notice of appeal on September 6, 2024.[2] He then had fourteen days—or until September 20, 2024—to file a statement of the issues on appeal. Fed. R. Bankr. P. 8009(a)(1). But Barton did not meet this deadline, and he never sought to extend it, which at this point would require him to show excusable neglect.[3] Fed. R. Bankr. P. 9006(b)(1). This failure resulted in Barton waiving all issues for appellate review. *See In re GGM, P.C.*, 165 F.3d 1026, 1031 (5th Cir. 1999) ("We hold that Zimmerman waived this issue by failing to include it in his statement of issues to be presented on appeal to the district court."); *Bryant v. Bosco Credit Tr. II Tr. Series 2010-1*, 621 B.R. 113, 120 (N.D. Tex. 2020) ("The Court agrees with Appellants—this issue was not properly raised as an appellate issue in it [sic] statement of issues on appeal, therefore Bosco has waived it.").

---

[2] R.000053.

[3] Barton filed a statement of the issues on October 1, 2024, ten days after the deadline. At that point the Bankruptcy Clerk had already transmitted the deficient record to this Court. Dkt. No. 3.

Even if the Court were inclined to look past this deficiency and proceed with hearing Barton's appeal, the Bankruptcy Court did not exceed its jurisdiction when entering the Agreed Judgment and did not abuse its discretion by entering the Agreed Judgment.

## IV. STATEMENT OF THE CASE

Dixon objects to Barton's statement of the case to the extent it includes facts the Court cannot ascertain from the record, and Dixon objects to Barton's appendix to the extent it includes documents outside the record. Barton failed to designate an appellate record under Fed. R. Bankr. P. 8009(1), so the Clerk transmitted the record as deficient. Dkt. No. 3, p. 1. The entire record consists of: (i) Barton's amended notice of appeal; (ii) Barton's original notice of appeal; (iii) the *Final Agreed Judgment Dismissing the Adversary Proceeding* (the "Agreed Judgment"); (iv) the docket sheet in Adversary Proceeding No. 21-04051 (the "Adversary Proceeding"); and (v) the docket sheet in Bankruptcy Case No. 20-42789 (the "Bankruptcy Case"). *See* Dkt. No. 3, p. 2 (Index of Record). Dixon limits its statement of the case to facts ascertainable from this limited record.[4]

On September 1, 2020, BM318, LLC (the "Debtor") filed a voluntary chapter 11 petition, thereby initiating the Bankruptcy Case in the United States Bankruptcy

[4] Should the Court be inclined to consider Barton's appendix, Dixon respectfully requests permission to file supplemental briefing.

Court for the Northern District of Texas, Fort Worth Division (the "Bankruptcy Court").[5] On August 10, 2021, the Debtor filed the Adversary Proceeding against Dixon, seeking to recover alleged preferential and fraudulent transfers.[6] The Bankruptcy Court entered an order authorizing Lumar Land & Cattle, LLC ("Lumar", and collectively with the Receiver and Dixon, the "Appellees") to intervene on February 14, 2022,[7] and Lumar filed a complaint in intervention two days later on February 16, 2022.[8]

Based on the limited record, Barton cannot demonstrate any direct interest in the Bankruptcy Case or the Adversary Proceeding. Except for one instance where the Debtor's counsel listed Barton as a witness in connection with an unrelated matter,[9] the docket sheet in the Bankruptcy Case does not mention Barton at all. Likewise, until Barton filed his notice of appeal, the docket sheet in the Adversary Proceeding did not mention Barton either.

Barton is, however, prominently featured as a defendant in the *Order Appointing Receiver* (the "Receivership Order"),[10] which appears in the record

---

[5] R.000120.

[6] R.000104-106.

[7] R.000108. (Dkt. No. 32).

[8] R.000108 (Dkt. No. 33).

[9] R.000130 (Dkt. No. 129).

[10] R.000026.

twice, as an attachment to the Agreed Judgment. The United States District Court for the Northern District of Texas, Dallas Division (the "District Court"), entered the Receivership Order on November 29, 2023, in Civ. Act. No. 3:22-cv-2118-x (the "Receivership Proceeding"). Based on Barton's misconduct, the Receivership Order appointed Cortney C. Thomas as the receiver (the "Receiver") for the Debtor, to take exclusive possession and control of the Debtor and numerous other entities.[11]

It bears emphasis that the Receivership Proceeding, pending before the District Court in Dallas, is entirely distinct and separate from the Bankruptcy Case, pending before the Bankruptcy Court in Fort Worth. The two cases happen to involve some (but hardly all) of the same parties. The distinction warrants heightened attention because Barton's brief attempts to blur the lines between the two proceedings.

Vested with exclusive authority to direct the corporate governance of the Debtor under the Receivership Order, the Receiver took control of the Debtor in the Bankruptcy Case.[12] He entered into settlement agreements on behalf of the Debtor with Dixon and Lumar (collectively, the "Settlement"), and he caused the Debtor to

---

[11] R.000026-33.

[12] R. 000031, ¶ 3 ("The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity [sic] Receivership Entities under applicable state and federal law ….").

file motions to approve those settlements in the Bankruptcy Case.[13] The Bankruptcy Court entered orders approving the Settlement on May 28, 2024 (the "Settlement Orders").[14] Neither Barton nor anyone else appealed the Settlement Orders.[15] The Settlement Orders are final and non-appealable for all purposes.

On August 26, 2024, the Bankruptcy Court entered the Agreed Judgment (the "Agreed Judgment").[16] Barton, having never appeared in the Adversary Proceeding before, inexplicably filed a notice of appeal from the Agreed Judgment on September 6, 2024,[17] which he amended on September 10, 2024 (collectively, the "Notice of Appeal").[18] The Notice of Appeal suggests Barton appealed the Agreed Judgment "as President of [the Debtor], Pro Se …."[19] He signed the Notice of Appeal in his individual capacity, *pro se*.[20] Despite the fact that only the Receiver—a signatory to the agreed Judgment who had no reason to appeal it[21]—had authority

[13] R.000132 (Dkt. Nos. 147, 149).

[14] R.000134 (Dkt. Nos. 163, 164).

[15] *See* R.000134.

[16] R.000005; R.000018 (Dkt. No. 142).

[17] R.000119 (Dkt. No. 144).

[18] R.000119 (Dkt. No. 147).

[19] R.000001.

[20] R.000002.

[21] R.000008.

to act on behalf of the Debtor, Barton then hand-wrote "Appellant" next to the Debtor's name in the Notice of Appeal.[22]

## V. SUMMARY OF THE ARGUMENT

Barton appeals from the Agreed Judgment entered in the Adversary Proceeding. But Barton is not a party to the Agreed Judgment. He never intervened in the Adversary Proceeding, and he had no involvement at all until he inexplicably filed a notice of appeal. Even then, he never filed a designation of the record or a statement of the issues as required by the rules. Failure to identify issues when commencing an appeal waives the appeal as to those issues. Likewise, failure to designate an appellate record waives appellate review. The Court simply cannot adjudicate this appeal without a record to review or issues to resolve, therefore the Court should summarily affirm the Agreed Judgment.

Even if the Court were inclined to look beyond the record as Barton's brief does, the appeal fails on the merits for four reasons: (i) Barton filing a notice of appeal in another case, in a different court, did not deprive the Bankruptcy Court of jurisdiction to enter the Agreed Judgment; (ii) Barton had his day in Court when he appeared and lodged an objection at the hearing to approve the Settlement, and Constitutional due process does not include the right to an appeal; (iii) Barton has not satisfied the procedural requirements to obtain a stay pending appeal, much less

[22] R.000002.

the substantive ones—he does not even mention the applicable standards; and (iv) Barton did not appeal the order approving the Settlement, therefore res judicata and collateral estoppel bar re-litigation of that dispute here or anywhere else.

## VI. ARGUMENT & AUTHORITIES

### A. The appellate record does not support Barton's briefing, and the Court should disregard his appendix because it contains documents outside the record.

"Failing to properly designate an adequate record for an issue on appeal under Rule 8009 can waive or forfeit that issue." *Balke v. Carmichael*, No. CV H-19-313, 2019 WL 13191287, at *6 (S.D. Tex. July 30, 2019). "The burden of creating an adequate record rests with the appellant, who may not urge an issue on appeal if he has failed to provide the appellate court with the requisite record excerpts." *In re CPDC Inc.*, 221 F.3d 693, 698 (5th Cir. 2000). This is not the first time Barton failed to timely designate the record in an appeal. Barton "failed to timely designate any records from the bankruptcy court or the receivership proceeding" in Appeal No. 23-10648, an appeal before the Fifth Circuit Court of Appeals from USDC No. 3:22-cv-2186. *Barton v. HNGH Turtle Creek (Matter of 2999TC Acquisitions, L.L.C. )*, 2024 WL 1283342, *1, n. 1 (5th Cir. Mar. 26, 2024). In the *2999TC* appeal, the Fifth Circuit denied Barton's untimely motion to supplement the record. Here, too, the Court lacks a sufficient appellate record to adjudicate the issues Barton raises in his brief.

Barton's first issue questions whether "a bankruptcy court exceed[s] its jurisdiction by dismissing an adversary proceeding based on a settlement agreement when that agreement's enforceability is actively challenged on appeal?" Barton Br. p. viii.[23] His second issue asks whether "a bankruptcy court abuse[s] its discretion by dismissing an adversary proceeding with prejudice based on a disputed settlement agreement, thereby foreclosing a party's ability to resolve legitimate questions about the agreement's fairness and adequacy." *Id.* But the appellate record does not contain any evidence of an "active challenge" to the Settlement, much less evidence sufficient to determine whether that challenge is legitimate. The record does not even contain a copy of the Settlement itself.

Certainly none of the parties to the Settlement—*i.e.*, the Appellees—challenges its enforceability. Those parties all signed the Agreed Judgment that Barton now appeals,[24] and those parties all join in opposing Barton's appeal (both by filing a joint motion to dismiss and briefs, with joinders, seeking affirmation). The only thing the record shows is that, after the Bankruptcy Court approved a settlement, the Bankruptcy Court entered the Agreed Judgment dismissing the Adversary Proceeding, with the consent of all the parties. Then Barton, up until that point a stranger to the litigation who never sought to intervene, filed a notice of

[23] As set forth above, Dixon asserts that Barton has waived any issues on appeal.

[24] R.000008-09.

appeal. This record simply is not sufficient to sustain Barton's alleged points of error, therefore the Court should affirm the Agreed Judgment.

## B. Even if the Court were to look beyond the record, Barton's arguments have no merit.

The limited, deficient record in this appeal does not support Barton's challenge to the Agreed Judgment. But even if the Court were inclined to look beyond the record, Barton's arguments have no merit: (i) Barton filing a notice of appeal in another case, in a different court, did not deprive the Bankruptcy Court of jurisdiction; (ii) Barton had his day in Court, and Constitutional due process does not include the right to an appeal; (iii) Barton has not satisfied the procedural requirements to obtain a stay pending appeal, much less the substantive ones; and (iv) Barton did not appeal the order approving the Settlement, and collateral estoppel bars re-litigation of that dispute here.

### i. Barton filing a notice of appeal in another case, in a different court, did not deprive the Bankruptcy Court of jurisdiction.

Barton claims that "[o]nce [he] filed a timely appeal contesting the enforceability of the [Settlement], jurisdiction over matters related to that agreement transferred to the appellate court, rendering the bankruptcy court without authority to take further action on the disputed settlement." Barton Br. P. 14. But this argument misrepresents the facts and the law. The Bankruptcy Court entered the

Settlement Orders approving the Settlement on May 28, 2024.[25] Neither Barton nor anyone else appealed the Settlement Orders. The Settlement Orders are final and non-appealable.

Two and a half months later—long after the 14-day deadline to appeal the Settlement Orders under Fed. R. Bankr. P. 8002(a)(1)—the *District Court* (not the Bankruptcy Court) entered an order *in the Receivership Proceeding* (not in the Bankruptcy Case or the Adversary Proceeding) ratifying the Receiver's decision to enter into the Settlement (the "Ratification Order").[26] Barton appealed the Ratification Order in the Receivership Proceeding, but he never appealed the Settlement Orders in the Bankruptcy Case.

Barton's central argument, which he recasts throughout his brief, suggests that filing a notice of appeal in one case before one court can deprive a different court of jurisdiction in different case. But Barton does not cite any authority that actually says this. His case law is distinguishable. In *Needhan Street Inv. Trust v. FBI Dist. Corp. (In re FBI Dist. Corp.)*, 267 B.R. 655 (BAP 1st Cir. 2001), the bankruptcy appellate panel held that a bankruptcy court lacks jurisdiction to entertain a motion to settle litigation when an appeal *from that litigation in the Bankruptcy Court* is

[25] R.000134 (Dkt. Nos. 163, 164).

[26] *Order Regarding The BM318, LLC's Settlement Agreements with The Dixon Water Foundation and Lumar Land & Cattle, LLC*, No. 3:22-CV-2118, Dkt. No. 550 (N.D. Tex. Aug. 14, 2024).

already pending. The same goes for the case of *The Aetna Casualty and Surety Co. v. Markarian (In re Markarian)*, 228 B.R. 34 (BAP 1st Cir. 1998). It also involved a motion to settle litigation in the bankruptcy court when an appeal *from that litigation was already pending*.

Here, no appeal was pending when the Bankruptcy Court entered the Settlement Orders, which no one has ever appealed, and the Bankruptcy Court entered the Agreed Judgment *after* approving the settlement. This situation is materially different from what led to the decisions in *FBI Dist. Corp. and Markarian*. The limited, factually apposite case law that Dixon has been able to locate says the opposite of what Barton claims to be true: "Filing an appeal divests a district court of jurisdiction over the case appealed, but it does not divest other federal courts of jurisdiction over other matters involving the party, even if the matters are factually related." *Russell v. Ingegneri*, 2016 WL 4379536, *3 (N.D. Al. 17, 2016); *U.S. v. Mendoza*, 390 F. Supp. 2d 925, 930 (N.D. Cal. 2005) ("The fact that the government filed a notice of appeal in a separate, but related, case does not divest this Court of jurisdiction ….").

Dixon does not dispute that "'[the 5th] circuit follows the general rule that the filing of a valid notice of appeal from a final order of the district court divests **that court** of jurisdiction to act on the matters involved in the appeal….'" *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 928 (5th Cir. 1983) (emphasis

added). But on its face this general rules does not act to deprive *other* courts of jurisdiction. Barton's notice of appeal in the Receivership Proceeding, filed in the District Court, had no bearing on the Bankruptcy Court's jurisdiction in the Adversary Proceeding.

The general rule regarding a trial court's jurisdiction during an appeal also *expressly* does not prohibit actions to "enforce [the trial court's] judgment so long as the judgment has not been stayed or superseded." *Id.* So even if Barton's appeal of the Ratification Order in the District Court somehow worked to deprive the Bankruptcy Court of jurisdiction in the Adversary Proceeding, Barton did not seek nor obtain a stay. Absent a stay, the Ratification Order (and the unappealed Settlement Orders) remained enforceable, and the parties and the Bankruptcy Court had every right to enforce and carry out the terms of the Settlement, including by means of the entry of the Agreed Judgment.

**ii. Barton had his day in Court, and Constitutional due process does not include the right to an appeal.**

Barton claims that "[d]ue process in civil cases requires that parties have 'the opportunity to be heard at a meaningful time and in a meaningful manner' before their substantive rights are affected." Barton Br. P. 18 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). Dixon has no problem with this truism, such as it is. But then Barton takes it a step too far. He claims"[d]ue process mandates that a party affected by a contested agreement have an opportunity to challenge that agreement

fully in the appropriate appellate forum before it is enforced." *Id.* The Supreme Court never said that. In fact "the Supreme Court has never held that there is a constitutional right to appellate review in civil litigation." *Daniels v. Liberty Mut. Ins. Co.*, 484 F.3d 884, 888 (7th Cir. 2007); *see also Nat'l Union of Marine Cooks and Stewards v. Arnold*, 348 U.S. 37, 43 (1954) (holding that the petitioner "had his day in court" at trial and that "a statutory [appellate] review … is not a requirement of due process.").

What *Mathews v. Eldridge* says is "some form of hearing is required before an individual is finally deprived of a property interest." *Mathews v. Eldridge*, 424 U.S. at 333. But Barton did not have a property interest at stake in the Adversary Proceeding. The litigation involved a dispute over land that Dixon sold to the Debtor, later took back via a deed in lieu of foreclosure, and then sold a portion of said land to Lumar. Nevertheless, Barton appeared through counsel before both the Bankruptcy Court in the main Bankruptcy Case (but not in the Adversary Proceeding) and the District Court in the Receivership Proceeding, during the separate hearings to consider approving (the Bankruptcy Court) and ratifying (the District Court) the Settlement. He objected, and both Courts overruled his objections. Despite having no interest at stake, he received "the opportunity to be heard at a meaningful time and in a meaningful manner." *See Mathews v. Eldridge*,

424 U.S. at 333. The suggestion that he did not receive due process has no basis in law or in fact. The Court should therefore affirm the Agreed Judgment.

**iii. Barton has not satisfied the procedural requirements to obtain a stay pending appeal, much less the substantive ones.**

Barton has not filed a motion to stay pending his appeal of the entry of the Agreed Judgment by the Bankruptcy Court. Even if Barton did file such a motion, he would be unable to meet the elements for obtaining such relief. In his brief, Barton argues that this Court should stay the dismissal of the Adversary Proceeding. However, arguing for a stay in a brief is the incorrect procedural vehicle for seeking a stay pending appeal. The applicable rules clearly require Barton to make this request to the Bankruptcy Court first. Fed. R. Bankr. P. 8007(a)(1) ("Ordinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment … of the bankruptcy court pending appeal ….”). The only exception to this rule requires Barton to file a motion in this court, which "must … show that moving first in the bankruptcy court would be impracticable ….” Fed. R. Bankr. P. 8007(b)(2)(A). Barton neither filed a motion seeking a stay nor has he even attempted to make the necessary showing of impracticability.

Even if Barton were to clear these procedural hurdles, his request fails on the merits based on the applicable four-part test:

> "(1) whether the applicant has made a strong showing of likelihood to succeed on the merits; (2) whether the movant will be irreparably harmed absent a stay; (3)

> whether issuance of a stay will substantially injure other interested parties; and (4) where the public interest lies."

*Texas v. United States*, 40 F.4th 205, 215 (5th Cir. 2022) (quoting *Thomas v. Bryant*, 919 F.3d 298, 303 (5th Cir. 2019)).

The applicant's "burden is a substantial one, as a stay is 'an extraordinary remedy' and it is 'an equitable one committed to this court's discretion.'" *Id.* Barton's brief does not even mention the four-part substantive test that governs stays pending appeal. Nor does it reference Federal Rule of Bankruptcy Procedure 8007, which sets forth the procedural standard. Barton therefore has not met his "substantial" burden to demonstrate that the Court should afford him the "extraordinary remedy" of a stay pending appeal.

**iv. Barton did not appeal the order approving the Settlement, therefore *res judicata* and collateral estoppel bar re-litigation of that dispute here.**

Barton claims his appeal from the Ratification Order "raises substantial questions about the fairness and adequacy of the settlement, specifically whether it adequately reflects the value of [the Debtor's] claims and serves the best interests of the bankruptcy estate." Barton Br. p. 25. But Barton did not appeal the Settlement Orders. The Bankruptcy Court entered those Settlement Orders in the main Bankruptcy Case several months before the District Court entered the Ratification Order, and the Settlement Orders incorporated the Bankruptcy Court's oral ruling given May 22, 2024.

The Bankruptcy Court expressly found, among other things, as follows when approving the Settlement:

> In conclusion and based upon the evidentiary record before the Court, the Court finds and concludes that the Receiver's decision to seek approval to enter into the proposed compromise and settlement agreements with Dixon and Lumar constitutes (i) the reasonable -- or the exercise of the Receiver's reasonable and sound business judgment consistent with the Debtor's fiduciary duties, (ii) is in the best interest of the BM318, LLC bankruptcy estate, its creditors and parties in interest; and (iii) is clearly within the range of reasonableness necessary for approval of a compromise agreement under Bankruptcy Rule 9019.

*In re BM318, LLC*, No. 20-42789-mxm11, Dkt. No. 162 (Bankr. N.D. Tex. May 24, 2024) (transcript of May 22, 2024 ruling, p. 16, ln. 22 to p. 17, ln. 7). Critically, the Court noted that Barton appeared and lodged an oral objection at the hearing in the main Bankruptcy Case on the Settlement, which the Bankruptcy Court expressly overruled. *Id.* (p. 5, ln. 23-25; p. 17, ln. 8-10).[27]

Having failed to appeal this ruling, the doctrine of *res judicata* bars the collateral attack he now undertakes in this appeal:

> Res judicata is a doctrine which affords preclusive effect to a judgment. This preclusive effect applies to final judgments, orders, and decrees of a bankruptcy court. "The rule of res judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." Claim preclusion, or true res judicata, precludes parties

[27] Barton never appeared in the Adversary Proceeding.

> from relitigating claims or causes of action that were or could have been raised in earlier litigation. Under issue preclusion, or collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different claim or cause of action involving a party to the first case. "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, these two doctrines protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions."

*In re Reddy Ice Holdings, Inc.*, 611 B.R. 802, 808 (Bankr. N.D. Tex. 2020) (footnote citations omitted, including *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008); *Bullard v. Blue Hills Bank*, 575 U.S. 496 (2015); *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)).

Barton makes much ado about judicial economy in his brief, but he neglects to reckon with the judicial inefficiency manifest in his attempt to relitigate the Settlement Orders without ever appealing them. Barton had a full and fair opportunity to contest whether the Settlement serves the best interests of the bankruptcy estate; he lost; and he chose not to appeal. Collateral estoppel therefore bars his continuous efforts to relitigate that issue in other forums. Accordingly, the Court should deny the collateral attack Barton seeks to achieve in this appeal.

## VII. CONCLUSION

Barton did not designate issues for appellate review, and he did not designate an appellate record. The Court therefore cannot conduct a meaningful review. Even

if Barton had satisfied these threshold requirements, his arguments assume he has a Constitutional right to an appeal, which in his view should preclude enforcement of unstayed orders and judgments. But both arguments are wrong. They simply have no basis in law or fact. The Court should affirm the Agreed Judgment.

RESPECTFULLY SUBMITTED this 4th day of December, 2024.

By: /s/ *Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR APPELLEE THE DIXON WATER FOUNDATION**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on this the 4th day of December, 2024, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Timothy Barton through Kaitlyn Coker, Esq., counsel of record.

/s/ *Deborah M. Perry*
Deborah M. Perry

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that this document complies with the length limits of Fed. R. Bankr. P. 8015(a)(7)(b)(i) because it contains 4,337 words, as measured by Microsoft Word.

/s/ *Deborah M. Perry*
Deborah M. Perry