4:24-cv-00863-P

---

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

---

**TIMOTHY BARTON,**
*Appellant,*

v.

**COURTNEY C. THOMAS, Receiver, DIXON WATER FOUNDATION, and
LUMAR LAND & CATTLE, LLC,**
*Appellees.*

---

On Appeal from the United States Bankruptcy Court
for the Northern District of Texas, Fort Worth Division
Bankruptcy Case No. 21-04051-mxm

---

**APPELLANT'S REPLY IN SUPPORT OF HIS APPEAL**

---

Warren V. Norred
**Norred Law, PLLC**
TBN: 24045094
warren@norredlaw.com
515 E. Border St.
Arlington, TX 76010
(Office) (817) 704-3984
(Fax) (817) 524-6686
*Counsel for Appellant*

i

## TABLE OF CONTENTS

**TABLE OF CONTENTS** ...................................................................................... ii

**TABLE OF AUTHORITIES** ............................................................................. iii

**ARGUMENT** ................................................................................................... 1

   **A. Appellees' first and second arguments regarding Barton's standing to appeal fail under controlling Fifth Circuit law.** ............................................ 1

      *i.  Mr. Barton participated in the proceedings below.* ............................. 2

      *ii. The equities weigh in favor of Mr. Barton having standing to appeal.* . 4

      *iii.   Mr. Barton's interests are substantially affected by the proceedings below such that he has standing.* ........................................................... 6

   **B. The agreed judgment does not render this action moot.** ........................... 8

     1. This appeal remains ripe and reviewable because of the fundamental due process concerns raised on appeal. ........................................................... 9

     2. This appeal remains ripe and reviewable because of applicable mootness exceptions. ............................................................................................... 10

**CONCLUSION** ............................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**

*Benavides v. Housing Authority of City of San Antonio*, *Tex.*,
    238 F.3d 667 (5th Cir. 2001) ..........................................................................11

*E.E.O.C. v. Pan American*, 897 F.2d 1499, 1501 (9th Cir. 1990) .........................5, 6

*EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1440 (5th Cir. 1995)................5

*Honig v. Doe,* 484 U.S. 305, 319–21 (1988) ...................................................... 11, 12

*Kennebrew v. Harris*, 425 S.W.3d 588
    (Tex. App.—Houston [14th Dist.] 2014, pet. denied) .....................................9

*Lewis v. Continental Bank Corp.,* 494 U.S. 472 (1990) ..........................................11

*Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) ...............8, 9

*Murphy v. Hunt*, 455 U.S. 478, 481–83 (1982) ......................................................11

*Rhone v. City of Texas City, Texas*, 93 F.4th 762, 767 (5th Cir. 2024)....................11

*Searcy v. Philips Electronics North America Corp.*,
    117 F.3d 154, 157 (5th Cir. 1997) ....................................................... 2, 3, 4, 5

*SEC v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023) ..................................................13

*Sneed v. Webre*, 465 S.W.3d 169 (Tex. 2015).........................................................9

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983)...........................................7

## ARGUMENT

Appellant Tim Barton herein responds to Appellees' three arguments in their Joint Motion to Dismiss [Barton's] appeal (ECF 13), summarized in paragraph three of their motion, where they argue: 1) the Receivership Order deprived Barton of the corporate authority to initiate an appeal on behalf of the Debtor; 2) Barton does not have standing to appeal in his individual capacity; and 3) even if Barton had standing, litigants cannot appeal from agreed judgments.

Summarizing this response: 1) Mr. Barton has not initiated an appeal on behalf of the Debtor, but on behalf of himself, individually; 2) controlling case law provides standing for nonparties such as Barton who are impacted adversely by a judgment; and, 3) Mr. Barton did not agree to the judgment in question as a party, but only as an individual, the agreed judgment is not limiting.

## A. Appellees' first and second arguments regarding Barton's standing to appeal fail under controlling Fifth Circuit law.

First, the Appellees argue that Mr. Barton does not have the authority to file an appeal for the debtor. However, this observation is of no concern because Mr. Barton has not filed the appeal for the Debtor but for himself, pro se. Appellees have recognized this in their motion to dismiss at its para. 8.

Because Mr. Barton has not appealed on behalf of the Debtor involved in the adversary but for himself, Appellee's argument on this point is irrelevant.

Appellees' real argument is that Barton has no standing because he was not a named party in the adversary proceeding for which he filed this appeal.

Generally, Appellees are correct in asserting that a nonparty, even a party with interest in the matter, does not have standing to appeal an action where the nonparty has not intervened in the underlying action. However, the Fifth Circuit laid out a test for a nonparty to have standing to appeal. Mr. Barton fits the test to have standing to appeal based on *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001), which teaches that a nonparty whose interests are affected by an ongoing action should have the opportunity to appeal actions that adversely affect those interests.

The test requires that the would-be appellant show that: 1) the nonparties actually participated in the proceedings below, 2) the equities weigh in favor of hearing the appeal, and 3) the nonparties have a personal stake in the outcome. *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001).

### i.    Mr. Barton participated in the proceedings below.

Mr. Barton satisfies the first prong of the test because he actually participated in the proceedings below.

The considerations for whether a nonparty participated in the action below are extraordinarily fact-dependent. In *Searcy v. Philips Electronics North America Corp.*, the Fifth Circuit found that the nonparty appellant met the first prong of the action because the government appellant investigated and monitored the case at the

district level and argued against the settlement at a hearing. *Searcy v. Philips Electronics North America Corp.*, 117 F.3d 154, 157 (5th Cir. 1997). Specifically, the government intentionally abstained from exercising its intervention by right in the action below. *Searcy*, 117 F.3d at 155. After approximately a year of discovery, two unsuccessful mediations, and three days of trial, the named parties decided to settle. *Searcy*, 117 F.3d at 155. The government, which had been monitoring the litigation, objected to the wide-ranging settlement. *Searcy*, 117 F.3d at 155. Notably, the government declined to intervene, even after objecting to the settlement. *Searcy*, 117 F.3d at 155–56. After the district court denied the objection, the government appealed, even though it had not intervened in the action below. *Searcy*, 117 F.3d at 155–56.

As a pre-requisite consideration to the appeal, the Fifth Circuit had to consider whether the government had standing to bring the appeal in the first place. The Fifth Circuit recognized that, as a general rule, a non-named party, even a real party in interest, is not a party on appeal unless it previously intervened. *Searcy*, 117 F.3d at 156. At this point, the Fifth Circuit raised the narrow but recognized three-part exception outlined above. *Searcy*, 117 F.3d at 157. Relevant to this specific analysis, the Fifth Circuit had to evaluate whether the government was sufficiently involved in the prior action to fit the first prong.

Although brief, the Fifth Circuit's analysis is instructive. The court states simply that the first prong was satisfied because the government was "investigating and monitoring" the proceeding and, at one point, participating in a hearing. *Searcy*, 117 F.3d at 157.

Here, Mr. Barton easily satisfies the first prong, just as the government did in *Searcy*. Mr. Barton has been intimately involved in the action below as the chief officer and managing member of BM318. Specifically, Mr. Barton directed that BM318 file an adversarial proceeding in the action below. He has consistently monitored the action, regularly communicated with parties, and has been present and argued in multiple hearings. Mr. Barton is also an actual party in the bankruptcy case from which the adversary originated. Like the nonparty government in *Searcy*, Mr. Barton satisfies the first prong of having actually participated in the proceedings below.

### ii.    The equities weigh in favor of Mr. Barton having standing to appeal.

Mr. Barton satisfies the second prong of the test because the equities weigh in favor of this Court protecting his interests on appeal. The second prong of the Fifth Circuit's test is that the equities weigh in favor of the court on appeal hearing the action. *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339, 349 (5th Cir. 2001). At its core, the way a court evaluates the equities is simply by examining the fundamental fairness of hearing the action.

To exemplify this point, both the *Searcy* case and the case *E.E.O.C. v. Pan American World Airways, Inc.* help define how a court determines fundamental fairness. In *Searcy*, the Fifth Circuit examined statutory language. *Searcy*, 117 F.3d at 157. The government had argued to the Fifth Circuit that it believed in good faith, that the statutory language required that the government approve all settlements in the specific action, and then extrapolated that it need not intervene in an action to have veto authority over the settlements. *Searcy*, 117 F.3d at 157.

The Fifth Circuit did not agree to the proposition that the government was not generally required to intervene to appeal but decided that the equities in the case required that the government be allowed to appeal. Specifically, the Fifth Circuit decided it did not want to penalize the government for wrongly extrapolating the full ramifications of the statute. *Id.*

In *E.E.O.C. v. Pan American*, a case cited approvingly by the Fifth Circuit, the Ninth Circuit reviewed the appeal of two pilots who believed themselves to be wrongfully terminated by the airline. 897 F.2d 1499, 1501 (9th Cir. 1990) (cited by *EEOC v. La. Office of Cmty. Servs.*, 47 F.3d 1438, 1440 (5th Cir. 1995)).

In *Pan American*, pilots objected in the district court to a settlement between Pan Am, other wrongfully terminated pilots, and the EEOC, though the objecting pilots were not parties. The district court rejected the pilots' objection and approved the settlement. *Id.* at 1503. The pilots appealed to the Ninth Circuit.

The Ninth Circuit, like the Fifth Circuit later, was also faced with the unusual situation where a nonparty filed an appeal to protect an interest at issue in the underlying action without intervening in that action. *Id.* at 1504. In evaluating the second prong, the Ninth Circuit stated that the equities weighed in favor of allowing the appeal because the appealing parties' interests were at stake, and they had not had a chance to participate in the underlying suit. *Pan American*, 897 F.2d at 1504.

In the same way, the equities here weigh in favor of allowing Mr. Barton's appeal. Mr. Barton has been locked out of participating in an individual capacity to protect his interests in the underlying action because of the receivership order currently under appeal. That order, detailed in both the Appellant and Appellees' briefs, explicitly prohibits Mr. Barton from acting on behalf of BM318, LLC. Like the appellants in *Pan American*, Mr. Barton has attempted to take an active litigation role, but the bankruptcy court has denied his right to do so. The order is the result of his attempts. Further, it would be more just to allow Mr. Barton to appeal than to dismiss for lack of standing because Mr. Barton's interests are at stake, and no party is present in the action that can adequately protect those interests, as explained below. Therefore, the second prong weighs in Mr. Barton's favor.

### iii.    Mr. Barton's interests are substantially affected by the proceedings below such that he has standing.

Finally, Mr. Barton has standing because his interests were substantially affected by the action below such that he must be allowed to appeal, even as a

nonparty. The test's third prong is whether the nonparty appellant's interests were substantially affected by the action below. *Castillo v. Cameron Cnty.*, *Tex.*, 238 F.3d 339, 349 (5th Cir. 2001).

*United States v. Chagra*, 701 F.2d 354 (5th Cir. 1983), is particularly instructive on the third prong. In *Chagra*, the district court issued an order closing the courtroom to the public, including reporters, because the judge was concerned about empaneling an impartial jury. *Id.* at 357. The reporters appealed the order, arguing First Amendment violations. *Id.* at 361. In reviewing the third prong of the test, the Fifth Circuit found that the reporters' First Amendment-protected rights to free and fair trials were substantially curtailed by the district court's order, such that the nonparty reporters had a sufficient personal interest in the order to have standing for an appeal. *Id.* at 361–62. The Fifth Circuit allowed nonparty reporters to appeal a district court's order closing the courtroom. *Id.* at 358–60. Notably, the allowance came in an even more extreme circumstance, as the hearings from which the reporters were barred occurred while the reporters' appeal was still pending. *Id.* at 357. Yet, the Fifth Circuit still allowed the exception. *Id.* at 358–60.

In the same way, Mr. Barton has multiple interests at stake in the action below, such that he satisfies the third prong. As he alleged in his original brief, Mr. Barton's fundamental constitutional right to Due Process has been infringed, as a party being deprived of some interest must have notice and the opportunity for a hearing.

Because Mr. Barton was not a party and the bankruptcy court's receivership order prevented him from acting on behalf of BM318, Mr. Barton was never afforded due process for actions affecting his property interest in BM318 because he only had notice, never the opportunity for a hearing. *See generally*, *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950).

Further, Mr. Barton's property rights in BM318 were intimately affected. The receiver entered into the settlement agreement on behalf of BM318. The settlement agreement negatively affected Mr. Barton, the CEO and managing member, with ownership and property interests in the business. The settlement agreement purported to change the rights and duties of BM318, which intimately affects Mr. Barton's property interests in the business without his consent. Therefore, Mr. Barton satisfies the third prong.

**B. The agreed judgment does not render this action moot.**

Even though this Court did not stay the action below before the bankruptcy judge entered judgment, this action is not moot. The second major argument that the Appellees present in their Motion to Dismiss is that the court below already entered an agreed judgment signed by BM318, which was a result of a settlement agreement reached among BM318 under the control of the receiver, The Dixon Water Foundation, and Lumar Land & Cattle, LLC.

Generally, Appellees would be correct in their assertion that an appeal is moot when the court below has already entered a final judgment rendering the controlling issues on appeal before the entry of judgment. However, that general rule is subject to exceptions in this case.

1. **This appeal remains ripe and reviewable because of the fundamental due process concerns raised on appeal.**

As Appellant stated in his original brief to this Court, the court below has fundamentally denied him due process because his liberty interests were affected by the action below without his ability to protect those interests by notice and hearing. As this Court is well aware, a person may not be deprived of his property rights without notice and hearing. Notice and hearing are the most basic presumptions of Procedural Due Process in the Fourteenth Amendment. *See generally*, *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950).

Additionally, it is undisputed that a person's ownership interest in his business is property. When an entity acts to injure that company's value, it injures the property interests of those who own the business. *See*, *e.g., Sneed v. Webre*, 465 S.W.3d 169 (Tex. 2015) (affirming derivative actions as a type of action for adversely affected ownership interests); *see also*, *Kennebrew v. Harris*, 425 S.W.3d 588 (Tex. App.— Houston [14th Dist.] 2014, pet. denied) (affirming that someone with a beneficial interest in a company can often recover for the value of that interest when it is adversely affected).

Mr. Barton could not adequately protect his liberty interests with the minimal constitutional protections afforded by procedural due process because the court below locked him out of his proceedings. Mr. Barton, as CEO and managing member of BM318, has an ownership interest in BM318. However, the receivership order entered below deprived him completely of his ability to in any way advocate for BM318 by its own terms. The receivership order deprived Mr. Barton of his ability to alienate or use his property, one of the most fundamental liberty interests recognized in this country.

Additionally, the court below deprived Mr. Barton of his property rights in approving a settlement between BM318, negotiated and executed by the receiver, and the other Appellees in this action. The court order barred Mr. Barton from taking any action to protect his own interests in BM318 during those negotiations. When he attempted to protect his property interests by attempting to be included in the negotiations, the court below stopped his actions. Therefore, Mr. Barton's only choice in the matter was to file this appeal and seek what amounts to equitable relief from this Court.

## 2. This appeal remains ripe and reviewable because of applicable mootness exceptions.

This appeal remains reviewable because an exception to mootness applies. Appellees argue that even if this appeal were substantively valid, it is now moot because the bankruptcy court entered an agreed judgment after Mr. Barton appealed.

Normally, this would end his appeal because he did not obtain a stay before the judgment went into place. However, this action is subject to the Capable of Repetition Yet Evading Review exception.

This exception applies when the pleading party meets two conditions: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *Rhone v. City of Texas City, Texas*, 93 F.4th 762, 767 (5th Cir. 2024); *Benavides v. Housing Authority of City of San Antonio, Tex.*, 238 F.3d 667 (5th Cir. 2001). This exception is only applicable in exceptional situations, such as cases involving actions where the termination of the causal event or condition occurs so quickly after the commencement of the action that it renders the challenge moot before the parties can fully litigate the case. *Lewis v. Continental Bank Corp.,* 494 U.S. 472 (1990).

"Reasonable expectation" should not be equated with "demonstrated probability." *Murphy v. Hunt*, 455 U.S. 478, 481–83 (1982). Rather, these standards should be viewed in the disjunctive so that a controversy may be found to be capable of repetition based on expectations that, while reasonable, are hardly demonstrably probable. *Honig v. Doe,* 484 U.S. 305, 319–21 (1988). The concern in all cases involving potentially moot claims is whether the controversy is capable of repetition,

not whether the claimant can demonstrate that a recurrence of the dispute is more probable than not. *Honig,* 484 U.S. at 319–21.

These facts fit the exception. The action Mr. Barton challenged is the settlement agreement between the Appellees and BM318. Mr. Barton sought a stay in this Court in his original brief on the merits, but this Court did not issue the stay in time. As a result, the bankruptcy court entered an agreed judgment based on the settlement agreement, which Appellees now argue renders this appeal moot. The difficulty, then, is that the action Mr. Barton challenges is of such a short duration that this Court could not adequately review it. This fits the first element of the test.

Second, there is reason to believe that this behavior will be repeated. The receiver in the action below is forming settlements on behalf of BM318, the contents of which Mr. Barton has no say because of the receivership order. Mr. Barton could attempt to intervene in the future, but the likelihood of being denied intervention is very high because of the receivership order. Therefore, he will be forced to attempt to appeal the settlement agreement again, and the process will repeat. Unless this Court maintains his appeal, he will again be in the same position where his appeal is dismissed for mootness, making this case include a fact pattern satisfies the second element of the Capable of Repetition Yet Evading Review test.[1]

---

[1] This Court can take notice that the Fifth Circuit has set an oral hearing on Barton's appeal of the appointment of the receiver in this case for February 3, 2025, in case no. 23-11237; the setting of an oral hearing suggests that the appeal is not without some merit.

## CONCLUSION

Appellant Tim Barton recognizes that this appeal is far from ordinary, presenting questions of standing and mootness, and asks for equitable exceptions. However, Mr. Barton has been locked out of participating in his own business, is unable to advocate for that business when deals are made to its detriment, and has no power to object to non-beneficial settlement agreements under circumstances where he has yet to even be allowed to argue the merits of the underlying case. The underlying case has warranted multiple appeals, including one in which the Fifth Circuit vacated the initial appointment of the receiver, *SEC v. Barton*, 79 F.4th 573, 581 (5th Cir. 2023), and a second appeal before the Fifth Circuit is set for oral hearing in February, seeks a review of the receiver order that is the basis for this entire series of events.

Mr. Barton asks that the Court deny the motion to dismiss and proceed with the appellate process, which will include a fair review of the settlement and judgment in the bankruptcy court.

Respectfully submitted on January 13, 2025,

*/s/Warren V. Norred*
Warren V. Norred, Texas Bar Number 24045094; warren@norredlaw.com
NORRED LAW, PLLC; 515 E. Border Street; Arlington, TX 76010
O: (817) 704-3984; F: (817) 524-6686
*Counsel for Appellant*

13 of 14

**CERTIFICATE OF SERVICE**

I certify that on January 13, 2025, I filed the foregoing document with the Court using this Court's CM/ECF system, which will automatically notify all parties seeking notice in this action, including all counsel of record and registered pro se litigants.

*/s/Warren V. Norred*
Warren V. Norred

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Bankruptcy Procedure 8015(a)(7)(B). The brief contains 3161 words, as calculated by Microsoft Word, excluding the parts of the brief exempted by Federal Rule of Bankruptcy Procedure 8015(g).

This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font, consistent with the requirements of Federal Rule of Bankruptcy Procedure 8015(a)(5) and (6).

*/s/Warren V. Norred*
Warren V. Norred