# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:<br><br>BM318, LLC,<br><br>    Debtor. | § § § § § § | Case No. 20-42789 |
| Timothy Barton, *et al.*,[1]<br><br>    Appellants,<br><br>v.<br><br>Cortney C. Thomas, Receiver, *et al.*,<br><br>    Appellees. | § § § § § § § § § § § § § | Civil Action No. 4:24-cv-863-P<br><br>*Appeal from Adv. No. 21-04051*<br>*U.S. Bankruptcy Court*<br>*Northern District of Texas* |

## REPLY IN SUPPORT OF JOINT MOTION TO DISMISS APPEAL

NOW COME appellees The Dixon Water Foundation ("Dixon"), Cortney C. Thomas, in his capacity as the receiver (the "Receiver") for BM318, LLC (the "Debtor"), and Lumar Land & Cattle, LLC ("Lumar", and collectively with the Receiver and Dixon, the "Appellees"), and file this *Reply* in support of their *Joint Motion to Dismiss Appeal* (the "Motion"), in support of which they would respectfully show as follows:

---

[1] As set forth in the Motion and herein, Timothy Barton is not a proper appellant as he does not possess standing to bring this appeal either on behalf of BM318 or in his individual capacity.

1

## I. SUMMARY

1. The Appellees filed the Motion seeking to dismiss this appeal, based on appellant Timothy Barton's lack of standing. Barton filed his response on January 13, 2025 (Dkt. No. 20, the "<u>Response</u>"). But the Response fails to refute the Motion in at least four ways. First, Barton did not meet his burden to prove standing. He did not attach any evidence to the Response, which contains no record citations whatsoever. Second, Barton claims the Settlement impacted the value of his alleged ownership interest in BM318, but Courts have repeatedly rejected similar claims as bases for standing. Third, Barton invokes an exception to the rule against non-party appeals, but he ignores Fifth Circuit precedent all but overruling that exception (incredibly, from a case in which Barton himself was a party). Fourth, Barton spends several pages discussing mootness, when the Appellees never invoked mootness to begin with. Barton wholly failed to establish his standing to maintain this appeal, therefore, the Court should grant the Motion to dismiss.

## II. ARGUMENT & AUTHORITIES

**A. Barton has not met his burden to prove he has standing.**

2. The Appellees seek dismissal for Barton's lack of standing. "Standing is a component of subject matter jurisdiction …." *Consumer Data Indus. Ass'n v. Texas through Paxton*, 564 F. Supp. 3d 506, 512 (W.D. Tex. 2021), aff'd, No. 21-51038, 2023 WL 4744918 (5th Cir. July 25, 2023) (citing *Cobb v. Cent. States*, 461

F.3d 632, 635 (5th Cir. 2006); *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016)). Federal courts "are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'" *United States v. Hays*, 515 U.S. 737, 742 (1995) (citation omitted).

3. The Appellees attached an appendix and cited evidence in their motion to dismiss. They therefore made a factual attack on standing rather than a facial attack. *See Superior MRI Servs., Inc. v. Alliance Healthcare Servs., Inc.*, 778 F.3d 502, 505 (5th Cir. 2015) ("An attack is factual rather than facial if the defendant submits affidavits, testimony, or other evidentiary materials." (quotations omitted)). "To defeat a factual attack, a [party] 'must prove the existence of subject-matter jurisdiction by a preponderance of the evidence' and is 'obliged to submit facts through some evidentiary method to sustain his burden of proof.'" *Id.* (quoting *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (party invoking federal jurisdiction bears the burden to prove standing).

4. Barton has not sustained his burden of proof. He did not attach any evidence to, nor cite to the limited appellate record in, his Response. Instead he makes countless unsubstantiated factual allegations—too many to address in this short reply. He claims repeatedly, for example, that the Bankruptcy Court "locked

3

him out" of, or otherwise denied his alleged right to participate in, the proceedings below.[2] But there is no evidence of that. Nor could there be. Speaking out of the other side of his mouth, Barton claims elsewhere in his response that he participated in the proceedings below, going so far as to say he was "intimately involved",[3] though there is no evidence of that either. The evidence shows that Barton never intervened in the Adversary Proceeding,[4] which is a prerequisite to establishing standing to appeal the Agreed Judgment. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988).

5. Barton's citation to *Searcy v. Philips Electronics North America Corp.*, 117 F.3d 154 (1997), to support the argument that he actually participated in the Adversary Proceeding, an argument for which there is no evidence, is unavailing. In *Searcy*, the Fifth Circuit found that the United States Government had standing to appeal because,

> the unique structure of the False Claims Act gives the government an adequate level of participation in the district court proceedings, a good-faith reliance on a statutory right, and a concrete stake in the outcome. Thus, the government's appeal is properly before us even though the government is not a party that ordinarily could challenge as of right the district court's final order.

---

[2] Barton Response, Dkt. No. 20, p. 10.
[3] Barton Response, Dkt. No. 20, pp. 2, 4.
[4] Appx, Dkt. No. 13-1, pp. 16-31.

4

117 F.3d at 158. As further noted by the Fifth Circuit, "the False Claims Act grants the [United States Government] the power to withhold consent to voluntary settlements. In light of this governmental right it would be odd to preclude appellate remedies on the government's failure to intervene." *Id.* There is no such statutory right for Barton that supports his standing argument.

6. Similarly, Barton repeatedly insinuates that the Settlement adversely impacted the value of his alleged (though unproven) equity interests in BM318. But there is no reason to believe that either. The terms of the Settlement are not even part of the record. A court-appointed, third-party fiduciary—the Receiver—assented to the Settlement on BM318's behalf, and the Bankruptcy Court approved it.[5] That process necessarily involved a finding that the settlement is "fair and equitable and in the best interests of the estate." *See In re Foster Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1995). There is, therefore, every reason to believe the Settlement benefitted BM318 rather than harmed it. It may not be the outcome Barton wanted, but the litigation might not have ended the way he wanted either, even if the Receiver had not settled it. The Court certainly has no information from which to make that determination.

---

[5] Appx. 14-15 (Docket entries 159, 160, 163 and 164 reflecting the Bankruptcy Court's decision to grant the Settlement Motions).

7. Barton makes far too many unsubstantiated factual allegations to address them all. Not only has he failed to meet his burden of proof generally, but his failure to provide any record citations constitutes an independent act of waiver that justifies dismissal in and of itself. *See Ortega v. City of Houston*, 161 F.3d 7 (5th Cir. 1998) (appellant "waived this argument on appeal due to his failure to cite to the record"). The Court should therefore dismiss this appeal.

**B. Even if Barton had supported his allegations with evidence, those allegations do not establish standing.**

8. Barton's whole theory of standing rests on his unproven belief that the Settlement harmed the value of his alleged equity interests in BM318. But there is no evidence in the record that Barton owns equity interests in BM318, and even if he did, it would not give him standing. Courts have repeatedly rejected this same argument. *Thakkar v. Good Gateway, LLC*, 831 F.3d Appx. 479 (11th Cir. 2020) (affirming dismissal of shareholder's appeal from bankruptcy settlement to which he was not a party because approval of the settlement "only indirectly affected his pecuniary interest in the debtor, if at all"); *Sears v. Sears (In re AFY)*, 733 F.3d 791 (8th Cir. 2013) (dismissing shareholder appeal from order overruling claim objection because "[a]ny effect on appellants is indirect, based on their status as shareholders of [the debtor]"); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when … the only injury to the shareholder is the

6

indirect harm which consists in the diminution in value of his corporate shares"); *In re Central Ice Cream Co.*, 62 B.R. 357, 360 (N.D. Ill. 1986) (equity holders did not have standing to appeal bankruptcy court approval of settlement agreement even if the value of stock could be affected by the settlement); *see also Nguyen v. Bank of America, N.A.*, 728 Fed. Appx. 387, 388 (5th Cir. 2018) (dismissing LLC manager's attempt to prevent a foreclosure of LLC-owned property and citing Tex. Bus. Orgs. Code § 101.106(b) for the proposition that "[a] member of a limited liability company … does not have an interest in any specific property of the company."); *Wiener v. Ocean Rig UDW, Inc. (In re Ocean Rig UDW, Inc.)*, 764 Fed. Appx. 46 (2d Cir. 2019) (dismissing appeal by debtor's shareholder from order imposing automatic stay in chapter 15 cross-border insolvency proceeding); *Holta v. Zerbetz (In re Anchorage Nautical Tours, Inc.)*, 145 B.R. 637 (BAP 9th Cir. 1992) (dismissing shareholder appeal for lack of standing, citing rule announced in *Kauffman v. Dreyfus Fund*). Accordingly, Barton cannot establish that he has standing.

C. **Barton's citation to *Castillo v. Cameron Cnty., Tex* ignores subsequent and contradictory Fifth Circuit precedent**

9. Barton concedes that "[g]enerally, Appellees are correct in asserting that a nonparty, even a party with [an] interest in the matter, does not have standing to appeal an action where the nonparty has not intervened in the underlying action." But then he cites *Castillo v. Cameron Cnty., Tex.*, 238 F.3d 339 (5th Cir. 2001), for

7

an alleged exception to that general rule. The problem with this citation, of course, is that the Fifth Circuit all but overruled *Castillo* less than a year ago in a case involving Barton himself. *Barton v. HNGH Turtle Creek, LLC (In the Matter of 2999TC Acquisitions, LLC)*, No. 23-10648, 2024 WL 1283342, *1-2 (5th Cir. Mar. 26, 2024). The Appellees quoted and discussed this case thoroughly in their Motion and will not retread that ground here. But Barton's omission of any reference to this case speaks volumes. Suffice it to say the Court should dismiss this appeal by Barton for the same reasons the Fifth Circuit dismissed his appeal in the *HNGH Turtle Creek* case, namely that (a) Barton was not a party to the underlying dispute—in the *HNGH* case the appeal was from a stipulated dismissal and in this case an agreed judgment; (b) Barton never moved to intervene in the *HNGH* litigation nor in the Adversary Proceeding; (c) Barton did not personally participate in the *HNGH* proceeding, and he did not personally participate in the Adversary Proceeding; (d) Barton did not personally own the property the subject of the *HNGH* proceeding, nor does he personally own the property the subject of the Adversary Proceeding; and (e) as in the current appeal, Barton failed to file a complete record in the *HNGH* appeal, therefore the Fifth Circuit had no way to assess the alleged equities. *Id.* at *2.

**D. Barton's arguments about mootness present a red herring.**

10. In the final six pages of his Response, Barton presents various arguments against mootness. But mootness is a red herring.[6] The Appellees never argued mootness. The words "moot" and "mootness" do not appear anywhere in the Motion or the Appellees' briefs. Barton appears to raise mootness in connection with the Appellees' argument that "[a]ppeals cannot be taken from agreed judgments such as this one was, and, for that reason alone the appeal fails." *White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955). And while courts have discussed exceptions to this rule, which the Appellees identified as inapplicable in their Motion, Barton does not invoke those exceptions. Instead, he perplexingly pivots the discussion to mootness and *its* exceptions.

11. Barton states that "[g]enerally … an appeal is moot when the court below has already entered a final judgment rendering the controlling issues on appeal before the entry of judgment." Presumably he is referring to the fact that he never appealed the Settlement Orders, which failure the Appellees raised in the context of

---

[6] "A red herring is defined as 'an irrelevant legal or factual issue.'" *Johnson v. United States*, 238 F.R.D. 199, 200 n.2 (W.D. Tex. 2006) (quoting Black's Law Dictionary 1282 (7th ed. 1999)). "Apparently, this use is derived from the term 'drawing a red herring across the path' which has been explained as follows:"

> Trying to divert attention from the main question by some side issue. A red herring (*i.e.* one dried, smoked, and salted) drawn across a fox's path destroys the scent and sets the dogs at fault.

*Id.* (quoting THE WORDSWORTH DICTIONARY OF PHRASE & FABLE 528 (Ivor H. Evans, ed., Wordsworth Editions Ltd. 1994) (1970)).

redressability, an element of Constitutional standing. "[T]he distinction, though subtle, is an important one, in part because mootness admits of certain exceptions that standing does not." *Skysign Int'l, Inc. v. City & Cnty. of Honolulu*, 276 F.3d 1109, 1114 (9th Cir. 2002) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190–91 (2000)). Barton lacks standing, for reasons already discussed. The exceptions to mootness he invokes simply do not apply. But even if they might, Barton has not established that they do. Barton's arguments rest upon factual allegations that have no basis in reality, much less in the record.

12. First, he suggests the appeal remains ripe because of fundamental due process concerns. This is one place Barton claims "the court below locked him out of his proceedings" when just a few pages earlier he claimed "he actually participated in the proceedings below"[7] and in fact was "intimately involved …."[8] Barton claims "[t]he receivership order deprived [him] of his ability to alienate or use his property …."[9] But this litigation does not involve *his* property. Barton did not bring the settled claims; BM318 did, so the claims belong to BM318's bankruptcy estate, not to Barton. *See Cantu v. Schmidt (In re Cantu)*, 784 F.3d 253, 257 (5th Cir. 2015) ("Causes of action that belong to the debtor 'at the time the case

---

[7] Barton Response, Dkt. No. 20, p. 2.
[8] Barton Response, Dkt. No. 20, p. 4.
[9] Barton Response, Dkt. No. 20, p. 10.

is commenced' … are therefore property belonging to the estate.); Tex. Bus. Orgs. Code § 101.106(b) ("A member of a limited liability company … does not have an interest in any specific property of the company.").

13.  Second, Barton argues the harm he allegedly suffered—a settlement agreement between third parties[10]—is capable of repetition yet evading review. Again, however, this argument incorrectly presumes Barton has a right to appellate review in the first place—*i.e.*, it presumes he has standing. He does not. And again, Barton misstates or fails to prove the salient facts. He implies he made a valid request for a stay pending appeal, but he never filed a motion under Fed. R. Bankr. P. 8007. He claims the Appellees argued the agreed judgment renders the appeal moot, but they did not. The Appellees cited binding precedent for the proposition that agreed judgments simply are not appealable. *White & Yarborough v. Dailey*, 228 F.2d 836, 837 (5th Cir. 1955). Barton claims "[t]he receiver in the action below is formulating settlements on behalf of BM318",[11] but he provides no evidence that is actually happening. Mootness is a red herring. The Court should dismiss for lack of standing.

---

[10] "The actions Barton challenged is the settlement agreement between the Appellees and BM318." Barton Response, Dkt. No. 20, p. 12.

[11] Barton Response, Dkt. No. 20, p. 12.

11
4926-3699-6371v.2 018527.00001

## III. PRAYER

WHEREFORE, PREMISES CONSIDERED, the Appellees respectfully request that the Court enter an order (1) dismissing this appeal with prejudice; and (2) granting them such other and further relief to which they are entitled.

RESPECTFULLY SUBMITTED this 27th day of January, 2025.

By: /s/ *Deborah M. Perry*
Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No. 24070790
**MUNSCH HARDT KOPF & HARR, P.C.**
500 N. Akard St., Ste. 4000
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
Email: dperry@munsch.com
Email: jvasek@munsch.com

**ATTORNEYS FOR THE DIXON WATER FOUNDATION**

-and-

By: /s/ *J. Robert Forshey*
J. Robert Forshey
Texas Bar No. 07264200
**VARTABEDIAN HESTER & HAYNES**
301 Commerce St., Ste. 3635
Fort Worth, TX 76102
Email: bobby.forshey@vhh.law

4926-3699-6371v.2 018527.00001

By: /s/ *Kimberly P. Harris*
Kimberly P. Harris
Texas Bar No. 24002234
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, PC**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: kharris@qslwm.com

**ATTORNEYS FOR LUMAR LAND & CATTLE, LLC**


-and-


By: /s/ *C. Alan Carrillo*
Charlene C. Koonce
Texas Bar No. 11672850
charlene@brownfoxlaw.com
C. Alan Carrillo
Texas Bar No. 24109693
alan@brownfoxlaw.com
**BROWN FOX PLLC**
8111 Preston Road, Suite 300
Dallas, TX 75225
Tel. 214.327.5000
Fax. 214.327.5001

**ATTORNEYS FOR CORTNEY C. THOMAS, RECEIVER OF BM318, LLC**

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this the 27th day of January, 2025, true and correct copies of this document were electronically served by the Court's ECF system on parties entitled to notice thereof, including on Timothy Barton through Kaitlyn Coker, Esq., counsel of record, as well as by first class U.S. mail, postage prepaid, on the following recipient:

Warren V. Norred
Norred Law, PLLC
515 E. Border St.
Arlington, TX 76010

/s/ Deborah M. Perry
Deborah M. Perry

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that this document complies with the length limits of Fed. R. Bankr. P. 8013(f)(3) because it contains 2,578 words, as measured by Microsoft Word.

/s/ Deborah M. Perry
Deborah M. Perry

4926-3699-6371v.2 018527.00001