UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BM318, LLC C/O TIMOTHY BARTON,
PRESIDENT, ET AL.,

   Appellants,

v.                                             No. 4:24-cv-00863-P

COURTNEY C. THOMAS, ET AL.,

   Appellees.

## MEMORANDUM OPINION & ORDER

Before the Court is a Joint Motion to Dismiss Appeal ("Motion") filed by Appellees Courtney C. Thomas, Dixon Water Foundation ("Dixon"), and Lumar Land & Cattle, LLC ("Lumar"). ECF No. 13. Having considered the Motion, other relevant filings, and the applicable law, the Court will grant the Appellees' Motion and dismiss this appeal.

## BACKGROUND

This appeal follows the final judgment from a bankruptcy proceeding. The Appellant, Timothy Barton ("Barton"), filed the appeal *pro se* as President of BM318, LLC ("BM318").

On September 1, 2020, BM318 filed a voluntary chapter 11 petition, which initiated a case in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division ("Bankruptcy Case"). Separately, on September 23, 2022, the Securities Exchange Commission brought a lawsuit against Barton in the Northern District of Texas, Dallas Division in Civil Action No. 3:22-cv-2118-X ("SEC Lawsuit"). In the SEC Lawsuit, the Dallas court appointed Courtney C. Thomas as the Receiver (hereinafter "Receiver") to take exclusive possession and control of BM318 and numerous other entities controlled by Barton. Given the Receivership Order in the SEC Lawsuit, when BM318 filed an adversary proceeding against Dixon in the Bankruptcy

Case on August 10, 2021, for alleged preferential and fraudulent transfers, the Bankruptcy Court entered an order authorizing Lumar and Receiver to intervene.

Vested with exclusive authority to direct the corporate governance of BM318 under the Receivership Order, the Receiver took control of BM318 in the Bankruptcy Case. Then, on behalf of BM318, the Receiver entered into settlement agreements with Lumar and Dixon. The Bankruptcy Court approved those settlements on May 28, 2024, and entered the Agreed Judgment on August 26, 2024. On September 10, 2024, and despite the Receiver having exclusive control over BM318 in the Bankruptcy Case—and Barton not having been a party in the Bankruptcy Case—Barton signed a Notice of Appeal in his individual capacity *pro se* in this case and wrote "Appellant" next to BM318's title.

On December 3, 2024, Appellees Receiver, Lumar, and Dixon filed this Joint Motion to Dismiss Barton's Appeal. ECF No. 13. The Court now addresses that Motion.

## LEGAL STANDARD

Generally, this Court has jurisdiction to hear bankruptcy appeals under 28 U.S.C. § 158. However, "[t]he rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled." *Marino v. Ortiz*, 484 U.S. 301, 304 (1988); *see also Bayard v. Lombard*, 50 U.S. 530, 546 (1850) ("Such a writ [of error] cannot be sued out by persons who are not parties to the record . . . [or] by strangers to the judgment and proceedings . . . ."); *Payne v. Niles*, 61 U.S. 219, 221 (1857) ("[I]t is very well settled in all common-law courts, that no one can bring up, as plaintiff in a writ of error, the judgment of an inferior court to a superior one, unless he was a party to the judgment in the court below . . . ."); *United States ex rel. La. v. Boarman*, 244 U.S. 397, 402 (1917) (describing the principle proscribing nonparty appeals "as a subject no longer open to discussion").

## ANALYSIS

Barton does not contest that he was a nonparty to the underlying bankruptcy action.[1] Instead, Barton rests his claim to standing on a single Fifth Circuit opinion, *Castillo v. Cameron County, Texas*, which held that nonparties may have standing on appeal if: (1) the nonparties actually participated in the proceedings below; (2) the equities weigh in favor of hearing the appeal; and (3) the nonparties have a personal stake in the outcome. 238 F.3d 339, 349 (5th Cir. 2001).

While Barton goes to lengths in his response to demonstrate how this case fits with the *Castillo* analysis, he fails to note that *Castillo* has been all but overruled. In fact, Barton himself was recently a party in a Fifth Circuit case recognizing that "it is not clear *Castillo* remains good law." *See Matter of 2999TC Acquisitions, L.L.C.*, No. 23-10648, 2024 WL 1283342, at *2 (5th Cir. Mar. 26, 2024). Rather, as the Fifth Circuit has recognized, "only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment," *id.* (quoting *Marino*, 484 U.S. at 304), and Barton, by his own admission, was not a party.

Even if *Castillo* did apply, Barton would fail to meet the standard. Barton's reliance on *Searcy v. Philips Electronics North America Corp.* to demonstrate "participation" in the Bankruptcy Case is misplaced. 117 F.3d 154 (5th Cir. 1997). In *Searcy*, the Fifth Circuit found that the United States Government had standing to appeal, but only based on the "unique structure of the False Claims Act."[2] But this "adequate" level of participation cannot be gleaned from the Bankruptcy Case for Barton. In fact, as Barton admits, the Bankruptcy Court "barred [him] from taking any action to protect his own interests in BM318 during [the

---

[1] *See* ECF No. 20, at 2 (suggesting that, while "Appellees are correct that a nonparty . . . does not have standing to appeal," Barton's appeal is proper for other reasons).

[2] "[T]he unique structure of the False Claims Act gives the government an adequate level of participation in the district court proceedings, a good-faith reliance on a statutory right, and a concrete stake in the outcome. Thus, the government's appeal is properly before us even though the government is not a party that ordinarily could challenge as of right the district court's final order." *Searcy*, 117 F.3d at 158.

3

settlement] negotiations" given the Receivership Order in place.[3] Accordingly, as in *Matter of 2999TC Acquisitions*, "Barton did not personally participate in the proceeding below," and that is enough to disqualify his right to appeal even under *Castillo*. 2024 WL 1283342, at *2.

Additionally, given the Receivership Order, Barton is no longer in control of BM318, the real party in interest. As a consequence, Barton also has no personal stake in the outcome—this interest is now vested in the Receiver. As for any purported remaining equity interest he owns in BM318,[4] multiple courts have rejected the notion that alleging a diminishment in value of equity interests is sufficient to establish standing.[5]

Barton's lack of appellate standing is therefore sufficient to dispose of this case.

---

[3] ECF No. 20, at 10.

[4] ECF No. 20, at 8 (arguing that the decision in the Bankruptcy Case "negatively affected Mr. Barton, the CEO and managing member, with ownership and property interests in the business").

[5] *See Thakkar v. Good Gateway, LLC*, 831 Fed. App'x 479, 480 (11th Cir. 2020) (affirming dismissal of shareholder's appeal from bankruptcy settlement to which he was not a party because approval of the settlement "only indirectly affected his pecuniary interest in the debtor, if at all"); *Sears v. Sears (In re AFY)*, 733 F.3d 791, 793 (8th Cir. 2013) (dismissing shareholder appeal from order overruling claim objection because "[a]ny effect on appellants is indirect, based on their status as shareholders of [the debtor]"); *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727, 732 (3d Cir. 1970) ("A stockholder of a corporation does not acquire standing to maintain an action in his own right, as a shareholder, when . . . the only injury to the shareholder is the indirect harm which consists in the diminution in value of his corporate shares . . . .").

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Appellees' Motion to Dismiss and **DISMISSES** this appeal.

**SO ORDERED** on this **4th day of February 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5